### IN IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, et al. )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>GULF AIR B.S.C. et al., )<br> )<br>    Defendants. )<br> ) | Case No.  1:24-cv-3434-ACR |

### DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant American Airlines Inc., by counsel, hereby moves to dismiss the Amended Complaint because: (i) this Court lacks personal jurisdiction over American Airlines; and (ii) because Plaintiffs have failed to properly allege any of the claims asserted against American Airlines in their pleading. The grounds for this motion are set forth in the accompanying Memorandum of Support. Pursuant to Local Rule 7(f), Defendant requests an oral hearing for this motion.

Dated: February 12, 2025

Respectfully submitted,

   /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2025 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via electronic mail upon the following:

> Tala Josephano
> 615 Catalina Ave, #233
> Redondo Beach, CA 90277
> joesphanotala@gmail.com
> *Pro Se Plaintiff*
>
> Samiha Ayyash
> Feras Hindi
> 7823 New London Dr,
> Springfield, Fairfax
> VA 22153
> 703-980-6955
> ayyashsamiha@gmail.com
>
> *Pro Se Plaintiffs*

>       /s/ Micah E. Ticatch
> Micah E. Ticatch, DC Bar No. 1005398
> ISLER DARE, P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
> (703) 748-2690
> (703) 748-2695 (fax)
> mticatch@islerdare.com
>
> *Counsel for American Airlines Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )  Case No.  1:24-cv-3434-ACR |
| | ) |
| GULF AIR B.S.C. et al., | ) |
| | ) |
|     Defendants. | ) |

**AMERICAN AIRLINES INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Micah E. Ticatch, DC Bar No. 1005398
Isler Dare, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

Defendant American Airlines Inc.("American Airlines") submits this Memorandum in Support of its Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth herein, each of Plaintiffs' claims asserted against American Airlines in their Amended Complaint (Dkt. 2) ("Amended Complaint") should be dismissed.

## BACKGROUND[1]

On December 14, 2022, a pilot for Gulf Air, Capt. Mohannad Alhindi, suffered a heart attack at an airport in Bangladesh.  (*See* Dkt. 2 at 4 of 123, ¶ III.) Eight hours after suffering the heart attack, Capt. Alhindi died in a Bangladeshi hospital. (*See id.* at 10 of 123, ¶ 4.)

Plaintiffs are the deceased Capt. Alhindi's mother (Ms. Ayyash), brother (Mr. Hindi), and sister (Ms. Josephano).  (*Id.* at 8 of 123, ¶¶ 1-3.)  Ms. Ayyash and Mr. Hindi reside in Virginia, and Ms. Josephano resides in California.

Plaintiffs allege that Gulf Air's negligence "contributed to Captain Alhindi's death" by failing to provide timely medical care.  (*Id.* at 10 of 123, ¶ 6.)  As best as can be discerned, although Capt. Alhindi was not an employee of American Airlines, Plaintiffs seek to hold it liable for his death because the Gulf Air flight that Capt. Alhindi was scheduled to pilot (but did not pilot because of his heart attack) was allegedly one in which Gulf Air had a codesharing agreement[2] with American Airlines.  (*Id.*, ¶ 3.)

---

[1] In light of the standard of a motion to dismiss, this section presents the facts as alleged in the Amended Complaint.  Defendant reserves the right to contest the alleged facts in any future pleadings.

[2] "[A] codeshare agreement is an agreement between two airlines whereby a flight is listed under one airline's two-letter identification code but operated by the other airline." *Rehman v. Etihad Airways*, 2019 WL 12095414, at *7, FN 7 (M.D. Pa. 2019).

Plaintiffs assert three claims against American Airlines: negligence, negligence per se, and constructive fraud. (*Id.* at 109, 111, and 116 of 123.) All three claims appear premised on the allegation that because of the codeshare agreement, American Airlines had a duty to audit Gulf Air, which American Airlines allegedly performed inadequately. It is not clear from Plaintiffs' allegations what a properly performed audit would have revealed that would have prevented Capt. Alhindi's heart attack before his flight or his subsequent death.

The Amended Complaint fails to establish a connection between the claims and the District of Columbia— Capt. Alhindi's death occurred in Bangladesh, and American Airlines is a Delaware corporation with its principal places of business in Texas. (Dkt. 2 at 4 of 123, ¶ III; *id.* at 7 of 123, ¶ III.) Consequently, this Court lacks jurisdiction over American Airlines. Further, even if jurisdiction did exist, the claims against American Airlines must be dismissed because Plaintiffs fail to state a claim for which relief may be granted.

## **ARGUMENT**

### I. The Court Lacks Personal Jurisdiction Over American Airlines.

In order to exercise personal jurisdiction over a defendant, the Court must have either general jurisdiction or specific jurisdiction. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017); *Crear v. Am. Airlines Grp., Inc.*, 2025 WL 35931, at *2 (D.D.C. 2025). Because, as explained in more detail below, this Court has neither, the claims against American Airlines must be dismissed.

#### A. Standard of review.

When a defendant objects to a court's personal jurisdiction under Rule 12(b)(2), the plaintiff, not the defendant, bears the "burden of establishing a factual basis for the court's exercise of personal jurisdiction." *Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014).

2

**B.  The Court does not have general jurisdiction because Defendant is not "at home" in the District of Columbia.**

When a court has general jurisdiction over a defendant, a plaintiff can properly assert any lawsuit against the defendant in that forum.  This extensive power, however, is limited only to those courts in the forums where a defendant is said to be "at home."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  The Supreme Court has held that, outside extraordinary circumstances, a corporate entity is at home only in the jurisdiction in which it is incorporated or where it has its principal place of business.  *See id.* at 137-138; *Crear* 2025 WL 35931 at *3.

American Airlines is a Delaware corporation, with its principal place of business in Texas. (Dkt. 2 at 7 of 123, ¶ III.)  Consequently, this Court lacks general jurisdiction over American Airlines.

**C.  Because Plaintiff's claims do not arise in the District of Columbia, the Court lacks specific jurisdiction.**

When a court lacks general jurisdiction, it can still exercise specific jurisdiction over a claim, but Constitutional Due Process limits such jurisdiction to only those instances where there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."  *Bristol-Meyers,* 137 S. Ct. at 1781.  Furthermore, to establish jurisdiction, the suit-related activity or occurrence must represent a "substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  A connection that is only tangential to the claim does not create jurisdiction.  *See id.* at 288-289.

Because Plaintiffs bear the burden, they are required to plead sufficient facts in their Amended Complaint to establish that each of their claims are sufficiently connected to the District of Columbia to establish specific jurisdiction. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 175 (D.D.C. 2018).

3

Plaintiffs have not met that burden. There is nothing in the Amended Complaint to suggest a substantial connection to D.C. Capt. Alhindi had his heart attack in an airport in Bangladesh, and later died in a hospital in the same country. Plaintiffs' claims against American Airlines are based upon the supposed failure to properly audit Gulf Air. However, as Gulf Air is based out of Bahrain, any audit of the airline would presumably take place in that country, . Plaintiffs have not (and cannot) allege that any audit took place in D.C.

In fact, the only allegation connecting American Airlines to D.C. is the assertion that in April 2023, American Airlines electronically submitted a certification to the FAA, which has its headquarters in Washington D.C. (Dkt. 2 at 91 of 123, ¶ 530.) However, this certification happened four months *after* Capt. Alhindi's death. Therefore, the allegation appears to be irrelevant to the claims, which as best as can be discerned, appear to be an effort to assert liability against American Airlines for that death.

Because there is no other alleged connection to D.C. in the Amended Complaint, Plaintiff cannot establish specific jurisdiction. And because there is neither general nor specific jurisdiction, the Court should dismiss the claims against American Airlines for lack of personal jurisdiction.

## II.   Plaintiff Has Failed to State a Claim Against American Airlines.

Even if Plaintiffs could establish personal jurisdiction against American Airlines, the Amended Complaint should be dismissed because Plaintiffs have failed to sufficiently state any of the three claims asserted against American Airlines.

### A.   Standard of review.

On a motion to dismiss under Rule 12(b)(6), the Court determines whether the complaint contains sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The allegations "must be enough to raise a right to relief above the speculative level." *Id*. The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It requires the plaintiff to articulate sufficient facts to "show" that the plaintiff has the "plausibility of entitlement to relief." *Id*.

### B. Plaintiffs do not state a claim for negligence.

In "Claim 3," Plaintiffs purport to allege a claim for negligence. (Dkt. 2 at 109 of 123). Plaintiffs' claim is difficult to parse, but as best as can be discerned, the theory underlying this claim is that: (i) American Airlines has an FAA requirement to periodically audit Gulf Air's safety protocols; (ii) American Airlines' audit of Gulf Air was allegedly performed inadequately; (iii) Capt. Alhindi, who died before getting the chance to operate Gulf Air's aircraft, somehow would not have had a heart attack, or not have died, if American Airlines had performed a better audit of Gulf Air. To start, this line of factual causation is implausible, and there are no facts alleged in the Amended Complaint to plausibly suggest anything American Airlines could have reasonably done in an audit would have affected Capt. Alhindi's survival.

However, even if the implausible causation theory were accepted, the claim still clearly fails. In order to properly state a claim for negligence, Plaintiffs would need to allege "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff." *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1098 (D.C. 1994).

Plaintiffs cannot demonstrate the first element. To start with, a safety audit does not generally give rise to a duty of care to third parties. *Casey v. Ward*, 211 F. Supp. 3d 107, 121 (D.D.C. 2016). To the extent that an audit mandated by the FAA, did somehow give rise to a duty

5

of care to third parties — any such duty would be owed to *passengers*. To state the obvious, the FAA audit requirement is not designed to ensure that pilots of foreign airlines are prevented from experiencing heart attacks during times when they are not even operating an airplane. American Airline owed no duty of care to Capt. Alhindi, and it certainly did not owe a duty of care to the Plaintiffs.

Likewise, Plaintiffs cannot establish the other two elements of the claim either. The Amended Complaint does not plausibly allege that American Airlines failed to use reasonable care in performing their audit. Furthermore, even if there was a showing of breach of reasonable care, the foreseeable damage is an accident or safety issue arising while the plane is being *operated*. A heart attack *before* the operation of the plan is not a foreseeable risk associated with a safety audit.

In sum, Plaintiffs have failed to allege any of the elements of negligence claim, and it should be dismissed with prejudice.

### C.     The claim for negligence per se must be dismissed.

In "Claim 5" Plaintiffs assert a claim of negligence per se based on alleged violations of the FAA Codeshare Safety Guidelines. (Dkt. 2 at 111 of 123.) "However, negligence per se is not in and of itself a separate legal claim—rather, it permits a plaintiff under certain circumstances and under specified conditions to rely on a statute or regulation as proof of the applicable standard of care." *Hunter v. D.C.*, 64 F. Supp. 3d 158, 188–89 (D.D.C. 2014) (cleaned up). Because, as explained above, American Airlines' alleged audit was not the proximate cause of Capt. Alhindi or Plaintiffs' injuries, Plaintiffs cannot state a negligence per se claim any more than a negligence claim.

Moreover, negligence per se can only be used when the "the statute or regulation promotes public safety and was enacted to protect persons in the plaintiff's position or to prevent the type of

accident that occurred." *Id.* As previously noted, Plaintiffs cannot point to any relevant statute or regulation that was enacted to protect pilots of foreign airlines during the time they are not operating a plane. Nor can Plaintiffs point to any statute or regulation that was enacted to protect the *family members* of such pilots. Consequently, this claim must be dismissed as well.

### D. Plaintiffs cannot state a claim for constructive fraud.

In "Claim 6" against American Airlines, Plaintiffs assert a claim for constructive fraud. (Dkt. 2 at 116 of 123.) This claim must be dismissed as well.

To state a claim for constructive fraud a plaintiff must demonstrate: (1) the defendant made a false representation; (2) in reference to material fact; (3) with knowledge of its falsity; (4) the plaintiff acted in reasonable reliance on that representation; (5) which consequently resulted in provable damages. *Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F. Supp. 2d 49, 59 (D.D.C. 2012). Additionally, a constructive fraud claim can only be made when the defendant has a "confidential relationship . . which the defendant is able to exercise extraordinary influence over plaintiff." *Id.*

American Airlines does not have a confidential relationship with any of the Plaintiffs, nor did it have one with Capt. Alhindi. As such, this claim fails for this reason alone.

Additionally, the claim fails because Plaintiffs cannot allege the other factors. As best as can be discerned, the alleged "false representation" is an April 28, 2023 "fraudulent certification" that American Airlines electronically submitted to the FAA. (Dkt. 2 at 91 of 123, ¶ 530.) But this was submitted *after* Capt. Alhindi's death, and therefore, the submission cannot be responsible for his death.

Moreover, to the extent Plaintiffs are alleging that they personally were misled by the April 28, 2023 certification, such an allegation is contradicted by their own allegations which

7

allege that a few days before American Airlines' certification, "plaintiffs sent detailed court documents and correspondence to AA's U.S. offices, providing evidence of Gulf Air's systemic safety violations. These included unreported crew incapacitations, medical examination failures, and breaches of ICAO safety standards." (*Id.*, ¶ 529.)  In other words, Plaintiffs were aware that the American Airlines' certification was allegedly inaccurate, meaning they did not reasonably rely on that certification.  Moreover, there is no plausible claim of injury related to a certification made *after* Capt. Alhindi's death.

In sum, Plaintiffs have not come close to alleging a claim for constructive fraud and it should be dismissed with prejudice.

## **CONCLUSION**

As stated above, Plaintiffs' Amended Complaint should be dismissed because this Court lacks personal jurisdiction over American Airlines.  Furthermore, even if the Court had such jurisdiction, the Amended Complaint should still be dismissed American Airlines because it fails to state a claim against it.

Dated: February 12, 2025                                          Respectfully submitted,

                                                                            /s/ Micah E. Ticatch
                                          Micah E. Ticatch, DC Bar No. 1005398
                                          ISLER DARE, P.C.
                                          1945 Old Gallows Road, Suite 650
                                          Vienna, Virginia 22182
                                          (703) 748-2690
                                          (703) 748-2695 (fax)
                                          mticatch@islerdare.com

                                          *Counsel for American Airlines Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February 2025 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via electronic mail upon the following:

Tala Josephano
615 Catalina Ave, #233
Redondo Beach, CA 90277
joesphanotala@gmail.com
*Pro Se Plaintiff*

Samiha Ayyash
Feras Hindi
7823 New London Dr,
Springfield, Fairfax
VA 22153
703-980-6955
ayyashsamiha@gmail.com

*Pro Se Plaintiffs*

    /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February 2025 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via electronic mail upon the following:

Tala Josephano
615 Catalina Ave, #233
Redondo Beach, CA 90277
joesphanotala@gmail.com
*Pro Se Plaintiff*

Samiha Ayyash
Feras Hindi
7823 New London Dr,
Springfield, Fairfax
VA 22153
703-980-6955
ayyashsamiha@gmail.com

*Pro Se Plaintiffs*

    /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*