IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GULF AIR B.S.C. (c), *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-3434-ACR |

**NOTICE OF DEFENDANT GULF AIR B.S.C. (C)'S
REQUEST TO SCHEDULE PRE-MOTION CONFERENCE**

PLEASE TAKE NOTICE that, in accordance with Paragraph 7(f) of Your Honor's Standing Order in Civil Cases, Gulf Air B.S.C. (c) ("Gulf Air") respectfully submits its request to schedule a pre-motion conference ("Request") on Gulf Air's anticipated Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)6) ("Motion to Dismiss"). In support of its Request, Gulf Air provides the below summary of the claims at issue in the instant action and the bases for the Motion to Dismiss.

This action arises from the unexpected and sudden death of Captain Mohannad Alhindi ("Decedent"). Decedent was employed by Gulf Air as a Senior First Officer, aka, a pilot. On December 14, 2022, Decedent was in Dhaka, Bangladesh and was scheduled to operate a flight from Bangladesh back to Bahrain when he fell ill. He was rushed to the hospital, but unfortunately, he did not survive.

On December 10, 2024, the Decedent's mother, Samiha Ayyash, and siblings, Feras Hindi and Tala Josephano ("Plaintiffs"), filed the instant action against Gulf Air and American Airlines. On December 30, 2024, Plaintiffs filed an Amended Complaint (hereinafter referred to as "Complaint") asserting causes of action for negligence per se, negligence, wrongful death, breach

1

of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED) against Gulf Air arising from the Decedent's death. However, for the reasons set forth below, and those that will be more fully articulated in Gulf Air's Motion to Dismiss, the claims against Gulf Air must be dismissed under Rules 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6).

First and foremost, Plaintiffs lack standing to bring claims for negligence, negligence per se, and breach of fiduciary duty, as those claims are alleged to have accrued in favor of the Decedent before his death ("survival claims"), and can only be pursued by the personal representative of the Decedent's estate under the D.C. Survival Statute. *Henson v. W.H.H. Trice and Co.*, 466 F. Supp. 2d 187, 192 (D.D.C. 2006); *see also* D.C. Code § 12-101. Similarly, any claim for wrongful death must be brought by the personal representative of the Decedent's estate. D.C. Code § 16-2702. As none of the Plaintiffs assert that they are the personal representative of Decedent's Estate, they do not have standing to pursue these claims. Moreover, adding the personal representative as a party plaintiff, which is necessary in order to pursue the wrongful death and survival claims asserted in the Complaint, would destroy diversity jurisdiction, as the Decedent was a citizen of a foreign country at the time of his death. *Leffer v. Federal Republic of Germany*, 2002 WL 1598059, *3 (D.D.C. Apr. 18, 2022) (finding that foreign aliens on both sides of an action defeats diversity jurisdiction); *see also* 28 U.S.C. §§ 1332(a) and (c)(2).[1]

Further, there is no personal jurisdiction over Gulf Air because there was no service of process pursuant to Rule 4(h), thus the Complaint should be dismissed under Rule 12(b)(5). Plaintiffs improperly attempted to serve Gulf Air by delivering the Summons and Complaint to an attorney who is not authorized, either explicitly or impliedly, to receive and accept service of

---

[1] Gulf Air is a corporation organized under the laws of the Kingdom of Bahrain ("Bahrain") with its headquarters in Muharraq, Bahrain.

process of legal actions initiated in state or federal courts within the United States ("U.S."). *See*, *e.g.*, *Christensson v. Hogdal*, 199 F.2d 402, 406 n.3 (D.C. Cir. 1952) (finding that "only where an attorney is expressly or impliedly authorized to accept service of process can his doing so bind his absent client and subject him to the personal jurisdiction of the local court."). As there was no service of process, there can be no jurisdiction over Gulf Air and the appropriate remedy is dismissal of the Complaint.

Moreover, even if the Court declines to dismiss the case under Rule 12(b)(1) or Rule 12(b)(5), the Court should dismiss the Complaint under Rule 12(b)(2), as Plaintiffs cannot make a *prima facie* showing of general or specific personal jurisdiction over Gulf Air in this case. Gulf Air is neither organized under the laws of the District of Columbia ("D.C." or "the District"), nor does it maintain its principal place of business in D.C., thus there is no general jurisdiction. Further, Gulf Air does not have any contacts with D.C., let alone contacts sufficient to bring it within the scope of D.C.'s long arm statute. D.C. Code § 13-423. Accordingly, exercising personal jurisdiction over Gulf Air does not comport with due process and offends traditional notions of fair play and substantial justice, and the Complaint should be dismissed.

Lastly, Plaintiffs' claims must be dismissed under Rule 12(b)(6) for failure to state viable causes of action against Gulf Air. Plaintiffs' survival claims must be dismissed because the damages Plaintiffs seek are not recoverable under D.C.'s Survival Statute. Moreover, Gulf Air did not owe Plaintiffs any of the duties of care alleged in the Complaint, thereby further defeating their claims for negligence, negligence per se and breach of fiduciary duty. Further, any claim under D.C.'s Wrongful Death Statute fails as Decedent's death did not occur in the U.S.

Plaintiffs' fraud claims fail because, among other things, they have not alleged and cannot prove reasonable reliance on any alleged representation by Gulf Air.[2]  Plaintiffs' claims for NIED and IIED must also be dismissed because Plaintiffs have failed to allege facts sufficient to meet the stringent standards necessary to establish either cause of action.

Based on the foregoing, Gulf Air respectfully requests that the Court grant its Request and schedule a pre-motion conference on Gulf Air's anticipated Motion to Dismiss.

Respectfully Submitted,

Dated: February 20, 2025

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Darcy C. Osta*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
Phone: (202) 659-6600
Fax: (202) 659-6699
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Gulf Air B.S.C. (c)*

---

[2] Fraudulent concealment is not an independent cause of action. Rather, it is an equitable doctrine that, if found to apply, tolls the applicable statute of limitations.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail and electronic mail upon the following:

Tala Josephano
615 Catalina Avenue, #233
Redondo Beach, CA 90277
josephanotala@gmail.com
*Pro Se Plaintiff*

Samiha Ayyash
Feras Hindi
7823 New London Drive
Springfield, VA 22153
ayyashsamiha@gmail.com
fhindi@friendshiplogistics.com
*Pro Se Plaintiffs*

                                                                                   */s/ Darcy C. Osta*
                                                                                  Darcy C. Osta