IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, et al. )<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>GULF AIR B.S.C. et al., )<br>)<br>   Defendants. )<br>_____) | Case No. 1:24-cv-3434-ACR |

### DEFENDANT AMERICAN AIRLINES, INC.'S
### NOTICE REQUESTING MOTION CONFERENCE

In accordance with your Standing Order in Civil Cases, American Airlines respectfully submits this request to schedule a conference on American Airlines' Motion to Dismiss. Undersigned counsel was previously unaware of the Court's Standing Order until Defendant Gulf Air filed its own pre-motion conference request earlier today. (Dkt. 11.) Because of that lack of awareness, American Airlines previously filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) on February 12, 2025. (Dkt. 7.) Counsel regrets the error.

American Airlines now seeks either: (i) permission to go forward with the previously filed Motion to Dismiss; or (ii) permission to withdraw the prior filing and file a new Motion to Dismiss following the conference.

Plaintiffs' claims arise out of the death of a Gulf Air pilot who suffered a heart attack at an airport in Bangladesh. Plaintiffs allege that Gulf Air's negligence contributed to the pilot's death. They have also asserted claims against American Airlines because the Gulf Air flight that the pilot was scheduled to fly (but did not pilot because of his heart attack) was allegedly one in which Gulf

1

Air had codesharing agreement with American Airlines. Plaintiffs allege that FAA regulations require domestic airlines to perform periodic safety audits of foreign airlines with which they have codesharing agreements. As best as can be discerned Plaintiffs claims are based on the theory that American Airlines was somehow negligent in its auditing, which led to Gulf Air's negligent treatment of the pilot, which led to his death. Plaintiffs have brought claims for negligence, negligence per se, and constructive fraud against American Airlines.

First, the court lacks personal jurisdiction over American Airlines. There is no general jurisdiction because the company is a Delaware corporation with its principal place of business in Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Additionally, there is no specific jurisdiction as the pilot's death occurred in Bangladesh and had virtually no connection to Washington D.C. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 284 (2014) (specific jurisdiction requires "substantial connection with the forum State").

Second, even if jurisdiction existed, Plaintiffs have failed to state a claim against American Airlines. Negligence claims require (i) a duty of care to the plaintiff, (ii) breach of that duty by the defendant, and (iii) the breach was the proximate cause of damage to the plaintiff. *E.g., Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1098 (D.C. 1994). Even assuming that the audit requirements under the codesharing arrangement somehow created a duty of care to third parties, such a duty would, at most, extend to passengers, not to the family members of employees of the foreign airline. Likewise, a pilot's heart attack before takeoff is not a foreseeable risk of a negligent safety audit. Consequently, both negligence counts against American Airlines fail to state a claim.

The constructive fraud claim also fails. To state such a claim, a plaintiff must first establish a confidential relationship claim with the defendant, and then also show (1) the defendant made a

false representation; (2) in reference to material fact; (3) with knowledge of its falsity; (4) the plaintiff acted in reasonable reliance on that representation; (5) which consequently resulted in provable damages. *See Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F. Supp. 2d 49, 59 (D.D.C. 2012). There was, however, no confidential relationship between American Airlines and the Plaintiffs, or between the airline and the deceased pilot. Additionally, the alleged "false representation" appears to be a certification that was submitted after the pilot's death, making it impossible that the certification could be the cause of the pilot's death.

Based on the foregoing, American Airlines respectfully requests a conference to consider either granting it permission to go forward with the previously filed Motion to Dismiss, or permission to file a new Motion to Dismiss.

Dated: February 20, 2025

Respectfully submitted,

/s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February 2025 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record. I will also serve a copy of the foregoing via first class mail upon the following pro se individuals:

Tala Josephano
615 Catalina Ave, #233
Redondo Beach, CA 90277
joesphanotala@gmail.com
*Pro Se Plaintiff*

Samiha Ayyash
Feras Hindi
7823 New London Dr,
Springfield, Fairfax
VA 22153
703-980-6955
ayyashsamiha@gmail.com

*Pro Se Plaintiffs*

    /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*