UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| **Feras Hindi** | ) | Case No.: 1:24-cv-03434-ACR |
| Plaintiff, | ) | |
| **American Airlines, INC.** | ) | |
| Defendant | ) | |
| _____ | ) | |

## MOTION FOR CLERK'S ENTRY OF DEFAULT

February 24 2025

**Feras Hindi**

7823 New London Dr

Springfield VA 22153

(703)980-6955

Fhindi@friendshiplogistics.com



**RECEIVED**

FEB 24 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Feras Hindi moves for a clerk's entry of default against Defendant American Airlines INC.

## I. BACKGROUND

On December 31, 2024, the Plaintiff and other Plaintiffs filed an Amended Complaint against Defendant American Airlines Inc. in the United States District Court for the District of Columbia. The Defendant was served on January 22, 2025, with proof of service entered into the court system on January 23, 2025. The court set a response deadline of February 12, 2025.

On February 12, 2025, after 5:19 PM Eastern Time, Defendant's counsel filed five documents via the CM/ECF system, including a Notice of Appearance, Motion to Dismiss with attachments, and Corporate Disclosure. These filings contained a False Certificate of Service, which is a serious violation of Federal Rule of Civil Procedure 11 and may constitute perjury .

The Defendant's failure to properly investigate the parties and their approved methods of service constitutes a breach of their duty of due diligence and violates Federal Rule of Civil Procedure (FRCP) 11(b). As of February 24, 2025,

## II. ARGUMENT

The Clerk should enter default because Plaintiff seeks relief in his complaint, Defendant has been served, and Defendant has failed to defend the claims made against them. As The clerk's entry of default is thus mandatory under Federal Rule of Civil Procedure 55(a), which provides that: "When a party against whom a judgment for relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

1. **<ins>Defendant's Alleged Service Is Invalid and Fraudulent</ins>**
2. Despite certifying service on Plaintiff Feras via electronic mail, Defendant did NOT serve Plaintiff Feras by any method by the February 12, 2025 deadline.
3. Defendant's lawyer falsely certified service on February 12, 2025, at approximately 5:30 PM via **electronic** mail, in violation of FRCP 11(b).
4. The certificate of service contains multiple errors and omissions:
    a. Plaintiff Feras' email address (Fhindi@friendshiplogistics.com) is not listed
    b. Co-Defendant Gulf Air is not listed as being served
    c. Co-Plaintiff Tala's email is misspelled (Josephano instead of Josephano)
5. Plaintiffs never consented to electronic service:
    a. Plaintiff Feras did not consent to electronic serving or notifications
    b. Plaintiff Feras does not have an active Court system account
    c. Plaintiff Samiha is 85 years old and never consented to electronic mail service
6. Evidence of fraudulent intent:
    a. Electronic mail was chosen as the most expedient method to falsely certify service after 5:00 PM
    b. The misspelled email address for Co-Plaintiff Tala would have immediately bounced back as "invalid"
    c. Lawyer didn't investigate or inquire any verification
    d. Defendant certified without verification in violation of FRCP 11(b)

8. Legal Implications of False Certificate of Service

    A. Federal Rules prohibit the use of a false Certificate of Service to validate filings

    B. The defective certificate should be acknowledged by the court

    C. Certificate is defective and invalid

    D. The false certificate should be removed from the records

    E. The judge should be notified of this violation

### III. VIOLATIONS AND IMPLICATIONS

9. The false certification constitutes violations of Federal Rule of Civil Procedure 11(b) And Federal Rule of Civil Procedure 11(a)

10. The Consequences of the False Certificate that Invalidates the Notice of Appearance; Renders subsequent filings or motions invalid and Creates a lack of proper signature on court filings

11. The false material in the certificate cannot be rectified through simple corrections

12. This fundamental flaw undermines the validity of the entire submission and associated legal action

13. Correction can't be made as 21 days to submit response and served deadline was February 12 2025

14. The behavior appears aimed at distracting Plaintiff and delaying the case

15. The allegation against Defendant for False Certification to the FAA is now evidenced in the judicial system

## IV. ADDITIONAL CONSIDERATIONS

16. In the event this application is denied, Plaintiff respectfully requests that a hearing be scheduled before the Court with Judge Ana C. Reyes.

17. Plaintiff requests that the Court permit an amendment to this application if   to be denied based on pleading format or minor errors

18. Plaintiff requests that the Court allow the amendment to be filed

19. Plaintiff Feras does not acknowledge the attorney who submitted the false certificate of service in the Notice of Appearance

20. To respect the Court and avoid technicalities, Plaintiff will Send a copy to the Defendant and will send a copy to the law office that filed the false certificate

21. Plaintiff reserves all legal rights regarding the false certificate

22. Plaintiff requests the Clerk to report this matter to the Judge, based on the attached Declaration of Plaintiff

## III. CONCLUSION

According to FRCP 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. In this case Defendant was served properly pursuant to  the Federal Rules of Civil Procedure on January 22, 2025. The applicable time limit for the Defendant to appear or otherwise respond to this action expired on February 12, 2025. As of today, February 24, 2025, the Defendant has not submitted an answer or response to Feras' claims.

Given that the deadline has passed and no response has been filed, the Defendant is in default. The Clerk should enter default against the Defendant as per Federal Rule of

Civil Procedure 55(a), which mandates that the clerk must enter a party's default when the party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . Plaintiff respectfully requests a clerk's entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Following the Clerk's entry of default, Plaintiff will seek an entry of default judgment under Federal Rule of Civil Procedure 55(b).

Respectfully submitted,

February 24, 2025
Pro Se Plaintiff

*F.H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com

## DECLARATION OF NON-SERVICE

**Case : 1:24-CV-03434-ACR**

I, Feras Hindi, declare as follows:

1. I am the Plaintiff in this matter and have claims against Defendant American Airlines, Inc.

2. To date, I have not been served with the following documents: Notice of Appearance, Motion to Dismiss and its attachments, or Corporate Disclosure by Defendant American Airlines Inc. or their attorneys, by any method requested, or by any approved court method, including mail or personal service.

3. I was not served by American Airlines Inc. or any of their attorneys via electronic mail (email) on February 12, 2025, or at any time thereafter.

4. I am not registered for electronic service and have never consented to receiving electronic service or notifications in this case.

5. I do not have access to the PACER system to view any court filings.

6. I do not have access to the email addresses of Co-Plaintiff Samiha or Co-Plaintiff Tala.

7. I did not consent to or file any Pro Se electronic service notifications, nor have I agreed to receive emails regarding this case.

8. I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge and belief.

On February 24, 2025
Pro Se Plaintiff

*F.H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, Plaintiff Feras Hindi will submit Motion for the Clerk of Federal Court of DC VIA the Intake email " dcd_intake@dcd.uscourts.gov"  and send a true and correct copy of the following document to be served upon the parties listed below:

**MOTION FOR CLERK'S ENTRY OF DEFAULT**

1. Defendant American Airlines, Inc.
   Registered Agent Address: CORPORATION SERVICE COMPANY
   1090 Vermont Ave. NW, Washington, DC 20005

2. A copy will be sent to:
   Micah E. Ticatch
   1945 Old Gallows Road, Suite 650
   Vienna, Virginia 22182

   Method of Service: Via ABC Legal Services (Process Server)

3. Defendant Gulf Air B.S.C., Inc.
   Counsel: Darcy C. Osta, Esq. D.C. Bar No. 1686937
   Mark A. Johnston, Esq. D.C. Bar No. 455764
   AT Eckert Seamans Cherin & Mellott, LLC
   1717 Pennsylvania Ave., N.W., 12th Floor
   Washington, D.C. 20006

   Method of Service: Via ABC Legal Services (Process Server)

4. Plaintiff Tala Josephano & Plaintiff Samiha Ayyash: Accepted Service via Email

A request for process service will be submitted, and service is expected to be completed by the processor. A Proof of Service request (Affidavit of Service) will be filed with the Court upon receipt of confirmation from ABC Legal Services.

Respectfully submitted,
February 24, 2025
Pro Se Plaintiff

*F.H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com