# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **Samiha Ayash, Feras Hindi** | ) | |
| **Tala Josephano** | ) | Case No.: 1:24-cv-03434-ACR |
| | ) | |
| Plaintiffs, | ) | |
| **American Airlines Inc.,** | | |
| **Gulf Air B.S.C** | ) | |
| Defendant. | ) | |
| _____ ) | | |

### MOTION FOR CLERK'S ENTRY OF DEFAULT

February 21 2025

Samiha Ayyash
7823 New London Dr
Springfield VA 22153
(703)980-6955



**RECEIVED**
FEB 27 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1. As The clerk's entry of default is thus mandatory under Federal Rule of Civil Procedure 55(a), which provides that: "When a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

2. On the last day of the 21-day deadline, Defendant American Airlines' counsel filed five documents via CM/ECF after 5:00 PM (Eastern Time).Defendant American Airlines Inc.'s lawyer falsely certified service on February 12, 2025, at around 5:00 PM via **electronic** mail. Plaintiff Samiha didn't authorize Service Electronically, Plaintiff Samiha wasn't served on **February 12 2025.**

3. Defendant American Airlines misrepresented service by falsely certifying that Plaintiff Samiha and Co-Plaintiff Feras were served with all filings via electronic mail in Violation of 11(b) 11(b)(3)

4. On February 18, 2025, Defendant American Airlines sent an envelope addressed to multiple Plaintiffs. Plaintiff Samiha only became aware of this through notification from Co-Plaintiff Tala .

5. Plaintiff Tala Asked Defendant's lawyer on February 18th 2025 after everyone realized that they were not served or served probably like Tala. Plaintiff Tala asked for proof of service for her so she can manage and coordinate the dates, he told her he has only the filings and pretty much his word.

6. When Plaintiff Tala asked him for tracking number or any proof of service, he assured her that each one was served Via email and mail and offered her extension on the February 18 2025, rather than fixing his mistakes and connect with other Plaintiffs,On

february 26 2025 he again send another envelope to the VA address , and again with two names on the envelope. (exhibit 4 )

7. All Plaintiffs were prepared to argue the merits of the case; however, Defendant American Airlines's actions have caused unbearable stress due to their failure to serve Plaintiff Samiha by the deadline or at all. Plaintiffs were taught to strictly not to engage if not served and each has to be properly as individually served or, Defendant can dismiss the responses .

8. As a result of these failures, Defendant did not **serve** the motion to dismiss or the Notice of Appearance by the deadline. These actions have caused significant prejudice and unnecessary delays, placing additional stress on the Plaintiffs.

9. All of Defendant's filings after including motions that Violates 11(a) and untimely, false certification, and failure to serve within the required 21-day deadline.  A false Certificate of Service that violated 11(b) or Corporate disclosures and motions that violated 11(b) and 11(a) , Motion to dismiss a violating 11(b) and 11(a)cannot be corrected or retroactively validated, as the deadline has already passed in violation of FRCP 12(a)(1)(A)(i) and reason for Plaintiff to enter default and obtain judgment.

10. This is Irreparable Procedural Defects,  The false certificate of service submitted by Defendant cannot be corrected without violating procedural deadlines and ignored punishment

11. **Incorrect Case Number on Key Filings**

12. Case numbers in the United States District Court for the District of Columbia follow a strict format: [year]-[case type]-[sequential number] (e.g., 1:2024-cv-03434ACR). Defendant American Airlines used an incorrect format (2024-cv-3434ACR), omitting the

leading zero. Defendant consistently used the incorrect format, while the Court's docket and Plaintiff's filings follow the correct one.

13. This raises concerns about the impact on public access to filings. Accurate case numbers are critical to ensure proper recording and searchability. Searching the correct case number (1:2024-cv-03434) retrieves the official docket, while Defendant's format (2024-cv-3434) leads to inconsistent results, hindering online search.

14. Co Defendant Gulf Air also entered the numbers incorrectly, and the court accepted the filing which only serves defendants in hiding their violations. Plaintiff Request the court to reject any document that was filed with the wrong case numbers

15. Defendant's behavior aimed at distracting the Plaintiff and delaying the case. This lack of legal help trying to navigate, adding pressure on Co Plaintiff Tala that helps everyone, couldn't even get an answer on what to do next.

16. The allegation against Defendant American Airlines for submitting a false certification to the FAA is now evident in the judicial system. This presents an opportunity for the Court to set the record straight and demonstrate to large corporations how not to patronize pro se litigants or fraudulently mislead the Court.

17. These actions appear intended to delay the case until Co-Defendant Gulf Air finalizes its permits to fly in the U.S., thereby avoiding liability.

18. **Plaintiff's Requests**

19. Plaintiff Samiha requests not to add an email address under her name in the communication as this is now becoming a problem .

20. The claims in this case are not only for the Plaintiffs but are also necessary due to the timing of aviation chaos and lives lost. The Audit of American Airlines might reveal

other codeshare partners that Defendant skipped properly auditing them.  The requested relief is urgent.

21. Plaintiffs take them hours to write one paragraph and this is what the Defendant wants, tactical draining. Plaintiff Samiha asks if any wording mistakes or use of those hard rules, respectfully allow Plaintiff to Amend.

22. Denying the motion will only cost the judicial resources and taxpayers, as Plaintiff can't continue legally with fraudulent acts by a lawyer and to get be excused by the court is unfair for Plaintiff

23. Plaintiff asks the court respectfully to Enter default against Defendant American Airlines.

24. In the event this motion is denied, Plaintiff Samiha respectfully requests that a hearing be scheduled before Judge Ana C. Reyes and that Co-Plaintiffs be permitted to attend for support and translation purposes, or alternatively, that the Court appoint an Arabic-to-English translator and a lawyer.

25. Plaintiff, aged 85 and grieving, lacks the legal, and physical capacity to argue her claims alone in this case. Plaintiff requests the Court appoint a lawyer to assist with the process. As Defendants are playing with the technicalities in aim to disadvantage the Plaintiff and throw this case out.

26. Plaintiff requests that the Court permit an amendment to this application if it is to be denied based on pleading format or minor errors.

27. Plaintiff requests that the Court allow the amendment to be filed.

28. Plaintiff does not acknowledge the attorney who submitted the false certificate of service in the Notice of Appearance. Plaintiffs can't answer false documents that were served on the deadline

29. Plaintiff Samiha requests that the Court take necessary action against this behavior to protect the unrepresented Pro Se litigant.

30. To respect the Court and avoid technicalities, Plaintiff will send a copy of this document to the Defendant and to the law office that filed the false certificate.

31. Plaintiff Samiha and Co Plaintiffs intending to file obstruction of justice and false Misrepresentation on the lawyer personally and the Defendant

### III. CONCLUSION

Plaintiff Samiha was NOT served on February 12 2025, she never consented to electronic serving or emailing Samiha had no access to ayyashsamiha@gmail.com, Plaintiff Samiha was only served on February 18 2025 added two Plaintiffs name. Plaintiff Samiha wasn't served on the 21 days deadline, improperly served on February 18 2023 6 days later.

According to FRCP 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. In this case on January 22, 2025 Defendant American Airlines were served properly pursuant to the Federal Rules of Civil Procedure. The applicable time limit for the Defendant to appear or otherwise respond to this action expired on February 12, 2025. The clerk has accepted Co Feras Motion to enter Default.

Given that the deadline has passed and no response has been filed or served in time, the Defendant is in default. The Clerk should enter default against the Defendant as per Federal Rule of Civil Procedure 55(a), which mandates that the clerk must enter a party's default when the party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise Following the Clerk's entry of default, Plaintiff will seek an entry of default judgment under Federal Rule of Civil Procedure 55(b).

Respectfully submitted,
February 27, 2025
Pro Se Plaintiff

Samiha Ayyash
7823 New London Dr
Springfield, VA 2215

# DECLARATION

**Case : 1:24-CV-03434-ACR**

I, Samiha Ayyash, declare as follows:

1. I am the Plaintiff in this matter and have claims against Defendant American Airlines, Inc.

2. I have not been served with the following documents: Notice of Appearance, Motion to Dismiss and its attachments, or Corporate Disclosure by Defendant American Airlines Inc. or their attorneys, by any method requested, or by any approved court method, including mail or personal service on February 12 2025

3. I didn't have access to Ayyashsamiha@gmail.com on February 12, 2025, or at any time thereafter.

4. I am not registered for electronic service and have never consented to receiving electronic service or notifications in this case.

5. I do not have a phone or laptop or computer or any device to receive electronic notification on

6. I don't know the Defendant lawyer's email address and I never spoke to him or emailed him.

7. I do not have access to the email addresses of Co-Plaintiff Feras or Co-Plaintiff Tala.

8. I did not consent to or file any Pro Se electronic service notifications, nor have I agreed to receive emails regarding this case.

9. I declare my statement is true to the best of my knowledge and belief.

On February 24, 2025
Pro Se Plaintiff

Samiha Ayyash
7823 New London Dr
Springfield VA 22153
 (347)749-4980

# CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2025, Plaintiff Samiha Ayyash will submit Motion for the Clerk of Federal Court of DC VIA the Intake email " dcd_intake@dcd.uscourts.gov" and send a true and correct copy of the following document to be served upon the parties listed below:

**MOTION FOR CLERK'S ENTRY OF DEFAULT**

1. Defendant American Airlines, Inc.
   Registered Agent Address: CORPORATION SERVICE COMPANY
   1090 Vermont Ave. NW, Washington, DC 20005
2. A copy will be sent to:
   Micah E. Ticatch
   1945 Old Gallows Road, Suite 650
   Vienna, Virginia 22182

   Method of Service: Via ABC Legal Services (Process Server)
3. Defendant Gulf Air B.S.C., Inc.
    AT Eckert Seamans Cherin & Mellott, LLC
   1717 Pennsylvania Ave., N.W., 12th Floor
   Washington, D.C. 20006

   Method of Service: Via ABC Legal Services (Process Server)
4. Plaintiff Tala Josephano & Plaintiff Feras waived service & accepted sub service via email ( Josephanotala@gmail.com - Fhindi@friendshiplogistics.com )

A request for process service will be submitted, and service is expected to be completed by the processor. A Proof of Service request (Affidavit of Service) will be available to the Court upon receipt of confirmation from ABC Legal Services.

Respectfully submitted,
February 27, 2025
Pro Se Plaintiff

*[signature]*

Samiha Ayyash
7823 New London Dr
Springfield VA 22153