UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Samiha Ayyash, Feras Hindi,** | ) | |
| **Tala Josephano** | ) | Case No.: 1:24-cv-03434-ACR |
| | ) | |
| *Plaintiffs,* | ) | |
| V. | ) | |
| **American Airlines Inc.,** | ) | |
| **Gulf Air (B.S.C.)** | ) | |
| *Defendants.* | ) | |

_____

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION AND REQUEST FOR HEARING**

Plaintiff Tala , proceeding pro se, respectfully moves this Honorable Court for an extension of time until March 12, 2025, to file opposition to Defendant American Airlines' Motion to Dismiss. Plaintiffs request a hearing at the Court's earliest convenience to address procedural issues, including defects in service, the validity of Defendant American Airlines' certificate of service, notice of Appearance and Motion to Dismiss, and procedural confusion regarding the separation of Plaintiffs' claims.



**RECEIVED**

FEB 28 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Defendant American Airlines' Certificate of Service states that Plaintiffs were served on February 12, 2025, but Plaintiffs were not served on that date. Plaintiff Tala was only properly served via the court system after February 18, 2025. American Airlines counsel couldn't understand maybe due to the language barrier that Plaintiff Tala needed to be properly served so the timing of the certificate reflects the deadline for Plaintiff's reply and they all can reply together saving time and resources for everyone.

Meaning if the certificate reflected the correct tie for the Plaintiffs, I would not have been requesting extension or submitting this request.

Co- Plaintiffs were not served at all. Defendant's lawyer did mail the documents, but they did not arrive until after February 23, 2025, and the email notification was sent on February 18, 2025 to Plaintiff Tala.  Even though he emailed Tala a copy ( after February 12 2025) , there was a  big confusion where the lawyer did not understand that there was a problem with his service.

Plaintiff did not receive any court notification or service on February 12, 2025. Upon inquiry, court staff informed Plaintiff Tala that her electronic notification account was inactive at the time of service, citing a "**clerk error**." This marks the fourth court error in Tala's case, all of which have only benefited the Defendants, despite Plaintiff submitting the Pro Se e-notification in January.

Plaintiff Tala was officially notified by the court on February 18, 2025. The procedural issue caused significant confusion and delay, preventing Plaintiff from timely preparing an opposition, especially without the other Plaintiffs being properly notified.

**Violation of Rule 11(b) and Motion to Dismiss:** The Certificate of Service and Motion to Dismiss violate Rule 11(b), 11(b)(3), and 11(a). The Certificate cannot be corrected now, as the 21-day period for service has passed, and the Defendant failed to serve by the last day. The Defendant's actions, combined with internet access issues, have left Plaintiff Tala unsure of how to respond, whether to strike the motion, oppose it, or leave it for the court to dismiss. Plaintiff lacks the financial resources for legal representation, and the free consultations are not truly free. Additionally, Plaintiff's phone is compromised, preventing access to legal representation.

The case involves several procedural irregularities, such as defects in service, misleading filings, and noncompliance with federal rules from Both Defendants in simple procedure. As a pro se litigant, Plaintiff requires additional time to properly address these issues in a response.

**Gulf Air B.S.C**

The plaintiffs are preparing for trial based on the merits of the case, not on technicalities intended to dismiss it. However, they must now address the tactical legal harassment and government interference by Defendant Gulf Air, which includes the unlawful sharing of private information about the plaintiffs through surveillance. This surveillance seems to be coordinated at a high level, involving various agents, including British and foreign personnel, with deep connections to our government.

Gulf Air is gaining an unfair advantage by using information manipulated through surveillance from Plaintiff Tala Electronic devices and network , primarily targeting Plaintiff Tala, with assistance from within the government system. If Gulf Air had

redirected the resources and money they've spent—and continue to spend—on silencing Tala and covering up their deficiencies from the American public and government toward fixing their flawed system, it would have been far more cost-effective. Despite their efforts, Gulf Air still faces the scrutiny of this court, and this situation is clearly not being handled well on their end.

Evidence will show that someone is aiding Gulf Air with government interference, including intercepting Plaintiff Tala's mail and preventing proper communication, which has led to missed court dates and various issues. Now it seems they are getting help from inside the court.

Plaintiff Tala is honored to stand up for her family and the American people against billion-dollar corporations, using nothing more than a Samsung Chromebook valued at $285 and a broken iPhone 13 screen. This surveillance even extended to hacking her ChatGPT account, which she uses to write these cases.

This is not paranoia. Plaintiff Tala is an expert in surveillance and security, coming from a family with deep roots in the intelligence field since she was 10 years old. Tala is more than capable of identifying these tactics and could even offer advice on how not to be so obvious. Or perhaps the people involved are so entrenched in the government system that they no longer care about being discreet, thinking that Plaintiff Tala will never reach a conclusion and underestimating the Checks and Balances in this country. But no matter the odds, the plaintiffs are still bringing this case forward.

Despite the enormous resources Gulf Air has invested to try to derail this case, they have failed. Gulf Air is now facing over $200 million in damages and the potential

exposure of being an unsafe airline that manipulates US government audits. Worst of all, they risk the suspension of all their permits. At a minimum, they will be in Tala's network.

This now requires the Judge's interference to clear this and for everyone to understand their Roles and Responsibilities in this case rather than patronizing the Plaintiffs for not having a lawyer.

**Procedural Confusion Due to Plaintiff's Separation:** Co-Plaintiffs have filed separate motions distinct from the opposition to dismissal, complicating procedural deadlines. Plaintiff Tala is unsure whether to respond to a motion that may be procedurally invalid due to defective service and other errors.

**Prejudice to Defendants:** Defendants will not be prejudiced by this request. Defense counsel of AA fairly to me personally has indicated no objection to an extension. We tried to communicate, but there was a communication barrier for some reason. This request is made in good faith to ensure fair and proper case proceedings. The American Airlines lawyer seems to be understanding of the situation, yet he refuses to change the certificate to reflect the correct dates for all plaintiffs to when they were actually served. He is sure they were served on February 12th but no one was served or notified on February 12.

Issues with the Meet-and-Confer Process: The last-minute submission appears to hinder, rather than advance, proceedings. The purpose of a Meet-and-Confer is to narrow issues and facilitate litigation, not to manipulate the process with self-serving documents. Given the Defendants' actions, this submission lacks a legitimate purpose.

Plaintiff intends to file a motion to dismiss the Meet-and-Confer and request a default judgment under Rule 12(a)(1)(A)(i), pending court discussion to avoid wasting time and resources.

Moreover, the Meet-and-Confer was not a valid response to the claims, and the other two Plaintiffs were not notified. Plaintiff Tala had to access Samiha's email on her phone after realizing it was being used, despite it being created solely for Samiha's inheritance and added to the case for formal reasons. Samiha, 85 years old, does not read or respond to emails. Tala found a sent email to Gulf Air from Samiha's account, which Samiha cannot access or manage without assistance. It's unclear if the email was sent by Tala mistakenly, given the volume of communication with Gulf Air's lawyer and the stress she was under, or if it was sent by Gulf Air or someone in Tala's network. Samiha never consented to this email. Samiha doesn't have a phone.

Plaintiff Tala takes her days to write a paper and apologies for not reaching out to the extension before as till now Plaintiff Tala doesn't know what day to count the service date.

**RELIEF REQUESTED**

For these reasons, Plaintiff respectfully requests that the Court:

1. If Plaintiff Tala legally is allowed to reply to motion that she knows has false info in certifying, Plaintiff Tala requests to Extend the deadline for Plaintiffs to file opposition to Defendant American Airlines' Motion to Dismiss until March 10, 2025.

2. Schedule a hearing at the Court's earliest availability to address:

    A. The validity of Defendant American Airlines' certificate of service.

    B. The procedural handling of Plaintiffs' separate claims.

    A. Court errors that have affected case proceedings.

    B. The Meet-Confor tactics to delay this case until Gulf Air secures all permits needed.

    C. Setting the records and documenting Gulf Air actions since this case started as Plaintiff Tala now believes they will try to harm her physically or her family, as they have tried to do before.

**Conclusion:** Plaintiff seeks a fair trial and an opportunity to present evidence of violations. This request for an extension and necessary hearing is made in good faith to ensure fair and proper proceedings. Plaintiff requests the Court grant this motion to ensure fair and just resolution of the case.

**Dated**: February 28, 2025

**Respectfully submitted,**

**Tala Josephano**

615 S Catalina Ave #233

Redondo Beach, CA 90277

Josephanotala@gmail.com

*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, Plaintiff Tala Josephano sent a true and correct copy of the following documents to be served upon the parties listed below:

Motion Requesting Extension & Hearing

1-Defendant American Airlines, Inc.

Counsel of Record: Micah E. Ticatch Isler Dare, P.C. 1945 Old Gallows Rd, Suite 650 Vienna, VA 22182

Method of Service: Email to mticatch@islerdare.com

2-Defendant Gulf Air B.S.C., Inc. Conceal OF Record  Darcy C. Osta, Esq.D.C. Bar No. 1686937 Email: dosta@eckertseamans.com Phone: (202) 659-6600. Mark A. Johnston, Esq. D.C. Bar No. 455764 Email: mjohnston@eckertseamans.com Phone: (202) 659-6600 Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

Email : **dosta@eckertseamans.com , MJohnston@eckertseamans.com**

3- Plaintiff Feras & Plaintiff Samiha Ayyash : Waived service, Courtesy copy will be sent to Fhindi@friendshiplogistics.com and XXXXXX Phone number.

Respectfully submitted,

February 28 2025

**Pro Se Plaintiff**

**Tala Josephano**

615 S Catalina Ave #233
Redondo Beach CA 90277
Josephanotala@gmail.com
347-749-4980