IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GULF AIR B.S.C. (C), *et al.*, <br><br> Defendants. | Case No. 1:24-cv-03434-ACR |

**DEFENDANT GULF AIR B.S.C. (C)'S**
**OPPOSITION TO PLAINTIFFS' MOTIONS FOR DEFAULT**

Defendant, Gulf Air B.S.C. (c) ("Gulf Air"), by undersigned counsel, respectfully submits this Opposition to the Motions for Entry of Default filed by Plaintiffs Feras Hindi ("Plaintiff Hindi") and Samiha Ayyash ("Plaintiff Ayyash") (collectively, "Moving Plaintiffs"). The motions should be denied for the following reasons.

**BACKGROUND**

On December 10, 2024, Plaintiffs Samiha Ayyash, Feras Hindi, and Tala Josephano ("Plaintiffs") filed a joint Complaint in this Court against Gulf Air and American Airlines, Inc. ("American Airlines") in connection with the unexpected death of Captain Mohannad Alhindi in Dhaka, Bangladesh (Dkt. 1). Plaintiffs amended their complaint on December 31, 2024 before attempting service of process on Gulf Air (Dkt. 2). On January 30, 2025, Plaintiffs improperly attempted to serve legal process on Gulf Air through undersigned counsel's law firm, which is not and was not an authorized agent to receive legal process on behalf of Gulf Air. *See* Notice of Defendant Gulf Air's Request to Schedule Pre-Motion Conference ("Request") (Dkt. 13).

Despite not having been properly served, on February 20, 2025, in accordance with Paragraph 7(f) of the Court's Standing Order In Civil Cases Before Judge Reyes ("Standing

Order"), Gulf Air timely filed its Request on its anticipated Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6).  (Dkt. 13).[1]  Paragraph 7(f) of the Standing Order provides that, "[f]or motions to dismiss under Federal Rule of Civil Procedure 12(b), the filing date of the letter will serve as the operative date for determining compliance with Rule 12's timing requirement."  Standing Order at ¶ 7(f).[2]  As a result, Gulf Air timely filed its response to the Amended Complaint in accordance with the applicable rules and Judge Reyes' Standing Order.

Gulf Air served Plaintiffs with copies of all filings via email and U.S. mail.  *See* February 20, 2025, Cover Letter to Plaintiffs (attached as **Exhibit 1**); *Ayyash et al. v. Gulf Air B.S.C. (c), et al.*, Darcy Osta Email to Samiha Ayyash, Feras Hindi, and Tala Josephano (Feb. 20, 2025, 4:33 p.m.) (attached as **Exhibit 2**); (*see also* Dkt. 13, "Certificate of Service").

Inexplicably, on February 24, 2025, Plaintiff Hindi moved for entry of default against Gulf Air by the Clerk of Court.  (Dkt. 18).  Plaintiff Ayyash followed suit on March 2, 2025.  (Dkt. 22).  Moving Plaintiffs' motions are wholly without merit and should be denied.

## ARGUMENT

According to Rule 55(a), the clerk must enter default when a defendant "fail[s] to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a). Here, there are no grounds to enter default because it is evident that Gulf Air met its obligations under the Rules.[3]

---

[1] Gulf Air initially filed its Request in the form of a letter (Dkt. 11), but was advised by the clerk that it needed to be in the form of a pleading.  As a result, Gulf Air refiled its Request that same day. (Dkt. 13).

[2] A copy of the Standing Order is publicly available via a link on Judge Reyes' Court Webpage: https://www.dcd.uscourts.gov/sites/dcd/files/2024.04.30%20FINAL%20CIVIL%20STANDING%20ORDER%20%28ACR%29.pdf (last accessed on March 10, 2025).

[3] It appears from Plaintiff Hindi's most recent filing (Dkt. 23) that the Clerk has already informed him that she cannot enter default against either of the Defendants.  However, Gulf Air submits this opposition out of an abundance of caution.

A defendant must serve either an answer or motion under Rule 12(b) within 21 days of being served with a complaint, unless a different deadline applies. *See* Fed. R. Civ. P. 12. This Court's Standing Order provides that a defendant seeking to file a Rule 12(b) motion must first request a pre-motion conference by submitting a notice explaining the anticipated basis of the motion. Standing Order, ¶ 7(f). Moreover, the Standing Order plainly states that "[f]or motions to dismiss under Federal Rule of Civil Procedure 12(b), the filing date of the letter will serve as the operative date for determining compliance with Rule 12's timing requirement." *Id.* Gulf Air filed and served its Request on Plaintiffs on February 20, 2025. Therefore, assuming only for purposes of this Opposition that Plaintiffs had properly served Gulf Air on January 30, 2025,[4] Gulf Air timely complied with its responsive pleading requirement and thus there can be no default entered against it.

Importantly, Moving Plaintiffs ignore the Request and this Court's Standing Order and erroneously assert that Gulf Air failed to file a responsive pleading within the required time frame. (Dkt. 18; Dkt. 22). This is simply not true as is evidenced by a review of the docket.

To the extent that Plaintiffs Hindi and Ayyash argue that Gulf Air is in default because it did not properly serve them with copies of the February 20th filings, this too is demonstrably false. Moving Plaintiffs were both served by first class mail as required by the applicable rules and, importantly, they do not appear to dispute this fact. *See* Fed. R. Civ. P. 5(b)(2)(C) (service by mail is complete "upon mailing."). Rather, in their sworn declarations, Moving Plaintiffs argue that they have not been served by Gulf Air because they have not consented to service

---

[4] Gulf Air is not conceding that there was proper service. For the reasons that will be further articulated in Gulf Air's anticipated Motion to Dismiss the Amended Complaint, Plaintiffs did not comply with Rule 4(h) and the Amended Complaint should be dismissed under Rule 12(b)(5).

through electronic mail. (Dkt. 18 at 4; Dkt. 22 at 4).[5] Moving Plaintiffs have failed to acknowledge that they were served with paper copies of all Gulf Air's filings through the mail, which clearly establishes that they were properly served under the rules. See **Exhibits 1-2**; (*see also* Dkt. 13, "Certificate of Service"). Accordingly, there is no basis for their request for the Clerk to enter default against Gulf Air and their motions should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Gulf Air B.S.C. (c) requests that the Motions for Entry of Default filed by Plaintiffs Feras Hindi and Samiha Ayyash be denied and that Gulf Air B.S.C. (c) be granted such other relief as this Court deems just and proper.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN  
 & MELLOTT, LLC**

*/s/ Darcy C. Osta*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
Phone: (202) 659-6600
Fax:  (202) 659-6699
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Gulf Air B.S.C. (c)*

---

[5] Plaintiff Hindi, at least, appears to be aware that service by mail is acceptable under the Federal Rules. *See* Dkt. 17 at 7 (stating in sworn declaration that American Airlines failed to serve him "by any approved court method, including mail or personal service."). Importantly, any reference or acknowledgement of service by mail is conspicuously absent from Plaintiff Hindi's sworn declaration in his filing against Gulf Air. *See* Dkt. 18 at 4.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

>Tala Josephano
>615 S. Catalina Avenue, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*
>
>Samiha Ayyash
>Feras Hindi
>7823 New London Drive
>Springfield, VA 22153
>*Pro Se Plaintiffs*

*/s/ Darcy C. Osta*
Darcy C. Osta
