UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| **Samiha Ayyash, Feras Hindi** | ) | Case No.: 1:24-cv-03434-ACR |
| **Tala Josephano** | ) | |
| Plaintiffs, | ) | |
| **American Airlines, INC. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| | ) | |

## PLAINTIFF SAMIHA AYYASH'S SEVEN-DAY NOTICE OF INTENT TO FILE ENTRY OF DEFAULT JUDGEMENT. NOTICE OF PREJUDICIAL ACTIONS AGAINST PLAINTIFF

Plaintiff Samiha Ayyash, pro se, respectfully submits this notice to the Court regarding the procedural irregularities, clerk errors, and prejudicial actions that have disadvantaged her in this case. These irregularities include improper docketing, selective processing of filings, biased and procedural interference that directly benefited Defendants Plaintiff also submitted this notice as date for the 7 days Entry Of Default Judgment.



**RECEIVED**

MAR 15 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**PLAINTIFF SAMIHA AYYASH'S SEVEN-DAY NOTICE OF INTENT TO FILE ENTRY OF DEFAULT JUDGMENT & NOTICE TO THE COURT REGARDING CLERK'S PROCEDURAL MISCONDUCT AND PREJUDICIAL ACTIONS AGAINST PLAINTIFF**

## I. FAILURE TO ENTER DEFAULT AGAINST DEFENDANTS DESPITE PROPERLY FILED MOTIONS

1. Despite Defendants' failure to serve Plaintiff or file a valid response within the 21-day deadline or after, the Clerk has not entered default against Gulf Air B.S.C. or American Airlines.

2. Plaintiff's right to entry of default under Rule 55(a) has been obstructed by selective delays in docketing and unfairly procedural interference by the court and Defendants

3. Gulf Air and American Airlines have been granted special treatment, while pro se Plaintiff has faced continuous roadblocks in asserting their claims.

## II. IMPROPER ACCEPTANCE OF DEFENDANT GULF AIR'S FILINGS

5. Appears that Gulf Air's attorneys were potentially not in good standing at the time of their filing on February 20, 2025, as explicitly confirmed by the Court's notification on February 21, 2025.

6. Plaintiff demands that Gulf Air's attorneys provide proof that their renewal was finalized and approved before filing on February 20, 2025, not after.

## III. FAILURE TO SERVE PLAINTIFF SAMIHA AYYASH INDIVIDUALLY BY THE DEADLINE OR AFTER

9. Defendant American Airlines admitted not serving Plaintiff on February 12 2025 and they sent an envelope with multiple names on it 6 days after the deadline with one set after being asked to fix it.

10. If Defendants relied on Tala to notify or serve Plaintiff Samiha they were and are wrong. Notifying ( which they didn't ) is not serving, and joining Plaintiffs is not improper serving if it's done after the Deadline and when supposedly reattempted , again failed due to simply not following the Civil Procedures.

11. Defendants' Certificate of Service is invalid, self-serving, and unverified, and fails to provide proof that Plaintiff was individually served on February 12 2025 and February 2025.

12. Service via unauthorized or unsolicited email is legally insufficient. Plaintiff is under no obligation to open, read, or accept any email from Defendants regardless of her having access to email or not ( which she doesn't).

13. Attempts to undermine Plaintiff Wrongful Death and the negligence claims that was the direct cause of her first born death by attempting to score illegal procedural steps is causing more damages and its all recorded, and had accumulated more stress.

## IV. CLERK'S ERRORS AND IRREGULARITIES FAVORING DEFENDANTS

14. The Clerk failed to process Plaintiff's Motion for Entry of Default in a timely manner, instead allowing Defendants to file improper procedural motions before addressing default and allowing them to move like nothing happened and like Plaintiff has no valid claims

15. The Clerk knows Plaintiff Samiha didn't sign for Electronic Consent and this case is not joinder. Even if it was, they were still obligated to serve Plaintiff Per the Rules.

16. Not once Defendants attempted to contact Samiha by Phone to request or discuss Motions as required by Judge rules and Federal Rules

## V. NOTICE OF INTENT TO FILE ENTRY OF JUDGMENT IN SEVEN (7) DAYS

18. Plaintiff intends to file a Motion for Entry of Default Judgment in seven (7) days, based on Defendants' failure to file timely responses and the Clerk's improper refusal to enter default under Rule 55(a).

19. Plaintiff further reserves the right to pursue legal action for potential procedural misconduct, including filing a Motion for Fraud Upon the Court against Defendants and any court personnel involved in procedural interference.

20. Defendants had a lot of time to defend themselves. Defending themselves doesn't include manipulating the Court and deliberately stepping over Plaintiff's rights. Plaintiff respectfully asking for clarification on hearing her motions

21. Even if Defendant ironically thought the claims were joined with all Defendants, they still have to serve each Plaintiff Individually. The delay is only an attempt to secure permits with DOT, FAA and obtain final Renewal approval on their codeshare while stepping on Plaintiff's effort to obtain justice ( again ). This time they are directly getting help from the court.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

A. Compel Defendants to provide an affidavit confirming individual service on Plaintiff Samiha Ayyash on February 20 2025

B. Order the Clerk to explain procedural delays and selective docketing multiple errors

C. Plaintiff requires proof whether Gulf Air's attorneys were properly certified at the time of filing on February 20, 2025.

D. Affidavit from both Defendants swearing under Perjury that they have followed the Civil Rules, the judge rules and the ethical rules of the court with Plaintiff Samiha

E. Acknowledge procedural advantages given to Defendants that have prejudiced Plaintiff's legal rights.

F. Grant immediate entry of Default Judgment against American Airlines INC.

G. Grant immediate entry of Default Judgment against Gulf Air B.S.C.

H. Note this notice as the 7 days for Plaintiff eligibility to file for Entry to Judgment

Plaintiff reserves the right to seek additional relief should these issues remain unresolved or if further irregularities arise.

March 15, 2025
Respectfully submitted,

*S.A*

Samiha Ayyash

7823 New London Dr,

Springfield VA 22153

(703)623-3767

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2025, Plaintiff Samiha Ayyash will be sending a true and correct copy of the following documents to be served upon the parties listed below:

**PLAINTIFF SAMIHA AYYASH'S SEVEN-DAY NOTICE OF INTENT TO FILE ENTRY OF DEFAULT JUDGMENT & NOTICE TO THE COURT REGARDING CLERK'S PROCEDURAL MISCONDUCT AND PREJUDICIAL ACTIONS AGAINST PLAINTIFF**

1-Defendant American Airlines, Inc. Registered Agent  Registered Office Address :CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005. Method of Service: Personal delivery via ABC Legal Services (Process Server)

2-Defendant Gulf Air B.S.C., Inc.  AT Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Plaintiff Tala Josephano & Plaintiff Feras Hindi: Waived Service Receive Via MSGS

Respectfully submitted,

March 15 2025

**Pro Se Plaintiff**

*[signature]*

**Samiha Ayyash**

7823 New London Dr

Springfield VA 22153
(703)623-3767