UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| **Samiha Ayyash, Feras Hindi**  ) | Case No.:  1:24-cv-03434-ACR |
| **Tala Josephano**  ) | |
| Plaintiffs**,**  ) | |
| **American Airlines, INC. ,**  ) | |
| **Gulf Air B.S.C**  ) | |
| Defendants  ) | |
| _____  ) | |

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

Plaintiffs hereby request an urgent hearing pursuant for Entry of Default, Default Judgment, and Summary Judgment. Additionally, Plaintiffs move for the immediate removal of Case Manager Mr. Dwight Patterson and provide notice of intent to file claims against Mr. Patterson and the intake department.



**RECEIVED**

MAR 18 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

The defendants' actions in this case have effectively demonstrated the very negligence and fraud that the plaintiff alleges, thereby strengthening the plaintiff's claims without requiring further proof. Specifically:

1. Negligence: The defendants' failure to maintain a valid attorney certificate and their last-minute filing in violation of court rules clearly show a breach of the duty of care expected in legal proceedings. This aligns with the definition of negligence as "the failure to behave with the level of care that a reasonable person would have exercised under the same circumstances".

2. Fraud: The defendants' misrepresentation of their legal standing and false claims of service demonstrate the key elements of fraudulent misrepresentation, including:
    A. Making a false statement (claiming valid service when not in good standing)
    B. Knowing the statement was false or showing reckless disregard for its truth
    C. Intending for the plaintiff to act on the false information
    D. The plaintiff suffering harm as a result

Among many other actions, these actions satisfy the criteria for both negligence and fraud claims, as they show a clear breach of duty, causation, and resulting harm to the plaintiff. The defendants' conduct goes beyond mere carelessness, approaching the threshold of gross negligence given the severity and obviousness of their oversights

By engaging in these very behaviors, the defendants have essentially proven the plaintiff's case, eliminating the need for additional evidence or argumentation. Their actions serve as a real-time demonstration of the negligence and fraud alleged in the original complaint.

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

**Explanations For The Requests for Immediate Action**

1. The initial case documents, including the mandatory magistrate judge consent form, were never received by Plaintiffs. The clerk is legally required to notify all parties of their right to accept or decline magistrate jurisdiction, and failure to do so constitutes a clear procedural violation. This issue must be corrected immediately.

2. Plaintiffs request written confirmation that all docketed filings have been properly submitted to and received by Judge Ana Reyes. Any failure to ensure accurate docket transmission has directly impacted Plaintiffs' due process rights and procedural fairness. Plaintiffs must be assured that their filings are being reviewed without interference, omission, or procedural manipulation.

3. Plaintiffs are concerned that their filings may have been altered before being uploaded to the docket. Defendants have previously attempted to introduce the term "contributed" in a way that could weaken Plaintiffs' negligence claims. Given this, Plaintiffs will be reviewing each document submitted over the next week to verify that no unauthorized changes have been made.

4. **FEBRUARY 20 2025 Deliberate Manipulation by INTAKE or The case manager.**

5. The filing discrepancy on February 20, 2025, requires immediate investigation as it reflects deliberate interference with plaintiffs' procedural rights and manipulation of court records to favor the defendants. Processing an invalid submission without proper justification and altering filing records undermines court integrity and due process.

6. **Defendants' Attorneys Were Not in Good Standing**

    At the time of filing on February 20, 2025, at 1:58 PM (DC time), Gulf Air's attorneys were not in good standing and knew they were ineligible to file. Despite this, they

proceeded with an invalid submission and immediately attempted to serve Plaintiff Tala via email, misrepresenting their legal standing to both the court and the opposing party.

7. Gulf Air's attorneys, representing a billion-dollar corporation and promoted as "experienced litigators," were fully aware that they must be in good standing to file a submission. Nonetheless, they filed at 1:58 PM on February 20, 2025, which led to a formal notice of INVALID filing issued by the court on February 21, 2025. However, this notice was not immediately reflected in the docket, suggesting administrative interference or negligence.

8. The court's notice of INVALID filing was issued on February 21, 2025, yet it was somehow backdated to February 20, 2025, on the docket. This raises concerns about who authorized this discrepancy and why the invalidation was concealed from the public record.

9. Plaintiff Tala confirmed with Ms. Hanna from Attorney Admissions that Gulf Air's attorneys were not in good standing on February 20, 2025. Despite this, one of the attorneys deliberately misrepresented their status and attempted to serve Plaintiff Tala via email, knowingly lacking legal authorization to do so. This fraudulent act constitutes an intentional misrepresentation to the court and opposing party.

10. The docket entry for Gulf Air's submission falsely reflects a filing date of February 20, 2025, even though the court officially notified Plaintiff Tala of the invalidation at 10:00 AM on February 21, 2025. The use of the term "RESOLVED" suggests an intentional administrative override, designed to conceal the invalid nature of the filing and create a false impression of compliance with court rules.

11. **Unanswered Questions About Judicial Oversight**

    Where is the original filing of the error? The issue was not discovered until February 21, 2025. While it was stated that the Judge was notified, was it actually the Judge, or was it handled internally by chambers or intake personnel? A Judge would not typically allow a Defendant's filing error—especially on the last day of service—to bypass court rules regarding expired attorney certifications.

12. If the Judge approved the correction, a valid reason must have been provided. What justification exists for permitting a last-day filing, allowing a Meet & Confer request without the required Certificate of Plaintiffs' interaction? Most importantly, was this prejudicial to the Plaintiffs? Plaintiffs were not only prejudiced but suffered direct harm as a result of this irregularity

13. The entry modification on February 21, 2025, falsely stated that the issue was "Resolved" and backdated the court's invalid notice from February 21 to February 20, 2025. While seemingly minor, this manipulation directly benefited Gulf Air, shielding them from procedural violations and creating an unjust advantage.

14. The Defendants relied on the Plaintiffs' Pro Se status and their intel from Tala's network, expecting them not to notice or challenge these manipulations. Alternatively, there may be financial incentives influencing court personnel assisting Gulf Air within the system.

15. **Need for DOJ & District Attorney Investigation**

    This situation requires immediate investigation by the Department of Justice (DOJ) and the District Attorney's office to determine if procedural misconduct, administrative interference, or judicial bias played a role in altering the docket and suppressing Plaintiffs' rights for some external influence.

**16. GULF AIR FILINGS FEBRUARY 20 2025**

17. All future filings must be handled exclusively by a supervisor, with no further access granted to Mr. Dwight Patterson or any unsupervised clerks. The repeated errors and procedural misconduct exceed human error and have resulted in significant harm to plaintiffs. Everyone involved in improperly entering docket filings must be removed from handling this case.

18. The Meet & Confer request filed on February 21, 2025, was not only procedurally improper but deliberately misleading. It was orchestrated by internal actors assisting Gulf Air within the federal court system and federal agencies. Whether foreign or domestic, those involved appear to have personal or financial motives for influencing the case.

19. The Clerk advised Gulf Air on how to submit a Meet & Confer request in pleading format, while plaintiffs were consistently denied procedural assistance. This active involvement raises serious concerns regarding fairness, impartiality, and procedural integrity. The Clerk's selective assistance directly benefited Gulf Air while undermining plaintiffs' ability to seek default.

20. Plaintiffs followed FRCP Rule 55(a) for an Entry of Default, yet case manager Dwight Patterson misapplied the rule and directed Plaintiff Tala to consult the Pro Se Handbook instead. Instead of verifying whether Rule 55(a) was satisfied, Patterson improperly applied Rule 55(b), shifting the burden onto plaintiffs rather than confirming the default.

21. Rule 55(a) does not require a defendant to file or serve anything except an ANSWER within 21 days. Yet, Patterson ignored this and failed to ensure proper procedural compliance, obstructing plaintiffs' ability to secure an Entry of Default.

22. Plaintiffs' motions were delayed from being uploaded or addressed until Defendants secured an improper procedural advantage. Deputy Alexander Burton facilitated this delay, benefiting Gulf Air. As a result, Deputy Burton will be served with Fraud Upon the Court claims this week.

23. **MARCH 6 2025 MEET & CONFER**

24. Defendants, with internal assistance from court staff, deliberately manipulated the Meet & Confer process to evade filing an Answer. Instead, they used the process to improperly gather standing arguments and evidence while attempting to litigate the case's merits through an invalid submission. Deputy Clerk Alexander Burton, despite explicit instructions not to authorize this improper request, proceeded without justification, directly contributing to fraudulent procedural interference. As a result, Deputy Burton, along with Gulf Air's attorneys, now faces claims of Fraud Upon the Court.

25. Plaintiff Tala explicitly warned Deputy Clerk Alexander Burton during a direct phone call that his actions violated the procedural rights of two plaintiffs who had already submitted a motion for Entry of Default. Despite this clear notice, Deputy Burton facilitated an improper Meet & Confer appointment, obstructing plaintiffs' ability to secure a fair ruling. This direct interference constitutes Fraud Upon the Court, meeting the legal threshold for judicial misconduct and procedural fraud.

26. What may appear as mere coincidences to the average person is, in intelligence operations, a clear sign of interference. Every time a procedural irregularity benefits Gulf Air or American Airlines, Mr. Patterson is conveniently out of the office. What official work requires a clerk to be off-site during critical procedural moments? While this could be personal leave, the timing aligns too perfectly with instances of procedural

manipulation. Similarly, the unexplained absence of other officials from Judge Reyes' chambers allowed another chamber deputy to approve this misconduct. The level of confidence displayed by Deputy Burton suggests that he is receiving direct backing from influential sources inside the court.

27. We formally demand confirmation on whether Judge Reyes has personally reviewed any of the motions submitted by plaintiffs. There is increasing concern that plaintiffs' filings have not been properly presented to the Judge, while Gulf Air's submissions have been actively processed and facilitated by court staff. This violates fundamental principles of procedural neutrality and due process.

28. If these serious violations are not promptly addressed, we will formally proceed with a negligence claim against Mr. Dwight Patterson and the court intake department. His failure to perform his essential duties as a case manager—whether due to incompetence or deliberate interference—has already caused severe procedural prejudice against plaintiffs. Furthermore, the fraudulent procedural interference carried out by Deputy Alexander Burton and other court staff has resulted in direct financial, emotional, and physical harm to the plaintiffs. Should any additional procedural irregularities occur, this matter will escalate beyond negligence into Fraud Upon the Court and Intentional Interference.

29. To date, Mr. Patterson has committed no fewer than seven documented procedural mistakes, which even the intake department has acknowledged as negligence. However, whether these actions constitute mere negligence or amount to fraud and intentional interference is now a matter for judicial determination.

30. Plaintiffs will be filing Fraud claims against Ms. Darcy and Mr. Mike, Gulf Air's attorneys, for ethical misconduct, intentional obstruction of justice, intentional inducement, and intentional infliction of emotional distress. Plaintiffs are in the process of retaining a criminal law attorney, as this case has now escalated beyond civil litigation.

31. Court staff helping Defendants against Plaintiffs and Playing inside the courts and using the illegal surveillance on one of the Plaintiffs that is initiated by Personal Agenda to serve some foreign government is one thing, and the chance of these Airlines crashing over our heads is another.

**32. PLAINTIFF TALA Opinion as a Security Expert :**

33. TPlaintiff Tala is fully aware of the tactics employed by corrupt entities and their influence within the U.S. government. When courts begin receiving external pressure—whether through diplomatic calls, financial incentives, or undisclosed arrangements—we risk undermining judicial integrity and drifting toward a system where victims are wrongfully categorized as "threats to national security" to suppress legitimate claims. Such a scenario mirrors judicial interference tactics seen in authoritarian regimes, where justice is dictated by personal agendas rather than the rule of law.

34. It is highly questionable what leverage Gulf Air holds over the U.S. government that cannot be achieved through standard diplomatic channels. American taxpayers already contribute substantial financial aid and diplomatic resources to these nations, making any preferential treatment toward Gulf Air unwarranted and alarming. The government's reluctance to act in a case that directly safeguards public interests—and could potentially generate $500 million in federal revenue—raises serious concerns about conflicts of interest, foreign influence, or undisclosed beneficiaries within the system. This demands

closer scrutiny of the decision-making process and whether external forces are shaping judicial outcomes beyond legitimate legal and corporate considerations.

35. Despite our diligent efforts to bring these matters to the Court's attention, our requests have been overlooked, while the Court has continued to entertain the defendants' fraudulent representations and actions. This imbalance in treatment threatens to further prejudice the plaintiff and erode public confidence in the judicial system.

36. The timing of procedural irregularities often coincides with the absence of key clerks and court staff, whether due to natural reasons or orchestrated efforts by external influences assisting Gulf Air. These "intelligence" acts raise concerns about the integrity of case handling and whether certain court personnel are being strategically positioned or removed at critical moments to facilitate procedural advantages for Gulf Air.

37. **JUDGE ANA REYES**

38. This claim was originally filed on December 10, 2024, with only Plaintiff Feras and Plaintiff Samiha listed as parties. At the time, Tala was working separately on her own claims against both Defendants, which were entirely distinct from this case and not included in the current proceedings. She was in the final stages of preparing her filings in New York.

39. Having previously witnessed external interference in judicial proceedings, including calls to judges, Tala was hesitant to file her claims in Washington, D.C., or California, fearing similar tactics would be used to obstruct her case.

40. The assignment of Plaintiff Feras and Samiha's claims to Judge Ana Reyes appeared to be a calculated move to create a sense of comfort and legitimacy. The goal was for Tala to accept the judge's assignment without suspicion, believing there was no interference in

the case. Judge Ana's background and ideology share similarities with Tala's, which would naturally make Tala more at ease with the process, discouraging her from questioning court manipulation.

41. However, while Tala's focus was on the judge's reputation for fairness, the real interference was taking place behind the scenes—within court staff. The strategy was to keep Tala reassured and deter her from filing her separate claims in New York against both Defendants and the FAA. This allowed the Defendants and their allies to manipulate procedural matters at the clerk and intake level while Tala remained focused on the judge's perceived neutrality.

42. We urge the Court to recognize the gravity of this situation and grant this hearing without delay, as it is crucial to preserving the plaintiff's rights and upholding the principles of justice upon which our legal system is founded. The delays, procedural manipulation, and irregularities in court handling necessitate immediate judicial review to ensure fairness and due process

## Requests for Urgent Action

1. Request for an **Urgent Hearing** – Plaintiffs seek in person an expedited hearing within 48 hours due to ongoing procedural irregularities and interference.

2. Immediate Removal of Mr. Dwight Patterson – Plaintiffs request that Mr. Patterson be removed as case manager and that only a supervisor handle all future filings to ensure procedural fairness.

3. Written Confirmation of Judge's Receipt of Filings – Plaintiffs request official confirmation that all docketed filings have been properly submitted to and received by Judge Ana Reyes.

4. Full Investigation and Correction of the February 20, 2025 Filing Discrepancy – Plaintiffs demand a detailed review and correction of the improper docketing, including identifying who authorized the altered entry

5. Verification of Attorney's Status on February 20, 2025 – Plaintiffs request official verification of Gulf Air's attorney's standing on February 20, 2025, and the identity of the individual who authorized and processed the submission on February 20 and 21, 2025

6. Do Not Allow Any Further Filings from Defendants – Plaintiffs request that no additional filings from Gulf Air or American Airlines be accepted until the validity of their legal representation is confirmed.

**Notice of Intent to Sue & Legal Actions**

In an absent of instant resolution, Plaintiffs will pursue claims against:

1. Mr. Patterson for negligence and breach of duty and other related Claims
2. Intake department for negligence, prejudice, and abuse of process

Plaintiffs have suffered:

1. Financial losses and unnecessary legal expenses
2. Physical stress, including back and neck strain
3. Emotional distress and exacerbation of prior trauma
4. Loss of work and productivity
5. Intensified anxiety and distrust in the judicial system

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

Plaintiffs respectfully request the Court's immediate attention to these urgent matters to prevent further harm and ensure the fair administration of justice.


March 18 2025 By Pro Se Plaintiffs

| *[signature: F.H]* | *[signature: S.A]* | *[signature: TJ]* |
|---|---|---|
| Feras Hindi | Samiha Ayyash | Tala Josephano |
| 7823 New London Dr | 7823 New London Dr | 615 S Catalina Ave #233 |
| Springfield VA 22153 | Springfield VA 22153 | Redondo Beach CA 90277 |
| (703)980-6955 | (703)623-3767 | (347)749-4980 |

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7th, 2025, Plaintiff Tala Josephano will submit Notice for the Clerk of Federal Court of DC VIA the Intake email " dcd_intake@dcd.uscourts.gov" and send a true and correct copy of the following document to be served upon the parties listed below:

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

1. Defendant American Airlines

    Registered Agent Registered Office Address CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005.
    Method of Service: Via ABC Legal Services (Process Server)

    Courtesy Copy from Tala will be emailed to Micah E. Ticatch

2. Defendant Gulf Air B.S.C., Inc.

    AT Eckert Seamans Cherin & Mellott, LLC
    1717 Pennsylvania Ave., N.W., 12th Floor
    Washington, D.C. 20006

    Method of Service: Via ABC Legal Services (Process Server)

March 18 2025 by Pro Se Plaintiffs

*F.H*                          *S.A*                          *T.J*

Feras Hindi                    Samiha Ayyash                  Tala Josephano

7823 New London Dr             7823 New London Dr             615 S Catalina Ave #233

Springfield VA 22153           Springfield VA 22153           Redondo Beach CA 90277

(703)980-6955                  (703)623-3767                  (347)749-4980

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**

**URGENT REQUEST FOR HEARING ON ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT; REQUEST FOR CASE MANAGER REMOVAL AND NOTICE OF INTENT TO SUE**