IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:24-cv-03434-ACR |
| v. | ) |
| | ) |
| GULF AIR B.S.C. (C), *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO PLAINTIFF TALA JOSEPHANO'S MOTION FOR ENTRY OF DEFAULT AGAINST GULD AIR B.S.C.**

Defendant, Gulf Air B.S.C. (c) ("Gulf Air"), by undersigned counsel, respectfully submits this Opposition to Plaintiff Tala Josephano's ("Plaintiff Josephano") Motion for Entry of Default Against Gulf Air ("Motion") (Dkt. 26). For the following reasons, the Motion should be denied.

**BACKGROUND**

On December 10, 2024, Plaintiffs Samiha Ayyash, Feras Hindi, and Tala Josephano ("Plaintiffs") filed a joint Complaint in this Court against Gulf Air and American Airlines, Inc. ("American Airlines") in connection with the unexpected death of Captain Mohannad Alhindi in Dhaka, Bangladesh (Dkt. 1). Plaintiffs amended their Complaint on December 31, 2024 before attempting service of process on Gulf Air (Dkt. 2). On January 30, 2025, Plaintiffs improperly attempted to serve legal process on Gulf Air through undersigned counsel's law firm, which is not and was not an authorized agent to receive legal process on behalf of Gulf Air. *See*, *e.g.*, Notice of Defendant Gulf Air's Request to Schedule Pre-Motion Conference ("Request") (Dkt. 13).

Despite not having been properly served, on February 20, 2025, in accordance with Paragraph 7(f) of the Court's Standing Order In Civil Cases Before Judge Reyes ("Standing

1

Order"), Gulf Air timely filed its Request on its anticipated Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). (Dkt. 13).[1]  Paragraph 7(f) of the Standing Order provides that, "[f]or motions to dismiss under Federal Rule of Civil Procedure 12(b), the filing date of the letter will serve as the operative date for determining compliance with Rule 12's timing requirement."  Standing Order at ¶ 7(f).[2]  As a result, Gulf Air timely filed its response to the Amended Complaint in accordance with the applicable rules and Judge Reyes' Standing Order.

Gulf Air served Plaintiffs with copies of all filings via email and U.S. mail.  *See* February 20, 2025, Cover Letter to Plaintiffs (attached as **Exhibit 1**); *Ayyash et al. v. Gulf Air B.S.C. (c), et al.*, Darcy Osta Email to Samiha Ayyash, Feras Hindi, and Tala Josephano (Feb. 20, 2025, 4:33 p.m. ET) (attached as **Exhibit 2**); (*see also* Dkt. 13, "Certificate of Service").  That same day, Plaintiff Josephano acknowledged and confirmed receipt of Gulf Air's filings via email.  *See* Tala Josephano email to Darcy Osta (Feb. 20, 2025, 5:10 p.m. ET) (attached as **Exhibit 3**).

On March 7, 2025, Plaintiff Josephano moved for entry of default against Gulf Air wherein she argues that Gulf Air waited to file a "meet and confer" until the last day on which it was required to respond to the Amended Complaint, but did not file an Answer.  Mot. at 2 (Dkt. 26). As Gulf Air fully complied with the Standing Order and timely filed the Request in lieu of an Answer, Plaintiff Josephano's Motion is wholly without merit and should be denied.

---

[1] Gulf Air initially filed its Request in the form of a letter (Dkt. 11) but was advised by the clerk that it needed to be in the form of a pleading.  As a result, Gulf Air refiled its Request that same day. (Dkt. 13).

[2] A copy of the Standing Order is publicly available via a link on Judge Reyes' Court Webpage: https://www.dcd.uscourts.gov/sites/dcd/files/2024.04.30%20FINAL%20CIVIL%20STANDING%20ORDER%20%28ACR%29.pdf.

## ARGUMENT

According to Rule 55(a), the clerk must enter default when a defendant "fail[s] to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, there are no grounds to enter default because it is evident that Gulf Air met its obligations under the Rules.

A defendant must serve either an answer or motion under Rule 12(b) within 21 days of being served with a complaint, unless a different deadline applies. *See* Fed. R. Civ. P. 12. This Court's Standing Order provides that a defendant seeking to file a Rule 12(b) motion must first request a pre-motion conference by submitting a notice explaining the anticipated basis of the motion. Standing Order, ¶ 7(f). Moreover, the Standing Order plainly states that "[f]or motions to dismiss under Federal Rule of Civil Procedure 12(b), the filing date of the letter will serve as the operative date for determining compliance with Rule 12's timing requirement." *Id.* Gulf Air filed and served its Request on Plaintiffs on February 20, 2025. Therefore, assuming only for purposes of this Opposition that Plaintiffs had properly served Gulf Air on January 30, 2025,[3] Gulf Air timely complied with its responsive pleading requirement and there can be no default entered against it.

Plaintiff Josephano's main argument in support of her Motion is that the Request is tantamount to a "meet and confer,"[4] thus, Gulf Air needed to first obtain consent from Plaintiffs before proceeding to file the Request and subsequently contacting the Courtroom Deputy to request a hearing date. Plaintiff Josephano's contentions in this regard are simply incorrect and

---

[3] Gulf Air is not conceding that there was proper service. For the reasons that will be further articulated in Gulf Air's anticipated Motion to Dismiss the Amended Complaint, Plaintiffs did not comply with Rule 4(h) and the Amended Complaint should be dismissed under Rule 12(b)(5).

[4] Plaintiff Josephano has seemingly conflated the concepts of a "meet and confer" with a pre-motion conference request. No where in Paragraph 7(f) is there a reference to a "meet and confer."

contrary to the clear terms of the Standing Order. Per Paragraph 7(f), because Gulf Air intends to file a dispositive motion in response to the Amended Complaint, it was *required* to *first* file the Request after which time it had to contact the Court for purposes of scheduling a pre-motion conference.[5] Further, since Gulf Air articulated the general grounds on which it will move to dismiss the Amended Complaint, in its entirety, under Rules 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) in its Request, it is not required to file an Answer. There is no doubt that Gulf Air acted properly and in compliance with Paragraph 7(f) of the Standing Order and, importantly, nothing in Plaintiff Josephano's Motion indicates otherwise. Accordingly, there is no basis for Plaintiff Josephano's request for the clerk to enter default against Gulf Air and her Motion should be denied.

## CONCLUSION

For the foregoing reasons, Gulf Air B.S.C. (c) respectfully requests that Plaintiff Tala Josephano's Motion for Entry of Default be denied.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**


*/s/ Darcy C. Osta*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
(202) 659-6600
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Gulf Air B.S.C. (c)*

---

[5] Plaintiff Josephano further claims that Gulf Air's complying with the Standing Order is a "delay tactic." Mot. at 3. This argument is wholly without merit as, again, Gulf Air complied with the timing requirements set forth therein.

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

    Tala Josephano
    615 Catalina Avenue, #233
    Redondo Beach, CA 90277
    *Pro Se Plaintiff*

    Samiha Ayyash
    Feras Hindi
    7823 New London Drive, #233
    Springfield, VA 22153
    *Pro Se Plaintiffs*

                                        */s/ Darcy C. Osta*
                                        Darcy C. Osta