## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | |
|---|---|
| **Samiha Ayyash, Feras Hindi** ) | Case No.: 1:24-cv-03434-ACR |
| **Tala Josephano** ) | |
| Plaintiff**,** ) | |
| **American Airlines, INC. ,** ) | |
| **Gulf Air B.S.C** ) | |
| Defendant ) | |
| _____ ) | |

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

Plaintiff Feras Hindi respectfully moves this Court to strike the Notice of Appearance submitted by Defendant Gulf Air B.S.C. pursuant to Federal Rule of Civil Procedure 12(f) as it is procedurally defective, improperly filed by unauthorized attorneys, and contains misrepresentations regarding service and to Strike all fillings filed on February 20 2025, March 10 2025 entirely and any filing afters.



**RECEIVED**
MAR 24 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

## BACKGROUND

Plaintiff Feras Hindi filed his initial claim on December 10, 2024, and subsequently amended the claim on December 30, 2024. Defendant Gulf Air B.S.C. was served on January 30, 2025, establishing a deadline to respond by February 20, 2025, under Federal Rule of Civil Procedure 12(a)(1)(A)(i). On February 20, 2025, Defendant's attorneys, Darcy C. Osta (D.C. Bar No. 1686937) and Mark A. Johnston (D.C. Bar No. 455764), of the law firm Eckert Seamans Cherin & Mellott, LLC, filed a Notice of Appearance on behalf of Gulf Air. This filing was submitted on the final day of the response deadline. CM/ECF submission does not override the requirement for valid attorney admission

However, on February 21, 2025, the Court notified Gulf Air's counsel that their filing was invalid because both attorneys had expired D.C. Bar certifications at the time of submission. Despite this notification, Defendant has continued to rely on its procedurally defective filing, which remains unauthorized and legally ineffective.Filings made before the official reinstatement are improper and cannot be retroactively validated.

## **ARGUMENT**

Plaintiff Feras Hindi moves this Court to strike all filings entirely submitted by Defendant Gulf Air on February 20, 2025, including its Notice of Appearance, as well as all subsequent filings after including March 4, 2025, under Federal Rule of Civil Procedure 12(f). These filings are procedurally defective, unauthorized, and legally void because they were submitted by attorneys whose D.C. Bar certifications were expired at the time of filing. Gulf Air's Notice of Appearance

was filed on the last day of the 21-day deadline (February 20, 2025)1. This timing is crucial as it left no room for correction within the mandated response period. Both attorneys had expired D.C. Bar certifications at the time of filing1. This is a clear violation of Federal Rule of Civil Procedure 11(a), which requires filings to be signed by an attorney of record

**I. February 20, 2025, Filings Were Improper and Must Be Stricken**

On February 20, 2025, Defendant Gulf Air B.S.C., through attorneys submitted multiple filings via the CM/ECF federal e-filing system by attorneys whose D.C. Attorneys certifications were expired including:

1. Notice of Appearance –
2. LCvR 26.1 Corporate Disclosure Statement.
3. Pre-Motion Request for a Meet-and-Confer.
4. Motion for Telephone Conference.

On February 21, 2025, the Court notified Gulf Air's counsel that their Notice of Appearance was invalid due to the attorneys' expired bar admissions. Despite this, Defendant continued relying on its procedurally defective filing and failed to serve Plaintiff with any corrected Notice of Appearance.

As Confirmed by the court. The D.C. Bar renewal process takes 5 business days, as attorney credentials must be reviewed before reinstatement. Renewal is not instant, and the purpose of the waiting period is to ensure that an attorney remains in good standing before resuming legal practice in addition to Admin work time.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

On February 20, 2025—the deadline for Gulf Air's response—the Court confirmed that both attorneys lacked valid Certificates of Admission and were not authorized to file on behalf of Defendant. After being notified of the defect on February 21, 2025, Defendant's attorneys submitted a renewal payment of $25, but their reinstatement was not immediate.

Considering that this defect arose on the final day of Defendant's 21-day response deadline, Plaintiff moved for Entry of Default. Any attempt to correct the issue after February 20, 2025, is irrelevant, as Defendant failed to cure the defect by submitting a valid, renewed Certificate of Admission on or before the deadline.

The Notice of Appearance is the foundational filing that allows attorneys to act on behalf of a party. Since it was filed while the attorneys were unauthorized, it is legally void, and all subsequent filings relying on it are also improper. A party cannot file substantive motions without first having a valid attorney of record. It also violate FRCP 11(a)

*"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.*
*The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."*

This rule establishes that only properly admitted attorneys may submit filings, and any filing made by an unauthorized attorney is procedurally invalid. Because Gulf Air's attorneys were not

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

in good standing at the time of filing, their submissions are defective, legally void, and must be stricken under Rule 11(a).

Here, Defendant Gulf Air's attorneys were not authorized to practice before this Court at the time of filing due to expired D.C. Attorney certifications. Since the Notice of Appearance was submitted by attorneys who were not in good standing, it is procedurally defective and legally void.

Furthermore, Defendant did not request an extension from either the Court or Plaintiff , further confirming its procedural default.  The Notice of Appearance is **procedurally improper** because it was filed by unauthorized attorneys, failed to comply with court rules

Rule 12(f) allows the Court to strike filings that are redundant, improper, or prejudicial  Gulf Air's Notice of Appearance was unauthorized and thus legally void from the outset. Any subsequent filings premised on the invalid appearance must also be stricken.

## II. LEGAL BASIS FOR STRIKING GULF AIR'S FILINGS

Notice of Appearance Was Improper and Violated Rule 11(a) as it was Filed by attorneys without valid D.C. Bar certifications at the time of submission. Rule 11(a) requires attorneys to be properly admitted before filing; failure to comply renders the filing procedurally void. The Court confirmed the defect on February 21, 2025, proving the attorneys were unauthorized when filing.

Failure to Investigate Attorney Status Violates Rule 11(b) as Rule 11(b) requires attorneys to conduct reasonable inquiry before filing. Gulf Air's attorneys failed to verify their admission status before submitting filings, violating their duty under Rule 11.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

All February 20, 2025, Filings Must Be Stricken as the Notice of Appearance was invalid, making all filings submitted that day improper. These include the LCvR 26.1 Certificate of Disclosure - Corporate Affiliations/Financial Interests; Pre-Motion Request for a Meet-and-Confer; Motion for Telephone Conference; Filings made under an invalid Notice of Appearance have no legal effect and must be stricken.

All Filings Submitted on or After March 4, 2025, Must Be Stricken as Defendant was not properly present in the case after February 20, 2025; Gulf Air failed to correct or properly serve a valid Notice of Appearance before filing additional motions as deadline was February 20 2025 Filings made without a valid presence in the case prejudice due process and must be stricken.

The meet-and-confer requested by Telephone Conference by attorneys without valid bar certifications should be considered void and improper.

Striking These Filings is Necessary to Maintain Procedural Integrity as Rule 12(f) allows the Court to strike improper or prejudicial filings. Procedural violations cannot be cured retroactively—allowing these filings to stand grants Defendant an unfair advantage. Gulf Air's Notice of Appearance and all related filings must be stricken in their entirety

**Procedural Delay and Unfair Litigation Advantage**

Gulf Air's defective filing created uncertainty about their legal standing, allowing them to prolong litigation by scheduling hearings and filing motions despite lacking authority to participate. Courts prioritize avoiding "undue delay, prejudice, or injustice" when evaluating motions to strike appearances. Gulf Air's actions directly contradict this principle, as their participation delayed Feras's ability to seek default and forced unnecessary litigation expenses.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

Had the Notice of Appearance been stricken immediately, Feras would have secured default judgment by February 20, 2025. Gulf Air's procedural noncompliance obstructed this legal pathway; Permitting defective filings undermines procedural deadlines and incentivizes parties to exploit technical gaps, weakening judicial integrity.

Gulf Air's actions have not only delayed these proceedings but have also significantly hampered Plaintiff's ability to effectively prosecute his case. The uncertainty surrounding Gulf Air's legal representation has made it impossible to conduct meaningful discovery and has prolonged the resolution of this matter, causing undue stress and anxiety for the Plaintiff.

Instead of focusing on the substantive issues of the case, the Plaintiff has been forced to divert his time and resources to addressing Gulf Air's procedural deficiencies. This has not only caused financial harm but has also created unnecessary stress and anxiety for the Plaintiff, who is now burdened with the task of correcting Gulf Air's mistakes. Gulf Air secured a meet-and-confer before the plaintiff's motion for entry of default. However, argue that this does not cure the fundamental procedural defects in their initial filings.

Even setting aside the fundamental issue of unauthorized practice, Gulf Air has accumulated a series of procedural defects that have demonstrably prejudiced the Plaintiff, forcing him to expend considerable resources to address these avoidable issues. Securing a meet-and-confer after filing a procedurally invalid notice of appearance and *before* the Plaintiff could even seek entry of default further compounded this prejudice.

This is not merely a technical oversight, but a pattern of negligence and non-compliance culminating in wasted time, money, and legal effort for the Plaintiff. Gulf Air's actions directly relate to the core issue of negligence that underlies the entire case, as their failure to ensure

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

proper legal representation mirrors the very lack of diligence and compliance that forms the basis of the Plaintiff's claims. These violations are not separate from the merits; they *are* part of the merits, demonstrating a consistent disregard for due process and responsible conduct.

If this Court allows Gulf Air to benefit from its improper filings, it would send a message that procedural rules can be ignored without consequence. This would erode the integrity of the legal system and create a dangerous precedent for future litigants

### III. Conclusion and Relief Requested

Under Federal Rule of Civil Procedure 12(f), the Court has the authority to strike any filing that is redundant, immaterial, impertinent, or improper. Additionally, under Rule 11(a), Gulf Air is not a naive litigant; it is a sophisticated international airline that has a duty to ensure its legal representatives are properly authorized to practice law. Their failure to do so, whether intentional or negligent, constitutes a flagrant disregard for the rules of this Court and has caused substantial prejudice to the Plaintiff

Moreover, the Court has the discretion to strike filings on its own if they fail to comply with procedural rules. Given the substantial procedural violations and improper filings in this case, Plaintiff respectfully urges the Court to strike these filings in their entirety.  For these reasons, Plaintiff requests that the Court: Strike the Notice of Appearances for being submitted and filed by unauthorized attorneys , violating Rule 11(a) and Rule 11(b) making them improper; Strike all February 20, 2025, filings entirely  as improper, immaterial, and submitted by unauthorized attorneys; Strike all filings entirely submitted on or after March 4, 2025, as they were made

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

without a valid Notice of Appearance and violate Rule 11(a). Plaintiff requests the court approval to amend the motion as he did his best with his minimum internet resources to write it.

March 24 2025

*F. H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, Plaintiff Feras Hindi will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion To Strike

1-Defendant American Airlines, Inc. Registered Agent  Registered Office Address :CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005.

2-Defendant Gulf Air B.S.C., Inc  AT Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Plaintiff Tala Josephano & Plaintiff Samiha Ayyash : Waived Service, Courtesy given.

Respectfully submitted,

March 24 2025

**Pro Se Plaintiff**

*F. H*

**Feras Hindi**

7823 New London Dr

Springfield VA 22153
(703)980-6955

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT GULF AIR'S IMPROPER FILINGS**