# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

## Civil Division

| | | |
|---|---|---|
| **Samiha Ayyash, Feras Hindi** | ) | Case No.: 1:24-cv-03434-ACR |
| **Tala Josephano** | ) | |
| Plaintiff**,** | ) | |
| **American Airlines, INC. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendant | ) | |
| | ) | |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7(m), Plaintiff Feras Hindi states that he attempted to comply with the requirement to confer with Defendant Gulf Air regarding this Motion to Strike. However, Defendant has engaged in bad-faith litigation tactics that prevent meaningful conferral from day one. Due to preventing conflicts, Plaintiff already requested a hearing but all his motions have been ignored. Plaintiff didn't realize that his motions needed a certificate of Service and Proposed order. He understood the Judge orders were for Defendant only. Plaintiff Feras will be fixing the mistake of missed documents.

Gulf Air's attorneys have demonstrated a pattern of procedural misconduct, misrepresenting facts to the Court, and obtaining improper privileges. These actions have prejudiced Plaintiff

Feras Hindi and have made it clear that Defendant is not acting in good faith to resolve procedural disputes.

Plaintiff Feras Hindi was never served with Gulf Air's Notice of Appearance, preventing any direct communication with Defendant's counsel. Defendant's improper filings, including a Notice of Appearance submitted by unauthorized attorneys, have further obstructed proper legal proceedings.

Defendant attempting to send documents lately certified with two Plaintiffs name is also making it hard to approach them as they continue to prejudice the Plaintiff . Gulf Air's history of bad faith, both in this litigation and in prior dealings with Plaintiff, demonstrates an unwillingness to engage fairly. Any attempt to confer with Defendant would have been futile and only used as a delay tactic.

Given these circumstances, Plaintiff requests that the Court waive the conferral requirement under Local Civil Rule 7(m) and proceed with ruling on the Motion to Strike. Plaintiff also request that any meeting set to be converted to Motion of Entry of Default rather than meet and confer for Defendant Gulf Air

March 24 2025

*F.H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, Plaintiff Feras Hindi will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Certificate of Conference for Motion to Strike

1-Defendant American Airlines, Inc. Registered Agent  Registered Office Address :CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005. Method of Service: Personal delivery via ABC Legal Services (Process Server)

2-Defendant Gulf Air B.S.C., Inc  AT Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Plaintiff Tala Josephano & Plaintiff Samiha Ayyash : Accepted Service Via Email with Written Consent

Respectfully submitted,

March 24 2025

Pro Se Plaintiff

*F. H*

Feras Hindi

7823 New London Dr

Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com