## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **Samiha Ayyash, Feras Hindi** | ) | **Case No.: 1:24-cv-03434-ACR** |
| **Tala Josephano** | ) | |
| Plaintiff**,** | ) | |
| **American Airlines, INC. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendant | ) | |
| _____ | ) | |

**PLAINTIFF TALA'S NOTICE SUPPORTING HER MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT GULF AIR**

On March 8 2025 Plaintiff Tala Josephano moved for entry of default under 55(a) on her claims for Negligence Per Se, Fraud, and Financial and Emotional Damages, meeting the $75,000 diversity jurisdiction threshold. Notice of Appearance was filed and served to Plaintiff Tala by Counsel's with Expired certification ,making all subsequent submissions procedurally void. Gulf Air failed to file a valid Answer or Rule 12 within 21 days, and its pre-motion letter, filed LAST DAY of the 21 days deadlines by the same counsels and served an invalid Pre Motion that doesn't toll the deadline. Plaintiff requests the Court enter default and disregard all filings from Gulf Air due to its being defective.

RECEIVED

MAR 25 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## ARGUMENT

1. **<u>DEFENDANT GULF AIR FAILED TO "PLEAD OR OTHERWISE DEFEND"</u>**

   **<u>UNDER RULE 55(a)</u>**

2. Gulf Air's pre-motion request is not a valid Rule 12 motion. Under Rule 12(a)(1)(A)(i),

   a defendant must file an Answer or a Rule 12 motion within 21 days of service. Gulf Air

   did not file a Rule 12(b) motion but instead submitted a pre-motion conference request,

   which should have been filed before the deadline.

3. A pre-motion request is not a responsive pleading under Rule 12 and does not excuse

   Gulf Air's failure to file a proper motion or Answer.

4. **The Pre-Motion Conference Extends the Timeline Beyond Rule 12's Deadline**

5. Judge Reyes' Standing Order  7(f) requires a pre-motion conference before filing a

   dispositive motion. This process takes 1-2 weeks after Plaintiff's response, meaning Gulf

   Air's motion to dismiss would not have been filed within the Rule 12 deadline.

6. Since no valid Rule 12 motion was filed by February 20, 2025, Gulf Air failed to "plead

   or otherwise defend" under Rule 55(a), warranting entry of default.

7. Additionally non of the Plaintiffs responded for Defendants to pull their influence inside

   the court to schedule an invalid Zoom Meeting.

**8. Gulf Air's February 20, 2025, Filing Was Procedurally Void Due to Unauthorized Counsel**

9. Plaintiff Tala was served with an invalid pre-motion filing, submitted by attorneys whose Attorney Certificate was expired at time of filing on February 20 2025.

10. Despite the Court's notification on February 21, 2025, the defect was never cured as the 21 deadline has passed and no extension was granted before February 20 2025 rendering the filing void ab initio and legally ineffective.

**11. Failure to Cure or Refile Confirms Procedural Default**

12. On February 21, 2025, Gulf Air was formally notified that its February 20 filing was invalid due to its attorneys' expired D.C. Bar certifications.

13. As experienced federal counsel, Gulf Air's attorneys knew they were not authorized to file but proceeded regardless—then took no action to correct the defect after notice.

14. Procedural Violations Cannot Be Cured Retroactively. Under *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010), procedural violations cannot be cured after the fact. Gulf Air has knowingly relied on a void filing while misrepresenting it as valid. Allowing Gulf Air to correct its filings after the deadline would improperly excuse its initial failure to comply with court rules, which is not permissible.

**15. A Void Filing Cannot Satisfy Rule 12 or Toll the Default Deadline**

16. Gulf Air's February 20, 2025, submission marked its first attempt to appear in this case, yet it was filed by attorneys not authorized to practice before this Court and not admitted as counsel of record through proper admission or pro hac vice motion.

17. Because no valid entry of appearance was made, Gulf Air was never lawfully represented, rendering all subsequent filings—including the March 6 Meet and Confer request—procedurally defective.

18. The docket reflects no corrected appearance or motion to retroactively authorize the February 20 filing nor a new filing was served to Plaintiff Tala after February 21 2025 once notified. The renewal according to Ms Hana takes 3-5 business days.

19. On February 20 2025 it was unknow if the Defendant counsels would be approved for renewal or not yet they didn't notify Plaintiff Tala.

**20. Failure to Comply With Rule 11(a): No Legally Valid Representation**

21. Under Federal Rule of Civil Procedure 11(a), an attorney only becomes counsel of record upon a valid, signed filing by an attorney admitted to practice before the Court.

22. The February 20, 2025, filing did not satisfy this requirement, and Gulf Air never submitted a new or amended notice of appearance by properly admitted counsel on February 20 2025.

23. As a result, Gulf Air's defense remains procedurally unsupported, and all legal activity by its attorneys before and on February 21, 2025, has no legal effect

24. **The Court Scheduled the Pre-Motion Conference Despite Defective Filings**

25. Fraudulently Defendant scheduled the conference without ensuring that all Plaintiffs were served with a valid Notice of Appearance or agreeing to the filing.

26. Deputy Alexander Burton, Defendant and both consoles and Co Defendant and their Counsel were informed with Fraud Upon Court claims will be filed against them.

27. This scheduling does not validate Gulf Air's filing or excuse its failure to meet Rule 12 deadlines. Clerk's Office and Court Staff Showed clear "Favoritism" Toward Defendant, Undermining Due Process and violating Plaintiff Rights.

28. Gulf Air claims the Clerk instructed them to file their pre-motion letter, demonstrating improper court involvement in favor of a represented party over pro se litigants.

29. Despite repeated notices that Plaintiffs were not served, that email communications were invalid, and that Plaintiff opposed Zoom hearings approved fraudulently, Defendant, AA lawyer, Deputy Alexander, and others proceeded with scheduling the conference.

30. The conference was improperly set as Zoom, disregarding Plaintiff Samiha's multiple motions requesting legal representation.

31. This pattern of procedural manipulation and favoritism deprived pro se Plaintiffs of due process and further invalidates Gulf Air's filing.

32. **Gulf Air Was Served Properly to Its Designated U.S. Agent Under DOT Regulations**

33. Gulf Air's designated legal representatives for service of process in the U.S. are listed in its Department of Transportation (DOT) filings as the Law Firm that was served.

34. According to these filings, Gulf Air appointed Eckert Seamans Cherin & Mellott, LLC as its U.S. legal agent for service, the same firm that is arguing improper service. DOT Dockets filed on December 5 2024 shows the name of the same law firm

35. Plaintiffs followed DOT guidelines and served the complaint on January 31, 2025, by delivering it to Eckert Seamans at its Washington, D.C. office.

**36. Gulf Air Never Designated an Alternative Agent or Contested DOT Filings**

37. Gulf Air never provided a different agent for service and did not dispute its own DOT filings. Service was executed in full compliance with federal regulatory requirements and accepted by Gulf Air which was confirmed by DOT.

38. Gulf Air's falsely claims improper service while failing to acknowledge its own legal obligations under DOT rules.

39. Gulf Air Waived Any Objection to Service by Actively Litigating Without Filing a Rule 12(b)(5) Motion in time ( Intend to File ) is not filing nor using the judge's orders to manipulate the timing and procedures only to delay until Gulf Air is granted full approvals to fly to the U.S.A Non Stop

40. Defendant didn't challenge improper service before engaging in the case. Engaging the last day February 20 2025 while implying service on January 31 2025 was improper clear attempts of bad faith tactics.

41. At no point did Gulf Air request re-service or claim improper service before engaging in litigation. Instead, it interacted with Plaintiff Tala under the pretense of filing a motion to dismiss. Meanwhile, Plaintiff Tala took multiple steps to ensure proper service, even seeking court intervention regarding procedural defects.

**42. Gulf Air's Conduct Contradicts Its Claim of Improper Service**

43. Gulf Air received the complaint, filed a pre-motion letter, and requested a meet-and-confer, introducing themselves to Plaintiff Tala as representatives of Gulf Air " Seeking Extension" confirming its recognition of and intent to respond to the lawsuit. A defendant cannot accept service, actively participate in litigation, and later claim improper service to avoid default

**44. Gulf Air Has Submitted No Evidence to Contradict Proper Service**

**45.** Gulf Air has provided no sworn affidavits or admissible evidence challenging service. Contrary to Plaintiffs. Instead, it relies solely on statements from its own attorneys—who work at the same firm designated as its agent—creating an inherent conflict of interest in addition to their Invalid filings.

46. Gulf Air claims the lawyer that was served is not Gulf Air lawyer. DOT and Gulf Air own filings on December 5 2024 are submitted by the very same lawyers Defendant claims they don't represent them.

**47. Gulf Air's Conduct Reveals a Pattern of Procedural Misconduct**

48. Gulf Air failed to cure its defective filing after receiving the Court's "Invalid Filing" notice on February 21, 2025. Instead, it compounded its errors by repeatedly misrepresenting service and improperly combining Plaintiffs Samiha and Feras in its certificate of service.

49. Despite Plaintiff Tala's repeated warnings (beginning February 17, 2025) that each Plaintiff must be addressed individually, Gulf Air misused email threads and collaborated with Deputy Alexander Burton to falsely convey that Plaintiffs Samiha and Feras had been served or included.

50. This Is Not a Harmless Mistake—It Is a Deliberate Attempt to Evade Court Rules

51. Gulf Air's actions obstruct the claims of Plaintiff Tala and the other Plaintiffs, which the Court must not allow. This was not a minor oversight but a pattern of procedural manipulation designed to evade responsibility.

52. While experienced attorneys may treat renewal delays informally among themselves, Plaintiff Tala is not required to waive her rights or accept backdoor accommodations.

53. Defendant Had Ample Opportunity to Verify Its Standing and Failed to Do So. Gulf Air had full knowledge of this case and its response deadline well in advance. It was Gulf Air's duty—not Plaintiff's—to ensure that its attorneys were properly admitted to practice before this Court on the final day to respond.

54. Plaintiff should not bear the consequences of Defendant's negligence, particularly in a case involving serious regulatory violations and misconduct.

55. **GULF AIR VIOLATES STANDING ORDER  AND LOCAL CIVIL RULES**

56. Gulf Air's February 20, 2025 pre-motion filing is procedurally invalid because it was submitted in direct violation of the Court's Standing Order ¶7(h) and Local Civil Rule 7(m)—both of which impose a mandatory, independent duty to confer before filing

57.  **Pre-Filing Conferral Obligation**

58. If the court would consider Gulf Air's Pre Motion a dispositive motion it would be invalid as well. Standing Order  7(h) provides that An adequate certificate of conference requires at least two personal communications between counsel. Un-responded-to emails are not enough to satisfy counsel's obligations under this Rule.

59. This what misrepresentation and deception to Plaintiff Tala and the court by Defendant appears to be an attempt to falsely comply with Local Civil Rule 7(m), which requires that "[b]efore filing any non dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." LCvR 7(m).

60. The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court. *United States ex rel. Pogue v. Diabetes Treatment Centers of America,* 235 F.R.D. 521, 529 (D.D.C. June 2, 2006). The Local Rule requires that the parties "try in good faith to achieve its objectives," which means they must take "real steps to confer." *United States ex rel. KR Limited Partnership v. Massachusetts Housing Fin. Agency,* 2006 U.S. Dist. LEXIS 73536, 99-cv-1343 (RCL) (D.D.C. Oct. 11, 2006) at *13-14. If a party files a non dispositive motion without certifying its compliance with Rule 7(m), the motion will be denied. *Alexander v. FBI,* 186 F.R.D. 185, 187 (D.D.C. 1999).

61. These provisions are not optional. They form a procedural prerequisite to filing, and failure to comply renders the pre- motion defective. Courts in this District consistently enforce this obligation, particularly where the failure to confer prejudices pro se parties or the record shows bad-faith strategic conduct.

62. Gulf Air failed to meet and confer in good faith, violating procedural requirements. Gulf Air's February 20 2025 filing lacked a certificate of conference and failed to engage in substantive discussions with Plaintiffs before filing. Its February 17 emails only requested an extension, never addressing dismissal grounds or improper service, and no follow-up was made despite Plaintiff Tala's clear objection to joint communication.

63. The only "notice" email Gulf Air relies on was sent after the filing (February 20, 4:33 p.m.), making it a procedural smokescreen rather than a genuine effort to confer. These actions mirror the concerns outlined in Standing Order ¶7(h) and demonstrate bad-faith litigation tactics aimed at delaying proceedings.

64. This retroactive notice, combined with the absence of a certificate, makes clear that Gulf Air was attempting to manufacture compliance after the deadline passed, a tactic inconsistent with the purpose and text of both  7(h) and Rule 7(m)

65. **Gulf Air's Filing Combined Three Plaintiffs' Claims, Misrepresenting Procedural History**

66. Gulf Air's February 20, 2025, filing improperly combined all three Plaintiffs' claims as one, despite each Plaintiff filing separate claims against them. The constant use of "**Collective and Jointly**" to justify further misconduct of emailing invalid emails despite being warned that these emails are invalid. The attempt to get the case "**dismissed**" or treated as a package is not acceptable and should not be acceptable by the court.

67. Plaintiff Tala, Co Plaintiff Feras and Co Plaintiff Samiha has different claims, causes of actions, evidence and different legal standing. If the claims are collective why serve Plaintiff Tala Separately ?

68. This was a misrepresentation designed to obscure service issues and procedural deadline

69. Defendant falsely asserts that all three Plaintiffs—Samiha, Feras, and Tala—filed a joint complaint on December 10, 2024. From the outset, Tala made clear—both verbally and in writing—that she should be treated as a separate Plaintiff with distinct claims.

70. On February 17, 2025, Plaintiff Tala replied to Defendant Counsel: "Please follow the correct serving of documents for each Plaintiff separately until we retain the lawyer."

And again on February 20, 2025 "Please also treat each Plaintiff as an individual—we have different claims."

71. Despite these clear objections, Defendant deliberately mischaracterized the procedural record to suggest a collective filing. This is not an error—it is a legal tactic designed to avoid the individual service requirement and collapse all Plaintiffs into one deadline, thereby excusing Gulf Air's failure to respond to Tala's complaint.

**Conclusion**

Gulf Air failed to plead or defend within the required timeframe, making default mandatory under Rule 55(a). Its February 20, 2025, filing was void ab initio, as it was submitted by unauthorized attorneys, and procedural violations cannot be cured retroactively. Gulf Air was properly served at its DOT-designated agent, waived service objections by engaging in litigation, and failed to seek a valid extension. A pre-motion letter does not toll the default clock, nor does the Standing Order override Rule 12's deadline.

Gulf Air's misrepresentation of service, procedural misconduct, and reliance on court staff intervention further invalidate its filings. Plaintiff Tala, as a pro se litigant, should not bear the consequences of Defendant's failure to comply with clear procedural rules.

Accordingly, the Court must reject all Gulf Air filings after February 20 2025 and enter default under Rule 55

March 24 2025

PRO SE PLAINTIFF

Tala Josephano

615 S Catalina Ave #233

Redondo Beach CA 90277

347-749-4980

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, Plaintiff Tala Josephano sent a true and correct copy of the following documents to be served upon the parties listed below:

**Notice In Support Of Entry to Default + Exhibits**

**Certificate of Conference**

**Proposed Order**

Defendant American Airlines, Inc. Micah E. Ticatch Isler Dare, P.C. 1945 Old Gallows Rd, Suite 650 Vienna, VA 22182

Method of Service: ABC PROCESSOR SERVICE

2-Defendant Gulf Air B.S.C., Inc.  Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Co-Plaintiffs Samiha Ayyash and Feras Hindi Waived Service.


Respectfully submitted,

**March 24 2025**

**PRO SE PLAINTIFF**

**Tala Josephano**

**615 S Catalina Ave #233**

**Redondo Beach CA 90277**

**347-749-4980**