IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:24-cv-03434-ACR |
| v. ) | |
| ) | |
| GULF AIR B.S.C. (C), *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT GULF AIR B.S.C. (C)'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MARCH 15, 2025, NOTICE FILINGS

COMES NOW, Defendant, Gulf Air B.S.C. (c) ("Gulf Air"), by undersigned counsel, and submits this Response in Opposition to Plaintiff Feras Hindi's ("Plaintiff Hindi") "Seven-Day Notice of Intent to File Entry of Default Judgment & Notice to the Court Regarding Clerk's Facilitation of Prejudicial Actions Against Plaintiff," (Dkt. 28), and Plaintiff Samiha Ayyash's ("Plaintiff Ayyash") "Seven-Day Notice of Intent to File Entry of Default Judgment. Notice of Prejudicial Actions Against Plaintiff," (Dkt. 29), (collectively, "Notices").

### INTRODUCTION

In their Notices, Plaintiff Hindi and Plaintiff Ayyash (collectively "Moving Plaintiffs") renew their groundless requests for entry of default in a transparent attempt to avoid Gulf Air's numerous meritorious defenses to their claims.[1] Not only do Moving Plaintiffs continue to assert that Gulf Air failed to serve them with a responsive pleading, which, as set forth in Gulf Air's Opposition to Moving Plaintiffs' Motions for Entry of Default ("Opposition to Motions for Default") is demonstrably false (Dkt. 25), but Moving Plaintiffs now intimate that various court

---

[1] *See, e.g.*, Dkt. 28 at 6 (suggesting that only Plaintiff Tala Josephano "may be amenable" to presenting arguments on the merits, and that Plaintiff [Hindi] "stands firm on his right to pursue a default judgment . . . ).

personnel, including the Clerk of this Court, are somehow conspiring to deprive Moving Plaintiffs of what they claim is their "right" to a default and/or default judgment. (Dkt. 28 at 6; Dkt. 29 at 2). As nothing has changed since Moving Plaintiffs first moved for the entry of default against Gulf Air (Dkt. 18, Dkt. 22), their continued efforts to advance baseless arguments is a waste of judicial resources and their current and/or future requests for entry of default and default judgment must be denied. (Dkt. 18, Dkt. 22).

## ARGUMENT

First and foremost, Moving Plaintiffs' argument that Gulf Air did not timely file a responsive pleading in this case is wholly without merit given that Gulf Air was never properly served with legal process under Rule 4 of the Federal Rules of Civil Procedure, thus there was no deadline to respond. As Gulf Air briefly explained in its Opposition to the Motions for Default Judgment, (Dkt. 25), on January 30, 2025, Plaintiffs improperly attempted to serve legal process on Gulf Air through undersigned counsel's law firm, which is not and was not an authorized agent to receive legal process on behalf of Gulf Air. *See*, *e.g.*, Notice of Defendant Gulf Air's Request to Schedule Pre-Motion Conference ("Request") (Dkt. 13). Despite their contentions to the contrary, the only issue with service in this case is attributable to Moving Plaintiffs, as pro se status "does not constitute a license . . . to ignore the Federal Rules of Civil Procedure." *Latson v. Sessions*, 256 F. Supp. 3d 36, 41 (D.D.C. 2017) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Gulf Air was under no obligation to respond to the Plaintiffs' joint, 693 paragraph Amended Complaint by February 20, 2025, and any argument that Gulf Air responded in an untimely manner necessarily fails.

Even though Gulf Air was not properly served, on February 20, 2025, in accordance with Paragraph 7(f) of the Court's Standing Order In Civil Cases Before Judge Reyes ("Standing

Order"), Gulf Air timely filed its Request on its anticipated Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). (Dkt. 13). Gulf Air served Plaintiffs with copies of all filings via email and U.S. mail. *See, e.g.,* Exhibits 1 and 2 to Gulf Air's Opposition to Motions for Default (Dkt. 25-1, 25-2); *see also* Exhibit 3 to Gulf Air's Opposition to Plaintiff Tala Josephano's Motion for Entry of Default Against Gulf Air (Dkt. 32-3);[2] Dkt. 13 ("Certificate of Service"). [3]

Yet, Moving Plaintiffs refuse to acknowledge that they were properly served, instead concocting an argument that service was improper because they were not served "individually." *See, e.g.*, Dkt. 28 at 5; Dkt. 29 at 4. In other words, even though Moving Plaintiffs reside at the same residence and acknowledged having received Gulf Air's Request, they contend that because the envelope with a copy of the Request was addressed to both of them, neither of them were properly served and therefore, Gulf Air is in default.[4] *See* Dkt. 28 at 4. (stating that Plaintiff Hindi "will not be held liable for documents addressed to co-plaintiff Samiha Ayyash"). Their argument is nonsensical and rests on a requirement that does not exist. Nothing in the Rules of Civil Procedure requires a defendant to serve two plaintiffs residing at the same address with separate mailings of the same filing. In fact, under Rule 5, a party need only show that a filing was mailed to the last known address of the opposing party; actual receipt of the filing is not required for service. *Muhammad v. United States*, No. CV 16-1079 (TJK), 2019 WL

---

[2] Plaintiff Tala Josephano ("Plaintiff Josephano") acknowledged receipt of the filings on behalf of all three Plaintiffs.

[3] Plaintiff Hindi briefly argues that the Certificate of Service for Gulf Air's Request "lacks independent verification" and therefore, "does not constitute proof under the Federal Rules . . ." Dkt 28 at 4. His assertion is clearly erroneous because Rule 5 does not require "independent verification" for papers filed after the complaint. *See, e.g.*, *Muhammad v. United States*, No. CV 16-1079 (TJK), 2019 WL 652400, at *5 (D.D.C. Feb. 15, 2019) (rejecting plaintiff's argument that defendants failed to serve him with motion to dismiss when signed certificate of service averred that motion was mailed to plaintiff's address of record.).

[4] If Moving Plaintiffs had not received the envelope, they would not have known how it had been addressed.

652400, at *5 (D.D.C. Feb. 15, 2019), *aff'd*, No. 19-5109, 2020 WL 873514 (D.C. Cir. Feb. 13, 2020).

In any event, nowhere in their Notices do Moving Plaintiffs claim that they did not receive, or were not able to access, Gulf Air's Request on its anticipated Motion to Dismiss Plaintiffs' Amended Complaint.[5] While Moving Plaintiffs repeatedly decry that they are being "prejudiced," it is clear that the prejudice they cite is unrelated to any perceived issue with service. Instead, the "prejudice" about which Moving Plaintiffs complain arises from having to overcome Gulf Air's numerous meritorious defenses.

Moving Plaintiffs also suggest that Gulf Air's filings were not effective because counsel had not paid the Court's triennial membership renewal fee at the time of filing, thus invalidating the filings and necessitating the entry of default by the Clerk. Moving Plaintiffs' argument in this regard is unpersuasive given that, once notified of the issue, counsel immediately paid the administrative fee, thus retroactively restoring their membership standing on the date of the filings.[6] Therefore, the docket correctly reflects that Gulf Air's Request was filed on February 20, 2025.

As set forth above and in Gulf Air's Opposition to Moving Plaintiffs' Motions for Entry of Default, Gulf Air timely complied with its responsive pleading requirement and thus there can

---

[5] Finally, Plaintiff Hindi states that Gulf Air is "NOT Allowed to mail me or email me or contact me anymore" and that he will "no longer accept any mail" from Gulf Air. *See* Dkt. 28 at 4 (capitalization in original). To be clear, Gulf Air must continue to mail Plaintiff Hindi copies of all its filings per Rule 5 and Plaintiff Hindi's refusal to "accept" the same will have no effect on service. *See Muhammad*, 2019 WL 652400, at *5 (finding that plaintiff's stated intention to reject any future mailings sent to him by defendants was "tantamount to intentional evasion of service.").

[6] Pursuant to the Court's notices sent to undersigned counsel on February 21, 2025, counsel was given a seven (7) day grace period to pay the administrative fee, which would have the effect of automatically restoring their membership status retroactively to the date of the initial filing. Counsel paid the administrative fee within hours of having received the notices, thus the Clerk's office correctly noted on the respective docket entries that the issues had been resolved. Moreover, it is undisputed that at the time of filing on February 20, 2025, counsel met all of the requirements to be active members in good standing with this Court, as evidenced by the immediate renewal of their membership upon payment of the administrative fee.

be no default entered against it. However, Moving Plaintiffs refuse to accept reality, and in a last ditch effort to try and convince the Court to ignore Gulf Air's timely and properly filed Response and enter default against Gulf Air, Moving Plaintiffs resort to baseless conspiracy theories. Specifically, Moving Plaintiffs claim that the Clerk's office has been plotting against them to undermine their rights for the benefit of Gulf Air. *See* Dkt. 28 at 6; *see also* Dkt. 29 at 4. Not only have the Moving Plaintiffs accused Court personnel of acting improperly, but Moving Plaintiffs have threatened to take action against those individuals for "fraud upon the court" arising from their alleged involvement "in procedural interference." *Id.* Moving Plaintiffs' accusations against Court staff are not only ludicrous, but to the extent they pursue any such claims against Court personnel, the only result will be an enormous waste of the parties' and the Court's time and resources.

## **CONCLUSION**

For the foregoing reasons, Defendant, Gulf Air B.S.C. (c) respectfully requests that Moving Plaintiffs' requests for the entry of default or default judgment against Gulf Air B.S.C. (c) be denied and that the Court grant Gulf Air such other and further relief as is deemed necessary and just.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Darcy C. Osta*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
(202) 659-6600
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Gulf Air B.S.C. (c)*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

> Tala Josephano
> 615 Catalina Avenue, #233
> Redondo Beach, CA 90277
> *Pro Se Plaintiff*
>
> Samiha Ayyash
> Feras Hindi
> 7823 New London Drive, #233
> Springfield, VA 22153
> *Pro Se Plaintiffs*

*/s/ Darcy C. Osta*
Darcy C. Osta

6