UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

**Samiha Ayysah, Feras Hindi,**

| | | |
|---|---|---|
| **Tala Josephano** | ) | Case No.: 1:24-cv-03434-ACR |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF SAMIHA AYYASH'S MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Plaintiff Samiha Ayyash respectfully moves this Court to strike the filings submitted by Defendant American Airlines, Inc., including the Notice of Appearance, Motion to Dismiss, and Corporate Disclosure Statement, filed on February 12, 2025. Samiha asserts that Defendant's Certificate of Service is not only false but fundamentally misleading, thereby invalidating the

**RECEIVED**

MAR 25 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

associated filings and violating her right to due process. This motion is made pursuant to Federal Rule of Civil Procedure 12(f)(1) as the Certificate of Service is demonstrably false and misleading, it is "immaterial" and "impertinent" under Rule 12(f) because it creates an inaccurate court record and the Court has inherent power to prevent procedural abuse and ensure fair litigation.

## BACKGROUND

**Service Deadline – February 12, 2025**

On February 12, 2025, Defendant American Airlines filed a Notice of Appearance, Motion to Dismiss, and Corporate Disclosure Statement. On the same day, Defendant's counsel filed a Certificate of Service falsely certifying that Plaintiff Samiha, along with Co-Plaintiffs Tala Josephano and Feras Hindi, had been served electronically. This certification was materially false for several reasons:

The Certificate of Service submitted by Defendant contains several material inaccuracies: it falsely claims electronic service was completed for Co-Plaintiff Feras Hindi without his consent or by providing email address to him; it includes unaccessed email address for Plaintiff Samiha by her at that time; and it fails entirely to certify service on Co-Defendant Gulf Air. Each of these inaccuracies undermines the legitimacy of the service process and jeopardizes the integrity of the court proceedings. The Certificate also included a misspelled email address for Co-Plaintiff Tala, further complicating the service process and undermining the integrity of the filing.

On February 13, 2025, Co-Plaintiff Tala Josephano informed Defendant's counsel that she had not been served or notified of the filings made on February 12, 2025. Tala reiterated that the

claims of each Plaintiff should be treated individually, given the substantial differences in legal issues and resources involved for each.

In response to Tala's notification, Defendant mailed an envelope addressed to two Plaintiffs, but this envelope was sent after the service deadline of February 12, 2025. Moreover, it still failed to serve Plaintiff Samiha individually, as required by the Federal Rules. Defendant misrepresented to Plaintiff Tala on both February 13 and February 18, 2025, that Plaintiff Samiha had been properly served on February 12, 2025, and again after that date. These claims were false, as Samiha was never served on February 12 2025

Despite receiving notice of the service failures, Defendant has failed to take any corrective action. As of today, Plaintiff Samiha remains un-served, and the Certificate of Service remains erroneous. Defendant has refused to amend the court records to reflect the truth, continuing to rely on the false Certificate of Service to support its Motion to Dismiss, thereby prejudicing Plaintiff.

## LEGAL GROUNDS FOR STRIKING FILINGS UNDER RULE 12(f)

Defendant's Certificate of Service is false and misleading, including certifying that service was made electronically when Plaintiff Samiha did not consent to electronic service. This violation of Federal Rule of Civil Procedure 11(b), which mandates that attorneys ensure the accuracy of factual contentions, undermines the validity of all filings associated with the false certification.

Under Federal Rule of Civil Procedure 5(b)(2)(E), the requirement for explicit consent to electronic service and accurate certifications is not merely procedural; it serves to protect the fundamental principles of fairness in legal proceedings. Thus, striking the Defendant's filings is

not only justified but essential to uphold the integrity of this Court and Defendant failed to properly serve her by mail within the required 21-day deadline. As a result, all filings submitted on February 12, 2025—including the Motion to Dismiss and Notice of Appearance—are based on a false Certificate of Service and must be stricken in their entirety.

The false Certificate of Service renders the Notice of Appearance and all subsequent filings defective. A defective Notice of Appearance cannot legally serve as the foundation for any further filings, meaning that all filings based on this invalid certificate should be stricken. This includes, but is not limited to, the Motion to Dismiss and any pleadings referencing the defective service.

Defendant American Airlines' failure to serve Plaintiff with its February 12, 2025, filings directly prejudiced her ability to participate in this litigation. As a pro se litigant with limited legal resources, Plaintiff relied on proper service to ensure she had notice of deadlines and an opportunity to respond. However, Defendant's Certificate of Service contained incorrect email addresses and did not serve all required parties but certified they did, causing Plaintiff to miss critical response deadlines without her knowledge. By the time she discovered the error on February 18, 2025, her deadline to file a response had already lapsed, and this Court's rules requiring a formal motion for an extension placed her in an impossible procedural position.

Rather than correcting the service defect after being notified, Defendant instead proceeded with additional filings, compounding the prejudice against Plaintiff. Because of Defendant's failure to serve properly, she was effectively denied her right to oppose the Motion to Dismiss on time, which is a fundamental violation of due process. If the Court allows Defendant's improperly

served filings to stand, it would reward procedural misconduct and leave Plaintiff at a significant disadvantage through no fault of her own.

Local Civil Rule 7(m) requires parties to confer in good faith before filing any non-dispositive motion. Defendant failed to meet this requirement before submitting its motions in February making these filings improper under the rule. Additionally, the Judge's Standing Order mandates that every motion include a proposed order and certificate of Confer, which Defendant also failed to provide. These procedural violations further demonstrate Defendant's disregard for court rules, rendering its filings defective.

The defect occurred on the last day of the response deadline and was never corrected, making any subsequent correction untimely; Rule 12(a)(1)(A)(i) requires a timely response, and a failure to meet the deadline cannot be retroactively cured; Prejudice exists because Plaintiff was deprived of a fair opportunity to respond within the required time; The misrepresentation in the Certificate of Service is a serious issue that affects the integrity of the proceedings and is not merely a technical error; Defendant acknowledged the failure but did not correct it before proceeding with additional filings, exacerbating the procedural defects. Defendant **didn't submit a declaration** of Service to Samiha

Plaintiff has submitted Multiple Notices with declaration and detailed explanation of Defendant Certificate of Service. Defendant has not provided any evidence that he had served Plaintiff Samiha on the Deadline of their 21 days to respond.

## IV. IMPACT ON PLAINTIFF'S ABILITY TO PARTICIPATE FAIRLY

The false Certificate of Service has severely prejudiced Plaintiff Samiha's ability to participate in this case. As a pro se litigant with limited English proficiency, Samiha relies on others, including her co-plaintiffs, to assist with understanding and responding to the filings. The Defendant's failure to serve Samiha properly has jeopardized her ability to assert her claims and respond to motions in a timely manner.

 Under the Federal Rules, a Certificate of Service triggers a 14-day response period. Even one hour or one day missed can be critical in a pro se litigant's ability to respond. Because Defendant falsely certified service, Samiha missed the opportunity to respond to the Motion to Dismiss within the required time frame, depriving her of the basic right to participate in the case. If the Defendant had corrected the service defect and properly served Samiha, the 14-day deadline would have begun at that point, giving her the fair opportunity to respond. However, Defendant chose not to rectify the error.

The Defendant was aware of the service deficiency immediately on February 12 2025 by a bounced email but failed to correct it or amend the court records. This refusal to fix the service error has compounded the prejudice suffered by Plaintiff Samiha. The delay in service not only interfered with her ability to respond to motions but also forced her to take corrective action, including filing multiple motions at her own expense.

 As a result of Defendant's failure to serve Samiha on February 12 2025 and failed to properly serve her after, forced her to incur additional legal costs out of pocket. The prejudicial effects extend beyond the litigation process, causing Samiha significant emotional distress, uncertainty,

and anxiety. The ongoing procedural defects have disrupted her ability to engage in the legal process fairly and have burdened her with financial and emotional harm that could have been avoided had Defendant followed the proper procedures.

The Defendant's misconduct has exposed it to further legal consequences. Co-Plaintiff Tala Josephano has filed a separate lawsuit (1:25-cv-00753) against Defendant for misrepresentation and damages arising from this same issue. The Defendant's refusal to correct the false Certificate of Service only exacerbates its legal exposure and the harm suffered by Plaintiff Samiha.

The Defendant's failure to timely and then properly serve Plaintiff Samiha has placed her at a disadvantage by preventing her from filing a timely written motion to extend her time to reply. As required by the Court, motions for extensions of time must be made in writing. And further submitting filings while Samiha was deprived of the ability to have her motions heard due to the Defendant's failure to correct the service issue and continuous of submitting invalid filings. This procedural defect not only harmed Samiha's ability to respond but has resulted in further prejudice to her claims.

In light of the substantial errors in service, the unjust prejudice against Plaintiff Samiha and the stress, time and out of pocket damages, and the defendant's failure to correct these issues after being alerted, Samiha respectfully requests that this Court grants her motion to strike the Certificate of service and the February 12, 2025 filings of American Airlines in their entirety. This measure is necessary to ensure her right to due process and to maintain the integrity of the legal proceedings.

Courts should not allow parties to use amendments to retroactively fix procedural misconduct, especially when they had multiple opportunities to correct the issue. Amendments should be

denied when there is undue delay, bad faith, or prejudice to the opposing party. Defendant has not acted in good faith and failed to comply with court rules. Courts do not reward procedural gamesmanship by allowing amendments when a party has ignored proper legal procedures.

Court has to deny amendments when they encourage bad litigation behavior. Allowing amendment here would set a dangerous precedent where Defendants could file defective pleadings and only fix them when challenged. Defendant didn't fix it till now.  Defendant cannot retroactively validate an untimely filing through amendment. Courts have held that procedural deadlines cannot be extended indefinitely just because one party failed to comply. (See FRCP 12(a)(1)(A)(i) – A response must be served within 21 days, and failure to do so may warrant default.). Courts should not allow amendments when they unfairly prejudice the opposing party. Here, Plaintiff has already suffered enough procedural disadvantage due to Defendant's actions.

## CONCLUSION

The Court has authority under Rule 12(f)(1) to strike improper submissions on its own to prevent damages, prejudice to Plaintiff and uphold the integrity of the judicial process. Rule 12(f)(1) permits the Court to strike any "redundant, immaterial, impertinent, or scandalous matter," and the false Certificate of Service is immaterial as it misrepresents service and directly impacts Plaintiff's procedural rights.

Defendant improperly skipped over service issues and continued filings without correction; The Court should not entertain Defendant's requests; Plaintiffs should not bear the procedural burden of fixing Defendant's mistakes; Defendant should have corrected service first before the Court considers any dismissal or hearing request. Defendant's failure to correct service before filing additional motions is a procedural violation that undermines due process.

Beyond procedural prejudice, Defendant's misconduct has caused Plaintiff separate and distinct harm, including financial burdens, emotional distress, and disruption of her ability to litigate effectively. Striking these filings is necessary to remedy both the procedural defects and the tangible harm inflicted on Plaintiff.

Accordingly, Plaintiff respectfully requests that the Court:

1. STRIKE the false and improper Certificate of Service submitted on February 12 2025
2. STRIKE Certificate of service submitted by Defendant on February 12, 2025, in its entirety from all filings, including the Notice of Appearance, Motion to Dismiss, and Corporate Disclosure Statement.
3. STRIKE all filings submitted on February 12, 2025, in their entirety, as they are based on a false Certificate of Service that misrepresents service on Plaintiff Samiha and fails to meet the requirements of the Federal Rules of Civil Procedure.
4. Strike all filings submitted **after** February 12, 2025, as they are based on the defective and invalid Notice Of Appearance and fail to meet the Court's and Federal Rules' requirements.
5. Grant Plaintiff leave to amend if any aspect of their pleading or legal phrasing requires correction, as a pro se litigant relying on available resources and making every effort to comply with legal, court, and procedural requirements.
6. Plaintiff respectfully requests that the Court DENY any attempt by Defendant to amend or correct its filings.
7. Deny Defendant any further filings, as the deadline to respond was February 12, 2025.
8. Grant Plaintiff's Motion for Entry of Default (DKT 19 ), as Defendant failed to serve hence respond within the required period.

Granting this motion will uphold procedural integrity, prevent Defendant from benefiting from its misconduct, it will not set a precedent that awards non compliance by powerful Defendants against Pro Se Litigants, and protect Plaintiff's right to fair litigation. Additionally, it will prevent further financial out of pocket expenses and personal harm to Plaintiff and deter future violations, ensuring compliance with the Federal Rules of Civil Procedure.

**Dated: March 25, 2025**

Respectfully submitted,

Plaintiff, Pro Se

*Samiha Ayyash*

7823 New London Dr

Springfield, VA 22153

(703) 623-3767

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, Plaintiff Samiha Ayyash will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion To Strike and its Attachments

1-Defendant American Airlines, Inc. Registered Agent Registered Office Address :CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005.

**A Copy will be sent to Micah E. Ticatch** 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Personal delivery via ABC Legal Services (Process Server)

2-Defendant Gulf Air B.S.C., Inc  AT Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Plaintiff Tala Josephano & Plaintiff Samiha Ayyash : Waived Service, Courtesy given.

Respectfully submitted,

March 25 2025

**Pro Se Plaintiff**

**Samiha Ayyash**

7823 New London Dr

Springfield VA 22153
(703)623-3767