UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| **Samiha Ayysah, Feras Hindi,** | | |
| **Tala Josephano** | ) | Case No.: 1:24-cv-03434-ACR |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Plaintiff Feras Hindi, pro se, respectfully moves this Court to strike Defendant American Airlines, Inc.'s Certificate of Service and all filings , including the Notice of Appearance, Motion to Dismiss with attachments, and Corporate Disclosure Statement, filed on February 12, 2025, as well as all filings after such as February 20, 2025, and March 4, 2025.

RECEIVED
MAR 25 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

This motion is made pursuant to Federal Rule of Civil Procedure 12(f)(1), as Defendant's Certificate of Service in the Filings of February 12 2025 contains false and misleading information, rendering these filings invalid and improper. A filing based on false certification is legally defective, and all subsequent filings that rely on it must also be stricken.

Allowing these improper filings to remain prejudices Plaintiff, disrupts the proceedings, and undermines the integrity of the case. Defendant's failure to serve Plaintiff has denied him the opportunity to respond, delayed the case, and caused unnecessary legal burdens. This Court has the authority under Rule 12(f)(1) to strike these filings on its own initiative to preserve fairness and procedural integrity.

## BACKGROUND

Plaintiff Feras Hindi, proceeding pro se, filed his claims against Defendant American Airlines on December 10, 2024, and amended his complaint on December 30, 2024. Defendant was served with the Amended Complaint on January 22, 2025, making its deadline to respond February 12, 2025.

On February 12, 2025, after 5:19 PM Eastern Time—on the final day of the 21-day response period—Defendant filed a Notice of Appearance, Motion to Dismiss with attachments, and Corporate Disclosure Statement. However, the Certificate of Service falsely certified that Plaintiff Feras Hindi was served electronically, when in fact, Plaintiff was not served by any method on or before this date.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Due to Defendant's failure to respond within the required timeframe, Plaintiff filed a Motion for Clerk's Entry of Default (Document 17) on February 24, 2025. Plaintiff also submitted notices to the Court alerting it to Defendant's procedural violations, including no service and misrepresentations.

Later, in March 2025, Defendant mailed Plaintiff Feras Hindi an opposition to his Entry of Default. The envelope was specifically addressed to Plaintiff Feras, yet it did not include a copy of the Notice of Appearance, which would have been required for Plaintiff to reply. Notably, in this opposition, Defendant acknowledged that Plaintiff Feras was not served on February 12, 2025, contradicting the false certification submitted with its earlier filings.

Further, Defendant's Certificate of Service in this opposition in March separately listed each Plaintiff, acknowledging the distinction in service requirements. Yet, in its arguments, Defendant continued to falsely represent the claims as "joint and collective"—a contradiction that underscores its misrepresentations in the litigation.

Additionally, Co-Plaintiff Tala Josephano has initiated a separate fraud case against Defendant in Josephano v. American Airlines, Inc., **No. 1:25-cv-00753**, further highlighting Defendant's pattern of misrepresentation and procedural misconduct.

This Motion to Strike is made in further support of Plaintiff's Entry of Default Motion and to ensure that Defendant does not benefit from false and improper filings that have prejudiced Plaintiff's ability to litigate his claims. This motion doesn't prejudice the court as the court, as the court was the main intended side for Defendant's misrepresentation.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

## II. GROUNDS FOR STRIKING THE FILINGS UNDER FRCP 12(f)

Defendant falsely certified that Plaintiff was served on February 12, 2025, misleading the Court into believing Plaintiff had notice of the filings and was served. This violates Federal Rule of Civil Procedure 11(b), which requires attorneys to ensure the accuracy of factual contentions before submitting filings. Defendant was notified of this issue but failed to correct it, forcing Plaintiff to file for Entry of Default (DKT 17).

Defendant falsely claimed service via electronic mail, despite Plaintiff never consenting to electronic service; Plaintiff's email address was omitted, despite being listed in the original complaint; Defendant failed to list Co-Defendant Gulf Air as being served; Co-Plaintiff Tala's email address was misspelled.

Plaintiff Feras Hindi does not have an active CM/ECF account and never agreed to receive electronic service; As stated in Plaintiff's Declaration of Non-Service (Document 17), Defendant's claim of electronic service is false and unsupported.

## III. ARGUMENT

**Court's Authority to Strike Improper Filings Under Rule 12(f)**

Federal Rule of Civil Procedure 12(f) grants the Court discretion to strike filings containing false, improper, or misleading information on its own initiative. Defendant's false Certificate of Service was filed on the last day of the 21-day deadline under Rule 12(a)(1)(A)(i), meaning any

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

correction would have been untimely and would not cure the default and still Defendant till today didn't fix the certificate or submit any motion to correct the records.

This false certification invalidates the Notice of Appearance and taints all subsequent filings, including those submitted on February 20, 2025, and March 4, 2025. A defective Notice of Appearance cannot serve as the basis for later filings, making all motions and pleadings that rely on it equally improper and defective.

Furthermore, Defendant's failure to serve Plaintiff on time of certifying violated Rule 11(b), which requires attorneys to ensure factual accuracy before filing documents. The Court has authority under Rule 12(f) to strike these improper submissions sua sponte to prevent prejudice to Plaintiff and uphold procedural integrity. Defendant failed to do basic inquiry on the Plaintiff method of serving, Defendant has instant notification of Failure of service and multiple notification after. Defendant counsel refused to correct the records stating to Co-Plaintiff Tala with confidence that the Judge will not care. The court did approve Defendant's request for their invalid motion submitted 20 days after their deadline. It's unknown how the court approved this.

Defendant had the opportunity to admit their mistake regarding the no service and false certification but failed to do so until after Plaintiff Feras filed for Entry of Default.. The Defendant's delay in acknowledging their error until after the Entry of Default motion was filed demonstrates a failure to address the issue promptly. By waiting to admit the mistake, the Defendant allowed the prejudice against the Plaintiff to continue and potentially worsen, as Feras was unable to respond properly within required timeframes. Defendant still didn't fix his errors.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

The delayed admission is an attempt to avoid consequences rather than a genuine acknowledgment of error. Even their reply in admitting the mistake was presented with another misrepresentation of claiming ignorance and negligence of a mistake that doesn't happen with lawyers, especially a Billion dollar company lawyers. The Defendant's failure to promptly admit and correct the mistake led to unnecessary filings and proceedings, wasting court resources. Additionally, by not admitting the mistake earlier, the Defendant missed chances to negotiate or resolve the issue before it escalated to an Entry of Default situation. The court has to consider this delayed admission as a factor when ruling on the Entry of Default and any related motions.

## IV. IMPACT ON PLAINTIFF'S ABILITY TO PARTICIPATE FAIRLY

The false Certificate of Service has negatively impacted Plaintiff's ability to participate fairly in the case and caused separate harm and damages from delayed letigiation ( including out of pocket damages, uncertainty, stress, chaos and anxiety ) as a result. As a *pro se* litigant, Plaintiff Feras operates without the resources and support of a large legal team. Time is a critical factor in preparing a defense. Because Plaintiff was not served, he was unaware of the initial filings. This caused the Plaintiff to miss the deadline for filing an opposition to the Motion to Dismiss, Plaintiff Feras knows he has to be served to reply. He can't reply if he wasn't individually served, the rules are made for a reason. Every day, or even every hour, makes a significant difference in a *pro se* litigant's ability to research, understand, and prepare a legal response.

Without notification of the filings, the Plaintiff had no opportunity to adequately prepare a defense or response within the allotted time frame. The Court did not adjust the 14-day time limit for Plaintiff to respond, despite the Defendant's failure to serve Plaintiff.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

The attorney for the Defendant has failed to correct this deficiency by serving Plaintiff, thus causing separate new harm. Being notified of the filings days after the fact does not absolve the Defendant's attorney of their obligation to serve Plaintiff Feras individually or correct the records with the court. Again, Plaintiff cannot reply if he was not officially served. Even if Defendant falsely claims this is a Joint claim, still the rules clearly states that each Plaintiff has to be served individually.

All Plaintiffs had a strategic plan for responding to motions; however, the Defendant's failure to serve Plaintiff has completely disrupted this plan. Now, each plaintiff is compelled to file numerous, complex motions solely due to American Airlines' initial failure to serve and its subsequent failure to rectify that error, as falsely certified on February 12, 2025. Without notification or serving of the filings, the Plaintiff had no opportunity to adequately prepare a defense or response.

Defendant filed its Meet and Confer request on February 20, 2025—eight days after the response deadline—knowing it had failed to serve Plaintiff Feras. Despite this procedural defect, Defendant proceeded to secure a meeting for a Meet and Confer, during which it sought to amend its Motion to Dismiss. This attempt to cure procedural failures after the deadline while bypassing service further prejudices Plaintiff and undermines the integrity of the proceedings.

The Plaintiff is now required to file this Motion to Strike and other motions and notices, incurring additional legal costs and wasting judicial resources, all due to the Defendant's initial submission of Defective Certificate of Service.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

The Defendant could attempt to seek a default judgment based on the Plaintiff's failure to respond to the Motion to Dismiss or other filings further harming the Plaintiff. The Plaintiff will now be required to file this Motion to Strike and incurring additional costs.

The defect occurred on the last day of the response deadline and was never corrected, making any subsequent correction untimely; Rule 12(a)(1)(A)(i) requires a timely response, and a failure to meet the deadline cannot be retroactively cured; Prejudice exists because Plaintiff was deprived of a fair opportunity to respond within the required time; The misrepresentation in the Certificate of Service is a serious issue that affects the integrity of the proceedings and is not merely a technical error; Defendant acknowledged the failure but did not correct it before proceeding with additional filings, exacerbating the procedural defects. Defendant **didn't submit a declaration** of Service to Feras.

Local Civil Rule 7(m) requires parties to confer in good faith before filing any non-dispositive motion. Defendant failed to meet this requirement before submitting its motions in February and in March, including its opposition, making these filings improper under the rule. Additionally, the Judge's Standing Order mandates that every motion include a proposed order and certificate of Confer, which Defendant also failed to provide. These procedural violations further demonstrate Defendant's disregard for court rules, rendering its filings defective.

Plaintiff has submitted Multiple Notices with declaration and detailed explanation of Defendant Certificate of Service. Defendant has not provided any evidence that he served Plaintiff Feras.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's Motion to Strike in its entirety. Defendant submitted a false and defective Certificate of Service, failed to serve Plaintiff, and only admitted to these errors after Plaintiff filed for Entry of Default. These procedural violations have significantly prejudiced Plaintiff's ability to participate fairly in this litigation and caused him personal damages. Accordingly, Plaintiff respectfully requests that the Court:

A. **Strike the improper Certificate of Service in its entirety** from all filings submitted on February 12, 2025, including the Notice of Appearance, Motion to Dismiss and attachments, and Corporate Disclosure Statement.

B. **Strike all filings submitted on February 12, 2025, in their entirety** for being defective, as they contain a false and improper defective Certificate of Service that also fails to meet court and Federal rules requirements, and misrepresent service on Plaintiff.

C. **Strike all filings submitted on February 20, 2025**, as they were based on an invalid and improper Notice of Appearance and Corporate Disclosure Statement and they also fail to meet court and Federal rules requirements

D. **Strike all filings submitted in March 4 2025**, as they were served on Plaintiff Feras without a corrected Notice of Appearance, rendering them improper and prejudicial. The filing also fail to meet court and Federal rules requirements

E. Grant Plaintiff leave to amend if any aspect of their pleading or legal phrasing requires correction, as a pro se litigant relying on available resources and making every effort to comply with legal, court, and procedural requirements.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

F. Deny Defendant any further filings, as the deadline to respond was February 12, 2025.

G. Grant Plaintiff's Motion for Entry of Default, as Defendant failed to serve hence respond within the required period.

Granting this motion will uphold procedural integrity, prevent Defendant from benefiting from its misconduct, it will not set a precedent that awards non compliance by powerful Defendants against Pro Se Litigants, and protect Plaintiff's right to fair litigation. Additionally, it will prevent further financial out of pocket expenses and personal harm to Plaintiff and deter future violations, ensuring compliance with the Federal Rules of Civil Procedure.

March 24 2025

*[signature]*

Feras Hindi
Pro Se Plaintiff
7823 New London Dr
Springfield, VA 22153
(703) 980-6955

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, Plaintiff Feras Hindi will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion To Strike and its Attachments

1-Defendant American Airlines, Inc. Registered Agent Registered Office Address :CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005.

A Copy will be sent to **Micah E. Ticatch** 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Personal delivery via ABC Legal Services (Process Server)

2-Defendant Gulf Air B.S.C., Inc  AT Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Plaintiff Tala Josephano & Plaintiff Samiha Ayyash : Waived Service, Courtesy given.

Respectfully submitted,

March 25 2025

**Pro Se Plaintiff**

*/s/ F.H*

**Feras Hindi**

7823 New London Dr

Springfield VA 22153
(703)623-3767

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**