IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, et al. ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-3434-ACR |
| ) | |
| GULF AIR B.S.C. et al., ) | |
| ) | |
|     Defendants. ) | |

AMERICAN AIRLINES INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

Defendant American Airlines Inc.("American Airlines") submits this Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court lacks personal jurisdiction over each of Plaintiffs' claims asserted against American Airlines in their Amended Complaint (Dkt. 2) ("Amended Complaint"). Consequently, the claims should be dismissed.

## BACKGROUND[1]

On December 14, 2022, a pilot for Gulf Air, Capt. Mohannad Alhindi, suffered a heart attack at an airport in Bangladesh. (*See* Dkt. 2 at 4 of 123, ¶ III.) Eight hours after suffering the heart attack, Capt. Alhindi died in a Bangladeshi hospital. (*See id.* at 10 of 123, ¶ 4.)

Plaintiffs are the deceased Capt. Alhindi's mother (Ms. Ayyash), brother (Mr. Hindi), and sister (Ms. Josephano). (*Id.* at 8 of 123, ¶¶ 1-3.) Ms. Ayyash and Mr. Hindi reside in Virginia, and Ms. Josephano resides in California. (*Id.*)

Plaintiffs allege that Gulf Air's negligence "contributed to Captain Alhindi's death" by failing to provide timely medical care. (*Id.* at 10 of 123, ¶ 6.) As best as can be discerned, although Capt. Alhindi was not an employee of American Airlines, Plaintiffs seek to hold it liable for his death because the Gulf Air flight that he was scheduled to pilot (but did not pilot due to his heart attack) was allegedly one in which Gulf Air had a codesharing agreement[2] with American Airlines. (*Id.*, ¶ 3.)

---

[1] In light of the standard of a motion to dismiss, this section presents the facts as alleged in the Amended Complaint. Defendant reserves the right to contest the alleged facts in any future pleadings.

[2] "[A] codeshare agreement is an agreement between two airlines whereby a flight is listed under one airline's two-letter identification code but operated by the other airline." *Rehman v. Etihad Airways*, 2019 WL 12095414, at *7, FN 7 (M.D. Pa. 2019).

1

Plaintiffs assert three claims against American Airlines: negligence, negligence per se, and constructive fraud. (*Id.* at 109, 111, and 116 of 123.) All three claims appear to be based on the allegation that, due to the codeshare agreement, American Airlines had a duty to audit Gulf Air, which it allegedly performed inadequately. It is not clear from Plaintiffs' allegations what a properly performed audit would have revealed that could have prevented Capt. Alhindi's heart attack or his subsequent death.

The Amended Complaint fails to establish a connection between the claims and the District of Columbia— Capt. Alhindi's death occurred in Bangladesh, and American Airlines is a Delaware corporation with its principal places of business in Texas. (Dkt. 2 at 4 of 123, ¶ III; *id.* at 7 of 123, ¶ III.) Consequently, this Court lacks jurisdiction over American Airlines.

## STANDARD OF REVIEW

When a defendant objects to a court's personal jurisdiction under Rule 12(b)(2), the plaintiff, not the defendant, bears the "burden of establishing a factual basis for the court's exercise of personal jurisdiction." *Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014). Bare allegations and conclusory statements are insufficient to establish a *prima facie* case for jurisdiction. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 172 (D.D.C. 2018).

## ARGUMENT

In order to exercise personal jurisdiction over a defendant, the Court must have either general or specific jurisdiction. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017); *Crear v. Am. Airlines Grp., Inc.*, 2025 WL 35931, at *2 (D.D.C. 2025). Because, as explained in more detail below, this Court has neither, the claims against American Airlines must be dismissed.

2

### A. The Court does not have general jurisdiction because Defendant is not "at home" in the District of Columbia.

When a court has general jurisdiction over a defendant, a plaintiff can properly assert any lawsuit against the defendant in that forum. This extensive power, however, is limited only to those courts in the forums where a defendant is said to be "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Supreme Court has held that, outside extraordinary circumstances, a corporate entity is at home only in the jurisdiction in which it is incorporated or where it has its principal place of business. *See id.* at 137-138; *Crear* 2025 WL 35931 at *3.

As correctly pled in the Amended Complaint, American Airlines is a Delaware corporation, with its principal place of business in Texas. (Dkt. 2 at 7 of 123, ¶ III.) Consequently, this Court lacks general jurisdiction over American Airlines.

### B. Because Plaintiffs' claims do not arise in the District of Columbia, the Court lacks specific jurisdiction.

When a court lacks general jurisdiction, it can still exercise specific jurisdiction over a claim, but Constitutional Due Process limits such jurisdiction to only those instances where there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Meyers,* 137 S. Ct. at 1781.

In order to establish specific jurisdiction, a defendant must take "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State. The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.' They must show that the defendant deliberately "reached out beyond" its home—by, for example, 'exploiting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (cleaned up).

3

Additionally, the suit-related activity or occurrence must represent a "substantial connection." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). A connection that is only tangential to the claim does not create jurisdiction. *See id.* at 288-289.

Because Plaintiffs bear the burden, they are required to plead sufficient facts in their Amended Complaint to establish that each of their claims is sufficiently connected to the District of Columbia to warrant specific jurisdiction. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 175 (D.D.C. 2018) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)). In other words, specific jurisdiction must be evaluated on a claim-by-claim basis. *See id.*

Plaintiffs assert three claims against American Airlines: negligence, negligence per se, and constructive fraud. (Dkt. 2 at 109, 111, and 116 of 123.) For the reasons explained below, each of these claims lacks a substantial connection to D.C., and consequently, jurisdiction does not exist.

    1.    <u>Plaintiffs' Negligence Claim in Count 3 Must be Dismissed.</u>

In Count 3, Plaintiffs assert that American Airlines was negligent because it allegedly:

> breached [its] duty by <u>failing to audit Gulf Air's certifications</u>, allowing fraudulent information to reach the FAA, and <u>neglecting to detect and report systemic safety deficiencies</u>, including unfit crew operations and mishandled medical emergencies and tGulf [sic] Air failure in adhering to DOT and ICAO regulations and rules

(Dkt. 2, at 109 of 123, ¶ 638 (emphasis added).) Plaintiffs further assert that American Airlines' conduct directly contributed to Capt. Alhindi's death, causing the Plaintiffs "emotional trauma, financial dependence, and significant financial and emotional strain." (*Id.,* ¶ 639.)

There is no connection between this claim and D.C. — let alone the *substantial* connection required to assert personal jurisdiction. First, the actual incident at play, Capt. Alhindi's heart

attack and subsequent death, occurred in Bangladesh. (*Id.* at 10 of 123, ¶¶ 3-4.) Second, as best as can be discerned, the alleged breach by American Airlines was its failure to properly audit Gulf Air or detect Gulf Air's alleged systemic safety deficiencies. However, since Gulf Air is based in Bahrain, any audit of the airline would presumably take place in that country. (*See id.* at 8 of 123, ¶ 1 (second ¶ 1 on that page).) Plaintiffs have not alleged (and cannot allege) that any audit took place in D.C.

Because Plaintiffs have failed to allege a substantial connection to D.C. for Count 3, the claim should be dismissed.

        2.      <u>Plaintiffs' Negligence Per Se Claim in Count 4 Must be Dismissed.</u>

Similar to Count 3, in Count 4, Plaintiffs assert that "American Airlines' failure to audit Gulf Air and detects risks allowed Gulf Air's negligence to persist . . . leading to Captain Alhindi's preventable death and harm to Plaintiffs." (Dkt. 2, 111 at 123, ¶ 651.) Again, because Capt. Alhindi's death and any audit occurred outside D.C., there is no substantial connection between this claim and D.C. Consequently, this claim should be dismissed as well.

        3.      <u>Plaintiffs' Constructive Fraud Claim in Count 6 Must be Dismissed.</u>

In their final claim against American Airlines in Count 6, Plaintiffs assert that American Airlines committed constructive fraud "by failing to audit Gulf Air's practices and certifying compliance with FAA/DOT standards despite evidence of systemic deficiencies." (*Id.,* 116 of 123, ¶ 679.) Plaintiffs further assert that they relied on the certifications and that this reliance somehow led to Capt. Alhindi's death.[3] (*See id.,* ¶ 681.)

---

[3] Because of the Court's request that 12(b)(6) ground not be addressed in the current Motion, Defendants refrain from briefing the implausibility of this allegation.

5

In the Pre-Motion Conference, Plaintiff Josephano indicated a belief that because the certifications were provided to the FAA, which is headquartered in D.C., the Court has specific jurisdiction. Plaintiff is mistaken.

First, Plaintiffs have pled that the certifications were prepared, reviewed, and electronically submitted in Fort Worth, Texas. (*Id.*, ¶ 526.) Therefore, to the extent American Airlines committed any "constructive fraud" it did so in Texas, not D.C.

Moreover, it seems clear from the Amended Complaint that Plaintiffs are merely assuming the FAA received the certification in D.C. because that is where the agency is headquartered. However, the agency has employees spread throughout the country[4], and Plaintiffs have no good faith basis for assuming that the employee who received the certification was actually located in D.C.

Additionally, to the extent that the certifications were actually received in D.C., such contact was clearly not "the defendant's own choice," but rather represents the "random" choice of whomever the FAA decided to select to review the certifications. American Airlines' electronic submission of a document *in Texas* to a federal agency does not constitute "purposefully avail[ing] itself of the privilege of conducting activities within" D.C. merely because the federal agency chooses to review that document in D.C.

Finally, any connection to D.C. is clearly not "substantial." Again, Capt. Alhindi's death occurred in Bangladesh. The allegedly improper audit occurred in Bahrain. The allegedly constructively fraudulent certification was prepared and submitted in Texas. Those are the locations with at least an arguable connection to Plaintiffs' claims that is substantial. To the extent

---

[4] *See* FAA Offices and Locations, https://www.faa.gov/jobs/who_we_are/offices_locations#

6

there was *any* contact with D.C. related to Count 6, it was tangential at best. Consequently, this claim should be dismissed as well.

## CONCLUSION

For the reasons stated above, each of Plaintiffs' claims against American Airlines should be dismissed for lack of personal jurisdiction.

Dated: April 17, 2025

Respectfully submitted,

    /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April 2025 I will serve a copy of the foregoing via first class mail upon the following:

        Tala Josephano
        615 Catalina Ave, #233
        Redondo Beach, CA 90277
        *Pro Se Plaintiff*

        Samiha Ayyash
        7823 New London Dr,
        Springfield, Fairfax
        VA 22153
        703-980-6955
        *Pro Se Plaintiff*

        Feras Hindi
        7823 New London Dr,
        Springfield, Fairfax
        VA 22153
        703-980-6955
        *Pro Se Plaintiff*

        /s/ Micah E. Ticatch
        Micah E. Ticatch, DC Bar No. 1005398
        ISLER DARE, P.C.
        1945 Old Gallows Road, Suite 650
        Vienna, Virginia 22182
        (703) 748-2690
        (703) 748-2695 (fax)
        mticatch@islerdare.com

        *Counsel for American Airlines Inc.*