**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMIHA AYYASH, *et al.* | |
| Plaintiffs, | Case No. 1:24-cv-3434-ACR |
| v. | |
| GULF AIR B.S.C., *et al*., | |
| Defendants. | |

**DEFENDANT GULF AIR B.S.C. (C)'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Dated: April 18, 2025

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

*/s/ Darcy C. Osta*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
(202) 659-6600
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Defendant Gulf Air B.S.C. (c)*

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

RELEVANT BACKGROUND FACTS .........................................................................3

APPLICABLE LEGAL STANDARDS .........................................................................5

    RULE 12(b)(1) ...........................................................................................................5

    RULE 12(b)(2) ...........................................................................................................6

    RULE 12(b)(5) ...........................................................................................................6

ARGUMENT ...................................................................................................................7

    I.     THIS COURT LACKS PERSONAL JURISDICTION OVER GULF AIR ............................................................................................................7

         A.  This Court Lacks Specific Personal Jurisdiction Over Gulf Air.....8

         B.  This Court Lacks General Personal Jurisdiction Over Gulf Air. .14

    II.    PLAINTIFFS LACK STANDING TO ASSERT WRONGFUL DEATH AND SURVIVAL CLAIMS AGAINST GULF AIR AND ADDING THE PERSONAL REPRESENTATIVE OF THE DECEDENT'S ESTATE AS A PARTY PLAINTIFF DEFEATS DIVERSITY JURISDICTION ................................................................17

    III.   PLAINTIFFS FAILED TO EFFECT SERVICE OF PROCESS ON GULF AIR ...............................................................................................21

CONCLUSION .............................................................................................................23

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brunson v. Kalil,*
        404 F. Supp. 2d 221, 235 (D.D.C. 2005) ........................................................14

*Burton v. U.S.,*
        688 F.Supp.2d 86 (D.D.C. 2009) ...................................................................18

*Candido v. District of Columbia,*
        242 F.R.D 151 (D.D.C. 2007) ..........................................................................6

*Ctr. for Biological Diversity v. Jackson,*
        815 F. Supp. 2d 85 (D.D.C. 2011) ...................................................................5

*Christensson v. Hogdal,*
        199 F.2d 402 (D.C. Cir. 1952) .......................................................................22

*COMSAT Corp. v. Finshipyards S.A.M.,*
        900 F. Supp. 515 (D.D.C. 1995). ......................................................10, 11, 12

*Core VCT Plc v. Hensley,*
        59 F. Supp. 3d 123 (D.D.C. 2014) .............................................................19, 20

*Crane v. N.Y. Zoological Soc.,*
        894 F.2d 454 (D.C. Cir. 1990). ......................................................................12

*\*Daimler AG v. Bauman,*
        571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) .............................16

*\*Erwin-Simpson v. AirAsia Berhad,*
        985 F.3d 883 (D.C. Cir. 2021) ...............................................7, 12, 14, 15, 16, 17

*Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.,*
        693 F. Supp. 2d 4 (D.D.C. 2010) ...................................................................18

*First Chicago Int'l v. United Exch. Co.,*
        836 F.2d 1375 (D.C. Cir. 1988). .......................................................................7

*Formica v. Cascade Candle Company,*
        125 F. Supp.2d. 552 (D.D.C. 2001) ...............................................................13

*Gomez v. Aragon,*
        705 F. Supp. 2d 21 (D.D.C. 2010) ..................................................................10

*Grand Lodge of Frat. Order of Police v. Ashcroft,*
　　185 F. Supp. 2d 9 (D.D.C. 2001) ........................................................................5

*Henson v. W.H.H. Trice and Co.,*
　　466 F.Supp.2d 187 (D.D.C. 2006); .................................................................18

*Johnson-Richardson v. Univ. of Phoenix,*
　　334 F.R.D. 349 (D.D.C. 2020) ..........................................................................6

*Jung v. Assoc. of Am. Med. Colls.,*
　　300 F.Supp.2d 119 (D.D.C. 2004). .................................................................12

*Leffer v. Federal Republic of Germany,*
　　2002 WL 1598059 (D.D.C. Apr. 18, 2022) ...................................................19

*McDaniel v. FEDITC LLC,*
　　825 F. Supp. 2d 157 (D.D.C. 2011) .................................................................10

*Moncrief v. Lexington Herald–Leader Co.,*
　　807 F.2d 217 (D.C. Cir. 1986) ...........................................................................9

*Mouzavires v. Baxter,*
　　434 A.2d 988 (D.C. 1981) .................................................................................11

*Myers v. Holiday Inns, Inc.,*
　　915 F. Supp. 2d 136 (D.D.C. 2013) ...................................................................6

*Naegele v. Albers,*
　　355 F. Supp. 2d 129 (D.D.C. 2005) ...................................................................6

*N'Jai v. United States Department of Education,*
　　111 F.4th 1288, 1293 (2024) ............................................................................14

*Perry v. Criss Brothers Iron Works,*
　　741 F. Supp. 985 (D.D.C. 1990). .....................................................................20

*Reuber v. United States,*
　　750 F.2d 1039 (D.C. Cir. 1984) ..........................................................................6

*Sabra ex rel. Baby M v. Pompeo,*
　　453 F. Supp. 3d 291 (D.D.C. 2020) .................................................................17

*Saunders v. Nemati,*
　　580 A.2d 660 (D.C. 1990) .................................................................................17

*Schwartz v. CDI Japan, Ltd.*,
  938 F. Supp. 1 (D.D.C. 1996) ...................................................................11, 13

*Scolaro v. D.C. Bd. of Elections & Ethics*,
  104 F. Supp. 2d 18 (D.D.C. 2000) ....................................................................5

*Skydive Myrtle Beach Inc. v. Horry Cnty. Dep't of Airports*,
  735 F. App'x 810 (4th Cir. 2018).....................................................................22

*Shoppers Food Warehouse v. Moreno*,
  746 A.2d 320 (D.C. 2000)...........................................................................11, 13

*Stallard v. Goldman Sachs Grp., Inc.*,
  No. CV 20-2703 (RBW), 2022 WL 59395, at *5–7 (D.D.C. Jan. 6, 2022).......................22

*United States v. Philip Morris, Inc*,
  116 F. Supp. 2d 116 (D.D.C. 2000) ...................................................................6

*United States v. Williams*,
  825 F. Supp. 2d 117, 124 (D.D.C. 2011). ..........................................................19

*Walden v. Fiore*,
  571 U.S. 277, 134 S.Ct. 1115, 1121 n.6 (2014). .................................................14

*Wilson v. Prudential Fin.*,
  332 F. Supp. 2d 83 (D.D.C. 2004). .............................................................21, 22

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves*,
  47 F. Supp. 3d 68 (D.D.C. 2014) ..................................................................6, 7

## Other Authorities

Fed. R. Civ. P. 4(h)(1)...................................................................................21

Fed. R. Civ. P. 4(h) ...................................................................................2, 21

Fed. R. Civ. P. 12(b)(1)...............................................................................1, 5

Fed. R. Civ. P. 12(b)(2)................................................................1, 6, 12, 17

Fed R. Civ. P. 12(b)(5)...........................................................1, 2, 6, 22

Fed. R. Civ. P. 12(b)(6)................................................................1, 5, 6

49 U.S.C. § 46103......................................................................................21, 22

28 U.S.C. § 1332(a) .......................................................................................21

28 U.S.C. § 1332(c)(1)...............................................................................................21

28 U.S.C. § 1332(c)(2)...............................................................................................22

D.C. Super. Ct. Civ. R. 4(h)........................................................................................21

D.C. Code § 12-101....................................................................................................18

D.C. Code § 13-334(a)..........................................................................................14, 15

D.C. Code § 13-334(b)................................................................................................15

D.C. Code § 12-323(a)(3)..............................................................................................9

D.C. Code § 13-422...............................................................................................14, 15

D.C. Code § 13-423..................................................................................................8, 9

D.C. Code § 13-423(a)(1)..................................................................................10, 11, 14

D.C. Code § 13-423(a)(2)............................................................................................10

D.C. Code § 16-2702.......................................................................................2, 18, 21

## <u>INTRODUCTION</u>

This action arises from the unexpected and sudden death of Captain Mohannad Alhindi ("Decedent").  At the time of his death, Decedent was employed by Defendant Gulf Air B.S.C. (c) ("Gulf Air") as a Captain, a.k.a., a pilot.  On December 14, 2022, Decedent was in Dhaka, Bangladesh and was scheduled to operate a flight from Bangladesh back to Bahrain when he suffered a massive heart attack.  He was rushed to the hospital, but unfortunately, he did not survive.

On December 10, 2024, the Decedent's mother, Samiha Ayyash, and siblings, Feras Hindi and Tala Josephano (collectively referred to herein as "Plaintiffs"), filed the instant action against Gulf Air and American Airlines, Inc. ("American Airlines").  On December 30, 2024, Plaintiffs filed an Amended Complaint (hereinafter referred to as "Complaint" or "Compl.") asserting causes of action for negligence *per se*, negligence, wrongful death, breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED) against Gulf Air arising from the Decedent's death.  However, as set forth more fully herein, the Complaint must be dismissed, in its entirety and with prejudice, under Federal Rules of Civil Procedure 12(b)(2), 12(b)(1) and 12(b)(5).[1]

First and foremost, for the reasons discussed in detail below, there is no general or specific personal jurisdiction over Gulf Air, thus Rule 12(b)(2) mandates dismissal of the Complaint.  There is no general jurisdiction over Gulf Air because it does not regularly conduct business in the District of Columbia and cannot be considered "at home" here.  There is no specific jurisdiction

---

[1] In accordance with the Court's instructions at the March 28, 2025 Pre-Motion Conference, the instant motion is limited to Gulf Air's jurisdictional defenses.  Gulf Air is not waiving, and is specifically preserving, its defenses under Rule 12(b)(6).

over Gulf Air because it does not have any contacts with this jurisdiction, let alone contacts sufficient to bring it within the scope of D.C.'s long arm statute. Accordingly, exercising personal jurisdiction over Gulf Air does not comport with due process and offends traditional notions of fair play and substantial justice.

Moreover, the Court lacks subject matter jurisdiction because Plaintiffs lack standing to bring claims for negligence, negligence *per se*, and breach of fiduciary duty, as those claims are alleged to have accrued in favor of the Decedent before his death ("survival claims"), and therefore can only be pursued by the personal representative of the Decedent's estate under the D.C. Survival Statute. Similarly, any claim for wrongful death must be brought by the personal representative of the Decedent's estate. D.C. Code § 16-2702. As none of the Plaintiffs assert that they are the personal representative of Decedent's estate, they do not have standing to pursue these claims. Moreover, adding the personal representative as a party plaintiff, which is necessary in order to pursue the wrongful death and survival claims asserted in the Complaint, would destroy diversity jurisdiction because there would be foreign aliens on both sides of the case. For diversity jurisdiction purposes, the legal representative of the estate of a decedent shares the same citizenship as the decedent. Gulf Air is citizen of the Kingdom of Bahrain and at all relevant times, including at the time of his death, Decedent was domiciled in a foreign country, so the personal representative of Decedent's estate is a citizen of a foreign country, thus divesting this Court of diversity jurisdiction.

In addition, the Complaint should be dismissed under Rule 12(b)(5) because Plaintiffs did not serve Gulf Air with process pursuant to Rule 4(h). Plaintiffs improperly attempted to serve Gulf Air by delivering the Summons and Complaint to an attorney who is not authorized, either explicitly or impliedly, to receive and accept service of process of legal actions initiated in state or

federal courts within the United States, including any legal action filed in any state or federal court located in the District of Columbia. As there was no service of process, there can be no jurisdiction over Gulf Air and the appropriate remedy is dismissal of the Complaint.

None of the jurisdictional deficiencies with the Complaint can be cured by amendment. Therefore, the Court should dismiss the Complaint in its entirety, with prejudice.

## **RELEVANT FACTUAL BACKGROUND**

Gulf Air, a Bahraini corporation, is the national flag carrier of the Kingdom of Bahrain. Declaration of Captain Qasim Ghuloom Ismaeel ("Ismaeel Dec.") at ¶¶ 4-5 (Exhibit 1). Founded in 1950, Gulf Air operates scheduled flights to more than fifty (50) destinations across Africa, Asia, the Middle East and Europe. *Id.* at ¶ 5.

On December 5, 2022, Gulf Air filed an application ("Application") for foreign air carrier permit and exemption authority with the U.S. Department of Transportation ("DOT") "to enable it to conduct foreign scheduled and charter air transportation of persons, property and mail to the full extent permitted under the U.S. - Bahrain Air Transport Agreement." As stated therein, "Gulf Air anticipates launching non-stop service from Bahrain to the United States upon receipt of all required government approvals." *Id.* at ¶ 8.

On January 31, 2023, DOT granted the exemption request and on February 22, 2023, issued Gulf Air a foreign air carrier permit. *Id.* at ¶ 9. Per the Department's Final Order, Gulf Air was authorized to conduct operations only "through a code-share or wet-lease arrangement with a duly authorized and properly supervised U.S. or foreign air carrier, where Gulf Air is not physically operating the flight to and from the United States." *Id.* This is a standard condition placed on foreign air carriers when their home country has not achieved a Category 1 (in compliance with ICAO safety standards) rating under the Federal Aviation Administration's ("FAA") International

Aviation Safety Assessment ("IASA") program. *Id.* Gulf Air's foreign air carrier permit was issued on February 22, 2023, and served on April 25, 2023, by DOT Order 2023-4-16.[2] *Id.*

On December 4, 2024, Gulf Air filed an application for an exemption and amended foreign air carrier permit with DOT to the extent necessary for it to conduct operations using its own aircraft and crews following the FAA's November 14, 2024 announcement that Bahrain had achieved a Category 1 (in compliance with ICAO safety standards) rating under the FAA's IASA program. *Id.* at ¶ 11. On January 30, 2025, DOT granted Gulf Air exemption authority to conduct operations to/from the United States using its own aircraft and tentatively granted Gulf Air an amended foreign air carrier permit. *Id.* Despite having the requisite DOT authority, Gulf Air does not yet operate scheduled flights to/from the U.S. using its own aircraft and crews. *Id.* at ¶ 12.

From February 18, 2005, until the time of his death, Decedent was employed by Gulf Air as a pilot. *Id.* at ¶ 18. In the Contract of Services between Gulf Air and Decedent, Decedent declared that he was a national of Jordon, and that his place of domicile was "Jubiaha, Jordon" [sic].[3] *Id.* Decedent never changed his place of domicile in the Contract of Services or any subsequent renewal thereof. *Id.* at ¶ 19; *see also* Exhibit A to Ismaeel Dec. (Ex. 1).

On December 14, 2022, Decedent operated a flight from Bahrain to Bangladesh. Decedent had a layover in Bangladesh and was scheduled to operate a return flight from Bangladesh to Bahrain. Neither flight was operated/to be operated under DOT authority. Ex. 1 at ¶¶ 21 – 22.

---

[2] Following DOT's issuance of a foreign air carrier permit to Gulf Air, Gulf Air registered with the New York Secretary of State. However, Gulf Air did not at that time, and still does not, have any physical presence in the State of New York; *i.e.*, no office and no employees. Ex. 1 at ¶ 10.

[3] The spelling is consistent with the terms of the Contract of Services between Gulf Air and Decedent. *See* Exhibit A to Ismaeel Dec. (Ex. 1).

Sometime after arriving at the airport in Dhaka and prior to the departure of the flight on December 14, 2022, the Decedent "became incapacitated" and was taken to a hospital for treatment. Compl., "Statement of Facts," at ¶ 4. Unfortunately, the Decedent passed away eight hours later. *Id*. His cause of death was determined to be a 99% blockage of his left coronary artery. *Id.* Following his death, and at the specific request of his daughter, Gulf Air transported the Decedent's body to Jordan where he was buried. Ex. 1 at ¶ 20.

## APPLICABLE LEGAL STANDARDS

### RULE 12(b)(1)

When a defendant moves to dismiss for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id*. (citing 5A Charles A. Wright & Arthur R. Miller, FED.PRAC. & PROC.CIV.2D, § 1350). As a result, the Court "must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion." *Center for Biological Diversity v. Jackson*, 815 F. Supp.2d 85, 89 (D.D.C. 2011). Moreover, the Court "need not limit itself to the allegations of the complaint." *Ashcroft*, 185 F.Supp.2d at 13-14 (citation omitted); *see also Scolaro v. D.C. Board of Elections and Ethics*, 104 F.Supp.2d 18, 22 (D.D.C. 2000) (finding that "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case.") (citation omitted).

### RULE 12(b)(2)

In order to withstand a defendant's motion to dismiss under Federal Rule 12(b)(2), the plaintiff bears the burden of making a *prima facie* showing of specific and pertinent jurisdictional facts. *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C. Cir. 1984); *Naegele v. Albers,* 355 F. Supp. 2d 129, 136 (D.D.C. 2005); *United States v. Philip Morris, Inc.,* 116 F. Supp. 2d 116, 121 (D.D.C. 2000). However, "unlike a 12(b)(6) motion to dismiss, this court need not treat all of a plaintiff's allegations as true when making a personal jurisdiction determination." *Myers v. Holiday Inns, Inc.,* 915 F. Supp. 2d 136, 139 (D.D.C. 2013). The court may instead "receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Philip Morris, Inc.,* 116 F. Supp. 2d at 120 n. 4 (citation omitted).

### RULE 12(b)(5)

"Rule 12(b)(5) governs motions to dismiss for insufficient service of process." *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 352 (D.D.C. 2020). "'[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant.'" *Id.* (quoting *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). "[S]imply being on notice of a lawsuit 'cannot cure an otherwise defective service.'" *Candido v. District of Columbia*, 242 F.R.D 151, 162 (D.D.C. 2007) (internal quotations and citations omitted). Thus, "failure to effect service is grounds for dismissal." *Id.* Plaintiff bears the burden of establishing that they effected service in accordance with the applicable rules. *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 352 (D.D.C. 2020). To meet this burden, plaintiff "'must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'" *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 47 F. Supp. 3d 68, 72 (D.D.C. 2014)

(quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).  As service of process bears on jurisdiction, the parties may rely on, and the Court may consider matters outside of the pleadings, without converting the motion under Rule 56.  *Winston & Strawn*, 47 F. Supp. at 72.

## ARGUMENT

## I.    THIS COURT LACKS PERSONAL JURISDICTION OVER GULF AIR

The threshold question this Court must address is whether it has personal jurisdiction over Gulf Air.  When a defendant timely objects to a court's personal jurisdiction, the "general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts."  *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988).  In order to make the requisite showing, a plaintiff must allege specific acts connecting the defendant with the forum State, and bare allegations are insufficient.  *Id.* at 1378-79.  Further, conclusory statements "do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction."  *Id*. at 1378.

"The Supreme Court has developed two distinct analyses of the circumstances in which a forum state may, consistent with due process, authorize its courts to exercise contact-based personal jurisdiction over a defendant."  *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021) (citing *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017)).  "The first, specific jurisdiction, 'depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846 (2011).  "The second type of contacts-based personal jurisdiction, general jurisdiction, 'permits a court to assert jurisdiction over a defendant based on

a forum connection unrelated to the underlying suit.'" *Id.* at 889 (quoting *Livnat*, 851 F.3d at 56 (additional citation omitted).

The Complaint does not contain any allegations regarding the basis upon which Plaintiffs contend that this Court has personal jurisdiction over Gulf Air. Rather, the Complaint merely concludes, incorrectly, that, "substantial parts of the events or omissions giving rise to this action occurred in this jurisdiction…" Compl., p. 2 "Venue". Yet, all of the acts about which Plaintiffs complain, including the Decedent's death, occurred outside of the United States. In fact, the Complaint fails to identify any specific act or omission attributable to Gulf Air that occurred in the District of Columbia and allegedly give rise to Plaintiffs' claims. As a result, and for the reasons set forth below, Plaintiffs cannot make a *prima facie* showing of either specific or general personal jurisdiction over Gulf Air in this case and the Complaint must, therefore, be dismissed, with prejudice.

### A. This Court Lacks Specific Personal Jurisdiction Over Gulf Air.

Plaintiffs do not specify upon which statute they contend that this Court has personal jurisdiction over Gulf Air. By claiming that "substantial parts of the events or omissions giving rise to this action occurred in [the District of Columbia]", Plaintiffs appear to be invoking principals of specific personal jurisdiction. The District of Columbia's long-arm statute, D.C. Code § 13-423, sets forth the bases for a court's exercise of specific personal jurisdiction over a defendant, none of which apply to the facts of this case.

The District of Columbia long-arm statute provides, in pertinent part:

(a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1)    transacting any business in the District of Columbia;

(2)    contracting to supply services in the District of Columbia;

(3)     causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4)     causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5)     having an interest in, using, or possessing real property in the District of Columbia;

(6)     contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing;

                    ****

(b)     When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423.

Subparts (5) and (6) clearly have no application here.  Subparts (3) and (4) do not apply to Plaintiffs' claims because the Complaint does not allege that Gulf Air's acts or omissions caused any tortious injury in the District of Columbia.  Section 12-323(a)(3) is "a precise and intentionally restricted tort section which stops short of the outer limits of due process," and requires that both act and injury occur in the District of Columbia.  *Moncrief v. Lexington Herald–Leader Co.*, 807 F.2d 217, 221 (D.C. Cir. 1986) (quoting *Margoles v. Johns*, 483 F.2d 1212, 1219 (D.C. Cir. 1973).  Moreover, Plaintiffs do not contend that Gulf Air regularly conducts business in D.C. or derives substantial revenue from goods sold or services performed in the District, thus subpart (4) is inapplicable.

A review of the facts alleged in the Complaint and in the Declaration of Captain Qasim Ghuloom Ismaeel, makes clear that Subpart (2) is similarly inapplicable.  *See*, *e.g.*, Ex. 1.  The

Complaint does not allege that Plaintiffs' injuries arise from any Gulf Air contract to perform services in the District of Columbia. *See Gomez v. Aragon*, 705 F. Supp. 2d 21, 24 (D.D.C. 2010) (claims did not arise out of a D.C. contract for services); *McDaniel v. FEDITC LLC*, 825 F. Supp. 2d 157, 160 (D.D.C. 2011) (plaintiff failed to show alleged retaliation claim arose out of the contract for services in D.C.). Moreover, the "contracting to supply services" provision of § 13-423(a)(2) applies only to a nonresident who injects themselves into the District by agreeing to provide some service to a resident in the District. *See COMSAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 524 (D.D.C. 1995).

Here, the Complaint references two contracts: (1) the employment contract between Gulf Air and Decedent and (2) the codeshare agreement between Gulf Air and American Airlines, neither of which support a finding of jurisdiction under § 13-423(a)(2). First and foremost, the Complaint does not allege, nor could it, that the employment contract requires Gulf Air to perform any services in the District of Columbia. *See* Contract of Services (Ex. A to Ismaeel Dec. (Ex. 1)).[4] Similarly, the Complaint does not allege that Gulf Air provided any services in the District to a D.C. resident under the codeshare agreement. Moreover, Gulf Air did not contract to provide any services to Plaintiffs. Plaintiffs are not current residents of the District of Columbia and do not allege that they were residents at any time relevant to the allegations in the Complaint.

Therefore, by process of elimination, Plaintiffs must be relying on § 13-423(a)(1) of the D.C. Long Arm Statute. To establish personal jurisdiction under § 13-423(a)(1), a plaintiff must show: "(1) that the defendant transacted business in the District; (2) that the claim arose from the business transacted in the District; and (3) that the defendant had minimum contacts with the

---

[4] Further, Plaintiffs' claims cannot arise out of that contract because they are neither parties to the employment contract nor third-party beneficiaries.

District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 4 (D.D.C. 1996) (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)).  In the District of Columbia, the personal jurisdiction inquiry need not be bifurcated because the long-arm statute is coextensive with the U.S. Constitution's due process guarantee.  *See, e.g., Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 329 (D.C. 2000) (*en banc*) (providing a detailed review of personal jurisdiction law as developed by the Supreme Court and the District of Columbia Court of Appeals); *Mouzavires v. Baxter*, 434 A.2d 988, 992, 995, 997 (D.C. 1981) (*en banc*) (clarifying that "the most critical inquiry is … whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum" and are not "fortuitous or accidental").  Thus, whether a nonresident defendant is considered to have transacted business in D.C. sufficient to subject it to personal jurisdiction in the forum is a function of whether its minimum contacts in D.C. pass constitutional muster.

The constitutional touchstone of the "transacting business" determination under § 13-423(a)(1) is "whether the defendant purposefully established minimum contacts in the forum state."  *COMSAT Corp.*, 900 F. Supp. at 520 (citing *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987)).  The minimum contacts requirement embodies the notion that an actor must have purposefully availed itself of the privilege of transacting business in the forum state, "such that it should reasonably anticipate being haled into court there."  *Id*. at 520-21 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  To be subject to personal jurisdiction, the defendant itself must have purposefully directed conduct toward the District.  The Constitution does not permit a defendant to be haled into court in a jurisdiction solely as a result of "attenuated contacts" or the "unrelated activity of another party or third person."  *Id*. at 521

(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (198)).  Absent a deliberate and voluntary association by a defendant with the forum state, personal jurisdiction may not be established.

Plaintiffs have failed to establish that Gulf Air "purposefully established minimum contacts" in the District of Columbia "such that it should reasonably anticipate being haled into court" in this jurisdiction.  *COMSAT*, 900 F. Supp. at 520-521.  At all relevant times, Gulf Air did not operate scheduled flights to/from the U.S. using its own aircraft and crews, nor does it have any registered offices or assets in the District.  Ex. 1 at ¶¶ 12-13.  Gulf Air is not a resident of the District of Columbia and has no place of business in the District of Columbia.  *Id.* at ¶ 13.  Gulf Air has no employees in the District of Columbia and does not advertise or solicit business in the District of Columbia.  *Id.* at ¶ 14.  Simply stated, Gulf Air does not conduct *any* business in the District of Columbia.[5]  *Id.* at ¶¶ 12-14.  Importantly, on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court need not accept all of the plaintiffs' allegations as true.  *Jung v. Assoc. of Am. Med. Colls.*, 300 F.Supp.2d 119, 127 (D.D.C. 2004).  It "may receive and weigh affidavits and other relevant matter [outside of the pleadings] to assist in determining the jurisdictional facts."  *Id.* (quoting *Philip Morris Inc.*, 116 F.Supp.2d at 120 n. 4).  But all factual discrepancies must be resolved in the plaintiffs' favor.  *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990).  Here, there are no factual discrepancies to be resolved.

---

[5] Selling codeshare tickets to District of Columbia residents via a website alone is insufficient to establish general personal jurisdiction over Gulf Air.  "[F]or online contacts alone to be enough [to establish general personal jurisdiction], they would need to render the corporation 'essentially at home' in the District."  *Erwin-Simpson*, 985 F.3d at 892.

This Court's exercise of personal jurisdiction over Gulf Air would also offend "traditional notions of fair play and substantial justice." *Schwartz*, 938 F. Supp. at 4. To extend personal jurisdiction over Gulf Air pursuant to the District's long-arm statute, Gulf Air must have had "fair warning" that it would be sued by Plaintiffs in the District of Columbia. *Shoppers*, 746 A.2d at 332. Because Gulf Air has no contacts with D.C., it could not have possibly had fair warning that it would be sued in the District of Columbia.

"A related factor in determining whether the exercise of personal jurisdiction over defendant is reasonable or fair is the District of Columbia's 'interest in adjudicating the dispute.'" *Formica v. Cascade Candle Company*, 125 F. Supp.2d 552, 556 (D.D.C. 2001) (*quoting World-Wide Volkswagen Corp.*, 444 U.S. at 292). "Where the plaintiff is not a resident of the forum, the forum state's 'legitimate interests in the dispute have considerably diminished.'" *Id*. (quoting *Asahi Metal Industry Co., Ltd.*, 480 U.S. at 114); *see also Shoppers*, 746 A.2d at 328 ("A State generally has a manifest interest in providing *its residents* with a convenient forum for redressing injuries inflicted by out-of-state actors"). In the case at bar, Plaintiffs are residents of Virginia and California, not the District of Columbia. Thus, this Court does not even have an interest in redressing an alleged wrong inflicted on D.C. residents and, in fact, does not have any legitimate interest in this dispute. Traditional notions of fair play and substantial justice require that this Court decline to exercise personal jurisdiction over Gulf Air.

Under the District's long-arm statute, Plaintiffs have the burden of establishing that personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over Gulf Air. Plaintiffs may not rest on bare allegations or conclusory statements to establish personal jurisdiction. To the extent Plaintiffs have asserted allegations regarding personal jurisdiction, they are unsupported, conclusory, and fundamentally inaccurate. Because Gulf Air

has not purposefully availed itself of the privilege of transacting business in the forum state, personal jurisdiction may not be established under § 13-423(a)(1) of the District's long-arm statute.[6]

## B. This Court Lacks General Personal Jurisdiction Over Gulf Air.

General jurisdiction, "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1121 n.6 (2014). There are two statutes that provide for general personal jurisdiction in the District of Columbia: D.C. Code § 13-422 and D.C. Code § 13-334(a). *See Erwin-Simpson,* 985 F.3d at 889. However, neither statute confers general personal jurisdiction over Gulf Air in this case.

"A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Section 13-422 does not apply here, as Gulf Air is neither organized under the laws of the District of Columbia nor does it maintain it

---

[6] Presumably in an effort to demonstrate why venue in this Court is proper and/or to establish jurisdiction over Gulf Air, the Complaint asserts that Gulf Air recently applied for foreign air carrier permits with DOT. Compl. at ¶ 21; *see also* ¶¶ 409, 441-42, 461, 471, 477 (referring to Gulf Air's DOT application process); *see also* Ex. 1 at ¶¶ 8-9, 11. The Complaint also alleges that Gulf Air's codeshare agreement with American Airlines subjects Gulf Air to oversight by DOT and the Federal Aviation Administration ("FAA"), but there are no allegations that Gulf Air communicated directly with FAA. Compl. at ¶ 20. However, Gulf Air's contacts with DOT (and FAA, to the extent alleged) do not subject it to personal jurisdiction in D.C. because the "government contacts exception precludes the assertion of personal jurisdiction over a non-resident whose only contact with the District of Columbia is with Congress or a federal agency." *See Brunson v. Kalil*, 404 F. Supp. 2d 221, 235 (D.D.C. 2005) (citation omitted); *but cf. N'Jai v. United States Department of Education*, 111 F.4th 1288, 1293 (2024) (certifying question to the D.C. Court of Appeals of whether the government contacts exception to personal jurisdiction is limited to First Amendment activity between the defendant and a government entity). As a result, Gulf Air's contacts with DOT (and FAA) do not constitute "transacting business" under § 13-423(a)(1). More importantly, Plaintiffs' claims do not arise from Gulf Air's contacts with either DOT or FAA. Therefore, Gulf Air's interactions with federal regulatory agencies cannot serve as the basis for personal jurisdiction in this matter.

principal place of business in D.C.  *See Erwin-Simpson,* 985 F.3d at 889 ("the defendant, a Malaysian corporation without a principal place of business in the District, clearly does not meet the conditions of section 13-422."); *see also* Ismaeel Dec. (Ex. 1); Gulf Air's Corporate Disclosure Statement [Dkt. 10].

The second D.C. statute that permits the exercise of general jurisdiction under certain circumstances is D.C. Code § 13-334(a)[7], the "doing business" provision, which provides:

> In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

As an initial matter, it would be impossible for Plaintiffs to comply with the requirements of § 13-334(a) because Gulf Air does not have any agents or persons conducting business on its behalf in the District. Ex. 1 at ¶¶ 12-17.  While Plaintiffs will undoubtedly argue that Gulf Air's regulatory counsel, upon whom Plaintiffs attempted to affect service of process, constitutes an "agent of the corporation" under the statute, Plaintiffs are mistaken.  Gulf Air's regulatory counsel is not Gulf Air's registered agent.  *See*, *e.g.*, Section III, below; *see also* Ex. 1 at ¶¶ 15-17.  Thus, Plaintiffs' failure to comply with the service requirements of Section 13-334(a) deprives this Court of general personal jurisdiction under the "doing business" provision.

Notwithstanding Plaintiffs' inability to comply with the service requirements of Section 13-334(a), Gulf Air is not "doing business" within the District of Columbia.  "The D.C. Court of Appeals has indicated that the reach of 'doing business' jurisdiction under § 13-334(a) is co-

---

[7] D.C. Code § 13-334(b) does not apply to the facts of this case as Plaintiffs' action does not "grow[] out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or grow[] out of any tort committed in the District."

extensive with the reach of constitutional due process." *Erwin-Simpson*, 985 F.3d at 889 (quoting *FC Inv. Grp. LC v. IFX Mkts., Ltd.,* 529 F.3d 1087, 1092 (D.C. Cir. 2008)). The constitutionality of an assertion of general jurisdiction over a foreign corporation depends on proof of corporate contacts with the state that are "so continuous and systematic as to render [the corporation] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (internal quotation marks omitted). To be "essentially at home" in a state means to be "comparable to a domestic enterprise in that State." *Daimler*, 571 U.S. at 133 n.11, 134 S.Ct. 746. This includes a corporation's place of incorporation and its principal place of business. *Id*. at 137, 134 S.Ct. 746.

The facts in the case *sub judice* are very similar to those considered by the D.C. Circuit in *Erwin-Simpson*. In that case, defendant AirAsia was a Malaysia-based airline that provided service across Asia. *Erwin-Simpson*, 985 F.3d at 886. AirAsia did not operate any flights to or from the United States, nor did it have any offices in D.C. *Id*. Plaintiffs,[8] husband and wife, brought an action based on injuries the wife sustained on an AirAsia flight from Malaysia to Cambodia when a flight attendant spilled boiling water on her. *Id*. In affirming the district court's dismissal for lack of general personal jurisdiction over AirAsia, the D.C. Circuit noted that, "[t]he airline operates no flights to the District and has no physical presence in the forum. The only presence that it identifies in the District is a website that is insufficient on its own to render the airline 'comparable to a domestic enterprise' in the forum." *Id*. at 890. Gulf Air does not operate scheduled flights to D.C. using its own aircraft and crew and has no physical presence in the

---

[8] Unlike the Plaintiffs here, the plaintiffs in *Erwin-Simpson* were residents of the District of Columbia. *Id*.

District.[9]  Ex. 1 at ¶¶ 12-14, 17.  Just as the D.C. Circuit upheld the district court's finding of a

lack of general personal jurisdiction over a foreign airline in *Erwin-Simpson*, so should this Court

decline to exercise general personal jurisdiction over Gulf Air here.

Accordingly, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(2) for lack

of personal jurisdiction.

## II.    PLAINTIFFS LACK STANDING TO ASSERT WRONGFUL DEATH AND SURVIVAL CLAIMS AGAINST GULF AIR AND ADDING THE PERSONAL REPRESENTATIVE OF THE DECEDENT'S ESTATE AS A PARTY PLAINTIFF DEFEATS DIVERSITY JURISDICTION

It is well-settled that a "[l]ack of standing is a defect in subject-matter jurisdiction."  *Sabra*

*ex rel. Baby M v. Pompeo*, 453 F. Supp. 3d 291, 309 (D.D.C. 2020) (citing *Haase v. Sessions*, 835

F.2d 902, 906 (D.C. Cir. 1987)).  Here, Plaintiffs have no standing to assert the stated claims for

wrongful death, negligence, negligence *per se* and breach of fiduciary duty, all of which arise from

Gulf Air's alleged actions or inactions with respect to Decedent and are claimed to have resulted

in his death.  In other words, the Complaint alleges that Decedent had accrued actionable causes

of action against Gulf Air before his death and the personal representative of Decedent's estate is

the only party that has the right to pursue those claims.[10]

---

[9] Plaintiffs do not allege that activity related to Gulf Air's website gives rise to personal jurisdiction.  Nonetheless, the D.C. Circuit has made clear that maintaining a website directed towards residents of D.C., alone, is insufficient to establish general personal jurisdiction.  *See Erwin-Simpson*, 985 F.3d at 891 ("[Plaintiffs] do not identify any reason to think that use of AirAsia's website in the District would itself amount to forum contact so substantial and of such a nature as to effectively make AirAsia at home in the District of Columbia.").

[10] The manner in which Plaintiffs characterize their claims or how the claims are labeled in the Complaint is irrelevant.  *Saunders v. Nemati*, 580 A.2d 660, 661 (D.C. 1990) (finding that a "plaintiff's characterization of the claim is **not** controlling.") (emphasis added).  A review of the **substance** of those claims makes clear that they all allegedly belonged to and had accrued in favor of the Decedent prior to his death.

While under common law, tort claims do not survive death, D.C.'s survival statute permits a legal representative to assert tort claims, such as negligence, on behalf of a decedent's estate. *Henson v. W.H.H. Trice and Co.*, 466 F.Supp.2d 187, 192 (D.D.C. 2006) *see also Burton v. U.S.*, 688 F.Supp.2d 86, 97 (D.D.C. 2009) ("a survival action is a negligence action pursued by the estate of the decedent victim"). However, the "survival statute is the ***exclusive means*** by which an estate may recover for common law torts resulting in the decedent's death." *Id.* (emphasis added) (finding that common law tort claims must be treated as a statutory survival action). Thus, the individual tort claims identified in the Complaint must be dismissed, as a claim for survival is the only permissible cause of action.

Importantly, this is not a situation where the claims can simply be relabeled, as Plaintiffs do not have standing to assert a survival or wrongful death claim. The applicable D.C. statutes make clear that ***only*** "[t]he 'personal representative' of the estate may bring claims for wrongful death on behalf of the deceased's next of kin, as well as a survival action on behalf of the deceased's estate." *Henson*, 466 F. Supp. 2d at 192 (emphasis added); *see also* D.C. Code §§ 12-101, 16-2702; *Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 17 (D.D.C. 2010) ("The right to bring a wrongful death action is conferred upon only one person, the personal representative, to the exclusion of all others."). D.C. law defines a "personal representative" as "officially appointed executors or administrators" and "the term is strictly construed." *Est. of Manook*, 693 F. Supp. 2d at 16-17 (internal citations and quotations omitted).

Here, Plaintiffs have not alleged that any one or all of them have been officially or legally appointed as a personal representative of the Decedent's estate. Plaintiffs are, therefore, improperly trying to assert claims against Gulf Air that can only be brought by the legally

appointed personal representative of the Decedent's estate.  As a result, their causes of action for wrongful death, negligence, negligence *per se* and breach of fiduciary duty must be dismissed.

Further, granting Plaintiffs leave to substitute the personal representative as the correct party plaintiff would not save their claims from dismissal.  In fact, the presence of the personal representative in the case will divest this Court of subject matter jurisdiction because, as demonstrated herein, there would be foreign aliens on both sides of the case.  *Leffer v. Federal Republic of Germany*, 2002 WL 1598059, *3 (D.D.C. Apr. 18, 2022) (finding that foreign aliens on both sides of an action defeats diversity jurisdiction); *see also* 28 U.S.C. §§ 1332(a) and (c)(2).

For purposes of diversity jurisdiction, Gulf Air is a citizen of the Kingdom of Bahrain because it is a corporation organized under the laws of the Kingdom of Bahrain and its principal place of business is in Bahrain.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it is has been incorporated and of the State or foreign state where it has its principal place of business."); *see also* Gulf Air's Corporate Disclosure Statement [Dkt. 10]; Ex. 1 at ¶ 4.

The Decedent, whose citizenship is imputed to the personal representative of his estate, is deemed a citizen of the state in which he was domiciled at the time of his death.  An individual's "'[d]omicile is determined by two factors: physical presence in a state and intent to remain there for an unspecified or indefinite period of time.'"  *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)).  Although residency is certainly indicative of domicile, it, alone, is not determinative.  *Id.* (citations omitted).[11]  In fact, someone can have multiple residences but only one domicile.  *Id.* at 126

---

[11] Residence and domicile are distinguishable.  "Although a person's residence requires some degree of permanence, it is to be distinguished from a person's domicile, which requires more and a certain intent." *United States v. Williams*, 825 F. Supp. 2d 117, 124 (D.D.C. 2011). As courts

(citations omitted).  "[F]or purposes of diversity jurisdiction, courts apply a presumption of continuing domicile, so that domicile in one place remains until domicile in a new place is established."  *Id.* (citing *Desmare v. U.S.*, 93 U.S. 605, 610, 23 L.Ed. 959 (1876)).  Thus, a "'prolonged absence from one's domicile is not determinative of abandonment.'"  *Id.* (quoting *Wagshal v. Rigler*, 947 F.Supp. 10, 13 (D.D.C. 1996).

Based on the information presently known, it is reasonable for the Court to conclude that the Decedent was domiciled in Jordan.  Although Decedent was residing in Bahrain at the time of his death, other facts suggest that he never abandoned his domicile in Jordan.  Decedent's employment contract with Gulf Air specifically stated that he was domiciled in Jordan, and at the request of his daughter, his body was returned to Jordan following his death.  Ex. 1 at ¶¶ 18-20; *see also* Ex. A. to Ismaeel Dec. (Ex. 1).  Further, Decedent's final resting place is in Jordan, as that is where he was buried.  Compl. at ¶¶ 396, 399.  As a result, the Court can apply the presumption of continuing domicile to conclude that, for purposes of diversity jurisdiction, the Decedent was a citizen of Jordan.  *Core VCT Plc*, 59 F. Supp. 3d at 126.[12]  Pursuant to 28 U.S.C. § 1332(c)(2), the personal representative of the Decedent's estate is, therefore, also a citizen of Jordan.

Moreover, D.C.'s Wrongful Death Statute creates a cause of action only for those deaths that occur within the geographical limits of the District.  *Perry v. Criss Brothers Iron Works*, 741 F. Supp. 985, 986 (D.D.C. 1990).  As the Decedent's death occurred in Bangladesh, there is no

have explained, "residence is '[t]he act or fact of living in a given place for some time, while domicile is a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere.'"  *Id.* (quoting *United States v. Venturella*, 391 F.3d, 120, 125 (2d Cir. 2004)).

[12] If the Court determines that Decedent was not domiciled in Jordan at the time of his death, then he should be deemed to be domiciled in Bahrain, in which case he is still a citizen of a foreign state for purposes of diversity jurisdiction.  Importantly, there are no allegations in the Complaint to suggest that Decedent was domiciled in the United States at the time of his death.

cause of action available to the personal representative of Decedent's estate under the D.C. Wrongful Death Statute. *Id.*; *see also* D.C. Code §16-2702.

As a result, Plaintiffs lack standing to prosecute the survival and wrongful death claims asserted in the Complaint, and those claims must be dismissed, with prejudice.

## III.    PLAINTIFFS FAILED TO EFFECT SERVICE OF PROCESS ON GULF AIR

As Gulf Air is a foreign corporation, Plaintiffs were required to effect service of process in accordance with Fed. R. Civ. P. 4(h) or the applicable D.C. rules governing service on corporations. *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004). Rule 4(h) permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1).[13]

Here, Plaintiffs attempted to serve Gulf Air by delivering a copy of the Summons and Complaint to attorney Evelyn Sahr with the law firm of Eckert Seamans Cherin & Mellott LLC ("Eckert Seamans"). *See* Affidavit of Service [Dkt. 5]. Plaintiffs assert that Ms. Sahr is Gulf Air's registered agent in the District. Attachment to Compl., ¶ 1 under "Defendants" heading. However, as is set forth in the Declaration of Evelyn Sahr, Gulf Air did not designate Ms. Sahr, Eckert Seamans or any other attorney or individual associated with the firm to receive service of process on its behalf with respect to legal actions in the U.S., or D.C. Ex. 1 at ¶¶ 15-16; *see also* Declaration of Evelyn Sahr at ¶¶ 5, 7 (Exhibit 2). Rather, the authority that Gulf Air bestowed upon Ms. Sahr is extremely limited in scope – she is ***only*** authorized to receive service on behalf of Gulf Air under 49 U.S.C. § 46103 with respect to notices and process, and all orders, decisions, and requirements of DOT related to proceedings before, and actions of, the Secretary of

---

[13] The D.C. Rule authorizing service on a corporation is identical. *See* D.C. Rule Civ. P. 4(h)(1).

Transportation. *See* DOT OST Form 1010.5 (1-95) (requiring carrier to identify agent under 49 U.S.C. § 46103) (Exhibit 1 to Sahr Dec.); *see also Skydive Myrtle Beach Inc. v. Horry Cnty. Dep't of Airports*, 735 F. App'x 810, 814–15 (4th Cir. 2018) (finding that the service provisions set forth in 49 U.S.C. § 46103 pertain "only to enforcement actions brought for violations of Part A of Subtitle VII of Title 49.").[14]

Designating Ms. Sahr as an agent with respect to DOT matters does not automatically confer authority on Ms. Sahr to receive and accept service of process for all other purposes. *See*, *e.g.*, *Wilson*, 332 F. Supp. 2d at 89 (citing cases standing for the proposition that an attorney does not become a client's agent for service of process by virtue of their representation in another matter). Rather, there must be evidence that Gulf Air authorized Ms. Sahr, either implicitly or explicitly, to accept service of process in civil litigation matters. *Id.*; *see also Christensson v. Hogdal*, 199 F.2d 402, 406 n.3 (D.C. Cir. 1952) (finding that "only where an attorney is expressly or impliedly authorized to accept service of process can his do so bind his absent client and subject him to the personal jurisdiction of the local court."); *Stallard v. Goldman Sachs Grp., Inc.,* No. CV 20-2703 (RBW), 2022 WL 59395, at *5–7 (D.D.C. Jan. 6, 2022) ("[A]ny agent who accepts service must be shown to have been authorized to bind his [or her] principal by the accept of process[,] . . . either explicitly or "implied in fact.") (internal quotations and citations omitted). As a result, the Affidavit of Service [Dkt. 5] is not *prima facie* evidence of valid service on Gulf Air, because "it was not served upon someone authorized to accept service" on Gulf Air's behalf. *Stallard*, 2022 WL 59395, at *7; *see also* Ex. 1 at ¶¶ 15-16; Ex. 2. As a result, this Court should dismiss the Complaint under Rule 12(b)(5).

---

[14] 49 U.S.C. § 46103 provides, in pertinent part, that "Each . . . foreign air carrier shall designate an agent on whom service of notice and process in a proceeding before, and an action of, the Secretary of Transportation . . . may be made."

## **CONCLUSION**

For the foregoing reasons, Defendant Gulf Air B.S.C. (c) requests that the Court grant its motion and dismiss Plaintiffs' Complaint in its entirety, with prejudice.


Dated: April 18, 2025                          Respectfully submitted,

**ECKERT SEAMANS CHERIN
  & MELLOTT, LLC**

*/s/ Darcy C. Osta*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
(202) 659-6600
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Gulf Air B.S.C. (c)*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all

counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the

following:

> Tala Josephano
> 615 Catalina Avenue, #233
> Redondo Beach, CA 90277
> *Pro Se Plaintiff*
>
> Samiha Ayyash
> Feras Hindi
> 7823 New London Drive, #233
> Springfield, VA 22153
> *Pro Se Plaintiffs*

> */s/ Darcy C. Osta*
> Darcy C. Osta

24