IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:24-cv-03434-ACR |
| v. ) | |
| ) | |
| GULF AIR B.S.C. (C), *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF CAPTAIN QASIM GHULOOM ISMAEEL**

I, Captain Qasim Ghuloom Ismaeel, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am employed by Gulf Air B.S.C. (c) ("Gulf Air"), a Defendant in this action, as Chief Operations Officer, and am authorized to make this Declaration in support of Gulf Air's Motion to Dismiss the Amended Complaint.

2. I am over the age of 18 years old and competent to testify on the matters stated herein.

3. I make this Declaration based upon my personal knowledge and my review of Gulf Air's business records, which are kept in the course of Gulf Air's regularly conducted business activity, and which are made at or near the time of the recorded event by someone with personal knowledge or from information transmitted by someone with personal knowledge; and it being the regular practice of Gulf Air to make and keep such business records.

4. Gulf Air is a corporation organized under the laws of the Kingdom of Bahrain ("Bahrain"). Gulf Air is headquartered in Muharraq, Bahrain, and its main hub is at Bahrain International Airport.

5. Gulf Air is the national flag carrier of Bahrain. Founded in 1950, Gulf Air operates scheduled flights to more than 50 destinations across Africa, Asia, the Middle East and Europe.

6. Bahrain's Ministry of Transportation and Telecommunications Civil Aviation Affairs ("BCAA") regulates Gulf Air's air transport operations and is responsible for ensuring that Gulf Air complies with all safety standards set forth in the Bahrain Air Navigation Technical Regulations (ANTR) and the National Civil Aviation Security Program (NCASP).

7. Gulf Air is wholly owned by Gulf Air Group Holding B.S.C. (c), which is in turn 100% owned by Bahrain Mumtalakat Holding Company B.S.C. (c), the sovereign wealth fund of the Kingdom of Bahrain.

8. On December 5, 2022, Gulf Air filed an application ("Application") for a foreign air carrier permit and exemption authority with the U.S. Department of Transportation ("DOT") "to enable it to conduct foreign scheduled and charter air transportation of persons, property and mail to the full extent permitted under the U.S. - Bahrain Air Transport Agreement." As stated therein, "Gulf Air anticipates launching non-stop service from Bahrain to the United States upon receipt of all required government approvals." *See* DOT-OST-2022-0141-0007.[1]

9. On January 31, 2023, DOT granted the exemption request and on February 22, 2023, issued Gulf Air a foreign air carrier permit. Per the Department's Final Order, Gulf Air was authorized to conduct operations only "through a code-share or wet-lease arrangement with a duly authorized and properly supervised U.S. or foreign air carrier, where Gulf Air is not physically operating the flight to and from the United States." This is a standard condition placed on foreign air carriers when their home country has not achieved a Category 1 (in compliance with ICAO safety standards) rating under the Federal Aviation Administration's ("FAA") International

---

[1] Available at: https://www.regulations.gov/docket/DOT-OST-2022-0141 (last accessed on April 15, 2025).

2

Aviation Safety Assessment (IASA) program. Gulf Air's foreign air carrier permit was issued on February 22, 2023, and served on April 25, 2023, by DOT Order 2023-4-16. *See* DOT-OST-2022-0141-0007.

10. Following DOT's issuance of a foreign air carrier permit to Gulf Air, Gulf Air registered with the New York Secretary of State. However, Gulf Air did not at that time, and still does not, have any physical presence in the State of New York; *i.e.*, no office and no employees.

11. On December 4, 2024, Gulf Air filed an application for an exemption and amended foreign air carrier permit with DOT to the extent necessary for it to conduct operations using its own aircraft and crews following the FAA's announcement on November 14, 2024, that Bahrain had achieved a Category 1 (in compliance with ICAO safety standards) rating under the FAA's IASA program. On January 30, 2025, DOT granted Gulf Air exemption authority to conduct operations to/from the United States using its own aircraft and tentatively granted Gulf Air an amended foreign air carrier permit. *See* DOT-OST-2022-0141-0007.

12. Gulf Air does not yet operate scheduled flights to/from the U.S. using its own aircraft and crews.

13. Gulf Air is not a resident of the District of Columbia, is not registered to do business in the District of Columbia, and has no place of business in the District of Columbia.

14. Gulf Air has no employees in the District of Columbia.

15. As required by Title 49 USC, Subtitle VII, Part A, Gulf Air identified Evelyn Sahr, Esq. of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans") as the individual authorized to receive service on behalf of Gulf Air with respect to notices and process, and all orders, decisions, and requirements of the Department of Transportation. Thus, the

designation is limited to matters pertaining specifically to proceedings before, and actions of, the Secretary of Transportation.

16. Gulf Air did not designate Ms. Sahr, Eckert Seamans, or any other attorney or individual connected with the firm, to serve as its agent to accept or receive service of process on its behalf for legal actions in the U.S., in general, and specifically, the District of Columbia.

17. Gulf Air does not have a registered agent in the District of Columbia.

18. The Decedent, Mohannad Alhindi ("Decedent"), was employed by Gulf Air as a pilot from February 1999, until the time of his death, December 14, 2022, pursuant to the terms of a written Contract of Services ("Contract"), a true and correct copy of which is attached hereto as Exhibit A. The Contract was renewed on February 18, 2002, and again on October 14, 2004, after which time the terms remained in effect until the time of Decedent's death. True and correct copies of the renewals are attached hereto as part of Exhibit A. The Decedent was initially hired as a First Officer but was later promoted to the rank of Captain in July 2008.

19. As set forth in the Contract, Decedent declared that he was a "national of Jordon" and that his place of domicile was "Jubiaha, Jordon." Decedent never notified Gulf Air that his place of domicile had changed, and there were no documented changes regarding his domicile in any subsequent renewal of the Contract.

20. Decedent was residing in Bahrain at the time of his death, but following his death, and at the request of his daughter, Gulf Air arranged for the Decedent to be transferred back to Jordan where he was buried.

21. The flight that Decedent operated immediately prior to his death was not conducted under Gulf Air's foreign air carrier permit issued by DOT.

22. The flight that Decedent was scheduled to operate prior to his death was not conducted under Gulf Air's foreign air carrier permit issued by DOT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 16, 2025
Muharraq, Kingdom of Bahrain

**Captain Qasim Ghuloom Ismaeel**
**Chief Operations Officer**
**Gulf Air B.S.C. (c)**

# EXHIBIT A



**GULF AIR**

P.O. Box 138
State of Bahrain

C.R. No. 8919

A Contract of Services is made the day of 22nd Febuary 1999 between Gulf Air Company GSC hereinafter referred to as the Company of the one part and Mr. **Muhannad Yousef Al Hindi** national of Jordan born on 20th March 1959 and whose address in his place of normal domicile is **P.O. Box 354 Amman 11941 Jubaiha - Jordan**, herein after known as the Employee of the other part whereby it is agreed that the Company shall employ and the employee shall serve the Company and that such service shall be regulated by the following:

1. **PERIOD OF CONTRACT** : This Contract shall subsist for a period of three years commencing from 19th Febuary 1999.

2. **SALARY** : The Employee shall be appointed in scale **11M** earning a basic pay **BD.973.500/-** per month.

3. **NATURE OF EMPLOYMENT** : The occupation of the Employee on the date of this agreement shall be **A320 First Officer**. The employee has been notified of the dangers of his profession if any and of the means required of him to protect himself. The Company shall during the subsistence of this Contract notify the Employee in writing of any alteration in his position or place of assignment either as a result of re-organization in the Company or if in the interests of the Company's business.

4. **ALLOWANCES** : Allowances shall be as specified in Schedule II of the Terms and Conditions of Employment.

5. **COMPANY REGULATIONS & GENERAL CONDITIONS** : The Company's Regulations and General Conditions of Employment shall constitute part and parcel of this contract.

6. **CONFLICT WITH LAWS OF THE LAND** : Nothing express or implied in this Contract or in the Company's Regulations and General Conditions of Employment shall be enforceable if contrary to the laws in the country in which the employee is based.



| | | | |
|---|---|---|---|
| 7. | **RIGHT OF TRANSFER** | : | The Company reserves the right to transfer the employee to any place worldwide. |
| 8. | **PLACE OF RECRUITMENT** | : | The Employee's place of recruitment for the purpose of annual leave and repatriation shall be Amman. |
| 9. | **TERMINATION OF THE CONTRACT** | : | The first three months of employment commencing from the date of first employment shall be on probation during which either party may terminate this contract by one month's notice to the other. After completion of the probationary period either party may terminate this contract by serving three months notice on the other. |
| 10. | **LEAVE** | : | Leave shall accrue at the rate of 42 days for every twelve months in service. |
| 11. | **COMPLIANCE WITH GOVERNMENT REQUIREMENTS** | : | The entry into force and the continuation of this Contract shall be conditional upon obtaining and retaining any necessary permits and licenses as required by the appropriate Government authorities. |

IN WITNESS WHEREBY THE PARTIES HERETO HAVE SIGNED THIS AGREEMENT ON THE DAY AND YEAR FIRST ABOVE MENTIONED.

**The Employee**                                **For Gulf Air Company GSC**

*[signature]*                                   *[signature]*

                                                A. Aziz Ishaq
                                                Head of Personnel Services Development

in the presence of:                             in the presence of:

Witness:_____                        Witness: _Mahood Al-Banini_

Occupation:_____                        Occupation: _SPC_

Address:_____                         Address: _G.F_

Golden Jubilee

GULF AIR

P.O. Box 138
State of Bahrain

C.R. No. 8919

Further to the Contract of Service made on the day 22.02.1999 between Gulf Air Company GSC hereinafter referred to as the Company of the one part and Mr. **Muhannad Yousef Al Hindi** S/No **126004** national of **Jordan** born on **20.03.1959** and whose address in his/her place of normal domicile is **P.O Box 354 Amman 11941 Jubaiha, Jordan** herein after known as the 'Employee' of the other part, it is, hereby, agreed that the Company shall renew the employment as detailed below:

1. **PERIOD OF CONTRACT** : The Contract shall be renewed for a period of **THREE YEARS** commencing from **18.02.2002**

2. **SALARY** : The Employee scale shall be **11M** earning a basic pay **BD. 1070.850** per month.

3. **NATURE OF EMPLOYMENT** : The occupation of the Employee on the date of this agreement shall be **First Officer A320**. The employee has been notified of the dangers of his profession if any and of the means required of him to protect himself. The Company shall during the subsistence of this Contract notify the Employee in writing of any alteration in his position or place of assignment either as a result of re-organization in the Company or if in the interests of the Company's business.

All other terms and conditions of employment shall remain the same. If the above is acceptable to you, please sign and return this document to the undersigned.

IN WITNESS WHEREBY THE PARTIES HERETO HAVE SIGNED THIS RENEWAL OF AGREEMENT ON THE DAY (date of signing).

The Employee                                  For Gulf Air Company GSC

                                              **FAWZI MUBARAK**
                                              *Manager Personnel Administration*

in the presence of:                           in the presence of:

Witness:_____                       Witness:_____

Occupation:_____                       Occupation:_____

Address:_____                        Address:_____

HEAD OFFICE: GULF AIR COMPANY G.S.C., P.O. BOX 138, BAHRAIN. CABLES: GULFAV BAHRAIN. TLX. 8255 GULFHQ BAH BN TEL. 322200



Tel: + 973 322200
Cable: GULFAV BAHRAIN
Telex: 8255 GULFHQ BAH BN

www.gulfairco.com

**GULF AIR**

C.R. No.

A Contract of Services is made the day of **18th October, 2004** between Gulf Air Company GSC (hereinafter referred to as the "Company") of the one part and **Mr. Muhannad Yousef Al Hindi S/No. 126004** national of **Jordon** born on **20th March, 1959** and whose address in his/her place of normal domicile is **P.O Box 354 Amman 11941 Jubaiha, Jordon**, (hereinafter referred to as "Employee") of the other part whereby it is agreed that the Company shall employ and the employee shall serve the Company and that such service shall be regulated by the following:

1. **PERIOD OF CONTRACT** : This Contract shall subsist for **an indefinite period** commencing from **18th February, 2005**. This contract supersedes any previous agreement with the company.

2. **SALARY** : The Employee shall be appointed in scale **11M** earning a basic pay **BD.1,517.988** per month.

3. **NATURE OF EMPLOYMENT** : The occupation of the Employee on the date of this agreement shall be **Senior First Officer A340**. The employee has been notified of the dangers of his profession if any and of the means required of him to protect him self. The Company shall during the subsistence of this Contract notify the Employee in writing of any alteration in his position or place of assignment either as a result of re-organization in the Company or if in the interests of the Company's business.

4. **ALLOWANCES** : Allowances shall be as specified in Schedule II of the Terms and Conditions of Employment.

5. **COMPANY REGULATIONS & GENERAL CONDITIONS** : The Company's Regulations and General Conditions of Employment shall constitute part and parcel of this contract.

6. **CONFLICT WITH LAWS OF THE LAND** : Nothing express or implied in this Contract or in the Company's Regulations and General Conditions of Employment shall be enforceable if contrary to the laws in the country in which the employee is based.

Gulf Air Company G.S.C.
P.O. Box 138, Kingdom of Bahrain
Tel: + 973 322200
Cable: GULFAV BAHRAIN
Telex: 8255 GULFHQ BAH BN

www.gulfairco.com



| | | | |
|---|---|---|---|
| 7. | RIGHT OF TRANSFER | : | The Company reserves the right to transfer the employee to any place worldwide. |
| 8. | PLACE OF RECRUITMENT | : | The Employee's place of recruitment for the purpose of annual leave and repatriation shall be **Amman**. |
| 9. | TERMINATION OF THE CONTRACT | : | Either party may terminate this contract by serving three months notice on the other. |
| 10. | LEAVE | : | Leave shall accrue at the rate of **50** calendar days inclusive public holidays. |
| 11. | COMPLIANCE WITH GOVERNMENT REQUIREMENTS | : | The entry into force and the continuation of this Contract shall be conditional upon obtaining and retaining any necessary permits and licenses as required by the appropriate Government authorities. |
| 12. | GOVERNING LAW | | The Laws of the Kingdom of Bahrain shall govern this contract and the courts of Bahrain shall have exclusive jurisdiction over any dispute arising from this Contract. |

Signing the contract and the terms and conditions of employment is an integral part of the contract of employment.

IN WITNESS WHEREBY THE PARTIES HERETO HAVE SIGNED THIS AGREEMENT ON THE DAY AND YEAR FIRST ABOVE MENTIONED.

The Employee _[signature]_

For Gulf Air Company GSC _[signature]_

YOSR MOHAMED FAREED
Manager HR & Employee Relations

In the presence of:

Witness: Naheed
Occupation: H.R.O.

In the presence of:

Witness: _____
Occupation: _____

Gulf Air Company G.S.C.
P.O. Box 138, Kingdom of Bahrain
Tel: + 973 322200
Cable: GULFAV BAHRAIN
Telex: 8255 GULFHQ BAH BN

www.gulfairco.com