UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| **Samiha Ayysah, Feras Hindi,** | | |
| **Tala Josephano** ) | Case No.: 1:24-cv-03434-ACR | |
| ) | | |
| Plaintiffs ) | | |
| **American Airlines Inc. ,** ) | | |
| **Gulf Air B.S.C** ) | | |
| Defendants ) | | |
| ) | | |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs Samiha Ayyash, Feras Hindi, and Tala Josephano, respectfully submit this Motion for Extension of Time to respond to the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendants American Airlines, Inc. and Gulf Air B.S.C. This motion is brought pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure.

Plaintiffs are seeking legal assistance concerning this matter, due to time limitations and circumstances beyond their control, Plaintiffs have not had the opportunity to adequately consult or retain an attorney and for this reason requests the extension of time to respond to the Motion to Dismiss for Lack of Jurisdictions.  Plaintiffs are making every effort to obtain legal representation but have encountered obstacles beyond their control that have delayed the process.



RECEIVED

MAY 13 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## LEGAL BASIS

Rule 6(b) states, in relevant part: (b) Extending Time. (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b).  This motion is made before the expiration of any deadlines, in compliance with Rule 6(b)(1)(A).

## ARGUMENT

Plaintiffs request thirty (30) days, whereby Plaintiffs would have until June 12, 2025 to respond. In support of this Motion, Plaintiffs state:

1. Moving Pro Se Plaintiffs filed their amended claim on December 31 2024 and it was properly served on both Defendants. Defendant American Airlines Inc. deadline was February 12 2025, Gulf Air B.S.C deadline to answer February 20 2025.
2. On the final day of the response deadline, Defendant American Airlines Inc. filed a motion to dismiss, which was subsequently withdrawn. On the same final day, Defendant Gulf Air B.S.C. filed a request for a pre-motion conference. The Court granted the request and held a hearing on March 28, 2025.
3. During the hearing, the Court ordered Defendants to file their motion to dismiss in two parts: (1) a motion to dismiss for lack of personal jurisdiction, followed by (2) a motion to dismiss for failure to state a claim. The first motion was due by April 17, 2025; Plaintiffs' response is due by May 17, 2025, and Defendants' reply is due by June 6,

2025. Both Defendants submitted extensive motions that will require more time from Pro Se Plaintiffs to address, investigate and write.

4. An extension of time is necessary as Plaintiffs are still in the process of reviewing and investigating the legal and factual assertions raised in Defendants' Motion to Dismiss and during the March 28, 2025 hearing—particularly the claim by American Airlines Inc. and Gulf Air B.S.C. that they have no presence or contacts related to Plaintiffs' claims in the United States or the District of Columbia. Plaintiffs disagree.

5. Plaintiffs further request this extension in light of their pro se status and the significant demands placed on Plaintiff Tala, who is assisting her co-Plaintiffs in drafting their legal filings. In this case alone, Plaintiff Tala has been assisting in drafting responses to six Motions to Dismiss for Lack of Personal Jurisdiction, which will be followed by six additional Motions to Dismiss for Failure to State a Claim, as well as any potential motions for jurisdictional discovery and mainly to amend the complaint if needed. These efforts are in addition to her responsibilities in other legal matters pending in both federal and state courts.

6. Plaintiffs have been actively attempting to retain legal counsel; however, this has proven challenging due to circumstances beyond their control. These include alleged persistent harassment and intimidation by Gulf Air B.S.C., which Plaintiffs believe are intended to pressure them into dropping the case. Plaintiffs note that counsel for Gulf Air B.S.C. may **not** be aware of the conduct allegedly engaged in by their client.

7. Plaintiffs have attempted to file a police report concerning alleged harassment by Defendant Gulf Air B.S.C., but were unable to do so—not due to a lack of evidence, but were unable to proceed due to circumstances that Plaintiffs believe impeded the process.

8. Plaintiff Tala has experienced what she believes to be unlawful monitoring of her phone and digital communications, along with targeted harassment. Plaintiffs believe these actions are part of a broader effort to intimidate them and pressure them into abandoning their claims. Plaintiff Tala is prepared to submit a sworn declaration attesting to these experiences, should the Court require or permit it.

9. Plaintiffs previously raised concerns regarding this harassment in filings before the Court, seeking appropriate judicial protection through prior motions (Dkt. 30, Dkt. 31)

10. Gulf Air B.S.C. is reportedly finalizing regulatory approval to begin operations in the United States, and American Airlines Inc. is currently the subject of multiple legal challenges and public scrutiny,Plaintiffs respectfully assert that these proceedings implicate serious public interest considerations.

11. Gulf Air B.S.C. is reportedly finalizing regulatory approval to begin operations in the United States, and American Airlines Inc. is currently facing multiple legal challenges and increased public scrutiny—including allegations of systemic noncompliance and discriminatory practices. Among these is a widely reported legal case involving American Airlines' flight attendant recording teenage girls in an aircraft lavatory. Plaintiffs believe that this case adds to the growing legal and reputational pressures facing Defendants, and that it has been met with significant resistance due to its timing and potential to further impact Defendants' business interests.

12. Plaintiff Samiha Ayyash is currently traveling and will be returning home to Virginia next month. While traveling, formally retaining a U.S.-based federal attorney presents significant logistical challenges. Given her current limited mobility condition, these steps are difficult, if not impossible for her to complete at this time. Plaintiff Samiha showed

good faith in participating in this case and will continue to do so and participate as Pro Se until a lawyer is formally retained

13. Plaintiffs respectfully request a thirty (30) day extension of time to respond to Defendants Motion to Dismiss, up through and including June 12, 2025.

14. Enlargements of time are permitted with good cause by Federal Rule of Civil Procedure 6(b). Respectfully, such enlargements of time should be liberally granted absent a showing of bad faith or undue prejudice.

15. Given these circumstances, good cause exists under Federal Rule of Civil Procedure 6(b)(1)(A) for the requested enlargement of time, and Defendants will not be prejudiced by this brief delay.

## **Conferring with Opposing Counsel**

Defendants never reached out to confer about any of their filings, or informal extensions or amendments. In contrast, Plaintiffs showed good faith by contacting American Airlines' counsel in regard to this motion and in waiving service between them which they agreed to. Initially, Plaintiffs intended to file two separate motions for extension of time—one addressing Defendant American Airlines Inc., and a second addressing Defendant Gulf Air B.S.C.

In that context, American Airlines's counsel showed acceptance and, at his request, Plaintiff Tala sent counsel for American Airlines a draft motion limited to that Defendant only. The draft was a brief and straightforward request, stating in substance: *"Plaintiffs are seeking legal assistance in this matter; however, due to time constraints and circumstances beyond their control, they have not had an adequate opportunity to consult with or retain counsel."* Counsel for American

Airlines Inc. did not respond to the draft, possibly due to his workload and due to limited notice or scheduling constraints.

After further research, Plaintiffs have determined that it is procedurally acceptable and more efficient to file a single combined motion addressing both Defendants. Accordingly, the instant motion consolidates Plaintiffs' request for additional time to respond to the motions filed by both American Airlines Inc. and Gulf Air B.S.C., and includes additional context and grounds not previously shared with counsel for American Airlines Inc as it is related to Defendant Gulf Air B.S.C

With respect to Defendant Gulf Air B.S.C., Plaintiffs respectfully submit that their prior efforts to communicate with Defendant have been met with challenges that have made civil and productive dialogue difficult. Plaintiffs initially have made good-faith efforts to engage, but perceived the responses as lacking good faith and not conducive to meaningful discussion. Based on these prior experiences, and out of concern for maintaining the integrity and focus of these proceedings, Plaintiffs concluded that additional outreach to confer regarding this motion would likely not be effective at this time. Therefore, Plaintiffs did not contact Gulf Air B.S.C. in connection with this request for an extension.

Due to the Court's prior decisions not to address Plaintiffs' expressed concerns regarding harassment, Plaintiff Tala has independently notified both counsel for Gulf Air B.S.C. and the Defendant itself of the continued conduct that Plaintiffs believe has impacted their ability to litigate without fear or interference. At this point, Plaintiffs feel intimidated, threatened, and increasingly concerned for their personal safety, based on sustained experiences they attribute to a pattern of harassment. These concerns are not hypothetical but stem from repeated incidents

that have materially affected Plaintiffs' sense of security. Plaintiffs are prepared to submit a sworn declaration attesting to these experiences, should the Court request or permit such a submission.

Plaintiffs also acknowledge that it may be difficult for a state-owned foreign entity to reconcile being challenged by individuals of limited means—particularly self-represented individuals of limited means asserting their legal rights within the U.S. judicial system. Nonetheless, Plaintiffs are American citizens and residents entitled to the full protection of U.S. law, including equal access to the courts. While such a legal confrontation may not have been possible in other jurisdictions, this case is properly before a U.S. federal court, governed by the rule of law and constitutional guarantees.

Despite these challenges, Plaintiffs remain committed to litigating this case on the merits, and doing so in full compliance with the law and applicable procedural rules. Plaintiffs acknowledge that their approach may appear overly cautious, but emphasize that this is a reflection of prior litigation history with Defendant Gulf Air B.S.C., and a necessary safeguard to preserve their rights.

*"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*
 — *U.S. Const. amend. XIV, § 1*

The Fourteenth Amendment to the United States Constitution guarantees all persons the right to equal protection under the law, freedom from discrimination, and protection from the deprivation of life, liberty, or property without due process of law. It also ensures the right to a fair trial and meaningful access to the courts. Plaintiffs are entitled to these constitutional protections, including the right to seek redress, to be free from discriminatory treatment, and to pursue life, liberty, and happiness within a system governed by the rule of law.

**Conclusion**

WHEREFORE, Plaintiffs respectfully request the Court to enter an Order granting the extension of time for Plaintiffs to respond to Defendants' Motion to Dismiss for lack of personal Jurisdiction, up to and including June 12, 2025. Plaintiffs' circumstances present good faith reasons for an extension and they are actively putting efforts to retain counsel. Granting this motion will ensure fairness and protect Plaintiffs' due process rights, while causing no undue harm to Defendants.

Submitted May 12 2025

By Pro Se Plaintiffs

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

*F.H*

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

*S.A*

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767

# CERTIFICATE OF SERVICE

I hereby certify that on May 13 2025, Plaintiffs will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion to Enlarge ( extend ) time

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . USPC Mail

2-Defendant Gulf Air B.S.C., Inc Darcy & Mark  **AT** Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: USPC Mail


Submitted,

May 13 2025

**Pro Se Plaintiffs**

*F.H*

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

*TJ*

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

*S.A*

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767