1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

**Samiha Ayysah, Feras Hindi,**

**Tala Josephano**                                        )        Case No.:  1:24-cv-03434-ACR

                                                                      )
Plaintiffs                                                        )

**American Airlines Inc. ,**                          )

**Gulf Air B.S.C**                                         )
Defendants                                                 )

_____     )

**PLAINTIFFS' EMERGENCY MOTION TO STAY PROCEEDINGS PENDING FEDERAL INVESTIGATION, CONGRESSIONAL REVIEW, AND JUDICIAL DETERMINATION REGARDING FOREIGN INTERFERENCE**

NOW COMES Plaintiffs Samiha, Feras and Tala Josephano, Pro Se, respectfully moving this Court to issue an immediate stay of all proceedings in this matter pending:

1. A federal investigation into the conduct of Defendants Gulf Air B.S.C. and American Airlines Inc., including harassment and their noncompliance with U.S. federal aviation laws, misrepresented declarations, and willful misrepresentation of facts and safety compliance;

2. A meeting with members of the United States Senate and its relevant committees regarding foreign interference by the Kingdom of Jordan King Abdullah, the Kingdom of

**RECEIVED**

JUN 4 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

    Bahrain Prince Suliman, and individuals acting within or in concert with the United States government. Plaintiff Tala has already reached out to two senates already and will be reaching out to the DOJ ;

3. The completion of a thorough review of this Court's own role in potentially facilitating or passively enabling such interference or intimidation;

4. And to allow for the order and completion of protective investigations into Plaintiff's well-documented claims of harassment, retaliation, and unlawful surveillance initiated or supported by foreign powers and potentially overlooked by U.S. authorities, approved on personal level by an authority within the system

5. The court has subject matter and personal Jurisdiction over both Defendants for each Of Plaintiffs' claims

## GROUNDS FOR MOTION

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." See  Landis, 299 U.S. at 254–55 . Plaintiffs request this stay under the Court's well-established authority to manage its docket and prevent injustice. See Landis v. North American Co., 299 U.S. 248, 254 (1936); Clinton v. Jones, 520 U.S. 681, 706 (1997); Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971). Given the credible and ongoing threats to Plaintiff Tala's constitutional rights, personal safety, and ability to fully participate in these proceedings, a temporary stay is necessary and appropriate to protect due process and judicial integrity.

Plaintiffs respectfully notifies the Court that, after a documented series of ignored complaints and escalating retaliation, the failure to order an investigation within the next 48 hours will be the 'last straw.' This final act of inaction, when viewed in context with the Court's prior omissions, left Plaintiffs with no alternative but to pursue remedies outside this forum, including reporting to oversight bodies and the public, as the Court's conduct will have collectively amounted to a denial of due process and protection under the law

Plaintiff Tala presents the following extraordinary circumstances in support of this Motion:

1. A credible and substantiated pattern of foreign harassment, threats, surveillance, and retaliatory conduct directed at Plaintiff and connected to this litigation, including interference with internet access, evidence tampering, and coordinated psychological pressure;

2. The involvement of foreign government actors and their agents operating with impunity, and with concerning silence or complicity from certain segments of U.S. federal agencies, including but not limited to the FAA, which Plaintiff asserts has repeatedly ignored safety and compliance complaints to shield Defendants;

3. The submission of misrepresented documentation by Gulf Air, and attempts to subvert the judicial process by obstructing motions, omission and full declaration of exhibits, and attempt to silencing Plaintiffs;

4. Ongoing retaliation against Plaintiff Tala through social, professional, and digital targeting, which has been documented and previously raised before this Court in her May 27, 2025, Emergency Motion for Protective Order and three times before in multiple submission since February 2025

5. An absence of response from the Court to those serious allegations, raising concerns of due process violations and potential judicial misconduct or bias;

6. An urgent need to prevent this proceeding from being used as a tool of further retaliation or legal laundering of international misconduct by foreign actors.

7. Court and dockets facilitation in favor of both Defendant against Pro Se.

8. The Court's continued failure to respond to these urgent and substantiated allegations, if not remedied by the immediate ordering of an investigation within 48 hours, constitutes the 'last straw' in a series of ongoing due process violations and judicial inaction

9. Plaintiff Tala has all the evidence to need to prove her claims. The public interest is clearly implicated, which justifies a stay so those issues can be reviewed fully and responsibly.

## CONDITIONAL NOTICE OF ACTION

Plaintiff Tala Josephano states unequivocally: If this Court fails to take immediate action or order an investigation within the next 48 hours, she will proceed—without hesitation—to hold all responsible parties publicly and legally accountable.

Specifically, She will:

1. Name the Court and the presiding Judge as respondents in formal complaints to the United States Senate, the Department of Justice, the State Department, and all relevant oversight and ethics bodies, explicitly documenting the Court's inaction and disregard for my life-threatening circumstances.

2. File a public report with national and international media outlining the Court's failure to protect a U.S. resident from targeted foreign harassment, surveillance, and retaliation, and exposing any perceived favoritism or complicity in these unlawful acts.

3. Pursue all available legal remedies, including but not limited to, filing claims under civil conspiracy statutes against any individual or institution—including this Court—that has knowingly ignored or enabled these ongoing violations of my rights and safety.

4. Publicly identify, by name, every individual and entity involved in obstructing justice or enabling this misconduct, including through peaceful protest and lawful public demonstration. Plaintiff Tala has no issue camping in front of the Senate building until the meeting day to protect herself while holding a sign stating her fear.

Let there be no misunderstanding, Plaintiff is fully prepared to take these steps, regardless of any threats of sanctions or incarceration, this court biased power doesn't scare a person on the right seeking justice. Her respect for the law and this institution is unwavering, but her commitment to defending innocent lives, her own life, her rights, and the principles of justice is even stronger. If the Court continues to ignore its duty, Plaintiff will ensure that the truth is brought to light and that every avenue for accountability is pursued. Plaintiffs respectfully note procedural concerns regarding the handling of this case, including its direct assignment to Judge Ana Reyes without referral to a magistrate judge.

Plaintiffs further observe that certain actions and language from the Court appear to have favored Defendants in ways that raise concerns about impartiality. Although Plaintiffs have not formally moved for recusal, they submitted a Notice indicating their intent to prepare a recusal motion, in the belief that the Court would voluntarily consider stepping aside to preserve the appearance of fairness. To date, no such recusal has occurred, and Plaintiffs remain concerned that this has

compromised the perception of neutrality in a matter involving serious public safety implications.

Defendants will suffer no undue prejudice from a temporary stay of proceedings, unless and until they are proven complicit in the underlying misconduct—which Plaintiffs allege they are. In contrast, Plaintiffs, particularly Plaintiff Tala, face ongoing and escalating harm, including threats to her safety and violations of her constitutional rights. The disparity in harm is substantial. A stay is necessary not only to protect Plaintiffs' access to justice, but also to prevent irreparable injury while serious allegations remain unresolved and the Court continues to observe without intervention.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully requests that this Court:

1. Immediately STAY all proceedings for all Plaintiffs in this case until a neutral, independent investigation is ordered and completed into the conduct of Gulf Air B.S.C. and American Airlines Inc., including their documented fraud, noncompliance with federal aviation laws, and willful misrepresentation of facts to this Court and their influence inside this court

2. Order an urgent protective investigation into Plaintiff Tala's ongoing harassment, retaliation, and unlawful surveillance, which has been reported to law enforcement and is supported by multiple police reports. This includes surveillance enabled or supported by foreign governments authorized by someone in the USA government, specifically tied to the Kingdom of Jordan, in retaliation for Plaintiff's activism and public criticism of their corrupted regime in stealing US Aid money

7

3. Acknowledge and address the Court's own inaction in failing to respond to three (3) prior serious requests for investigation and protection, which has left Plaintiff exposed to escalating danger, including interference with Plaintiff's electronic devices, tampering with food and medicine, and psychological harassment.

4. Warn and restrain Defendants, their counsel, and any associated government agents from further harassment, interference, or intimidation of Plaintiff, directly or indirectly, throughout the duration of these proceedings.

5. Plaintiffs respectfully request that the Court authorize the issuance of a subpoena directed to the appropriate federal agency or entity, compelling disclosure of the identity of the official(s) who authorized or approved any surveillance activities targeting Plaintiff Tala. Plaintiffs allege that such surveillance, if conducted without legal basis or judicial oversight, constituted a violation of Plaintiff Tala's constitutional rights under the First, Fourth, and Fifth Amendments, as well as applicable federal statutes and international human rights standards. The subpoena is necessary to identify responsible parties and preserve evidence essential to Plaintiffs' claims.

6. Refer this matter to the appropriate Congressional oversight committee and DOJ, State Department and federal investigative authorities for immediate review of foreign interference and government complicity in the harassment and targeting of US Plaintiff.

7. Order investigation on the FAA and their colluding with Gulf Air and American Airlines especially Agent Ryan Landers and Marc Nichols. Plaintiffs will not submit evidence without another official being present in this court

8. Order any other relief deemed just and necessary to protect Plaintiffs' constitutional rights, personal safety, and the integrity of these proceedings, including access to secure

    technology and communication channels so Plaintiffs may participate fully in her own defense.

Plaintiff Tala emphasizes that the continued failure of this Court to act places her life and safety at immediate risk. Plaintiff cannot respond to motions, access her own legal documents, or safely participate in these proceedings due to ongoing surveillance and intimidation. The Court's silence and inaction, after repeated urgent requests, have left Plaintiff with no choice but to seek outside intervention and to notify oversight bodies and the public if relief is not granted within 48 hours.

**Respectfully submitted,**

Dated: June 4, 2025

  **Pro Se Plaintiffs**

*Tala Josephano*
615 S Catalina Ave #233
Redondo Beach, CA 90277

347-749-4980

*Feras Hindi*
7823 New London Dr.
Springfield, VA 22153

703-980-6955

*S.A*

*Samiha Ayyash*
 7823 New London Dr.
 Springfield, VA 22153

703-623-3767

# CERTIFICATE OF SERVICE

I hereby certify that on June 4 2025, Plaintiff Feras Hindi, Plaintiff Tala & Plaintiff Samiha will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Emergency Motion

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Email

2-Defendant Gulf Air B.S.C., Inc Darcy & Mark  **AT** Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Email, First Class mail

Submitted,

June 4  2025

**Pro Se Plaintiffs**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767