UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

**Samiha Ayysah, Feras Hindi,**

| | | |
|---|---|---|
| **Tala Josephano** | ) | Case No.: 1:24-cv-03434-ACR |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT GULF AIR'S EXHIBIT A**

Upon consideration of *Plaintiffs' Motion to Strike Defendant Gulf Air's Exhibit A* (ECF No. 43) attached to the Declaration of Captain Qasim Ghuloom Ismaeel, for the following reasons:

1. Exhibit A is materially outdated, affirmatively incomplete, and not tailored to the jurisdictional issues before the Court.

2. Exhibit A fails to comply with Section 5(b) and Section 7 of the Court's Standing Order (April 2024), requiring exhibits to include only relevant and material content.

3. The declarant's sworn statement and the accompanying email from December 17, 2022, contain materially conflicting information concerning the decedent's employment,



**RECEIVED**

JUN 9 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

    domicile, and promotion history, undermining the reliability of the declaration and Exhibit A.

4. Exhibit A is not relevant under Federal Rule of Evidence 401 and is prejudicial under Rule 403, as its probative value is substantially outweighed by the danger of misleading the Court and causing undue delay and prejudice.

5. The submission of Exhibit A appears calculated to obscure jurisdictionally dispositive facts, including Gulf Air's waiver of sovereign immunity under U.S. Department of Transportation codeshare authority and the decedent's domicile in the United States.

6. The Court finds that the continued presence of Exhibit A in the record risks compromising the integrity of these proceedings and imposes an undue burden on Plaintiffs, particularly given their pro se status.

Accordingly, it is hereby:

ORDERED that *Plaintiffs' Motion to Strike* is GRANTED;

ORDERED that Exhibit A to the Declaration of Captain Qasim Ghuloom Ismaeel (ECF No. 43-2) is STRICKEN in its entirety from the record;

ORDERED that any reference to Exhibit A in Defendant Gulf Air's filings, including but not limited to the declaration and motion to dismiss, shall be disregarded or STRICKEN for purposes of ruling on jurisdictional and dispositive matters in this case;

FURTHER ORDERED that Plaintiffs are granted leave to submit a list of requests for limited jurisdictional discovery related to Defendant Gulf Air's personal jurisdiction and codeshare operations, as part of a forthcoming motion or supplement to this motion.

Case 1:24-cv-03434-ACR    Document 50    Filed 06/09/25    Page 3 of 4

SO ORDERED.

Dated: _____, 2025

Hon. Ana C. Reyes

United States District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on June 9 2025, Plaintiff Feras Hindi, Plaintiff Tala & Plaintiff Samiha will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Proposed Order Motion To Strike DKT 47

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Email

2-2-Defendant Gulf Air B.S.C., Inc Darcy & Mark **AT** Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Email

Submitted,

June 9 2025

**Pro Se Plaintiffs**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767