IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) Case No. 1:24-cv-03434-ACR |
| v. | ) |
| | ) |
| GULF AIR B.S.C. (C), *et al.*, | ) |
| | ) |
|    Defendants. | ) |
| | ) |

**DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO PLAINTIFF TALA JOSEPHANO'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND REQUEST FOR IN CAMERA HEARING**

Defendant, Gulf Air B.S.C. (c) ("Gulf Air") submits its Opposition to Tala Josephano's ("Plaintiff Josephano" or "Plaintiff") Emergency Motion for Protective Order and Request for in Camera Hearing[1] (hereinafter, "Plaintiff's Motion," "Motion for Protective Order" or "Motion") (Dkt. 46) and requests an award of attorney's fees in connection with preparing this Opposition and/or sanctions for Plaintiff's willful disregard of this Court's March 26, 2025, Order, persistent bad faith, and abuse of the legal process. In support thereof, Gulf Air respectfully states as follows:

---

[1] The full title of Plaintiff's Motion is "Plaintiff Tala Josephano's Emergency Motion for Protective Order and Request for In Camera Hearing Due to Harassment and Safety Threats by Defendant Gulf Air, the Jordanian Government on Behalf of King Abdullah, Prince Suleiman the Real Owner of Gulf Air B.S.C., and Individuals Assisting them within the U.S. Government." (Dkt. 46).

**INTRODUCTION**

On March 26, 2025, this Court entered an Order prohibiting the parties from filing further motions without leave of Court ("the March Order").[2] Nonetheless, Plaintiff Josephano filed her Motion for Protective Order *without* leave of Court on May 27, 2025. In her Motion she claims, without providing any evidence in support thereof, to be a victim of "harassment" and "coordinated surveillance." Plaintiff's Motion at 4 (Dkt. 46). According to Plaintiff Josephano, Gulf Air, along with the Kingdom of Jordan and (possibly) the Kingdom of Bahrain, are operating through "British intermediaries," with assistance from "individuals in the United States government," to conspire against Plaintiff. *Id.* at 2, 4. The Motion does not provide the identity of any British or U.S. government official. As a result of the acts of these co-conspirators, the vast majority of whom are unnamed and unidentified, she seeks the following relief: (1) an evidentiary hearing to resolve the motion; (2) a "comprehensive protective order prohibiting any party, their agents, or any affiliated third parties from engaging in further harassment, intimidation, and surveillance"; (3) a referral to the United States Attorney for the District of Columbia, the Federal Bureau of Investigation (FBI) and the Department of Justice's National

---

[2] Prior to the March Order, Plaintiff Josephano and her co-plaintiffs, Plaintiff Samiha Ayyash and Plaintiff Feras Hindi, filed multiple baseless motions in which they repeatedly sought an entry of default against Defendants and accused the Court of incompetence, negligence and "intentional foul play." Although those motions were docketed as separate entries purportedly filed separately by each respective Plaintiff, it appears that most, if not all of the prior motions were prepared, at least in part, by Plaintiff Josephano. *See* Plaintiffs' Motion For Extension of Time to Respond (Dkt. 45, at 3) (noting that Plaintiff Tala is "assisting co-Plaintiffs in drafting their legal filings" including their responses to Defendants' pending motions to dismiss). Plaintiff Josephano's actions in this regard are improper, as this Court has previously found that "it is long established that a pro se litigant generally cannot represent the interests of other individuals." *Silvious v. Coca-Cola Co.*, 893 F. Supp. 2d 233, 236–37 (D.D.C. 2012) (citing 28 U.S.C. § 1654). In addition, it appears from the signature blocks of various filings that the same individual is signing pleadings filed on behalf of all three Plaintiffs, which, if true, would also be improper.

Security Division "for immediate investigation"; and (4) the appointment of a Special Master or Independent Monitor. *Id.* at 6.

Plaintiffs in this action are no strangers to conspiracy theories, having previously asserted that the office of the Clerk of this Court was conspiring against them to benefit Gulf Air. *See, e.g.*, Plaintiff's Seven-Day Notice of Intent to File Entry of Default Judgment & Notice to the Court Regarding Clerk's Facilitation of Prejudicial Actions Against Plaintiff Feras Hindi (Dkt. 28 at 6); Plaintiff Samiha Ayyash's Seven-Day Notice of Intent to File Entry of Default Judgment and Notice of Prejudicial Actions Against Plaintiff (Dkt. 29 at 4). While Plaintiff Josephano's new claims involve an alleged multi-national, transatlantic conspiracy, and are certainly more fantastical, they are equally baseless, amounting to nothing more than a transparent attempt to disparage Gulf Air and delay the resolution of Gulf Air's pending Motion to Dismiss for Lack of Jurisdiction (Dkt. 43). To be sure, Plaintiff has failed to provide any factual support for her preposterous claims and outlandish conspiracy theories, evidencing a clear and reckless disregard for the truth.

Plaintiff Josephano's repeated contempt for the Court's rules and the March Order, as well as her blatant attempt to harm Gulf Air's reputation with baseless accusations, should not be without consequences. Accordingly, Gulf Air requests that the Court strike the Motion for Protective Order for violating the Court's March 26, 2025, Order and on the grounds that the Motion contains unfounded, scandalous and abusive claims. Further, the Court should award Gulf Air attorney's fees incurred in connection with responding to such a frivolous and unauthorized filing.

**ARGUMENT**

I.   **THE COURT SHOULD STIKE PLAINTIFF'S IMPROPER FILING.**

District courts possess "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This inherent power "includes the authority to strike material from [the] docket for noncompliance with court orders or rules." *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558 (JDB), 2023 WL 22059, at *3 (D.D.C. Jan. 3, 2023), *appeal dismissed*, No. 23-7067, 2024 WL 4824595 (D.C. Cir. Oct. 8, 2024). A court may strike "any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Hlfip Holding, Inc. v. Rutherford Cnty., Tennessee*, No. 3:19-CV-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020). The inherent power doctrine, therefore, "enables courts to protect their institutional integrity and to guard against abuses of the judicial process." *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995).

Plaintiff Josephano filed her Motion for Protective Order without leave of Court and, therefore, violated the Court's March Order. Accordingly, the Court should exercise its inherent powers and strike the Motion for Protective Order. *See, e.g.*, *Doe #1*, No. CV 20-1558 (JDB), 2023 WL 22059, at *5 (striking filing for its failure to comply with prior court order). Moreover, the Court may also exercise its inherent authority to strike the Motion for Protective Order on grounds that it is abusive, scandalous and advances baseless conspiracy theories and falsehoods in an effort to harm Gulf Air. *Id*. (citing *Hlfip Holding, Inc.*, 2020 WL 6484254, at *2); *see also Shepherd*, 62 F.3d at 1472 (finding that court's inherent power can even include outright dismissal of lawsuit for abusive behavior).

4

## II. THE MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED BECAUSE PLAINTIFF FAILED TO DEMONSTRATE GOOD CAUSE.

Even if the Court declines to strike the Motion for Protective Order, the Court should deny the Motion for several compelling reasons.

First and foremost, protective orders serve to protect parties from disclosure of information in the normal course of litigation, not unfounded conspiracy theories. A protective order, therefore, cannot provide Plaintiff the relief she seeks. Requests for a protective order are governed by Federal Rule of Civil Procedure 26(c). *See Petruss Media Grp., LLC v. Advantage Sales & Mktg. LLC*, 347 F.R.D. 39, 41 (D.D.C. 2024). Rule 26(c) permits "[a] party or any person from whom discovery is sought" to seek such an order. Fed. R. Civ. P. 26(c). Here, Plaintiff is not requesting a protective order related to discovery or to prevent the disclosure of confidential information. Rather, she seeks an order prohibiting Gulf Air and "any affiliated third parties" from engaging in unspecified acts that she has characterized as "harassment, intimidation, and surveillance." Plaintiff's Motion at 6.

To the extent Rule 26 is the proper basis for Plaintiff's Motion, she has the burden of proving that there exists good cause to grant the relief she seeks. It is clear by the very nature of the Motion that she cannot. The only way to establish good cause under Rule 26(c) is "by demonstrating the specific evidence of the harm that would result." *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C.) (quoting *Jennings v. Family Management*, 201 F.R.D. 272, 275 (D.D.C. 2001)). Even a cursory review of her Motion makes clear that Plaintiff has failed to meet her burden in this regard. The Motion is completely devoid of any specificity with respect to any alleged actions undertaken by Gulf Air which would justify the issuance of a protective order. Instead, Plaintiff includes only vague references and concludes, without any supporting evidence, that she has been subject to "harassment," "intimidation," and alleged

5

"surveillance." Plaintiff's Motion at 1. As a result, Plaintiff has failed to demonstrate any need for a protective order, let alone any specific harms that would befall her without such an order. Accordingly, Plaintiff failed to meet the requisite good cause showing under Rule 26(c) and her request should be denied.

Furthermore, without identifying any specific acts allegedly constituting "harassment," "intimidation," or "surveillance," the Court is seemingly incapable of fashioning an order that can be tailored to address Plaintiff's unfounded concerns while not unreasonably and/or impermissibly restricting Gulf Air's activities. Additionally, the alleged "affiliated third parties" to whom the requested protective order would presumably also apply, including the governments of Bahrain and Jordan and unspecified individuals within the United States government, are not parties to this action and not properly before this Court. Nonetheless, any purported claim against either foreign governmental entity is likely barred by the Foreign Sovereign Immunities Act. For all of these reasons, Plaintiff's Motion should be denied.

### III. THE COURT SHOULD AWARD GULF AIR ITS ATTORNEY'S FEES.

The Court should deny Plaintiff's Motion for Protective Order and award Gulf Air its attorney's fees and costs incurred in opposing Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 37(a)(5). Rule 26(c)(3) "incorporates [Rule] 37(a)(5) and states that if the court denies a motion for a protective order, the court 'must, after giving an opportunity to be heard, require the movant . . . to pay' the opposing party's expenses and attorney's fees." *Jones v. Dufek*, 830 F.3d 523, 528 (D.C. Cir. 2016) (quoting Fed. R. Civ. P. 37(a)(5)(B)). The prevailing party is entitled to such an award unless the court finds that the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "A party meets the substantially justified standard if there is a genuine dispute or if reasonable

people could differ as to the appropriateness of the motion." *In re Donna*, No. AP 16-10026, 2019 WL 5550596, at *13 (D.D.C. Oct. 28, 2019) (cleaned up).

For the reasons articulated herein, Plaintiff's Motion is not "substantially justified." In fact, Plaintiff's Motion is nothing more than a smear campaign against Gulf Air in which Plaintiff asserts disparaging and fantastical allegations that are not grounded in fact or reality. As the Motion is completely unjustified, there are no other circumstances that would make an award of expenses unjust. Accordingly, the Court should award Gulf Air its costs and reasonable attorney's fees expended in responding to Plaintiff's Motion pursuant to Fed. R. Civ. P. 37(a)(5)(B).

This Court has the "inherent authority to sanction 'the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . .'" *Peterson v. Islamic Republic of Iran*, 224 F. Supp. 3d 17, 26 (D.D.C. 2016) (quoting *Marx v. General Revenue Corp.*, 568 U.S. 371, (2013)). Included in its inherent authority is an ability to award attorney's fees as a form of sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).[3]

The Court can and should sanction Plaintiff Josephano for her willful disregard of the March Order. The March Order was clear – "The Court ORDERS that no parties are permitted to file any further motions without leave of Court." Not only has Plaintiff violated the March Order by filing the instant Motion without leave of court, but she has consistently continued to violate the March Order and apparently intends to keep doing so. *See* Plaintiffs' Motion to Strike Defendant Gulf Air's Exhibit A filed on May 29, 2025 (Dkt. 47); Plaintiffs' Emergency

---

[3] Rule 11 does not displace a district court's ability to issue sanctions under its inherent power, nor is a district court prevented from issuing sanctions through its intrinsic authority simply because the conduct in question could also be sanctioned under a statute or Rule. *Chambers*, 501 U.S. at 48–50.

Motion to Stay Proceedings Pending Federal Investigation, Congressional Review, and Judicial Determination Regarding Foreign Interference filed on June 4, 2025 (Dkt. 49); *see also* Plaintiff's Motion at 5 (listing at least six (6) other motions that Plaintiff(s) intend(s) to file).

The Court should also exercise its inherent authority to sanction Plaintiff for exhibiting bad faith and acting in a vexatious manner throughout these proceedings as evidenced by multiple frivolous filings (and apparently assisting the co-plaintiffs with the same) against Gulf Air and Court staff,[4] repeatedly disregarding the rules of this Court and the March 26, 2025, Order, and for advancing scandalous and false allegations against Gulf Air in a blatant attempt to cause it harm. Plaintiff's status as a *pro se* litigant does not excuse her repeated and continued filing of baseless accusations which serve no purpose other than to harm the reputation of Gulf Air. Gulf Air, therefore, respectfully requests that the Court award attorney's fees incurred by Gulf Air in preparing the instant Opposition. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46.

## CONCLUSION

For the foregoing reasons, Defendant, Gulf Air B.S.C. (c) respectfully requests that the Court deny Plaintiff's Motion for Protective Order and Request for In Camera Hearing, award Gulf Air its attorney's fees for having to prepare the instant Opposition pursuant to Rule 37 or the Court's inherent authority, and grant Gulf Air such other relief as it deems just and proper.

---

[4] Plaintiffs continue to accuse Court personnel of engaging in improper conduct. *See*, *e.g.*, Plaintiffs' Emergency Motion to Stay Proceedings Pending Federal Investigation, Congressional Review, and Judicial Determination Regarding Foreign Interference filed on June 4, 2025, at 4 (Dkt. 49).

Dated: June 10, 2025

                                        Respectfully Submitted,

                                        **ECKERT SEAMANS CHERIN**
                                          **& MELLOTT, LLC**

                                        */s/ Mark A. Johnston*
                                        Mark A. Johnston, Esq.
                                        D.C. Bar No. 455764
                                        Darcy C. Osta, Esq.
                                        D.C. Bar No. 1686937
                                        1717 Pennsylvania Ave., N.W.,
                                        Suite 1200
                                        Washington, D.C. 20006
                                        (202) 659-6600
                                        dosta@eckertseamans.com
                                        mjohnston@eckertseamans.com

                                        *Counsel for Gulf Air B.S.C. (c)*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

>Tala Josephano
>615 Catalina Avenue, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*
>
>Samiha Ayyash
>Feras Hindi
>7823 New London Drive, #233
>Springfield, VA 22153
>*Pro Se Plaintiffs*

>*/s/ Mark A. Johnston*
>Mark A. Johnston