IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, )<br>)<br>　　　Plaintiffs, )<br>) Case No. 1:24-cv-03434-ACR<br>v. )<br>)<br>GULF AIR B.S.C. (C), *et al.*, )<br>)<br>　　　Defendants. )<br>_____) | |

**DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EVIDENCE ("EXHIBIT A") UNDER COURT INHERENT AUTHORITY**

Gulf Air B.S.C. (c) ("Gulf Air") submits its Opposition to Plaintiffs Tala Josephano's, Samiha Ayyash's, and Feras Hindi's (hereinafter, "Plaintiffs") Motion to Strike Defendant Gulf Air's Evidence "Exhibit A" Under Court Inherent Authority (hereinafter, "Motion to Strike" or "Motion") (Dkt. 47), and in support thereof, Gulf Air respectfully states as follows:

**INTRODUCTION**

In the instant Motion Plaintiffs request that this Court use its inherent authority to strike Exhibit A to the Declaration of Captain Qasim ("Exhibit A"), which was filed in support of Gulf Air's pending Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (Dkt. 43). Specifically, Plaintiffs argue that Exhibit A, consisting of the original employment agreement between Gulf Air and the Decedent, Captain Alhindi, and two subsequent renewals thereof, is "misleading," an "incomplete presentation of facts," and "deceptive" because it does not include additional versions of the agreement that Plaintiffs insist must exist to coincide with Decedent's promotions throughout the years. *See, e.g.*, Plaintiffs' Motion at 5-9.[1] As a result, Plaintiffs assert

---

[1] Importantly, Plaintiffs do not attach any subsequent employment agreements to their Motion or otherwise produce any evidence to support their assertion that such agreements actually exist.

that the Court should use its inherent authority to strike Exhibit A from the record.  Plaintiffs' Motion at 5–8.

While Gulf Air acknowledges and does not dispute that courts possess broad authority to strike improvident and improper filings in circumstances involving abuse and/or prejudice to the non-moving party, Plaintiffs have failed to meet their burden to demonstrate that the document they seek to strike falls within the very narrow scope of materials subject to being stricken, as Exhibit A is not scandalous, impertinent, extreme or offensive and it unquestionably bears a relationship to the issues in controversy.  *See, e.g.*, *Hlfip Holding, Inc. v. Rutherford Cnty., Tennessee*, No. 3:19-CV-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020).  In addition, and despite Plaintiffs' claims to the contrary, Exhibit A neither violates this Court's Standing Order in Civil Cases ("Standing Order") nor any applicable rule.  Thus, the case law on which Plaintiffs rely in support of their request to strike is inapposite.

In fact, Plaintiffs are the only parties that have systematically failed to comply with this Court's Orders and rules.  The instant Motion was filed in violation of the Court's March 26, 2025 Order ("March Order") and demonstrates a troubling pattern of openly defying court orders[2] in a transparent attempt to delay resolution of Gulf Air's pending Motion to Dismiss for as long as possible.[3]  Accordingly, Gulf Air requests that the Court strike the Motion to Strike for violating

---

[2] *See, e.g.*, Plaintiff Tala Josephano's Emergency Motion for Protective Order and Request for in Camera Hearing (filed May 27, 2025) (Dkt. 46); Plaintiffs' Emergency Motion to Stay Proceedings Pending Federal Investigation, Congressional Review, and Judicial Determination Regarding Foreign Interference filed on June 4, 2025 (Dkt. 49), all of which were filed without leave of Court.

[3] Plaintiffs requested and were granted a thirty (30) day extension of time, until June 12, 2025, to respond to Gulf Air's Motion to Dismiss.  *See* May 19, 2025, Minute Order.  From the time that Plaintiffs requested their extension to the new response deadline, Plaintiffs have filed three motions (Dkts. 46, 47, 49) and have apparently been working on at least six (6) other motions that Plaintiff(s) intend(s) to file in the near future.  *See* Plaintiff Tala Josephano's Emergency Motion

the Court's March Order and consider whether further sanctions are warranted to prevent future abuses of the legal process.

## ARGUMENT

### I. PLAINTIFFS FAILED TO ARTICULATE ANY LEGITIMATE REASON WHY THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO STRIKE EXHIBIT A.

District courts possess "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The inherent power doctrine "enables courts to protect their institutional integrity and to guard against abuses of the judicial process." *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995). A court may, therefore, strike "any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Hlfip Holding, Inc.*, 2020 WL 6484254, at *2.

However, motions to strike are generally disfavored and should be used sparingly. *Khan v. U.S. Dep't of Homeland Sec.*, No. CV 22-2480 (TJK), 2024 WL 4164644, at *5 (D.D.C. Sept. 12, 2024). As courts have explained:

> Although a motion to strike rests within the discretion of the trial judge, it is disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration and their presence in the pleading throughout the proceeding will be prejudicial to the moving party. Motions to strike will generally be granted as to alleged "scandalous or impertinent" language only where the language is "extreme or offensive." An allegation may be stricken as immaterial only when it bears no possible relationship

---

for Protective Order and Request for In Camera Hearing Due to Harassment and Safety Threats by Defendant Gulf Air, the Jordanian Government on Behalf of King Abdullah, Prince Suleiman the Real Owner of Gulf Air B.S.C. (c), and Individuals Assisting them within the U.S. Government (Dkt. 46 at 5). It is clear that Plaintiffs' goal is to circumvent a speedy resolution of the jurisdictional issues raised in Gulf Air's Motion to Dismiss thereby unnecessarily prolonging the litigation. To that end, Plaintiffs have improperly attempted to use the instant Motion as a vehicle to substantively attack the jurisdictional arguments raised in Gulf Air's Motion to Dismiss. Plaintiffs should not be permitted to have a "second bite at the apple."

3

> to the controversy. Courts generally grant a motion to strike only where it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.

*Hlfip Holding*, *Inc.*, 2020 WL 6484254, at *2 (internal quotations omitted) (internal citations omitted).

Here, Plaintiffs failed to identify any portion of Exhibit A that could be deemed "scandalous," "impertinent," "extreme" or "offensive" such that it would be appropriate for this Court to strike it from the record. *Id.* Rather, Plaintiffs attempted to put forth "facts" to purportedly refute Exhibit A and the legal conclusions drawn therefrom, which does not operate to transform Exhibit A into scandalous, offensive or prejudicial material, and does not establish sufficient grounds to strike Exhibit A under the Court's inherent authority. Nor can Plaintiffs credibly claim that Exhibit A is "so unrelated to [their] claims as to be unworthy of consideration," as they have admitted that Exhibit A is relevant to the issue of domicile, which directly bears on the Rule 12(b)(2) argument asserted in Gulf Air's Motion to Dismiss. To be sure, Plaintiffs devote an entire section in their Motion to argue that Exhibit A cannot be used to prove the Decedent's domicile at the time of this death.

The Court's inherent power "includes the authority to strike material from [the] docket for noncompliance with court orders or rules." *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558 (JDB), 2023 WL 22059, at *3 (D.D.C. Jan. 3, 2023), *appeal dismissed*, No. 23-7067, 2024 WL 4824595 (D.C. Cir. Oct. 8, 2024); *see also Est. of Fakhoury v. Islamic Republic of Iran*, No. CV 21-1218 (JDB), 2022 WL 3355799, at *4 (D.D.C. Aug. 15, 2022) (striking sur-reply filed without court permission). Plaintiffs assert that Exhibit A violates Section 5(b) of the Standing Order because it includes "irrelevant and outdated material," and must be stricken pursuant to Section 7. Plaintiff's Motion at 9, 11-12, 31. However, Section 5(b) cannot form the bases for Plaintiffs'

motion to strike as the purpose of the rule is to control, to the extent possible, the volume of exhibits submitted in support of a motion by ensuring that parties do not include extraneous materials. For example, Rule 5(b) operates to preclude parties from filing an entire deposition transcript when the filing only cites and/or refers to several pages of testimony. Exhibit A is certainly not extraneous and is directly related to the issues raised in Gulf Air's Motion to Dismiss. As Section 5(b) is not applicable, Exhibit A cannot be "rejected" for any perceived non-compliance under Section 7.[4]

Conversely, Plaintiffs' Motion is exactly the type of motion that should be stricken under the Court's inherent authority because it violates the Court's March Order. Accordingly, the Court should exercise its inherent powers and to strike Plaintiffs' Motion. *See, e.g.*, *Doe #1*, No. CV 20-1558 (JDB), 2023 WL 22059, at *5 (striking filing for its failure to comply with prior court order). Moreover, the Court may also exercise its inherent authority to strike the Motion to Strike on grounds that it is part of a pattern of improper, abusive, and burdensome litigation conduct by Plaintiffs. *See id.* (citing *Hlfip Holding, Inc.*, 2020 WL 6484254, at *2); *see also Shepherd*, 62 F.3d at 1472 (finding that court's inherent power can even include outright dismissal of lawsuit for abusive behavior).

---

[4] Plaintiffs also argue that Exhibit A should be excluded under Federal Rules of Evidence 401 and 403. Plaintiffs' Motion at 26-32. To the extent that the Federal Rules of Evidence apply to exhibits submitted in support of a motion to dismiss, Plaintiffs have failed to demonstrate that Exhibit A is either irrelevant or unduly prejudicial. Plaintiffs also complain of having suffered prejudice because they were "force[d]" to write the instant Motion and lengthy Memorandum. Plaintiff's Motion at 30. However, Plaintiffs' arguments are unavailing, as they could have, and should have, addressed their issues with Exhibit A in their opposition to Gulf Air's Motion to Dismiss, saving themselves the time and effort of preparing the instant Motion.

## II.    THE MOTION TO STRIKE IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY BASELESS, AND IT SHOULD BE DENIED.

Even if the Court declines to strike the Motion, the Motion is without merit and should be denied for several reasons. First, Plaintiffs' Motion is an improper attempt to oppose Gulf Air's Motion to Dismiss on the merits. Plaintiffs use the instant Motion as an attempt to attack the completeness or credibility of Exhibit A while simultaneously advancing argument that the Decedent was domiciled in the State of Illinois at the time of his death. *See, e.g.*, Dkt. 47-1, at 20. This is nothing more than a ploy by Plaintiffs to circumvent the Court's 45-page limitation for their opposition. *See* LCvR 7(e). Indeed, Plaintiffs' supporting Memorandum itself was almost 40 pages. Plaintiffs' Motion is a transparent attempt to end run the Court's rules which should not be permitted.

Moreover, Plaintiffs' argument in support of their request to strike Exhibit A is largely premised on false assertions and mistaken assumptions. For example, Plaintiffs claim that the employment contracts attached as Exhibit A terminated or expired after 2004. *See* Plaintiffs' Motion at 11, 25, 27, 29, 30-31 (claiming that last employment contract "indisputably ends" in 2004). Plaintiffs ignore the plain terms of the 2004 contract, which clearly state that the term thereof "shall subsist for an **indefinite period** commencing from **18th February, 2005**." *See* Exhibit A to Exhibit 1 to Gulf Air's Motion to Dismiss (emphasis in original) (Dkt. 43-2 at 10). Therefore, Plaintiffs' assertion that there is "no evidence of continued contractual validity beyond 2004," is simply incorrect and contrary to the clear terms of the agreement. Plaintiffs' Motion at 25.

As Plaintiffs mistakenly believe that the 2004 agreement expired, they conclude that there must be subsequent employment contracts between Gulf Air and the Decedent that coincide with his subsequent promotions. As a result, the apparent absence of any subsequent agreements

allegedly evidences Gulf Air's intentional "concealment" of operative facts from the record.  *See* Plaintiffs' Motion at 13, 16, 18.  Again, Plaintiffs have produced no support for their allegations in this regard, and as a result, such allegations are insufficient to support their request to strike Exhibit A.[5]

## CONCLUSION

For the reasons stated herein, Plaintiffs have failed to articulate sufficient grounds to support their request that this Court exercise its inherent authority to strike Exhibit A, as it is clearly relevant to the claims at issue in this case and it does not contain any statement or language that can even potentially be deemed offensive or abusive.  Additionally, Plaintiffs' claims that Gulf Air violated the Standing Order or the Federal Rules of Evidence are completely without merit.  Rather, it is the Plaintiffs who have repeatedly engaged in sanctionable conduct by violating this Court's Orders and the applicable rules with frivolous filings aimed at preventing the speedy resolution of Gulf Air's Motion to Dismiss, forcing Gulf Air to expend significant time and resources in responding thereto.

Defendant, Gulf Air B.S.C. (c), therefore, respectfully requests that the Court deny Plaintiff's Motion to Strike Exhibit A and grant Gulf Air such other relief as it deems just and proper.

---

[5] Plaintiffs also argue that the Court should disregard Exhibit A because the last employment contract contained therein is between Gulf Air Company GSC and the Decedent, and because Gulf Air's name subsequently changed from Gulf Air Company G.S.C. to Gulf Air B.S.C. (c), the agreement is not an accurate reflection of the terms of the Decedent's employment, including his salary, aircraft assignments or job duties, at the time of this death.  *See, e.g.*, Plaintiffs' Motion at 7, 13–14.  However, the terms of Decedent's employment are not at issue in this case and the fact that he was employed by Gulf Air at the time of his death is not in dispute.

Dated: June 12, 2025

          Respectfully Submitted,

          **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

          */s/ Mark A. Johnston*
          Mark A. Johnston, Esq.
          D.C. Bar No. 455764
          Darcy C. Osta, Esq.
          D.C. Bar No. 1686937
          1717 Pennsylvania Ave., N.W.,
          Suite 1200
          Washington, D.C. 20006
          (202) 659-6600
          dosta@eckertseamans.com
          mjohnston@eckertseamans.com

          *Counsel for Gulf Air B.S.C. (c)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

> Tala Josephano
> 615 Catalina Avenue, #233
> Redondo Beach, CA 90277
> *Pro Se Plaintiff*
>
> Samiha Ayyash
> Feras Hindi
> 7823 New London Drive
> Springfield, VA 22153
> *Pro Se Plaintiffs*

*/s/ Mark A. Johnston*
Mark A. Johnston