UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| **Samiha Ayysah, Feras Hindi,** | ) | |
| **Tala Josephano** | ) | Case No.: 1:24-cv-03434-ACR |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc.,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| | ) | |

**Plaintiffs' Motion For Leave To Conduct Discovery Limited To The Issue Of Personal Jurisdiction over Defendant American Airlines Inc**

In order to develop the factual record necessary to oppose Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiffs respectfully move this Court for an Order granting leave to conduct discovery limited to whether Defendant, American Airlines, Inc. ("Defendant" or "American Airlines"), is subject to the personal jurisdiction of this Court.

Plaintiffs seek jurisdictional discovery because relevant facts regarding Defendant's contacts with the District of Columbia—including the nature, scope, and extent of its business activities, regulatory filings, consent, and corporate presence—are uniquely within the knowledge or control of Defendant and/or third parties and are essential to the jurisdictional analysis. Plaintiffs


RECEIVED
JUN 12 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

have made a prima facie showing of jurisdiction but require targeted discovery to further support both specific and general jurisdiction.

As detailed in the accompanying Memorandum of Points and Authorities in Support of Plaintiffs' Motion, the law of this Circuit authorizes jurisdictional discovery where doubt exists regarding the underlying facts necessary for personal jurisdiction.

Wherefore, Plaintiffs respectfully request that the Court grant leave to conduct discovery limited to the issue of the Court's personal jurisdiction over the Defendant.

Although Plaintiffs previously filed a Motion to Stay, the Court has not yet ruled on that request. In order to remove any doubt or inference that Plaintiffs are seeking to delay proceedings or avoid responding to the pending motion to dismiss, Plaintiffs respectfully submit this Motion for Leave to Conduct Jurisdictional Discovery that has been discussed with Defendant for three weeks ago and again today June 11 2025. This filing reflects Plaintiffs' good-faith intent to proceed diligently and to establish a factual basis for personal jurisdiction, irrespective of the Court's pending determination on the stay.

**Statement of Compliance with D.D.C. LCvR 7.1(m)**

Pursuant to L.Cv.R 7.1(m), Plaintiff Tala discussed this motion with American Airlines' counsel in an effort to narrow any areas of disagreement. Counsel for American Airlines advised that the Defendant opposes this motion. Plaintiff Tala and Defendant's counsel are in a good standing communication channel.

**DISCOVERY REQUESTS**

**I. FAA Compliance Submissions (Purposeful Availment)**

1. **Production of Documents from American Airlines:**

    Produce all audit compliance certificates and related codeshare audit submissions for Gulf Air, from 2008 to 2024, that American Airlines submitted to the FAA's AFS-50 Codeshare Compliance Division. For each submission, provide any available metadata (including date, time, and originating office or IP address) and any cover letters, transmittal emails, or routing information indicating the location from which these documents were sent and the FAA office to which they were addressed.

2. **Interrogatory to American Airlines:**

    Identify, for each Gulf Air audit compliance certificate submitted to the FAA from 2008 to 2024, the physical or electronic address to which the submission was sent, the method of submission (e.g., email, online portal, mail), and the office location (city and state) from which the submission originated.

3. **Deposition of American Airlines' Regulatory Compliance Officer:**

    Permit a brief, limited deposition (not to exceed two hours) of the American Airlines DC employee most knowledgeable about the codeshare compliance submission process, to testify regarding the standard procedure for submitting audit compliance certificates to the FAA, including which FAA office(s) were designated recipients and the geographic location(s) from which submissions were made.

4. **Subpoena to the FAA AFS-50 Codeshare Compliance Division:**

    Produce all audit compliance certificates and related submission records received from

American Airlines for Gulf Air from 2008 to 2024, or confirm receiving them, including any routing logs, cover sheets, or metadata indicating the office to which the documents were addressed and the method/location of receipt

5. **Deposition of FAA AFS-50 Representative:**

    Permit a brief, limited deposition (not to exceed two hours) of an FAA AFS-50 staff member with knowledge of the codeshare audit submission process, to confirm the designated office for receipt of such submissions and whether American Airlines' Gulf Air audit compliance certificates were received and processed at the FAA's Washington, D.C. office.

6. **Identification of Appropriate FAA Contacts:**

    Plaintiffs request that the FAA AFS-50 International Program Division, headquartered in Washington, D.C., and specifically its executive or administrative staff (including but not limited to Emily A. White, Jaclyn Cacia Spafford, or John E. Long), be identified as the appropriate contacts for the production of records and testimony regarding the receipt and processing of American Airlines' Gulf Air audit compliance certificates.

## II. Transacting Business in D.C.

1. **Revenue from D.C. to DCA:**

    Produce documents sufficient to show revenue generated by American Airlines from ticket sales for flights originating in the District of Columbia and arriving at Ronald Reagan Washington National Airport (DCA) from 2008–2024, including both direct sales and sales through codeshare partners such as Gulf Air.

2. **Local Contracts and Distributors:**

    Produce all contracts, agreements, or arrangements between American Airlines and any

local businesses, distributors, or agents located in the District of Columbia from 2008–2024, including those involving Gulf Air or related to codeshare operations.

3. **Federal and Local Government Contracts:**

   Produce contracts, invoices, and revenue reports for all federal or District of Columbia government agency contracts administered, performed, or managed in D.C. from 2008–2024, including any such contracts handled through American Airlines' D.C. offices at 1101 and 1200 17th Street NW.

**III. Continuous and Systematic Business Presence**

4. **D.C. Office Operations:**

   Produce leases, utility bills, and operational records for American Airlines' D.C. offices (1101 and 1200 17th Street NW) from 2008–2024, including employee headcount, roles (e.g., regulatory compliance, government affairs), and budget allocations for D.C. operations.

5. **Internet and Website Revenue:**

   Produce records showing internet ticket sales, subscriptions, and website-generated revenue from customers with billing addresses in the District of Columbia for codeshare flights, including those operated by Gulf Air, from 2008–2024.


These requests are narrowly tailored to establish the extent of American Airlines' business activities and revenue generation in Washington, D.C., including DCA operations, local contracts, and Gulf Air-related transactions, all of which are directly relevant to the "exceptional case" general jurisdiction analysis.

**IV. Codeshare Agreements and Compliance**

9. **Codeshare Agreements:**

   Produce full copies of all codeshare agreements with Gulf Air (2008–2024), including renewals, amendments, and compliance certifications submitted to D.C.-based regulators, as well as documents directing staff to submit compliance materials to FAA offices in D.C

**V. Targeted Marketing and Sales in D.C.**

10. **D.C. Marketing and Sales:**

    Produce marketing strategies and campaign records targeting D.C. residents from 2008–2024, including AAdvantage program promotions for codeshare flights, and revenue reports for ticket sales originating in D.C. for codeshare flights operated by Gulf Air.

The discovery requests set forth herein are strictly limited to facts that are directly relevant to the Court's jurisdictional analysis and do not seek information beyond what is necessary to resolve the threshold question of personal jurisdiction. Each request is narrowly tailored to address only those business activities, regulatory submissions, and contacts that bear on American Airlines' presence and operations in the District of Columbia, as well as the receipt and processing of relevant documents by the FAA's AFS-50 division. Plaintiffs have deliberately confined the scope of discovery to avoid undue burden or expense for American Airlines or any third parties, ensuring that only essential, targeted information is sought to inform the Court's jurisdictional determination

**Respectfully submitted,**

Dated: June 12, 2025

**Pro Se Plaintiffs**

*/s/ Tala Josephano*

*Tala Josephano*
615 S Catalina Ave #233
Redondo Beach, CA 90277

347-749-4980

*/s/ F.H.*

*Feras Hindi*
7823 New London Dr.
Springfield, VA 22153

703-980-6955

*/s/ S.A.*

*Samiha Ayyash*
7823 New London Dr.
Springfield, VA 22153

703-623-3767

# CERTIFICATE OF SERVICE

I hereby certify that on June 12 2025, Plaintiff Feras Hindi, Plaintiff Tala & Plaintiff Samiha will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion Leave for Limited Discovery, Memorandum & attachments

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Email

2-Defendant Gulf Air B.S.C., Inc Darcy & Mark **AT** Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Email, First Class mail


Submitted,

June 12  2025

**Pro Se Plaintiffs**


Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980



Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955



Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767