IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMIHA AYYASH, *et al.*,   )
                 )
    Plaintiffs,   )
                 )   Case No. 1:24-cv-03434-ACR
v.   )
                 )
GULF AIR B.S.C. (C), *et al.*,   )
                 )
    Defendants.   )
                 )

**DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO STAY PROCEEDINGS**

Gulf Air B.S.C. (c) ("Gulf Air") submits its Opposition to Plaintiffs Tala Josephano's, Samiha Ayyash's, and Feras Hindi's (hereinafter, "Plaintiffs") Emergency Motion to Stay Proceedings[1] (hereinafter, "Plaintiffs' Motion," "Motion to Stay" or "Motion") (Dkt. 49), and in support thereof, Gulf Air respectfully states as follows:

**INTRODUCTION**

In their latest filing, Plaintiffs request that this case be stayed, pending, among other things, a "federal investigation into the conduct of Gulf Air B.S.C. and American Airlines," an "urgent protective investigation into Plaintiff Tala's ongoing harassment, retaliation and unlawful surveillance," and an investigation into the Federal Aviation Administration for purported "collu[sion]." (Motion at 1-2, 6-7). Plaintiffs' Motion, however, presents no grounds that could possibly warrant the imposition of the extraordinary remedy they seek. It is devoid of specific facts demonstrating why a stay is necessary and how Plaintiffs would be harmed in its absence.

---

[1] The full title of Plaintiffs' Motion is "Plaintiffs' Emergency Motion to Stay Proceedings Pending Federal Investigation, Congressional Review, and Judicial Determination Regarding Foreign Interference." (Dkt. 49).

Instead, the Motion is replete with the same baseless assertions and conspiracy theories present in Plaintiffs' other filings. *See, e.g.*, Plaintiff, Tala Josephano's Emergency Motion for Protective Order and Request for in Camera Hearing (filed May 27, 2025) (Dkt. 46). Further, the investigative proceedings upon which Plaintiffs' Motion is premised are not actual investigations pending before any adjudicative body and would have no bearing on the core factual or legal issues in this case, in any event. A stay would only serve to harm Gulf Air by delaying resolution of its pending Motion to Dismiss, to which Plaintiffs already received an extension of time to respond.[2]

Moreover, the instant Motion was also filed in violation of the Court's March 26, 2025, Order ("March Order"), which prohibited further filings without leave of Court, and continues Plaintiffs troubling pattern of openly defying court orders.[3] The Court's May 19, 2025, Minute Order was also clear that no further extensions of time would be granted to Plaintiffs. Plaintiffs have failed to meet their burden to justify a stay of these proceedings, the Motion is without merit, and it should be denied.

**ARGUMENT**

**I.     PLAINTIFFS FAIL TO ARTICULATE ANY LEGITIMATE REASON WHY THE COURT SHOULD STAY THESE PROCEEDINGS**

A district court "has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29,

---

[2] Plaintiffs requested and were granted a thirty (30) day extension of time, until June 12, 2025, to respond to Gulf Air's Motion to Dismiss. *See* May 19, 2025, Minute Order. Yet, Plaintiffs failed to file their Opposition to Gulf Air's Motion to Dismiss by June 12, 2025.

[3] *See* Plaintiff, Tala Josephano's Emergency Motion for Protective Order and Request for in Camera Hearing (filed May 27, 2025) (Dkt. 46); Plaintiffs' Motion to Strike Defendant Gulf Air's Evidence "Exhibit A" Under Court Inherent Authority, (filed on May 29, 2025) (Dkt. 47); all of which were filed without leave of Court.

35 (D.D.C. 2004) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The authority to stay proceedings stems from 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)). Courts considering a motion to stay must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (cleaned up). Stated differently, "hardship to the parties and benefits to judicial economy are the key interests to consider in evaluating a motion for a stay." *Nat'l Indus. for Blind*, 296 F. Supp. 3d at 137.

Despite the court's broad discretion to stay proceedings, a stay is nonetheless considered an "extraordinary remedy." *Emiabata v. Vetter*, No. 23-CV-02008 (CRC), 2024 WL 378039, at *2 (D.D.C. Feb. 1, 2024) (citing *Nat'l Indus. for Blind*, 296 F. Supp. 3d at 1370). To be sure, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The moving party "'must make out a clear case of hardship or inequity in being required to go forward' if there is 'even a fair possibility' that the stay would adversely affect the other party." *CEF Energia, B.V. v. Italian Republic*, No. 19-CV-3443 (KBJ), 2020 WL 4219786, at *5 (D.D.C. July 23, 2020) (quoting *Landis*, 299 U.S. at 255).

Plaintiffs have failed to meet their "high burden" to justify a stay of these proceedings. *See HDI Glob. Speciality SE v. Stanton View Devs., LLC*, No. CV 24-965 (SLS), 2025 WL 843284, at *2 (D.D.C. Mar. 18, 2025). Not only have Plaintiffs failed to make out "a clear case of hardship or inequity" in the absence of the stay, but they also offer no explanation as to why the various investigations and/or quasi-judicial ventures they seek could not occur simultaneously with the

3

proceedings before this Court. *See, e.g.*, *Dantzler v. United States Dep't of Just.*, No. 20-CV-01505 (TNM), 2020 WL 6712210, at *1 (D.D.C. Oct. 15, 2020) (denying motion to stay when plaintiff failed to articulate "specific reasons supporting why the related proceeding warrants a stay").

To that end, Plaintiffs baldly claim that a stay is necessary due to "credible and ongoing threats to Plaintiff Tala's constitutional, rights, and personal safety, and ability to fully participate in these proceedings . . ." (Motion at 2). Plaintiffs have not provided details concerning any alleged threat to Plaintiff, Tala Josephano, nor have they demonstrated an inability to fully participate in these proceedings as a result thereof. Indeed, Plaintiffs' serial filings demonstrate that, while they have difficulty following the orders of this Court, they have had no difficulty participating in the proceedings. *See, e.g.*, *Kidwell v. Fed. Bureau of Investigation*, No. CV 11-00778 (BAH), 2011 WL 13385349, at *2 (D.D.C. Sept. 29, 2011) (finding that plaintiff's request to stay the case based on health concerns was unwarranted since plaintiff had already received an extension of time to respond to pending motions to dismiss and "demonstrated a clear ability to file litigation documents" during that timeframe).

Nor is a stay in the interest of judicial economy. "When assessing judicial economy, courts consider whether the independent proceedings are likely to decide important issues in the stayed case." *HDI Glob. Speciality SE*, No., 2025 WL 843284, at *2; *see also Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (finding that a stay may be appropriate "where a separate proceeding *bearing on the case is pending*") (emphasis added). Here, the Motion fails at the outset because none of the various investigations or actions Plaintiffs request are currently pending anywhere. *See, e.g.*, *Dantzler*, 2020 WL 6712210, at *1 (rejecting motion to stay in part, on grounds that the plaintiff failed to identify any pending proceedings against

4

defendants).  The Motion cites only future investigations that Plaintiffs, improperly, demand the Court order.⁴  (*See* Motion at 3, 6-7).  The Motion also references forthcoming actions that Plaintiffs intended (or more accurately, threaten) to take, including retaliatory litigation against the Court and other "responsible parties." (*See* Motion at 4-5).

But irrespective of this lack of pendency, a stay is inappropriate as none of the actions, activities, or investigations referenced in the Motion would serve to "narrow the issues in the pending case[]" or "assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253; *see also Dantzler*, No. 20-CV-01505 (TNM), 2020 WL 6712210, at *1 (D.D.C. Oct. 15, 2020) ("The existence of a related case—standing alone—is not sufficient to justify a stay.").  The Motion, like Plaintiff, Tala Josephano's Motion for Protective Order (Dkt. 46), is replete with fantastical baseless accusations of Plaintiff, Tala Josephano and/or Plaintiffs' "harassment," "intimidation," and "surveillance" from foreign entities, as well as "silence or complicity" from sections of the federal government, including the Federal Aviation Administration and Court personnel.  (*See,* Motion at 2-4).⁵

Plaintiffs' claims in the Motion are based on unfounded conspiracy theories that have no bearing on the key legal or factual issues in this case, including Gulf Air's pending Motion to

---

⁴ The Motion's request for Court-ordered *investigations* into Gulf Air, the Federal Aviation Administration, and foreign entities are inappropriate on a motion to stay and inappropriate as a matter of course. *See Leji v. Dep't of Homeland Sec.,* No. 1:15-CV-00387, 2015 WL 1299361, at *2 (D.D.C. Mar. 17, 2015) ("The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and such decisions generally are not subject to judicial review.").

⁵ Plaintiffs also briefly present what appears to be the same argument advanced in their previously filed Motion to Strike as additional grounds to stay the case.  (*See* Motion at 3) (citing the submission of "misrepresented documentation by Gulf Air"); (Dkt. 47, "Motion to Strike").  As shown in Gulf Air's Opposition to the Motion to Strike, Plaintiffs' argument is meritless, (*see* Dkt. 53), but in any case, Plaintiffs do not explain how this allegation could justify a stay of the proceedings.

Dismiss for lack of jurisdiction or the merits of Plaintiffs' wrongful death-based claims. Courts within this district and elsewhere have repeatedly denied granting motions to stay in such circumstances. *See*, *e.g.*, *HDI Glob. Speciality SE*, 2025 WL 843284, at *3 (denying motion to stay after finding issues in related litigation were "unlikely to resolve dispositive or important issues in [the] case"); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6820, 2013 WL 2434611, at *4 (E.D. Pa. June 5, 2013) (denying motion to stay where "there is no risk of inconsistent rulings" between the case and a related agency investigation); *see also Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport*, No. 22-CV-249 (TSC/GMH), 2022 WL 3644808, at *3 (D.D.C. Aug. 24, 2022) (denying motion to stay when no currently pending proceeding could resolve "core legal or factual questions" in the case); *compare with Hulley Enters. Ltd. v. Russian Fed'n,* 211 F. Supp. 3d 269, 282-84 (D.D.C. 2016) (finding that a stay was warranted when the "legal viability of claims" would be affected by judicial proceedings in The Hague).

Finally, Gulf Air would be harmed by a stay, which would further postpone adjudication of its Motion to Dismiss. *See Serv. Emps. Int'l Union Nat'l Indus. Pension Fund*, 2022 WL 3644808, at *3 (finding that the requested stay would harm the nonmoving party by unnecessarily delaying proceedings). Plaintiffs have already received an extension of time to respond to Gulf Air's Motion to Dismiss, and Gulf Air is entitled to resolution thereto. Plaintiffs' Motion does not articulate any legitimate reason why these proceedings should be stayed. The Motion offers nothing more than conspiracy-laden theories meant to further disparage Gulf Air and stall resolution of its pending, dispositive motion. Plaintiffs have submitted multiple filings that are not only frivolous but also defy the Court's March Order. Gulf Air, in turn, has been forced to expend significant time and resources in responding to these meritless filings.

**CONCLUSION**

For the reasons stated herein, Plaintiffs have not met their heavy burden justifying a stay of the case they filed. The Motion to Stay, similar to Plaintiffs' prior filings, presents only baseless claims and conspiracy theories. It is devoid of *any* specific facts concerning harm to Plaintiffs in the absence of a stay. A stay would also clearly be contrary to the interests of judicial economy, as the Motion does not identify any related pending proceedings, much less any proceedings that could properly bear on the key legal or factual issues in this case. On the other hand, Gulf Air would be harmed by a stay and the unnecessary delay in the adjudication of its Motion to Dismiss.

Defendant, Gulf Air B.S.C. (c), therefore, respectfully requests that the Court deny Plaintiffs' Motion to Stay, award Gulf Air its attorney's fees for having to prepare the instant Opposition and grant such other relief as the Court deems just and proper.

Dated: June 18, 2025

Respectfully Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Mark A. Johnston*
Darcy C. Osta, Esq.
D.C. Bar No. 1686937
Mark A. Johnston, Esq.
D.C. Bar No. 455764
1717 Pennsylvania Ave., N.W.,
Suite 1200
Washington, D.C. 20006
(202) 659-6600
dosta@eckertseamans.com
mjohnston@eckertseamans.com

*Counsel for Gulf Air B.S.C. (c)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

>Tala Josephano
>615 Catalina Avenue, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*
>
>Samiha Ayyash
>Feras Hindi
>7823 New London Drive
>Springfield, VA 22153
>*Pro Se Plaintiffs*

>>*/s/ Mark A. Johnston*
>>Mark A. Johnston