# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

## Civil Division

| | | |
|---|---|---|
| **Samiha Ayysah, Feras Hindi,** | ) | |
| **Tala Josephano** | ) | **Case No.: 1:24-cv-03434-ACR** |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |


## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED MOTION TO STAY PROCEEDINGS (ECF No. 49 ), AND REQUEST FOR NARROWLY TAILORED STAY

 Plaintiffs respectfully submit this Motion for Leave to File an Amended Motion to Stay Proceedings. Plaintiffs **now** understood the Court's prior order requiring that no further motions be filed without prior leave extended to after the hearing of March 28 2025 if it is, and wish to ensure full compliance with all procedural directives. Alternatively, should the Court determine that the pending Motion for Jurisdictional Discovery and/or the Protective Hearing Motion already require a stay or deferral of proceedings, Plaintiffs respectfully request leave to withdraw the Motion to Stay without sanctions or attorneys' fees



RECEIVED

JUN 20 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**TABLE OF AUTHORITIES**

Chavous v. D.C. Financial Responsibility & Management Assistance Auth., 201 F.R.D. 1 (D.D.C. 2001)

Erickson v. Pardus, 551 U.S. 89 (2007)

GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir. 2000)

Haines v. Kerner, 404 U.S. 519 (1972)

Landis v. North American Co., 299 U.S. 248 (1936)

Richardson v. United States, 193 F.3d 545 (D.C. Cir. 1999)

# INTRODUCTION

Plaintiffs believed in good faith that this restriction concluded following the Court's March 28, 2025 hearing, as no further order continuing the restriction was entered thereafter.

Plaintiffs bring this motion because they have been unable to safely and effectively participate in litigation without the involvement and assistance of Plaintiff Tala Josephano, whose ability to contribute has been compromised by ongoing harassment and interference—facts of which Defendant and their counsel are aware.

Plaintiff Tala previously filed an Emergency Motion for Protective Hearing and Investigation, and Defendants' Motion to Dismiss (ECF No. 43) remains pending. In light of these overlapping threshold matters, plaintiffs Samiha Ayyash and Feras Hindi determined that it was necessary to seek a stay to preserve their procedural rights and prevent potential prejudice. Plaintiffs Samiha and Feras joined the Motion to Stay to promote judicial efficiency and fairness.

While the original Stay Motion reflected Plaintiff Tala's distress, Plaintiffs Samiha and Feras fully recognize the extreme abuse, harassment, and threats Plaintiff Tala has endured—including actions attributed to Gulf Air and Jordanian authorities. Plaintiff Feras has also personally witnessed the interference when Plaintiffs were attempting to communicate with the FAA regarding matters central to this case.

All Plaintiffs support the requested stay and expressly authorized Plaintiff Tala to present their collective concerns in the Motion. Plaintiffs have acted together, in good faith, to safeguard their ability to participate safely and fairly in these proceedings.

Plaintiffs face specific interference affecting their ability to oppose the motion to dismiss. Pending jurisdictional discovery justifies deferring resolution of that motion.

Plaintiffs acknowledge the Court's March 26, 2025 Order and respectfully submit this Motion for Leave in full compliance with that directive. A short stay is proportional and will not prejudice defendants.

This amended filing is intended to fully comply with the Court's prior directives and to narrow the requested relief to three specific threshold matters: (1) resolution of jurisdictional discovery, (2) adjudication of the pending protective hearing motion, and (3) authentication of contested evidence. Each of these issues directly affects the Court's ability to make foundational determinations necessary for the fair administration of this case.

Plaintiffs submit this motion in good faith to correct any prior misunderstanding and to clarify and narrow the relief requested. Proceeding pro se, Plaintiffs respectfully requested leave to amend their prior Emergency Motion to Stay Proceedings (ECF No. 49), which was submitted under conditions of significant emotional distress and escalating threats.

Ongoing harassment and interference constitute "extraordinary circumstances" under Landis v. North American Co., 299 U.S. 248, 255 (1936), justifying a stay. Plaintiffs have documented incidents of targeted interference with litigation activities—including disruptions to communications and access to evidence—which directly impede their ability to participate in these proceedings

Plaintiff Tala Josephano, in particular, drafted the original motion during a period of acute emotional distress caused by escalating personal safety threats, severe harassment, and the absence of protective action on prior requests and notices presented to this Court. Plaintiffs respectfully request that the Court consider these circumstances in evaluating the present motion and the necessity of narrowly tailored relief.

Plaintiff Tala regrets that the tone and framing of the original motion did not fully reflect proper legal decorum. The proposed Amended Motion to Stay is now limited to a relief that is directly tied to pending motions before this Court and is intended to promote judicial economy and fairness. Alternatively, should the Court determine that Plaintiffs' pending Motion for Jurisdictional Discovery (ECF No. [55-54]) sufficiently addresses the timing of proceedings, Plaintiffs respectfully request that the original Stay Motion be treated as withdrawn.

This request is made in good faith to avoid unnecessary duplication or confusion on the docket. This motion does not seek an indefinite or blanket stay. Plaintiffs seek only a limited pause—no longer than necessary for the Court to resolve the Protective Hearing and Jurisdictional Discovery motions—so that threshold procedural and jurisdictional matters, including the authentication of contested evidence and the impact of ongoing interference on Plaintiffs' ability to participate, may be addressed efficiently and fairly, particularly given Plaintiffs' pro se status. The requested stay is proportional to the specific harm Plaintiffs face and is necessary to prevent irreparable prejudice, consistent with the standards set forth in Landis and Chavous

## BACKGROUND

On May 27, 2025, Plaintiffs filed an Emergency Motion for Protective Hearing and Investigation in direct response to the Court's explicit instruction that any party experiencing harassment should promptly notify the Court. Plaintiffs acted in good faith and in compliance with this directive, as escalating threats and urgent safety concerns required immediate judicial attention. The subsequent Emergency Motion to Stay Proceedings, filed on June 4, 2025, was a procedural measure taken to preserve Plaintiffs' rights while the Emergency Protective Hearing Motion and Defendants' Motion to Dismiss (ECF No. 43-42) remained pending. Plaintiffs understood, based on legal advice and standard practice, that seeking a stay in connection with an emergency

hearing is appropriate to ensure that threshold safety and jurisdictional issues are addressed before further litigation proceeds.

Importantly, the Stay Motion was filed well before the deadline for Plaintiffs to submit their answer to the Motion to Dismiss. Plaintiffs respectfully submit that their actions were not in violation of any Court order, but rather were consistent with both the letter and spirit of the Court's procedures and instructions. Plaintiffs now seek leave to file an amended, narrowly tailored motion to stay, focused solely on ensuring that threshold matters are resolved efficiently and fairly, without prejudice to any party. As detailed in Plaintiffs' Proposed Amended Motion to Stay (Exhibit A), specific factual evidence—including technical interference with phone, email, and FAA contacts, and disruptions to counsel outreach—is available for in camera review if the Court requests and permits.

## LEGAL BASIS

### I. **Pro Se Litigant Status and Liberal Construction of Filings**

Plaintiffs are Pro Se with no legal background on writing motions, Plaintiffs efforts in formatting and wording of the motions or requests and constant complying with rules should not be ignored. As a pro se litigant, Plaintiffs respectfully invoke the well-established principle that courts must liberally construe pro se pleadings. The United States Supreme Court has held that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); see also *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Federal courts in this District routinely apply this standard. See, e.g., *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

However, Plaintiffs recognize that this leniency does not excuse noncompliance with substantive law or procedural rules. Plaintiffs remain fully responsible for following the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. In compliance with the Court's March 28, 2025 Order—which instructed that any incidents of harassment be promptly reported—Plaintiff Tala  filed Emergency Motion for Protective Hearing. Based on her research and standard federal practice, Plaintiffs understood that a Motion to Stay was necessary to preserve their procedural rights and to avoid missing critical deadlines, particularly as the harassment itself appeared intended to cause procedural default and prejudice Plaintiffs' ability to fully participate in this litigation. Plaintiffs further understood that motions to stay proceedings must be filed separately from substantive motions and can't be combined with other requests, and the Stay Motion was intended as a procedural safeguard directly connected to, and protective of, the Emergency Protective Hearing request—not as an unrelated or standalone filing

## II. **Standard for Amending a Motion**

Federal courts have broad discretion to permit amendment of motions when justice so requires. While Federal Rule of Civil Procedure 15(a) expressly addresses amendments to pleadings, courts routinely apply the same liberal standard to amendments of motions, particularly where there is no undue delay, bad faith, or prejudice to the opposing party. As the D.C. District Court has recognized, amendment of a motion is appropriate where it will not result in prejudice to the opposing party.

Plaintiffs invoke the court authority and respectfully seek leave to amend their previously filed Motion to Stay (ECF No. 49) in good faith and without undue delay. The amendment is submitted in good faith and is not intended to cause delay or harassment. Allowing this

amendment will not prejudice any party and will promote a more accurate, orderly, and efficient presentation of the relevant issues before the Court.

### III. Legal Standard for Granting a Stay

This Court has inherent authority to manage its docket and may grant a stay of proceedings where appropriate. As the Supreme Court has recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Federal courts may exercise this power to stay proceedings in order to preserve rights or prevent prejudice while dispositive motions or key procedural matters—such as jurisdictional discovery—are pending. See *Chavous v. D.C. Financial Responsibility & Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001). The decision to grant a stay is discretionary and depends on a showing that the stay would prevent hardship or inequity, promote judicial efficiency, or avoid unnecessary expense. See *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Here, Plaintiffs seek a stay that is limited in both scope and duration, covering only the period necessary for resolution of: (1) the pending Motion for Jurisdictional Discovery after Plaintiffs have demonstrated a substantial factual basis for this Court's jurisdiction over both Defendants, warranting jurisdictional discovery before dispositive rulings ; Plaintiffs already having hardship and will encounter more if the court including dismissal of their claims if the court doesn't stay until Plaintiffs' jurisdictional facts over Defendants are developed.

(2) the corrected Protective Hearing motion ; and (3) the Motion to Strike Exhibit A which is what Defendant Gulf Air's main Defense to dismiss Plaintiffs' claims.

When a motion for jurisdictional discovery is pending, courts often exercise their discretion to stay or defer consideration of dispositive motions—particularly motions to dismiss for lack of personal jurisdiction—because the necessary factual record may not yet have been developed. See *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.")

Granting a stay under these circumstances serves the interests of judicial economy, prevents potential prejudice to Plaintiffs, and ensures that all parties have a fair opportunity to address threshold matters before the Court proceeds to the merits.

Plaintiffs have faced significant, ongoing obstacles in preparing their case and conducting essential litigation tasks due to persistent interference and harassment. Plaintiff Tala previously sought an extension to obtain legal representation, but escalating pressures and threats have impaired those efforts.

The requested Stay is not based on external investigations, but on threshold motions properly before this Court: Plaintiffs' pending Emergency Motion for Protective Hearing, Motion for Jurisdictional Discovery, and Motion to Strike Exhibit A, which must be resolved before dispositive rulings. Plaintiff Tala was going through extra harassment when she was drafting the motion and did her best to meet the threshold with the limited resources she has.

Proceeding with dispositive motions while these circumstances persist—without first addressing Plaintiffs' protective concerns through a proper hearing—would severely compromise their ability to present their claims and defend against dismissal, resulting in irreparable prejudice. A stay is therefore necessary and appropriate to prevent unfair prejudice, promote judicial

economy, and ensure that threshold protective and jurisdictional issues are adjudicated before the case proceeds further

IV. **Good Faith and Compliance with Rules**

Plaintiffs certify that this request is made in good faith, is warranted by existing law and facts, and is not interposed for any improper purpose. Plaintiffs remain committed to complying with all applicable Federal and Local Rules, as well as any further orders of this Court. Granting the requested amendment will assist the Court in clarifying the procedural record and avoiding unnecessary litigation over the original Motion to Stay. This request addresses demonstrable litigation harm, supported by documented evidence of interference and harassment. Plaintiffs' assertions are not speculative but reflect ongoing, verifiable impediments to their ability to effectively litigate this case.

Whether Plaintiffs have been subjected to interference or intimidation—allegations raised in the Emergency Motion for Protective Order—may directly impact the manner in which discovery proceeds and whether additional procedural protections are warranted. The requested stay will allow the Court to evaluate these concerns without prejudice or undue delay to any party.

To be clear, Plaintiffs do not ask the Court to accept their factual assertions at face value. Rather, Plaintiff Tala respectfully requests that the Court permit a hearing to assess the credibility and significance of these concerns, particularly as they relate to the integrity of pending jurisdictional matters and the fair administration of justice.

Plaintiffs do not seek further delay or to burden the Court. Plaintiffs seek only leave to file the Proposed Amended Motion to Stay to clarify and narrow the relief requested, consistent with Court authority.

## ARGUMENT

### I. The Amendment is Filed in Good Faith and Seeks Narrow, Lawful Relief

Plaintiff Tala Josephano, acting pro se, researched applicable federal procedures and understood that it was appropriate to file a Motion to Stay in connection with an emergency protective hearing, in order to preserve the status quo pending judicial resolution. She also determined that a Motion for Jurisdictional Discovery must be filed separately, and that a limited stay is proper while such discovery is pending. Plaintiffs offer this context to clarify that their actions were intended to follow correct procedure—not to burden the Court or circumvent its authority.

While no formal agency investigation is currently pending, Plaintiffs have made good-faith efforts to alert appropriate federal authorities to the threats and interference they have faced. They acknowledge the absence of an active inquiry but submit that this does not preclude the Court's inherent authority to safeguard litigants and maintain the integrity of federal proceedings.

This motion is submitted with professionalism and in full compliance with the Court's rules. Plaintiffs acted under a sincere belief in the necessity of urgent relief, during a period of substantial emotional distress and safety concerns. Their intent was never improper, but grounded in a desire to protect their rights and ensure a fair opportunity to be heard. Plaintiffs' actions were motivated by a genuine concern for safety and procedural fairness, not by any improper purpose.

### II. The Original Motion's Tone Reflected Distress, Not Disrespect

Plaintiffs respectfully acknowledge that the tone of the original Motion to Stay was shaped by genuine fear, emotional strain, and escalating safety concerns. They regret any language that may

have appeared intemperate or improperly directed at the Court or opposing counsel. The filing arose from an urgent desire to preserve procedural rights amidst worsening circumstances—not from any intent to disrupt proceedings.

As pro se litigants navigating complex procedures without counsel, Plaintiffs acted in good faith to comply with Court orders while addressing rapidly developing threats. They recognize that additional evidentiary materials could have been included with the original motion and now stand ready to submit declarations and supporting exhibits—some under seal if permitted—to substantiate their claims of interference and harassment.

While preparing this motion and seeking legal representation, Plaintiff Tala Josephano experienced repeated disruptions to her communications. These included phone outages, unsent emails, and unexplained network behavior such as irregular IP addresses from states she had not visited. These impairments directly affected Plaintiffs' ability to consult with counsel, conduct legal research, and prepare responsive filings. Plaintiffs respectfully request that these challenges be considered as context for both the original filing and the narrowly tailored relief now sought.

This campaign of intimidation, combined with persistent technical disruptions, has materially impaired Plaintiffs' ability to litigate this case and prepare a full response to Defendants' Motion to Dismiss (ECF No. 43). Plaintiff Tala is prepared to submit exhibits—including screenshots of irregular IP activity, failed communications, and anomalous device locations—for in camera review if the Court so permits.

These disruptions, including unexplained IP address changes from states Plaintiff has never visited and interference with search engines and AI tools used for legal preparation, have compromised Plaintiffs' ability to conduct research, coordinate with co-Plaintiffs, and meet

critical deadlines. This constitutes concrete litigation harm, not merely emotional distress. Proceeding without a stay would force Plaintiffs to oppose dispositive motions without access to essential evidence and support, resulting in irreparable prejudice. This satisfies the *Landis* requirement of a "clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Despite raising these concerns through appropriate channels, Plaintiffs have not received effective relief, and the interference continues to cause significant distress and impair their ability to litigate. The tone of the original Motion reflected this fear and pressure—not any intent to disrespect the Court or burden the docket.

Plaintiffs have contemporaneously documented interference since 2022, including call logs and network disturbance records that show targeted disruption of litigation-related activities. These materials will be submitted under seal in support of the forthcoming corrected Motion for Protective Hearing, subject to the Court's approvals.

**III. Allowing Amendment Will Promote Judicial Economy**

Permitting amendment will serve judicial economy by allowing the Court to evaluate the legal issues on a more complete and accurate record. A corrected and narrowly focused motion will reduce confusion, avoid duplicative briefing, and streamline resolution of the threshold matters. Plaintiffs are not seeking delay but a brief pause to complete jurisdictional discovery and address unresolved protective concerns stemming from ongoing interference.

This approach enables the Court and all parties to proceed in a more orderly and efficient manner and is consistent with the federal judiciary's preference for resolving cases on their merits. It also supports the Court's inherent authority to manage its docket effectively and fairly.

## IV. Defendants Will Not Be Prejudiced; Plaintiffs Will Face Irreparable Harm if Relief Is Denied

Allowing amendment and a narrowly tailored stay will not prejudice Defendants. Defendant Gulf Air has already responded to the original motion and face no litigation disadvantage from permitting a clarified and procedurally proper substitute. American Airlines counsel repeatedly confirmed he doesn't oppose extensions. Jurisdictional discovery may briefly delay dispositive rulings, but it will clarify threshold issues and prevent unnecessary litigation over premature dismissal. By contrast, Plaintiffs face ongoing, documented interference that directly impairs their ability to prepare filings, communicate with counsels, and secure evidence. Proceeding without resolving these foundational concerns risks irreversible prejudice—denying Plaintiffs a meaningful opportunity to oppose dismissal on a full and fair record.

The absence of a formal agency investigation does not diminish the Court's discretion to preserve fairness in its own proceedings. The combination of credible safety concerns, procedural vulnerability, and Plaintiffs' demonstrated good faith warrants the limited relief sought. Addressing these threshold matters first will protect the integrity of the process and ensure that all parties can litigate on equal footing.

### Proportionality of Relief

Plaintiffs seek only a brief and targeted stay of briefing on the Motion to Dismiss, limited to the period necessary for the Court to resolve two threshold matters: the pending Motion for Jurisdictional Discovery and the corrected Protective Hearing Motion. This relief is narrowly tailored to address the specific litigation prejudice caused by ongoing interference and will not delay other aspects of the case. As recognized in *Chavous v. D.C. Financial Responsibility & Management Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001), a stay is appropriate where threshold issues must be resolved to avoid unfair prejudice.

Without such a stay, Plaintiffs would be forced to oppose dismissal while facing unresolved safety threats, disrupted communications, and impaired access to evidence—conditions that would severely limit their ability to present jurisdictional and substantive arguments. The result would be irreparable prejudice and a fundamentally unequal litigation posture. Granting this stay will not prejudice Defendants. The proposed pause is short in duration, narrowly focused on matters already pending before the Court, and does not seek to delay the overall litigation. Plaintiffs are not seeking to circumvent deadlines or stall proceedings, but to ensure that critical foundational issues are resolved before the case advances to the merits. Defendants lose nothing by this limited stay, while Plaintiffs face tangible harm if compelled to proceed without the protections requested and the jurisdictional discovery information requested The requested relief advances fairness, judicial economy, and orderly case management.

**Statement Pursuant to LCvR 7(m)**

Pursuant to Local Civil Rule 7(m), Plaintiffs made a good faith effort to confer with Defendants'
counsel regarding the relief requested in this motion. On June 18, 2025, Plaintiffs emailed Gulf
Air B.S.C counsel proposing a pause in further filings pending resolution of outstanding motions.
Defendants opposed both this motion and the proposed amendment but provided no explanation
and declined to engage in efforts to narrow the issues or reach any accommodation. American
Airlines Inc Counsel repeatedly said he doesn't oppose extensions.

Throughout this litigation, Plaintiffs—acting pro se—have consistently attempted to comply with
all applicable rules and have conducted themselves with professionalism despite substantial
emotional and procedural challenges. Defendant Gulf Air B.S.C counsel is fully aware of
Plaintiffs' unrepresented status and the external threats Plaintiffs have reported, yet has
continued to oppose nearly every filing and has repeatedly threatened sanctions and attorney's
fees. This conduct has compounded the strain on Plaintiffs, who have limited resources and face
ongoing harassment that directly affects their ability to participate.

Plaintiffs respectfully ask the Court to consider these circumstances when assessing the conduct
of the parties and evaluating any requests for sanctions or fees. Plaintiffs remain committed to
acting in good faith and maintaining civility throughout these proceedings, and request that all
parties be held to the standards required by the Court.

**Harassment and interference have directly impaired Plaintiffs' ability to**:

(1) contact key witnesses and agencies, including the FAA, for testimony on jurisdictional issues;

(2) retain counsel; additionally by Defendant Gulf Air B.S.C law firm hiring the sole attorney in

Plaintiff Tala's family before litigation, further impairing efforts to secure representation (3) prepare and file a proper response to Defendants' Motion to Dismiss and challenge contested evidence, due to ongoing surveillance and technical disruptions; and (4) communicate and coordinate with co-plaintiffs, as persistent internet and phone interference compromised deadlines and claim presentation. These actions have also caused Plaintiffs—especially Tala—to experience significant distress and a pervasive feeling of unsafety.

As shown in the Emergency Motion for Protective Order and supporting exhibits—including sealed filings depicting surveillance by U.S. agents—these coordinated tactics have caused concrete prejudice to Plaintiffs. Accordingly, Plaintiffs respectfully request the limited, targeted relief necessary to preserve fairness and the integrity of these proceedings.

**Duration and Timing of the Requested Stay**

Plaintiffs respectfully request that any stay granted be limited in scope and duration, and expressly defer to the Court's discretion as to the appropriate timeline. Plaintiffs are not seeking an open-ended or indefinite delay, but rather a pause solely to allow resolution of the pending Motion for Jurisdictional Discovery and the forthcoming corrected Protective Hearing Motion.

A brief, tailored stay to address threshold jurisdictional and safety issues prevents irreparable prejudice, satisfies the Landis hardship standard, and imposes no burden on Defendant. Plaintiffs agree to proceed in full accordance with any schedule the Court deems appropriate and are prepared to submit any required filings, including an opposition to the Motion to Dismiss, within a time period set by the Court following resolution of the threshold matters. Plaintiffs do not seek to burden the docket but only to preserve their ability to participate fairly and safely in these proceedings.

A stay is not only to protect Plaintiffs, but to preserve the integrity of the Court's jurisdictional ruling. Proceeding before resolution of jurisdiction and interference claims risks prejudice and unnecessary remand or reversal. Should the Court find it useful, Plaintiffs are prepared to present their basis for amendment and the stay request in a short evidentiary hearing.

## SUMMARY

Plaintiffs respectfully submit that the requested stay is both necessary and narrowly tailored to address specific, ongoing interference that directly impedes their ability to participate in this litigation. The law is clear that courts have broad discretion to stay proceedings to prevent prejudice and promote judicial economy, especially where threshold issues are pending. Plaintiffs' pro se status, good faith compliance with Court orders, and the absence of prejudice to Defendants all weigh heavily in favor of granting leave to amend and issuing the requested stay. Denial of this relief would risk irreparable harm to Plaintiffs' rights and the integrity of these proceedings.

This motion is submitted in full compliance with the Court's prior directive requiring leave for future filings. Plaintiffs respectfully seek leave at this time and have not filed the amended motion without the Court's permission. Plaintiffs acknowledge the Court's directive and affirm their commitment to seek express leave before filing any subsequent motions.

Granting this narrowly tailored stay will not prejudice Defendants, as all pending matters pertain to plaintiff-initiated threshold issues. In contrast, denying the requested stay risks irreparable harm to Plaintiffs' ability to litigate core jurisdictional questions and to participate meaningfully in these proceedings. Should the Court permit, Plaintiffs are prepared to submit corroborating evidence under seal or for in camera review

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Stay further proceedings on Defendants' Motion to Dismiss (ECF Nos. 43, 42)  pending the Court's rulings on the following pending motions

    a. Plaintiffs' Motion for Jurisdictional Discovery (see GTE New Media, 199 F.3d at 1351); and

    b. Plaintiffs' Motion for a Protective Hearing; C Motion to STRIKE Exhibit A

2. Grant Plaintiffs leave to file the proposed Amended Motion to Stay Proceedings (attached hereto as Exhibit A); or, in the alternative,

3. Accept Exhibit A (the Amended Motion to Stay Proceedings) as a substitute for ECF No. 49;

4. Defer ruling on Defendants' Motion to Dismiss (ECF No. 43) until after the Court has resolved Plaintiffs' Motion for Leave to File the Amended Motion to Stay and the Proposed Amended Motion to Stay (Exhibit A);

5. Deny any request for sanctions or attorney's fees, whether previously made or anticipated;

6. Permit Plaintiffs to submit evidence under seal for in camera review; and

7. Grant such other relief as the Court deems just and proper.

A stay is necessary to preserve Plaintiffs' Fifth Amendment right to meaningful access to the courts and fair participation in this litigation.

**Respectfully submitted,**
Dated: June 19, 2025



Tala Josephano
615 S Catalina Ave #233
Redondo Beach, CA 90277
(347) 749-4980

Feras Hindi
7823 New London Dr.
Springfield, VA 22153
(703) 980-6955

Samiha Ayyash
7823 New London Dr.
Springfield, VA 22153
(703) 623-3767

## CERTIFICATE OF SERVICE

I hereby certify that on June 20  2025, Plaintiff Feras Hindi, Plaintiff Tala & Plaintiff Samiha will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion Leave to Amend Motion to Stay

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Email

2-Defendant Gulf Air B.S.C., Inc Darcy & Mark  **AT** Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Email and mail

Submitted,

June 20 2025

**Pro Se Plaintiffs**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767