IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:24-cv-3434-ACR |
| | ) |
| GULF AIR B.S.C. et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**AMERICAN AIRLINES INC.'S REPLY BRIEF IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
OPPOSITION TO PLAITNIFFS' MOTION FOR LEAVE TO CONDCUT DISCOVERY**

Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

On June 12, 2025, Plaintiff submitted a joint Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction. (Dkt. 54.)  As best as can be discerned, despite its title, that filing, in addition to seeking jurisdictional discovery, was Plaintiffs' attempt at an opposition to American Airlines' previously filed Motion to Dismiss. (Dkt. 42.)  For the reasons stated below and in its initial filing, the Motion to Dismiss should be granted, and the request for discovery should be denied.

**PROCEDURAL HISTORY**

1. The Court set a briefing schedule on American Airlines' Motion to Dismiss with the following deadlines: Motion by April 18; Opposition by May 16; and Reply by June 6.  (*See* March 28, 2025 Minute Order.)

2. American Airlines filed its Motion and Memorandum in Support on April 17. (Dkt. 42.)

3. On May 13, Plaintiffs filed a Motion for an Extension of Time, which requested to delay the deadline for the Opposition until June 12.  (Dkt. 45.)  The Court granted that request. (May 19, 2025 Minute Order.)

4. Following the Court's granting of the extension, Plaintiffs made numerous filings before the June 12 deadline ⎯ none of which appeared to respond to American Airlines' Motion to Dismiss.  (*See* Dkt. Nos. 46, 47, 48, 49, 50, 51.)

5. On June 12, Plaintiffs filed a Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction.  (Dkt. 54.)  Although nominally titled as a motion requesting jurisdictional discovery, the nearly 50-page memorandum appears to also be an attempt to oppose American Airlines' Motion to Dismiss.  Consequently, American Airlines provides this brief both

as its reply in response to that opposition as well as its opposition to the request for jurisdictional discovery.

## ARGUMENT

In its opening brief, American Airlines demonstrated that, even assuming the allegations in the Amended Complaint were accurate, this Court lacks personal jurisdiction over American Airlines, as there is neither general nor specific jurisdiction. As explained below, nothing in Plaintiffs' filing alters that result.

### A. The Court does not have general jurisdiction over American Airlines, and general jurisdictional discovery is not warranted.

As previously noted, the Court can only exercise general jurisdiction over defendants who are "at home" in the jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 120 (2014). This is an extraordinarily high standard, as "even demonstrating a 'substantial, continuous, and systematic course of business' in the forum is not enough" to establish a that corporate entity is at home. *Huynh v. Air Canada*, 2025 WL 522053, at *2 (D.D.C. 2025). The Supreme Court has made clear that outside of extremely unusual circumstances, corporate entities are only at home in the jurisdictions where those entities are either incorporated or where they have their principal place of business. *Daimler*, 571 U.S. at 137-138. The parties are in agreement that American Airlines is neither incorporated in D.C. nor does it have its principal place of business in D.C. (*See, e.g.,* Dkt. 2 at 7 of 123, ¶ III.)

As best as can be discerned, Plaintiffs argue this matter represents an "exceptional case" where jurisdiction over American Airlines can be exercised outside of the place of incorporation or principal place of business. (*See* Dkt. 54-1 at 45-47.) This is deeply mistaken.

2

The only exception to the ordinary general jurisdiction rule that the Supreme Court has recognized was in the case of *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952).  As summarized in *Daimler*:

> The defendant in *Perkins*, Benguet, was a company incorporated under the laws of the Philippines, where it operated gold and silver mines. Benguet ceased its mining operations during the Japanese occupation of the Philippines in World War II; its president moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's activities. . . We held that the Ohio courts could exercise general jurisdiction over Benguet . . . because "Ohio was the corporation's principal, if temporary, place of business."

*Daimler*, 571 U.S. at 129.  In other words, general jurisdiction was permitted in that case only because the actual principal place of business had been shut down due to World War II, and Ohio had become the temporary principal place of business for the company.  *See id.*  Plaintiffs have not alleged, and could not do so in good faith, that American Airlines has shut down its principal place of business in Texas and temporarily relocated its headquarters to D.C.  Consequently, there is simply no basis for suggesting there is general jurisdiction.

As best as can be discerned, Plaintiffs' argument for general jurisdiction is based on the fact the company has offices in D.C., is registered to do business in D.C., engages in lobbying the federal government, and operates at Reagan National Airport[1].  However, these are all ordinary business activities, none of which render a corporation "at home."  Recently, in *Huynh*, the court rejected a similar claim by a *pro se* litigant arguing for general jurisdiction over Air Canada

---

[1] Reagan National Airport is not located in the District.  *See, e.g., Bryan v. Dist. Unemployment Comp. Bd.*, 342 A.2d 45, 47 (D.C. 1975) ("Washington National Airport is within the boundaries of the Commonwealth of Virginia and not within those of the District of Columbia."); *Pfister v. Dir., Off. of Workers' Comp. Programs, U. S. Dep't of Lab.*, 675 F.2d 1314, 1315 (D.C. Cir. 1982); *Powell v. Am. Airlines, Inc.*, 2018 WL 2324087, at *2 (D.D.C. 2018) ("Although National Airport primarily serves Washington, D.C., it is located in the Commonwealth of Virginia."); *Doe v. Benoit*, 2020 WL 11885578, at *5 (D.D.C. 2020).

3

because that airline served D.C. customers and interacted with regulators in D.C. 2025 WL 522053 at *3. In finding such an argument contrary to Supreme Court precedent, the court stated:

> If this Court were to hold that it possesses general jurisdiction over Air Canada based on the factors adduced by Huynh, it would follow that most major airlines operating in the United States are "at home" in the District—and could therefore be sued here for any claim whatsoever, no matter how remote. Unsurprisingly, other courts in this District have roundly rejected this hypothesis.

*Id.* Because American Airlines is in the same position as Air Canada, the Court lacks general jurisdiction. In fact, as noted in *Huynh*, on multiple previous occasions, courts in the District have specifically held that American Airlines is not at home in D.C. and not subject to general jurisdiction. *See*, *Crear v. Am. Airlines Grp.*, 2025 WL 35931, at *3 (D.D.C. 2025); *Mvuri v. Am. Airlines Inc.*, 2018 WL 10733604, at *1 (D.D.C. 2018). The Court should reach the same conclusion in this matter.

Moreover, to the extent Plaintiffs are requesting jurisdictional discovery related to general jurisdiction, that request should be rejected. Jurisdictional discovery is not appropriate when it would be futile or if it is sought for a "fishing expedition." *See Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023). Moreover, a plaintiff must have a good faith basis for believing that discovery will lead to jurisdiction. *Id.*

"Common sense counsels that a plaintiff seeking jurisdictional discovery in hopes of proving general jurisdiction in a forum where the defendant is neither headquartered nor incorporated must provide the Court with some credible grounds to believe that the extraordinary factual basis for such jurisdiction actually exists." *Huynh*, 2025 WL 522053 at *6 FN 9. Because there is no good faith or credible reason to believe that jurisdictional discovery would demonstrate that American Airlines' contacts are similar to the contacts in *Perkins*, Plaintiffs' request for jurisdictional discovery related to general jurisdiction should be denied.

**B.    The Court lacks specific jurisdiction over American Airlines, and jurisdictional discovery is not warranted.**

As previously stated, to exercise specific jurisdiction, the claim must arise out of the defendant's purposeful contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Connections to a claim that are only tangential do not create jurisdiction. *See id.* at 288-289. Because specific jurisdiction only exists when the legal claim arises out of the defendant's contacts, such jurisdiction can only be evaluated on a claim-by-claim basis. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 175 (D.D.C. 2018). Despite this principle being clearly laid out in American Airlines' opening brief (Dkt. 42-1 at 5-8), in their opposition, Plaintiffs do not seem to address the claims individually. (*See* Dkt. 54-1 at 41.) Regardless, Plaintiffs have not alleged sufficient facts that would demonstrate any of the three claims have a substantial connection to D.C., or that jurisdictional discovery would be fruitful.

1. <u>Plaintiffs' Negligence and Negligence *per se* Claims have No Connection to D.C. and Must be Dismissed.</u>

As previously noted, in Count 3, Plaintiffs assert a claim that American Airlines was negligent in its performance of a safety audit of Gulf Air, which (somehow) led to Capt. Alhindi's death. (Dkt. 2 at 109 of 123, ¶ 638.) Likewise, in Count 5, Plaintiffs allege that American Airlines was negligent in failing to audit Gulf Air. As explained in that brief, neither count has any connection to D.C. because (i) Capt. Alhindi's heart attack and subsequent death occurred in Bangladesh (*id.* at 10 of 123, ¶¶ 3-4); and (ii) any audit of Gulf Air would have taken place in Bahrain, where the airline is headquartered and has its principal operations (*id.* at 7 of 123 ¶ II) and Plaintiffs have not alleged (and cannot allege) that any audit took place in D.C. Consequently, these claims do not arise out of American Airlines' contacts with D.C. and must be dismissed for lack of jurisdiction.

5

Additionally, there is no good faith basis for believing any jurisdictional discovery would alter the above analysis. Discovery will not alter the location of Capt. Alhindi's death, or the location of Gulf Air's headquarters. Therefore, discovery as to these claims should be denied.

2.  The Constructive Fraud Claim Lacks a Substantial Connection to D.C.

Plaintiffs' final claim against American Airlines in Count 6, alleging that it committed constructive fraud "by failing to audit Gulf Air's practices and certifying compliance with FAA/DOT standards despite evidence of systemic deficiencies" (Dkt. 2, 116 of 123, ¶ 679), must also be dismissed. As previously noted, Plaintiffs have pled that the allegedly fraudulent certifications were prepared, reviewed, and electronically submitted to the FAA in Fort Worth, Texas. (*Id.*, 90 of 123, ¶ 526.) The only connection to the District identified in the Amended Complaint seems to be the allegation that the FAA received the submissions in D.C. (*See id.*) As previously noted, even if accepted as true, this is not the type of "substantial" connection required to establish specific jurisdiction, as the audit was performed outside the country, the certifications were prepared in Texas, and the death occurred in Bangladesh. *See United States v. Ferrara*, 54 F.3d 825, 831 (D.C. Cir. 1995) (letter to Department of Justice was not substantial connection to D.C.).

More importantly, such contact with D.C. was clearly not "the defendant's own choice," and therefore cannot constitute American Airlines "purposefully avail[ing] itself of the privilege of conducting activities within" D.C.

Consistent with this principle, courts in the District have consistently held that contacts with federal agencies are excluded from jurisdictional analysis. *E.g., id.* 54 F.3d at 831; *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006). This exclusion rule has been broadly applied to cover communications with federal agencies. *See, e.g., id.* (lobbying Department of Defense

6

not counted for jurisdictional analysis); *Alkanani v. Aegis Def. Servs.*, LLC, 976 F. Supp. 2d 13, 25 (D.D.C. 2014) (negotiation of contract not counted);*Robo-Team NA, Inc. v. Endeavor Robotics*, 313 F. Supp. 3d 19, 24-26 (D.D.C. 2018) (bidding and performing government contracts and lobbying Congress excluded from specific jurisdiction analysis); *Huynh*, 2025 WL 522053 at *4 (interactions with regulators at FAA "could not form the basis for the exercise of specific jurisdiction"). Because American Airlines' interactions with the FAA cannot be counted in the jurisdictional analysis and there is no other relevant connection, the constructive fraud claim must be dismissed as well.

Additionally, jurisdictional discovery on this claim should be denied as well. Again, Plaintiffs lack a good faith basis that any discovery would alter the above analysis. *See, e.g., Huynh*, 2025 WL 522053 at *6.

## CONCLUSION

For the reasons stated above, each of Plaintiffs' claims against American Airlines should be dismissed for lack of personal jurisdiction, and the request for discovery should be denied.

Dated: June 26, 2025                                    Respectfully submitted,

    /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June 2025 I will serve a copy of the foregoing via first class mail upon the following:

>Tala Josephano
>615 Catalina Ave, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*
>
>Samiha Ayyash
>7823 New London Dr,
>Springfield, Fairfax
>VA 22153
>703-980-6955
>*Pro Se Plaintiff*
>
>Feras Hindi
>7823 New London Dr,
>Springfield, Fairfax
>VA 22153
>703-980-6955
>*Pro Se Plaintiff*

>    /s/ Micah E. Ticatch
>Micah E. Ticatch, DC Bar No. 1005398
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mticatch@islerdare.com
>
>*Counsel for American Airlines Inc.*