IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GULF AIR B.S.C. (C), *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:24-cv-03434-ACR |

### DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

Gulf Air B.S.C. (c) ("Gulf Air") submits its Opposition to Plaintiffs Tala Josephano's, Samiha Ayyash's, and Feras Hindi's (hereinafter, "Plaintiffs") Motion for Leave to Conduct Jurisdictional Discovery (hereinafter, "Motion") (Dkt. 55), and in support thereof, Gulf Air respectfully states as follows:

### INTRODUCTION

Despite receiving an additional thirty (30) days to respond to Gulf Air's Motion to Dismiss Plaintiffs' Amended Complaint Under Rules 12(b)(2), 12(b)(1) and 12(b)(5) ("Motion to Dismiss") (Dkt. 43), *see* May 19, 2025 Minute Order, Plaintiffs failed to file a response by the June 12, 2025 deadline. Instead, on the day their response was due, Plaintiffs filed the instant Motion in which they request leave to serve Gulf Air with expansive and wide-reaching discovery under the guise that such information and/or documentation is necessary to oppose Gulf Air's Motion to Dismiss. However, not only is the information and documentation that Plaintiffs seek irrelevant to the Court's jurisdictional analysis, but Plaintiffs have failed to meet their burden to justify subjecting Gulf Air to invasive and incredibly burdensome "jurisdictional discovery."

Further, although Plaintiffs contend that they are disadvantaged by a lack of discovery, they simultaneously present "evidence" that they assert establishes "a prima facie basis" for this Court to exercise jurisdiction over Gulf Air, thereby refuting their own claim that jurisdictional discovery is needed. It is clear, therefore, that the Motion is nothing more than another transparent attempt by Plaintiffs to further delay adjudication of Gulf Air's Motion to Dismiss, and as a result, it should be denied.

## ARGUMENT

I. **PLAINTIFFS HAVE FAILED TO SHOW ANY BASIS FOR PERSONAL JURISDICTION OVER GULF AIR AND JURISDICTIONAL DISCOVERY IS THEREFORE NOT WARRANTED.**

To overcome a motion to dismiss for lack of personal jurisdiction, the "general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). In order to make the requisite showing, a plaintiff must allege specific acts connecting the defendant with the forum State, and bare allegations are insufficient. *Id.* at 1378-79. Further, conclusory statements "do not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction." *Id.* at 1378.

Before a plaintiff can obtain jurisdictional discovery, it must "demonstrate[ ] that it can supplement its jurisdictional allegations through discovery." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000). "If the plaintiff has provided statements too bare to support an inference of jurisdiction, responded to a defendant's affidavit with speculative or a complete absence of jurisdictional facts, or fails to make counter-allegations in its own affidavit, denial of discovery is not an abuse of discretion." *Bancoult v. McNamara*, 214 F.R.D. 5, 10 (D.D.C. 2003); *see also Edmond v. U.S. Postal Serv. Gen. Couns.*, 949 F.2d 415, 425

(D.C. Cir. 1991) (noting that jurisdictional allegations may be denied when plaintiffs' allegations are conclusory).

Plaintiffs have not made the requisite showing that jurisdictional discovery is warranted. First and foremost, the Amended Complaint does not present any pertinent jurisdictional facts that could be augmented through discovery. Further, the grounds asserted by Plaintiffs that purport to establish a "prima facie basis for jurisdiction" are speculative and premised on incorrect legal arguments. Thus, Plaintiffs have failed to demonstrate that they will be able to supplement their jurisdictional arguments through the discovery that they seek.

For example, Plaintiffs erroneously assert that personal jurisdiction over Gulf Air is proper pursuant to Federal Rule of Civil Procedure 4(k)(2). Motion at 9-10. However, Rule 4(k)(2) does not apply because Plaintiffs' claims do not arise under federal law. *See, e.g.*, *Mwani v. bin Laden*, 417 F.3d 1, 10 (D.C. Cir. 2005) (finding that Rule 4(k)(2) "permits a federal court to exercise personal jurisdiction over a defendant (1) *for a claim arising under federal law*, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, (4) provided that the exercise of federal jurisdiction is consistent with the Constitution . . .") (citing Fed. R. Civ. P. 4(k)(2)). The Supreme Court has made clear that "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton,* 568 U.S. 251, 257 (2013); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action").

The Amended Complaint asserts diversity jurisdiction as the sole basis for this Court's subject matter jurisdiction. *See* Amend. Compl. at 2 (Dkt. 2). More importantly, the causes of action asserted in the Amended Complaint clearly arise under state tort law. Plaintiffs' assertion that their claims "implicate federal policies and aviation safety regulations - satisfying the federal

3

question requirement," Motion at 6-7,[1] is insufficient to establish that their claims arise under federal law. *See Gunn*, 568 U.S. 251, 257 (2013).[2] Accordingly, Plaintiffs' argument that the Court may exercise personal jurisdiction over Gulf Air under Rule 4(k)(2) must be rejected and their requests for discovery related to Gulf Air's compliance with federal policies and aviation safety regulations is irrelevant to the Court's jurisdictional analysis.[3]

Plaintiffs also argue that specific personal jurisdiction can be established pursuant to D.C. Code § 13-423(a)(1), the District of Columbia's long arm statute. Motion at 16-17.[4] As Gulf Air explained in its Motion to Dismiss, Plaintiffs cannot rely on the District's long arm statute, which is coextensive with constitutional Due Process, to establish personal jurisdiction over Gulf Air in this case. *See* Motion to Dismiss (Dkt. 43-1, 8-17) (citing *Shoppers Food Warehouse* v. *Moreno*,

---

[1] Plaintiffs lack a private right of action to enforce federal aviation regulations, including those of the Department of Transportation. *See Buck v. Am. Airlines*, Inc., 476 F.3d 29, 33 (1st Cir. 2007) ("Regulations alone cannot create private rights of action; the source of the right must be a statute.") (citing *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)).

[2] Plaintiffs also cannot satisfy the alternative, and exceedingly rare *Grable* test for federal question jurisdiction, whereby "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Furthermore, Congress has reserved enforcement of the "U.S. aviation safety standards" to which Plaintiffs refer and upon which they insist that their state law claims are based (*see* Motion at 7), to the experts within the applicable federal agencies. *See, e.g.*, *Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*, No. EDCV 20-767-JGB(SPX), 2020 WL 5625740, at *5 (C.D. Cal. Sept. 17, 2020) (recognizing that "air travel is a carefully regulated field preempted by federal law").

[3] *See* Motion at 22 (requesting production of "Financial and Regulatory Records Submitted to DOT 2024 To establish Gulf Air's commercial benefit and regulatory interactions with D.C. - based federal agencies, including all filings, certifications, and correspondence" and production of "Codeshare Agreements and Renewals signed with American Airlines Inc. Including all communications to establish if DC is consented to forum and compliance requirements.") (capitalization in original).

[4] Plaintiffs appear to concede that they are not making an argument based on general personal jurisdiction. S*ee* Motion at 10 ("Accordingly, Gulf Air is not subject to the general jurisdiction of any state court" . . .).

746 A.2d 320, 329 (D.C. 2000) (en banc)).  According to Plaintiffs' Motion, Gulf Air transacted business in the District because Gulf Air generated substantial revenue from ticket sales and codeshare flights with U.S. partners through "its website and online distributors . . . which are accessible to and used by D.C. residents."  Motion at 16.

While Plaintiffs' Motion does not identify any basis for these blanket statements, such claims, even if true, do not support the exercise of specific jurisdiction or warrant jurisdictional discovery as to any alleged ticket sales to D.C. residents.  First, "the mere accessibility of a website in the District is insufficient to establish minimum contacts."  *Toumazou v. Turkish Republic of N. Cyprus*, 71 F.Supp.3d at 17.  Indeed, this "is not purposeful availment; rather, it is merely an unavoidable side-effect of modern internet technology."  *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 121 (D.D.C. 2005).

Second, as courts have noted, "under the District's long-arm statute, not all business in the District creates personal jurisdiction—the plaintiff's claims must have arisen from that business."  *Doe v. Benoit*, No. 19-CV-1253 (DLF), 2020 WL 11885578, at *5 (D.D.C. June 29, 2020) (citing D.C. Code § 13-423(a)(1)).  Plaintiffs do not, and cannot argue that their wrongful death and negligence-based claims arise from any purported ticket sales between D.C. residents and Gulf Air.  As a result, their request for discovery related to this topic is not warranted and should be denied.

Plaintiffs further assert, in a conclusory fashion, that "misuse of the regulatory process in D.C." including Gulf Air's Department of Transportation ("DOT") certifications, regulatory filings, codeshare operations and use of distributors and U.S. airlines, is the "direct nexus between Gulf Air's conduct and the harm suffered . . ."  Motion at 18.  These claims, while unexplained and conspiratorial, cannot legally support the Court's exercise of specific jurisdiction over Gulf

5

Air. *See, e.g.*, *Huynh v. Air Canada*, No. 1:24-CV-476-RCL, 2025 WL 522053, at *4 (D.D.C. Feb. 18, 2025) (rejecting argument that foreign airline's interactions with federal regulators and the approval to operate flights in the U.S. led to passenger's injury as "far too attenuated to give rise to specific jurisdiction"). Gulf Air's interactions with federal agencies fall under the government contacts exception and cannot provide the jurisdictional prerequisite for this additional reason. This exception "precludes the assertion of personal jurisdiction over a nonresident whose only contact with the District of Columbia is with Congress or a federal agency." *Brunson v. Kalil*, 404 F. Supp. 2d 221, 235 (D.D.C. 2005) (citation omitted). As the *Huynh* court recently explained, "the core purpose of the government contacts exception is to prevent D.C. courts from exercising unbounded personal jurisdiction predicated solely on the performance of activities 'which can only be accomplished in Washington,' such as dealing with regulators." *Huynh*, 2025 WL 522053, at *5 (D.D.C. Feb. 18, 2025) (citing *Inv. Co. Inst. v. United States*, 550 F. Supp. 1213, 1217 (D.D.C. 1982)).[5]

As a result, Gulf Air's contacts with DOT (and/or the Federal Aviation Administration "FAA") do not constitute "transacting business" under § 13-423(a)(1). More importantly, Plaintiffs' claims do not arise from Gulf Air's contacts with either DOT or FAA. Therefore, Gulf

---

[5] Plaintiffs also argue, in conclusory fashion, that Gulf Air's "fraudulent conduct" directed at federal agencies satisfies the fraud-based exception to the government contacts doctrine. Motion at 19-21. However, the fraud exception only applies when a person "uses the government as an instrumentality of fraud and thereby causes unwanted government action against another." *Companhia Brasileira Carbureto De Calcio v. Applied Indus. Materials Corp.*, 34 ITRD 1017, 35 A.3d 1127, 1134 (2012) (internal citation omitted). Plaintiffs cannot invoke the fraud exception because they fail to identify any unwanted government action or harm.

Air's interactions with federal regulatory agencies cannot serve as the basis for personal jurisdiction in this matter.[6]

The Amended Complaint, therefore, "fails to establish the requisite triple-nexus between 'the defendant, the forum, and the litigation.'" *Huynh*, 2025 WL 522053, at *4 (D.D.C. Feb. 18, 2025) (quoting *Walden v. Fio*re, 571 U.S. 277, 284 (2014)). Plaintiffs refer to "proffered evidence" and an "existing factual basis" supporting the Court's exercise of personal jurisdiction, but their Motion does not cite to any allegations in their Amended Complaint, nor have Plaintiffs pled any pertinent allegations capable of meeting their burden to establish personal jurisdiction. *See, e.g.,* Motion at 9; *see also Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006) ("[I]t is reasonable for a court . . . to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery.") (quoting *Caribbean*, 148 F.3d at 1090). Accordingly, Plaintiffs have failed to demonstrate that they can supplement their jurisdictional allegations through discovery, and therefore, jurisdictional discovery is not warranted. *Savage,* 460 F. Supp. 2d at 63 (finding that "specific jurisdiction could not be supplemented by discovery" because plaintiff failed to allege "how any of the contacts relate to or arise out of the claim").

The case law cited by Plaintiffs in their Motion does not support their arguments that discovery is warranted in this case, as the facts of those cases are clearly distinguishable. *See*

---

[6] Plaintiffs' citation to *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) does not support their argument in this regard. In that case, the Supreme Court recognized that specific jurisdiction was satisfied when a car manufacturer advertised, sold, and serviced the same car model to the forum state that caused injury thereto – even though the particular car involved in the crash was not first sold in the forum state. *Id.* at 363. Therefore, the manufacturer's contact with the forum were not attenuated, whereas in this case, any purported revenue received from alleged ticket sales to D.C. residents is too far attenuated from any facts purporting to give rise to Plaintiffs' claims.

Motion at 8.  For example, in *Edmond*, the court found that jurisdictional discovery should have been granted because the plaintiff in that case had specifically alleged (1) the existence of a conspiracy, (2) the nonresident's participation, and (3) an injury-causing act of the conspiracy within the forum's boundaries." *Edmond*, 949 F.2d 415 at 425.  That is simply not the case here as there is no connection between the Plaintiffs' alleged injuries and the District.  Moreover, in both *Crane* and *El–Fadl*, the plaintiffs sought to supplement plausible allegations with properly targeted jurisdictional discovery.  *See El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996); *Crane v. Carr*, 814 F.2d 758, 761–62 (D.C. Cir. 1987).  As explained herein and in Defendants' Motion to Dismiss, Plaintiffs' jurisdictional arguments are not plausible and thus cannot be supplemented with jurisdictional discovery.

Additionally, Plaintiffs' jurisdictional discovery requests are irrelevant and would not aid the Court in determining whether jurisdiction exists.  *See* Motion at 21-23; *see also Roz Trading Ltd v. Zeromax Grp., Inc.*, 517 F. Supp. 2d 377, 389 (D.D.C. 2007) (denying request for jurisdictional discovery when discovery sought "would not affect the jurisdictional outcome in [the] case").  Plaintiffs do not and cannot explain how the numerous financial and regulatory documents (including repeated requests regarding codeshare agreements) they seek could establish personal jurisdiction in this case.  Plaintiffs' request for jurisdictional discovery, therefore, amounts to nothing more than a "fishing expedition."  *See Bastin v. Fed. Nat'l Mortg. Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997).  The Motion should be denied.

## II. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY BASED ON SUBJECT MATTER JURISDICTION OR THEIR IMPROPER ATTEMPTS TO SERVE LEGAL PROCESS

Plaintiffs argue that they are entitled to depose certain individuals from Gulf Air and undersigned counsel's law firm in order to establish, primarily, their claims as to the Decedent's

domicile(s) and to confirm that service of process was proper. *See* Motion at 21. However, their arguments are unavailing and do not support the discovery they seek.

To begin with, Plaintiffs appear to misconstrue a limited waiver of "sovereign immunity, for the purposes of 28 U.S.C. 1605(a)" as being equivalent to a blanket concession that Gulf Air "has subjected itself to the jurisdiction of U.S. courts, including the District of Columbia." Motion at 11-12. Plaintiffs' interpretation is incorrect and inconsistent with the plain language of the limited waiver cited in their Motion. Motion at 11. Plaintiffs' arguments are also irrelevant because Gulf Air has not asserted foreign sovereign immunity as a bar to subject matter jurisdiction in this case. Plaintiffs' request for discovery of facts purportedly related to a defense that has not been raised is nothing more than a fishing expedition.

Plaintiffs have also presented no basis to depose Captain Qasim Ghuloom Ismaeel regarding the Decedent's domicile or "whether [the decedent's final flight] was subject to DOT regulation or a codeshare agreement."[7] Motion at 21. Indeed, Plaintiffs are immediate family members of the Decedent with access to the "evidence" related to his domicile, as demonstrated by the fact that they have already proffered their own exhibits in attempt to establish that the Decedent was not a foreign domiciliary. *See*, *generally*, Exhibits to Motion to Strike Defendant Gulf Air's Exhibit A (Dkt. 47-2). Plaintiffs, therefore, do not need any discovery from Gulf Air on this issue. But even if Plaintiffs could somehow show that the Decedent was domiciled in Illinois at the time of his death, the Court would *still lack* subject matter jurisdiction over Plaintiffs' claims since Plaintiffs do not have standing to assert wrongful death and survivorship claims. *See Henson v. W.H.H. Trice and Co.*, 466 F.Supp.2d 187, 192 (D.D.C. 2006).

---

[7] For the reasons stated above, Gulf Air's contacts with the DOT, including with respect to any codeshare agreement, are irrelevant to the jurisdictional analysis as such contacts cannot confer personal jurisdiction over Gulf Air.

The Motion also unnecessarily and improperly seeks leave to depose personnel with undersigned counsel's law firm, including attorney Evelyn Sahr and administrative personnel Gene Gray, in an effort to establish that Gulf Air was properly served, thereby defeating the Rule 12(b)(5) arguments raised in the Motion to Dismiss.  *See* Motion at 21.  The deposition of Ms. Sahr is unnecessary and not justified under the circumstances, as she has already submitted a sworn declaration that she is not authorized to accept service of process in actions in state and federal courts on behalf of Gulf Air (*See* E. Sahr Declaration at ¶¶ 5, 7 (Dkt. 43-3)) and Plaintiffs have not presented any evidence to rebut her statements in this regard.  Instead, they incorrectly assert that "Ms. Evelyn didn't declare she doesn't accept services for other Gulf Air's matters."  Motion at 21.  Recasting Ms. Sahr's clear and unequivocal statement as a double negative does not entitle Plaintiffs to discovery; Ms. Sahr is not an authorized agent for service of process.

Mr. Gray is the individual who, without knowing the specific contents, signed for the package that was delivered to Ms. Sahr's office.  However, by simply signing for a package on behalf of Ms. Sahr, Mr. Gray could not have been deemed to have accepted service of process on behalf of Gulf Air because Ms. Sahr herself was not authorized to accept service.  Moreover, even assuming *arguendo* that service was proper (which Gulf Air does not concede), that does not impact or otherwise affect Gulf Air's meritorious arguments under Rule 12(b)(2).  As a result, permitting Plaintiffs to conduct jurisdictional discovery on matters related to service of process would be a futile exercise and a waste of the time and resources of the Court and the parties.

Thus, there are no grounds to support Plaintiffs' request to depose these individuals, and the Motion should be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs have failed to make the requisite showing that jurisdictional discovery is warranted in this case. Defendant, Gulf Air B.S.C. (c), therefore, respectfully requests that the Court deny Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and grant Gulf Air such other and further relief as the Court deems just and proper.

Dated: June 26, 2025

        Respectfully Submitted,

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

        */s/ Mark A. Johnston*
        Mark A. Johnston, Esq.
        D.C. Bar No. 455764
        Darcy C. Osta, Esq.
        D.C. Bar No. 1686937
        1717 Pennsylvania Ave., N.W.,
        Suite 1200
        Washington, D.C. 20006
        (202) 659-6600
        dosta@eckertseamans.com
        mjohnston@eckertseamans.com

        *Counsel for Gulf Air B.S.C. (c)*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

>Tala Josephano
>615 Catalina Avenue, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*
>
>Samiha Ayyash
>Feras Hindi
>7823 New London Drive
>Springfield, VA 22153
>*Pro Se Plaintiffs*

>>*/s/ Mark A. Johnston*
>>Mark A. Johnston