IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:24-cv-03434-ACR |
| GULF AIR B.S.C. (C), *et al.*, | ) |
| Defendants. | ) |

### DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO PLAINTIFF TALA JOSEPHANO'S MOTION FOR LEAVE TO FILE EMERGENCY MOTION FOR PROTECTIVE ORDER, STAY AND REQUEST FOR HEARING

Defendant, Gulf Air B.S.C. (c) ("Gulf Air") submits its Opposition to Tala Josephano's ("Plaintiff Josephano" or "Plaintiff") Motion for Leave to File Emergency Motion for Protective Order, Stay on Deadlines and Request for Hearing (hereinafter, "Plaintiff's Motion," "Motion for Leave" or "Motion") (Dkt. 56). In support thereof, Gulf Air respectfully states as follows:

On May 28, 2025, Plaintiff Josephano filed an Emergency Motion for Protective Order and Request for In Camera Hearing Due to Harassment and Safety Threats by Defendant Gulf Air, the Jordanian Government on Behalf of King Abdullah, Prince Suleiman the Real Owner of Gulf Air B.S.C., and Individuals Assisting them within the U.S. Government ("Motion for Protective Order") (Dkt. 46). Gulf Air filed its Opposition on June 10, 2025, wherein it requested that the Court strike Plaintiff Josephano's Motion for Protective Order because it was filed without leave of Court in violation of the Court's March 26, 2025 Order. Gulf Air further opposed the Motion for Protective Order on the grounds that Plaintiff Josephano had failed to put forth sufficient facts establishing a good cause basis for her request for a protective order. *See* Gulf Air's Opposition to Plaintiff Josephano's Motion for Protective Order (Dkt. 52).

Plaintiff Josephano now seeks leave to refile her Motion for Protective Order and further requests a stay of all deadlines, including the deadline for Plaintiffs to respond to Gulf Air's pending Motion to Dismiss Plaintiffs' Amended Complaint Under Rules 12(b)(2), 12(b)(1) and 12(b)(5) ("Motion to Dismiss") (Dkt. 43), which has long since passed, until the Court rules on Plaintiffs' recent flurry of filings. Motion for Leave at 15.

For the reasons articulated in Gulf Air's Opposition to Plaintiff Josephano's Motion for Protective Order (Dkt. 52), Gulf Air's Opposition to Plaintiffs' Emergency Motion to Stay Proceedings (Dkt. 57) and Gulf Air's Opposition to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (Dkt. 62) (collectively referred to as "Defendants' Oppositions") which Gulf Air incorporates as if set forth fully herein, the Motion for Leave should be denied. Plaintiff Josephano has failed to meet her burden to justify the entry of a protective order or to obtain a stay as she has not provided any specific evidence to support her claims of threats, intimidation and harassment by Gulf Air. Motion for Leave at 6-11. Indeed, the Motion for Leave focuses almost exclusively on actions purportedly attributable to the Jordanian government, which is not a party to this case, and Plaintiff Josephano has provided no credible link between Gulf Air and the actions alleged to have been taken by King Abdullah and Queen Rania against her in the context of this litigation. Bare boned allegations that the Jordanian government is acting for purposes of assisting Gulf Air, with no further explanation or evidentiary support, are insufficient as a matter of law to award Plaintiff Josephano the relief she seeks. *See*, *e.g.*, *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C.) (finding that the only way to establish good cause under Rule 26(c) is "by demonstrating the specific evidence of the harm that would result.") (quoting *Jennings v. Family Management*, 201 F.R.D. 272, 275 (D.D.C. 2001)).

For the foregoing reasons, as well as those set forth in Defendants' Oppositions (Dkts. 52, 57, and 62), Defendant Gulf Air B.S.C. (c) respectfully requests that the Court deny Plaintiff's Motion for Leave to File Emergency Motion for Protective Order, Stay on Deadlines and Request for Hearing and grant Gulf Air B.S.C. (c) such other relief as it deems just and proper.

Dated: June 27, 2025

                                          Respectfully Submitted,

                                          **ECKERT SEAMANS CHERIN**
                                             **& MELLOTT, LLC**

                                          */s/ Mark A. Johnston*
                                          Mark A. Johnston, Esq.
                                          D.C. Bar No. 455764
                                          Darcy C. Osta, Esq.
                                          D.C. Bar No. 1686937
                                          1717 Pennsylvania Ave., N.W.,
                                          Suite 1200
                                          Washington, D.C. 20006
                                          (202) 659-6600
                                          dosta@eckertseamans.com
                                          mjohnston@eckertseamans.com

                                          *Counsel for Gulf Air B.S.C. (c)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

>Tala Josephano
>615 Catalina Avenue, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*

>Samiha Ayyash
>Feras Hindi
>7823 New London Drive, #233
>Springfield, VA 22153
>*Pro Se Plaintiffs*

><u>*/s/ Mark A. Johnston*</u>
>Mark A. Johnston