IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:24-cv-03434-ACR |
| GULF AIR B.S.C. (C), *et al.*, | ) |
| Defendants. | ) |

**DEFENDANT GULF AIR B.S.C. (C)'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED MOTION TO STAY PROCEEDINGS (ECF No. 49), AND REQUEST FOR NARROWLY TAILORED STAY**

Defendant, Gulf Air B.S.C. (c) ("Gulf Air") submits its Opposition to Plaintiffs Tala Josephano's, Samiha Ayyash's, and Feras Hindi's (hereinafter, "Plaintiffs") Motion for Leave to File Amended Motion to Stay Proceedings (ECF No. 49), and Request for Narrowly Tailored Stay (hereinafter, "Plaintiffs' Motion," "Motion for Leave" or "Motion") (Dkt. 60). In support thereof, Gulf Air respectfully states as follows:

On June 4, 2025, Plaintiffs filed an Emergency Motion to Stay Proceedings Pending Federal Investigation, Congressional Review, and Judicial Determination Regarding Foreign Interference ("Motion to Stay") (Dkt. 49). Gulf Air filed its Opposition on June 18, 2025, arguing that the Motion to Stay failed to present any grounds that could possibly justify the extraordinary remedy of a stay of these proceedings. (Dkt. 57). In addition to being filed without leave of Court, the Motion to Stay advanced unsupported, conspiracy-laden allegations and failed to identify any specific facts tending to suggest there would be any harm to Plaintiffs absent a stay. (*Id.* at 4). Further, a stay would be contrary to the interests of judicial economy, as the Motion to Stay did not cite any related or parallel proceedings – let alone any proceedings that could bear on the legal

or factual issues in the case. (*Id.* at 4-5). Indeed, a stay would only serve to prejudice Gulf Air by further delaying resolution of its pending Motion to Dismiss the Amended Complaint Under Rules 12(b)(2), 12(b)(1) and 12(b)(5) ("Motion to Dismiss"). (*Id.* at 6).

Plaintiff Tala Josephano subsequently filed a Motion for Leave to File Emergency Motion for Protective Order, Stay on Deadlines and Request for Hearing. (Dkt. 56). Gulf Air opposed that motion as well, explaining that it – like the Motion to Stay – was devoid of any specific evidence to support a finding of good cause to justify the entry of a protective order or to grant Plaintiffs any of the relief they requested, including a stay. (Dkt. 63).

Plaintiffs now seek leave to file an "Amended Motion to Stay Proceedings" and again request a stay of the deadlines in this case. *See*, *e.g.*, Motion for Leave at 4-5, 8-9, 15, 17, 19.[1] More specifically, Plaintiffs request a "brief and targeted stay of briefing on the Motion to Dismiss, limited to the period necessary for the Court to resolve the two threshold matters: the pending Motion for Jurisdictional Discovery and the corrected Protective Hearing Motion," despite that the deadline to respond to Gulf Air's Motion to Dismiss has long since passed.[2] Motion for Leave at 15. Moreover, the Court's May 19, 2025, Minute Order was clear that no further extensions of time would be granted to Plaintiffs.

In any event, Plaintiffs' Motion for Leave provides no credible basis to delay the resolution of Gulf Air's Motion to Dismiss any further. Plaintiffs' pending filings are meritless and should be denied for those reasons articulated in Gulf Air's Opposition to Plaintiffs' Motion to Stay (Dkt.

---

[1] In their Motion, Plaintiffs request leave to file "the proposed Amended Motion to Stay Proceedings," which they state is "attached hereto as Exhibit A." Motion for Leave at 19. However, there was no attachment to Plaintiffs' Motion for Leave.

[2] At times in their Motion for Leave, Plaintiffs refer to a "Protective Hearing Motion" as "pending" and "properly before this Court" but also as "forthcoming." *See* Motion for Leave at 4, 9, 17. Regardless of whether Plaintiffs are relying on a currently pending filing to support the relief they seek, they have presented no basis to justify a stay of the proceedings.

2

57), Gulf Air's Opposition to Plaintiff Josephano's Motion for Protective Order (Dkt. 52), Gulf Air's Opposition to Plaintiffs' Motion to Strike Exhibit A (Dkt. 53), Gulf Air's Opposition to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (Dkt. 62), and Gulf Air's Opposition to Plaintiff Tala Josephano's Motion for Leave to File Emergency Motion for Protective Order, Stay on Deadlines and Request for Hearing. (Dkt. 63) (collectively referred to as "Defendant's Oppositions"), which Gulf Air incorporates as if set forth fully herein.

Plaintiffs cannot meet their burden to justify a stay of the proceedings, for the reasons articulated herein as well as those in Defendant's Oppositions. The Motion for Leave does not set forth any new facts or articulate any new grounds that warrant a stay.[3] Instead, Plaintiffs baldly assert that a stay is necessary due to "harassment" and "targeted interference," which has allegedly "impede[ed] their ability to participate in these proceedings." *E.g.*, Motion for Leave at 4. As in their original Motion to Stay, Plaintiffs have not provided details or any evidence at all concerning any alleged harassment or interference. Moreover, Plaintiffs' claim that they have not been able to fully participate in these proceedings and cannot participate without the requested stay is unavailing in light of their numerous lengthy filings over the past month and a half. (*See* Dkts. 46, 47, 49, 55, 56, 64); *see also Kidwell v. Fed. Bureau of Investigation*, No. CV 11-00778 (BAH), 2011 WL 13385349, at *2 (D.D.C. Sept. 29, 2011) (finding that plaintiff's request to stay case based on health concerns was unwarranted since plaintiff had already received an extension of time to respond to pending motions to dismiss and "demonstrated a clear ability to file litigation documents" during that timeframe).

---

[3] Plaintiffs briefly reference an "Emergency Motion for Protective Order and supporting exhibits" which they state contains "sealed filings depicting surveillance by U.S. agents." Motion for Leave at 17. Gulf Air did not receive any exhibits submitted with the motions for a protective order filed by Plaintiff Josephano, (*see* Dkts. 46, 56), nor is it aware of any "sealed filings" or motions for leave to seal in this case.

3

Plaintiffs' renewed filing presents no legitimate grounds that warrant granting a stay. Thus, Plaintiffs have failed to meet their "high burden" to justify the exceptional relief they request. *See HDI Glob. Speciality SE v. Stanton View Devs., LLC*, No. CV 24-965 (SLS), 2025 WL 843284, at *2 (D.D.C. Mar. 18, 2025). For all the foregoing reasons, as well as those set forth in Defendant's Oppositions, Defendant, Gulf Air B.S.C. (c) respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Motion to Stay Proceedings (ECF No. 49), and Request for Narrowly Tailored Stay, and grant Gulf Air such other relief as it deems just and proper.

Dated: July 2, 2025

        Respectfully Submitted,

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

        */s/ Mark A. Johnston*
        Mark A. Johnston, Esq.
        D.C. Bar No. 455764
        Darcy C. Osta, Esq.
        D.C. Bar No. 1686937
        1717 Pennsylvania Ave., N.W.,
        Suite 1200
        Washington, D.C. 20006
        (202) 659-6600
        dosta@eckertseamans.com
        mjohnston@eckertseamans.com

        *Counsel for Gulf Air B.S.C. (c)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

> Tala Josephano
> 615 Catalina Avenue, #233
> Redondo Beach, CA 90277
> *Pro Se Plaintiff*
>
> Samiha Ayyash
> Feras Hindi
> 7823 New London Drive
> Springfield, VA 22153
> *Pro Se Plaintiffs*

                                             */s/ Mark A. Johnston*
                                             Mark A. Johnston