IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIHA AYYASH, *et al.*,  )<br>  )<br>  Plaintiffs,  )<br>  )  Case No. 1:24-cv-03434-ACR<br>v.  )<br>  )<br>GULF AIR B.S.C. (C), *et al.*,  )<br>  )<br>  Defendants.  )<br>_____)  | |

### DEFENDANT GULF AIR B.S.C. (C)'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT UNDER RULES 12(b)(2), 12(b)(1) AND 12(b)(5)

COMES NOW Defendant, Gulf Air B.S.C. (c) ("Gulf Air"), by undersigned counsel, and submits its Reply in Support of Its previously filed Motion to Dismiss Plaintiffs' Amended Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(1) and 12(b)(6) ("Motion to Dismiss"), and in support thereof, Gulf Air respectfully states as follows:

Following the March 28, 2025 Pre-Motion Conference and in accordance with the Court's Minute Order entered that same day, Gulf Air timely filed its Motion to Dismiss, Memorandum of Law in support thereof, and Exhibits 1 – 2 thereto on April 18, 2025. (Dkt. 43). As stated therein, dismissal is warranted under Rule 12(b)(2) because this Court cannot exercise either general or specific personal jurisdiction over Gulf Air. In addition, the Court lacks subject matter jurisdiction under Rule 12(b)(1) over the claims asserted in the Amended Complaint because Plaintiffs lack standing to assert such claims and adding the party with standing would defeat diversity jurisdiction. Plaintiffs also failed to effect service of process on Gulf Air in accordance with the applicable rules, rendering dismissal of the Amended Complaint proper under Rule 12(b)(5). Lastly, but perhaps most importantly, none of the jurisdictional deficiencies identified by Gulf Air

in its Motion to Dismiss are capable of being cured through amendment such that the only appropriate outcome is to dismiss the Amended Complaint, with prejudice.

On May 13, 2025, Plaintiffs moved for a thirty (30) day extension to respond. (Dkt. 45). The Court granted Plaintiffs' request and set June 12, 2025 as the new deadline for Plaintiffs to file their response. *See* May 19, 2025 Minute Order. However, Plaintiffs failed to respond to Gulf Air's Motion to Dismiss by the June 12, 2025 deadline. Instead, Plaintiffs filed numerous motions requesting various forms of relief in a transparent attempt unnecessarily to delay the proceedings and prolong the Court's resolution of the pending Motion to Dismiss. Specifically, Plaintiff Tala Josephano requested that the Court enter a protective order and hold an in-camera hearing. (Dkts. 46 and 56). Plaintiffs also moved to: (1) strike Exhibit A to the Declaration of Captain Qasim, which was filed in support of Gulf Air's Motion to Dismiss (Dkt. 47); (2) stay the case pending the outcome of investigations that were not and are not actual investigations pending before any adjudicative body (Dkt. 49); (3) conduct irrelevant and unduly burdensome "jurisdictional discovery" (Dkt. 55); and (4) stay resolution of Gulf Air's Motion to Dismiss until the Court rules on Plaintiffs' pending motions (Dkt. 60).

Not only have Plaintiffs failed to sufficiently justify the extraordinary relief sought in their numerous motions, to the extent Plaintiffs attempted to substantively rebut Gulf Air's jurisdictional arguments under Rules 12(b)(2), 12(b)(1) and 12(b)(6), for the reasons stated in Gulf Air's Oppositions thereto,[1] Plaintiffs' arguments are without merit. *See* Gulf Air's Oppositions (Dkts.

---

[1] Gulf Air incorporates, as if fully set forth herein, the arguments asserted in the following filings: (1) Opposition to Plaintiff Tala Josephano's Emergency Motion for Protective Order and Request for In Camera Hearing Due to Harassment and Safety Threats by Defendant Gulf Air, the Jordanian Government on Behalf of King Abdullah, Prince Suleiman the Real Owner of Gulf Air B.S.C., and Individuals Assisting them within the U.S. Government (Dkt. 52); (2) Opposition to Motion to Strike Defendant Gulf Air's Evidence "Exhibit A" Under Court Inherent Authority (Dkt. 53); (3) Opposition to Plaintiffs' Emergency Motion to Stay Proceedings (Dkt. 57); (4) Opposition to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (Dkt. 62); (5) Opposition to Plaintiff Tala Josephano's Motion for Leave to File Emergency Motion for Protective Order, Stay and Request for Hearing (Dkt. 63); and Opposition to Plaintiffs' Motion for Leave to File an Amended Motion to Stay Proceedings (Dkt. 65) (collectively referred to as "Oppositions").

52, 53, 57, 62, 63 and 65). As Plaintiffs failed to make the requisite *prima facie* showing of specific and pertinent jurisdictional facts to establish jurisdiction over Gulf Air in connection with their claims, Plaintiffs have not met their burden under the law. *See*, *e.g.*, *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C. Cir. 1984) (finding that in order to withstand a defendant's motion to dismiss under Federal Rule 12(b)(2), the plaintiff bears the burden of making a *prima facie* showing of specific and pertinent jurisdictional facts); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d. 9, 13 (D.D.C. 2001) (when a defendant moves to dismiss for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction). This Court should, therefore, decline to exercise jurisdiction over Gulf Air and dismiss the Amended Complaint, with prejudice.

WHEREFORE, for the reasons stated in Gulf Air's Motion to Dismiss (Dkt. 43) as well as those articulated in its Oppositions to Plaintiffs' pending motions (Dkts. 52, 53, 57, 62, 63 and 65), Defendant Gulf Air B.S.C. (c) respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Amended Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(1) and 12(b)(6) and dismiss the Amended Complaint, with prejudice, and grant Gulf Air B.S.C. (c) such other relief as it deems just and proper.

Dated: July 2, 2025

                        Respectfully Submitted,

                        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

                        */s/ Mark A. Johnston*
                        Mark A. Johnston, Esq.
                        D.C. Bar No. 455764
                        Darcy C. Osta, Esq.
                        D.C. Bar No. 1686937
                        1717 Pennsylvania Ave., N.W.,
                        Suite 1200
                        Washington, D.C. 20006
                        (202) 659-6600
                        dosta@eckertseamans.com
                        mjohnston@eckertseamans.com

                        *Counsel for Gulf Air B.S.C. (c)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record, and I will also serve a copy of the foregoing via USPS first class mail upon the following:

        Tala Josephano
        615 Catalina Avenue, #233
        Redondo Beach, CA 90277
        *Pro Se Plaintiff*

        Samiha Ayyash
        Feras Hindi
        7823 New London Drive
        Springfield, VA 22153
        *Pro Se Plaintiffs*

                        */s/ Mark A. Johnston*
                        Mark A. Johnston