UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMIHA AYYASH, *et al.*,

    *Plaintiffs*,

v.

GULF AIR B.S.C., *et al.*,

    *Defendants*.

Case No. 1:24-cv-03434 (ACR)

## ORDER

Plaintiffs Samiha Ayyash, Feras Hindi, and Tala Josephano, proceeding *pro se*, filed this suit after their relative, Captain Mohannad Alhindi, died of a heart attack at an airport in Dhaka, Bangladesh. They allege that negligence and safety violations by Defendants Gulf Air B.S.C. and its codeshare partner, American Airlines Inc., caused Captain Alhindi's death.

The Court sympathizes with Plaintiffs' loss. But it lacks personal jurisdiction over either Defendant. And even if it had jurisdiction, Plaintiffs' sprawling and conclusory Complaint falls well short of the Federal Rule of Civil Procedure's pleading requirements. The Court therefore **GRANTS** Defendants' motions to dismiss, Dkts. 7, 42, 43.

### I.    BACKGROUND[1]

Plaintiffs' claims arise from the death of Captain Alhindi, a 63-year-old pilot for Defendant Gulf Air B.S.C. (Gulf Air). Dkt. 2 at 4, 10. While on duty in Dhaka, Bangladesh,

---

[1] The Court takes the facts from Plaintiffs' Complaint and Amended Complaint, Dkts. 1, 2. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). The Court must construe a *pro se* complaint together with all the plaintiff's filings, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), and must read all *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

1

Captain Alhindi "became incapacitated. . . . shortly before he was scheduled to operate a codeshare flight with American Airlines," and later "died in a hospital due to a 99% blockage in his left coronary artery."  *Id.*

Plaintiffs allege that Gulf Air's "systemic negligence, including failure to address crew health risks and concealment of [alleged past] incapacitation incidents," led to Captain Alhindi's death.  *Id.*  They cite incidents stretching back decades: a 1986 bombing, the 1997 suspension of Gulf Air's U.S. operations, a 2000 crash, and other crew incapacitations, including one involving Captain Alhindi in 2004 and a flight attendant in 2022.  *Id.* at 12–13.  Plaintiffs also claim that Gulf Air mispresented its safety record to U.S. regulators.  *Id.* at 13.  All of this, they contend, reflects Gulf Air's failure to mitigate crew incapacitation risks, provide crew medical evaluations, implement an effective safety management system, and comply with regulatory requirements.  *Id.* at 15–27.  Plaintiffs also allege that Gulf Air negligently failed to provide Captain Alhindi with the necessary medical care in Bangladesh and fraudulently concealed facts about the Captain's medical treatment from his family.  *Id.* at 28–84.

As for Defendant American Airlines Inc. (American), with whom Gulf Air has a codeshare agreement,[2] Plaintiffs allege that the airline violated its "regulatory duty under FAA/DOT guidelines to ensure that Gulf Air complied with safety standards, including crew fitness and operational safety."  *Id.* at 85.  They claim that American certified Gulf Air's compliance despite knowing of its safety issues and failed to conduct proper audits.  *Id.* at 90–93.

Plaintiffs filed their original Complaint on December 10, 2024, Dkt. 1, and an Amended Complaint three weeks later, Dkt. 2.  Both are long, repetitive, disorganized, and difficult to

---

[2] A codeshare agreement is an agreement between airlines "whereby a flight is listed under one airline's two-letter identification code but operated by the other airline."  Dkt. 7 at 4.

2

follow.  Liberally construed, they appear to allege negligence, intentional and negligent infliction of emotional distress, fraud, and various regulatory violations.

Defendants filed separate motions to dismiss.  *See* Dkts. 7, 42, 43.  All argue that the Court lacks personal jurisdiction.  *Id.*  They also raise other grounds for dismissal: failure to state a plausible claim, *see* Dkt. 7, lack of subject-matter jurisdiction, *see* Dkt. 43, and insufficient service of process, *see id*.

In response to American's initial motion, Plaintiffs filed a flurry of motions, including an emergency motion for a hearing, *see* Dkt. 30, and several motions to strike, *see* Dkts. 34, 35, 40, 41.  After a pre-motion conference on March 28, 2025, the Court denied these (and several other) motions as moot.  Defendants then renewed their motions to dismiss.  *See* Dkts. 42, 43.  Plaintiffs again responded with numerous motions, including a motion to strike Gulf Air's motion to dismiss, *see* Dkt. 47, an emergency motion to stay, *see* Dkt. 49, and multiple motions for leave to conduct jurisdictional discovery, *see* Dkts. 54, 55.

## II.    LEGAL STANDARDS

Dismissal is warranted on one ground alone: the Court lacks personal jurisdiction under Rule 12(b)(2).  Alternatively, dismissal is also proper under Rule 8(a)(2).

Under Rule 12(b)(2), the plaintiff bears the burden of "establishing a factual basis for the exercise of personal jurisdiction over the defendant."  *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  To carry this burden, the plaintiff "must allege specific acts connecting [each] defendant with the forum."  *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up).  In evaluating jurisdiction, courts may consider materials outside the pleadings, *see Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005), and any factual disputes must be resolved in the plaintiff's favor, *see Crane*, 894 F.2d at 456.

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff bears the burden of pleading "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels, conclusions, and naked assertions will not suffice. *See id.* While this plausibility standard is not a probability requirement, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Importantly, a court need not accept as true any "conclusory statements" or "legal conclusions" offered by the plaintiff. *Id.* Courts may also dismiss *pro se* complaints sua sponte under Rule 8(a)(2) "where the complaint sets forth a meandering, disorganized, prolix narrative . . . ." *Hamrick v. United States*, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (cleaned up).

### III.   LEGAL ANALYSIS

#### A.  The Court Lacks Personal Jurisdiction

The Court lacks personal jurisdiction over both Defendants. Courts recognize two kinds of personal jurisdiction: general and specific. *Fuld v. Palestine Liberation Org.*, 145 S. Ct. 2090, 2102 (2025). A court may assert general jurisdiction where the defendant is domiciled or "fairly regarded as at home." *Id.* (cleaned up). For corporations, that typically means the place of incorporation or principal place of business. *See Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889 (D.C. Cir. 2021). Specific jurisdiction, by comparison, requires a connection between the forum and the conduct giving rise to the suit, usually an "activity or an occurrence that takes place in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To determine whether specific jurisdiction exists, a court "must first examine whether jurisdiction is applicable under the state's long-arm statute." *GTE New Media Servs., Inc. v.*

*BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  If so, the court must then assess whether exercising jurisdiction would satisfy due process.  *Id.*

### 1.  Defendant Gulf Air

Plaintiffs acknowledge that Gulf Air is incorporated and headquartered in Bahrain.  Dkt. 55 at 10.  That rules out general jurisdiction.

Plaintiffs contend that the Court can exercise specific personal jurisdiction over Gulf Air because it "has purposefully and voluntarily transacted substantial business" in the District.  *Id.* at 16, D.C. Code § 13-423(a)(1).  But they satisfy none of the required elements under the transacting-business test.  "To establish personal jurisdiction under the transacting business clause of the long-arm statute . . . a plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District . . . ; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice."  *COMSAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 521 (D.D.C. 1995) (cleaned up).

Here, Gulf Air states, without contradiction, that it has no offices, assets, or employees in the District; does not fly its own aircraft here; and does not advertise or solicit business here.  Dkt. 43-1 at 18.  While the airline sells codeshare tickets to District residents, *id.*, that action does not alone create sufficient contacts to make litigation here foreseeable—and thus, an exercise of jurisdiction in this case would be unreasonable and unfair.  *See COMSAT Corp.*, 900 F. Supp at 520–21.

"A related factor in determining whether the exercise of personal jurisdiction over [a] defendant is reasonable or fair is the District of Columbia's interest in adjudicating the dispute."  *Formica v. Cascade Candle Co.*, 125 F. Supp. 2d 552, 556 (D.D.C. 2001) (cleaned up).  When a

plaintiff is not a resident of the forum state, the forum state's "legitimate interests in the dispute [] considerably diminish[]." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987).  Here, Plaintiffs reside in Virginia and California, not in the District.  The events giving rise to the claims occurred abroad.  By dismissing this case, then, the Court does not fail to redress a harm inflicted on District residents or general wrongdoing directed at the District.

Because the Court lacks personal jurisdiction over Gulf Air, it dismisses Plaintiffs' claims against the airline.

### 2. Defendant American

Plaintiffs concede that American is incorporated in Delaware and headquartered in Texas. Dkt. 2 at 7.  That rules out general jurisdiction.

The Court thus turns to specific personal jurisdiction and the District's long-arm statute. D.C. Code § 13-423(a).  That is an equally easy call.  Plaintiffs fail to allege *any* acts committed by American in or relating to the District.  American's alleged audit failures would have occurred in Bahrain, where Gulf Air is based.  Dkt. 42 at 6.  And any negligence stemming from the airline's audit failures would have occurred in Bangladesh, where Captain Alhindi died.

Likewise, Plaintiffs' allegations that American committed constructive fraud lack a D.C. connection.  To the extent that American falsely certified Gulf Air's compliance with federal safety standards, it did so in Fort Worth, not in the District.  That the FAA received those certifications in D.C. is irrelevant; jurisdiction cannot rest on a defendant's contact with a federal agency located in the forum.  The government contacts doctrine excludes such incidental federal-agency contact from the jurisdictional analysis.  *E.g.*, *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006).

Plaintiffs seek jurisdictional discovery, but their request rests on speculation that American's contacts with "D.C.-based regulators" might establish jurisdiction. Dkt. 54-1 at 9. To be sure, "[a] plaintiff need only have a good faith belief that reasonable discovery could supplement jurisdictional allegations." *Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023) (cleaned up). But here, Defendants' alleged contacts do not and cannot establish such jurisdiction. "A district court acts well within its discretion to deny discovery when no facts additional discovery could produce would affect the jurisdictional analysis." *Id.* at 595 (cleaned up). The Court therefore denies discovery.

Because the Court lacks personal jurisdiction over American, it dismisses Plaintiffs' claims against the airline.

### B.  Plaintiffs Fail to State a Claim

Even assuming the Court had personal jurisdiction, Plaintiffs' pleadings do not satisfy Rule 8. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679. Here, Plaintiffs fail to supply *any* meaningful factual allegations.

For example, they cite a decades-old bombing and hijacking incident as evidence of Gulf Air's "systemic safety negligence." Dkt. 2 at 12. They also assert that "Gulf Air launched nonstop flights to JFK despite safety concerns" without explaining what those concerns were or pointing to any supporting facts. *Id.* They claim that "Gulf Air's breaches and negligence directly caused Captain [Alhindi]'s incapacitation and . . . death" in Bangladesh, *id.* at 17, but it is impossible to see how. Safety issues from decades-old incidents have zero bearing on whether an airline pilot suffers a heart attack. As for American, Plaintiffs allege that it "breached its duty

by failing to conduct meaningful audits." *Id.* at 86.  Yet, again, they offer no facts showing how the absence of audits could plausibly cause a pilot to experience a heart attack.

The only link between Captain Alhindi's heart attack and Defendants is that it occurred while he was on duty.  That is not enough.  Rule 8 does not permit Plaintiffs to replace well-pleaded facts with speculation and heated rhetoric.  The Complaints' disorganized structure, conclusory assertions, and lack of any logical connection between the alleged acts and the claimed injury warrant dismissal.

## IV.   CONCLUSION

The Court lacks personal jurisdiction over both Defendants, and Plaintiffs failed to state a claim under Rule 8.

For these reasons, the Court hereby

**GRANTS** Defendants' Motions to Dismiss, Dkts. 7, 42, 43;

**DENIES** Plaintiffs' Motions for a Protective Order and Hearing, Dkts. 46, 56, Motion to Strike Motion to Dismiss, Dkt. 47, Emergency Motions to Stay, Dkts. 49, 56, Motions for Leave to Conduct Discovery, Dkts. 54, 55, and Motion for Leave to File Amended Motion to Stay, Dkt. 60;

**DISMISSES** Plaintiffs' Complaints, Dkts. 1, 2, and this case without prejudice; and

**DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).  This Order is not intended for publication.

Date: August 5, 2025

_____
ANA C. REYES
United States District Judge