APPEAL,CLOSED,JURY,PROSE–NP,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–03434–ACR</u>
### *Internal Use Only*

| | |
|---|---|
| AYYASH et al v. AMERICAN AIRLINES INC. et al | Date Filed: 12/10/2024 |
| Assigned to: Judge Ana C. Reyes | Date Terminated: 08/06/2025 |
| Cause: 28:1332 Diversity–Personal Injury | Jury Demand: Plaintiff |
| | Nature of Suit: 360 P.I.: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**SAMIHA AYYASH**       represented by **SAMIHA AYYASH**
7823 New London Dr.
SpringField, VA 22153
PRO SE

**Plaintiff**

**FERAS HINDI**       represented by **FERAS HINDI**
7823 New London Dr
Springfield, VA 22153
(703)980–6955
PRO SE

**Plaintiff**

**TALA JOSEPHANO**       represented by **TALA JOSEPHANO**
615 S. Catalina Ave
#233
Redondo Beach, CA 90277
PRO SE

V.

**Defendant**

**AMERICAN AIRLINES INC.**       represented by **Micah Ephram Ticatch**
ISLER DARE, P.C.
1945 Old Gallows Road
Suite 650
Vienna, VA 22182
(703) 748–2690
Fax: (703) 748–2695
Email: mticatch@islerdare.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GULF AIR B.S.C**       represented by

**Darcy Osta**
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
1717 Pennsylvania Avenue, NW
Suite 12th Floor
Washington, DC 20006
202–659–6611
Email: dosta@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Andrew Johnston**
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
1717 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 659–6624
Fax: (202) 659–6699
Email: mjohnston@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/10/2024 | 1 | COMPLAINT against AMERICAN AIRLINES INC., GULF AIR B.S.C ( Filing fee $ 405, receipt number 208700) with Jury Demand filed by SAMIHA AYYASH, FERAS HINDI. (Attachments: # 1 Civil Cover Sheet)(zdp) (Entered: 12/12/2024) |
| 12/10/2024 | | Summons(2) Issued as to AMERICAN AIRLINES INC., GULF AIR B.S.C. (zdp) (Entered: 12/12/2024) |
| 12/31/2024 | 2 | AMENDED COMPLAINT against AMERICAN AIRLINES INC., GULF AIR B.S.C with Jury Demand filed by SAMIHA AYYASH, FERAS HINDI.(zdp) (Entered: 01/08/2025) |
| 01/08/2025 | 3 | NEW Pro Se Consent To Receive Notices of Electronic Filing by TALA JOSEPHANO (zdp) (Entered: 01/10/2025) |
| 01/23/2025 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. AMERICAN AIRLINES INC. served on 1/22/2025, answer due 2/12/2025 (zdp) (Entered: 01/23/2025) |
| 01/30/2025 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. GULF AIR B.S.C served on 1/30/2025, answer due 2/20/2025 (zdp) (Entered: 02/10/2025) |
| 02/12/2025 | 6 | NOTICE of Appearance by Micah Ephram Ticatch on behalf of AMERICAN AIRLINES INC. (Ticatch, Micah) (Entered: 02/12/2025) |
| 02/12/2025 | 7 | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss by AMERICAN AIRLINES INC.. (Attachments: # 1 Text of Proposed Order)(Ticatch, Micah) (Entered: 02/12/2025) |
| 02/12/2025 | 8 | |

| | | |
|---|---|---|
| | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN AIRLINES INC. (Ticatch, Micah) (Entered: 02/12/2025) |
| 02/20/2025 | 9 | NOTICE of Appearance by Darcy Osta on behalf of GULF AIR B.S.C (Osta, Darcy) (Entered: 02/20/2025) |
| 02/20/2025 | 10 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GULF AIR B.S.C (Osta, Darcy) (Entered: 02/20/2025) |
| 02/20/2025 | 11 | ENTERED IN ERROR.....NOTICE *Short Notice – Request for Pre–Motion Conference* by GULF AIR B.S.C (Osta, Darcy) Modified on 2/20/2025, pursuant to Counsel (mg). (Entered: 02/20/2025) |
| 02/20/2025 | 12 | NOTICE of Appearance by Mark Andrew Johnston on behalf of GULF AIR B.S.C (Johnston, Mark) (Entered: 02/20/2025) |
| 02/20/2025 | 13 | MOTION for Telephone Conference *Notice of Request to Schedule Pre–Motion Conference* by GULF AIR B.S.C. (Johnston, Mark) (Entered: 02/20/2025) |
| 02/20/2025 | 14 | MOTION for Hearing *Motion Conference* by AMERICAN AIRLINES INC.. (Ticatch, Micah) (Entered: 02/20/2025) |
| 02/20/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 13 MOTION for Telephone Conference *Notice of Request to Schedule Pre–Motion Conference* by GULF AIR B.S.C. (Johnston, Mark). <br><br> Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/27/2025. (zhcn) 2/21/2025 (zapb). (Entered: 02/21/2025) |
| 02/20/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 10 LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GULF AIR B.S.C (Osta, Darcy). <br><br> Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/27/2025. (zhcn) Modified on 2/21/2025 (zhcn). (Entered: 02/21/2025) |
| 02/23/2025 | 16 | ENTERED IN ERROR.....MOTION for Entry of Default by FERAS HINDI. (Attachments: # 1 Exhibit)(zdp) Modified on 2/27/2025; refiled as docket entry 17 |

| | | (zdp). (Entered: 02/26/2025) |
|---|---|---|
| 02/24/2025 | 17 | MOTION for Entry of Default by FERAS HINDI. (Attachments: # 1 Exhibit)(zdp) (Entered: 02/26/2025) |
| 02/24/2025 | 18 | MOTION for Entry of Default by FERAS HINDI. (Attachments: # 1 Exhibit)(zdp) (Entered: 02/26/2025) |
| 02/27/2025 | 19 | MOTION for Entry of Default by SAMIHA AYYASH. (Attachments: # 1 Exhibit)(zdp) (Entered: 02/28/2025) |
| 02/28/2025 | 21 | MOTION for Extension of Time to File Response/Reply, MOTION for Hearing by TALA JOSEPHANO. (zdp) (Entered: 03/05/2025) |
| 03/03/2025 | 22 | MOTION for Entry of Default by SAMIHA AYYASH. ( # 1 Exhibit) (zdp) (Entered: 03/05/2025) |
| 03/04/2025 | 20 | Memorandum in opposition to re 17 Motion for Entry of Default, 16 Motion for Entry of Default, 19 Motion for Entry of Default filed by AMERICAN AIRLINES INC.. (Attachments: # 1 Exhibit)(Ticatch, Micah) (Entered: 03/04/2025) |
| 03/04/2025 | 23 | NOTICE OF Error in Filing by SAMIHA AYYASH re 17 Motion for Entry of Default, 18 Motion for Entry of Default, 22 Motion for Entry of Default, 19 Motion for Entry of Default (zdp) (Entered: 03/05/2025) |
| 03/07/2025 | | NOTICE of Hearing: Pre–motion Conference set for 3/28/2025 at 2:00 PM via Zoom before Judge Ana C. Reyes. (zakb) (Entered: 03/07/2025) |
| 03/07/2025 | 24 | DEACTIVATE Pro Se Consent To Receive Notices of Electronic Filing by TALA JOSEPHANO (zdp) (Entered: 03/10/2025) |
| 03/07/2025 | 26 | MOTION for Entry of Default by TALA JOSEPHANO. (zdp) (Entered: 03/10/2025) |
| 03/08/2025 | 27 | MOTION for Entry of Default by TALA JOSEPHANO. (Attachments: # 1 Exhibit)(zdp) (Entered: 03/10/2025) |
| 03/10/2025 | 25 | RESPONSE re 18 MOTION for Entry of Default, 22 MOTION for Entry of Default *in Opposition* filed by GULF AIR B.S.C. (Attachments: # 1 Exhibit 1 to Gulf Air BSC's Opposition to Plaintiff's Motions for Default, # 2 Exhibit 2 to Gulf Air BSC's Opposition to Plaintiff's Motions for Default)(Osta, Darcy) (Entered: 03/10/2025) |
| 03/15/2025 | 28 | NOTICE of Intent by FERAS HINDI (zjm) (Entered: 03/17/2025) |
| 03/15/2025 | 29 | NOTICE of Intent by SAMIHA AYYASH (zjm) (Entered: 03/17/2025) |
| 03/18/2025 | 30 | Emergency MOTION for Hearing, MOTION for Order to Remove Case Manager by TALA JOSEPHANO, SAMIHA AYYASH, FERAS HINDI. (zdp) (Entered: 03/19/2025) |
| 03/18/2025 | 31 | NOTICE of Intent to Sue by TALA JOSEPHANO, SAMIHA AYYASH, FERAS HINDI (See docket entry 30 to view document) (zdp) (Entered: 03/19/2025) |
| 03/19/2025 | 32 | RESPONSE re 26 MOTION for Entry of Default, 27 MOTION for Entry of Default *in Opposition* filed by GULF AIR B.S.C. (Attachments: # 1 Exhibit 1 to Gulf Air BSC's Opposition to Plaintiff Josephano's Motion for Entry of Default, # 2 Exhibit 2 to Gulf Air BSC's Opposition to Plaintiff Josephano's Motion for Entry of Default, # 3 Exhibit 3 to Gulf Air BSC's Opposition to Plaintiff Josephano's Motion for Entry of Default)(Osta, Darcy) (Entered: 03/19/2025) |

| 03/20/2025 | 33 | Memorandum in opposition to re 27 Motion for Entry of Default filed by AMERICAN AIRLINES INC.. (Ticatch, Micah) (Entered: 03/20/2025) |
|---|---|---|
| 03/24/2025 | 34 | MOTION to Strike 25 Response to motion, 10 LCvR 26.1 Certificate of Disclosure – Corporate Affiliations/Financial Interests, 13 MOTION for Telephone Conference *Notice of Request to Schedule Pre–Motion Conference*, 9 Notice of Appearance, 12 Notice of Appearance by FERAS HINDI. (Attachments: # 1 Certificate of Conference, # 2 Proposed Order)(zdp) Modified docket text on 3/26/2025 (zdp). (Entered: 03/26/2025) |
| 03/24/2025 | 35 | MOTION to Strike 25 Response to motion, 10 LCvR 26.1 Certificate of Disclosure – Corporate Affiliations/Financial Interests, 13 MOTION for Telephone Conference *Notice of Request to Schedule Pre–Motion Conference*, 9 Notice of Appearance, 12 Notice of Appearance by SAMIHA AYYASH. (Attachments: # 1 Certificate of Conference, # 2 Proposed Order)(zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 36 | NOTICE of Proposed Order by FERAS HINDI re 17 MOTION for Entry of Default, 18 MOTION for Entry of Default (Attachments: # 1 Proposed Order)(zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 37 | NOTICE of Proposed Order by SAMIHA AYYASH re 22 MOTION for Entry of Default, 19 MOTION for Entry of Default (Attachments: # 1 Proposed Order)(zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 38 | REPLY to opposition to motion re 26 Motion for Entry of Default, 27 Motion for Entry of Default filed by TALA JOSEPHANO. (Attachments: # 1 Exhibit, # 2 Certificate of Conference, # 3 Proposed Order)(zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 40 | MOTION to Strike 8 LCvR 26.1 Certificate of Disclosure – Corporate Affiliations/Financial Interests, 6 Notice of Appearance, 7 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss by SAMIHA AYYASH. (Attachments: # 1 Proposed Order, # 2 Certificate of Conference)(zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 41 | MOTION to Strike 8 LCvR 26.1 Certificate of Disclosure – Corporate Affiliations/Financial Interests, 6 Notice of Appearance, 7 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss , 14 MOTION for Hearing *Motion Conference*, 20 Memorandum in Opposition by FERAS HINDI. (Attachments: # 1 Proposed Order, # 2 Certificate of Conference)(zdp) (Entered: 03/26/2025) |
| 03/26/2025 | 39 | RESPONSE re 29 Notice (Other), 28 Notice (Other) *IN OPPOSITION TO PLAINTIFFS MARCH 15, 2025, NOTICE FILINGS* filed by GULF AIR B.S.C. (Osta, Darcy) (Entered: 03/26/2025) |
| 03/26/2025 | | MINUTE ORDER. The Court ORDERS that no parties are permitted to file any further motions without leave of Court. The Court will address the pending motions at the March 28, 2025 pre–motion conference. Signed by Judge Ana C. Reyes on 03/26/2025. (lcacr2) (Entered: 03/26/2025) |
| 03/28/2025 | | Minute Entry for Pre–Motion Conference held on 3/28/2025 before Judge Ana C. Reyes: For reasons stated on the record, Pending 17 , 18 , 19 , 22 , 26 and 27 Motions for Default are DENIED. Motion to Dismiss due by 4/18/2025. Responses due by 5/16/2025. Replies due by 6/6/2025. Court Reporter: Christine Asif. (smc) (Entered: 03/28/2025) |
| 03/28/2025 | | Motion(s) terminated: 26 MOTION for Entry of Default filed by TALA JOSEPHANO, 17 MOTION for Entry of Default filed by FERAS HINDI, 18 |

| | | |
|---|---|---|
| | | MOTION for Entry of Default filed by FERAS HINDI, 22 MOTION for Entry of Default filed by SAMIHA AYYASH, 27 MOTION for Entry of Default filed by TALA JOSEPHANO, 19 MOTION for Entry of Default filed by SAMIHA AYYASH. (lcacr2) (Entered: 03/28/2025) |
| 03/28/2025 | | MINUTE ORDER. For the reasons stated on the record at today's pre–motion conference, the Court DENIES AS MOOT the following Motions: 13 Motion for Telephone Conference, 14 Motion for Hearing, 21 Motion for Extension of Time, 30 Emergency Motion for Hearing, and 34 , 35 , 40 , 41 Motions to Strike. Signed by Judge Ana C. Reyes on 03/28/2025. (lcacr2) (Entered: 03/28/2025) |
| 04/17/2025 | 42 | MOTION to Dismiss for Lack of Jurisdiction by AMERICAN AIRLINES INC.. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Ticatch, Micah) (Entered: 04/17/2025) |
| 04/18/2025 | 43 | MOTION to Dismiss for Lack of Jurisdiction by GULF AIR B.S.C. (Attachments: # 1 Memorandum in Support of Motion to Dismiss, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order to Motion to Dismiss)(Osta, Darcy) (Entered: 04/18/2025) |
| 05/09/2025 | 44 | NOTICE in Support of Motion to Recuse by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO (Attachments: # 1 Exhibit)(zdp) (Entered: 05/13/2025) |
| 05/13/2025 | 45 | MOTION for Extension of Time to File Response/Reply as to 43 MOTION to Dismiss for Lack of Jurisdiction , 42 MOTION to Dismiss for Lack of Jurisdiction by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (zdp) (Entered: 05/14/2025) |
| 05/19/2025 | | MINUTE ORDER. Upon consideration of Plaintiffs' 45 Motion for Extension of Time, the Court GRANTS the Motion. Plaintiffs shall respond to Defendants' Motions to Dismiss on or before June 12, 2025. Defendants shall reply on or before July 3, 2025. No further extensions will be granted. Signed by Judge Ana C. Reyes on 05/19/2025. (lcacr2) (Entered: 05/19/2025) |
| 05/27/2025 | 46 | MOTION for Protective Order, MOTION for Hearing by TALA JOSEPHANO. (zdp) (Entered: 05/28/2025) |
| 05/29/2025 | 47 | MOTION to Strike 43 MOTION to Dismiss for Lack of Jurisdiction by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (Attachments: # 1 Memorandum in Support, # 2 Exhibit)(zdp) (Entered: 05/30/2025) |
| 06/04/2025 | 48 | NOTICE of Proposed Order by TALA JOSEPHANO re 46 MOTION for Protective Order MOTION for Hearing (zdp) (Entered: 06/05/2025) |
| 06/04/2025 | 49 | EMERGENCY MOTION to Stay by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (zdp) (Entered: 06/05/2025) |
| 06/09/2025 | 50 | NOTICE of Proposed Order by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO re 47 MOTION to Strike 43 MOTION to Dismiss for Lack of Jurisdiction (zdp) (Entered: 06/10/2025) |
| 06/09/2025 | 51 | NOTICE of Proposed Order by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO re 49 MOTION to Stay (zdp) (Entered: 06/10/2025) |
| 06/10/2025 | 52 | RESPONSE re 46 MOTION for Protective Order MOTION for Hearing *in Opposition* filed by GULF AIR B.S.C. (Johnston, Mark) (Entered: 06/10/2025) |
| 06/12/2025 | 53 | |

| | | |
|---|---|---|
| | | RESPONSE re <u>47</u> MOTION to Strike <u>43</u> MOTION to Dismiss for Lack of Jurisdiction *DEFENDANT GULF AIR B.S.C. (C)S OPPOSITION TO PLAINTIFFS MOTION TO STRIKE EVIDENCE (EXHIBIT A) UNDER COURT INHERENT AUTHORITY* filed by GULF AIR B.S.C. (Johnston, Mark) (Entered: 06/12/2025) |
| 06/12/2025 | <u>54</u> | MOTION for Leave to Conduct Discovery by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Exhibit)(zdp) (Entered: 06/12/2025) |
| 06/12/2025 | <u>55</u> | MOTION for Leave to Conduct Discovery by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (Attachments: # <u>1</u> Proposed Order)(zdp) (Entered: 06/16/2025) |
| 06/13/2025 | <u>56</u> | MOTION for Leave to File Motion for Protective Order, Stay and Hearing by TALA JOSEPHANO. (Attachments: # <u>1</u> Proposed Order)(zdp) (Entered: 06/17/2025) |
| 06/18/2025 | <u>57</u> | RESPONSE re <u>49</u> MOTION to Stay *in Opposition* filed by GULF AIR B.S.C. (Johnston, Mark) (Entered: 06/18/2025) |
| 06/18/2025 | <u>58</u> | NOTICE of Proposed Order by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO re <u>54</u> MOTION for Leave to File (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | <u>59</u> | NOTICE of Proposed Order by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO re <u>55</u> MOTION for Discovery (zdp) (Entered: 06/20/2025) |
| 06/20/2025 | <u>60</u> | MOTION for Leave to File Amended Motion to Stay by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (zdp) (Entered: 06/20/2025) |
| 06/26/2025 | <u>61</u> | REPLY to opposition to motion re <u>42</u> Motion to Dismiss/Lack of Jurisdiction filed by AMERICAN AIRLINES INC.. (Ticatch, Micah) Modified docket text on 7/1/2025 (zdp). (Entered: 06/26/2025) |
| 06/26/2025 | <u>62</u> | Memorandum in opposition to re <u>55</u> MOTION for Discovery filed by GULF AIR B.S.C. (Johnston, Mark) (Entered: 06/26/2025) |
| 06/26/2025 | <u>64</u> | REPLY to opposition to motion re <u>47</u> Motion to Strike filed by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (zdp) (Entered: 06/30/2025) |
| 06/27/2025 | <u>63</u> | RESPONSE re <u>56</u> MOTION for Leave to File *in Opposition* filed by GULF AIR B.S.C. (Johnston, Mark) (Entered: 06/27/2025) |
| 07/02/2025 | <u>65</u> | RESPONSE re <u>60</u> MOTION for Leave to File *in Opposition* filed by GULF AIR B.S.C. (Johnston, Mark) (Entered: 07/02/2025) |
| 07/02/2025 | <u>66</u> | REPLY re <u>43</u> MOTION to Dismiss for Lack of Jurisdiction *GULF AIR B.S.C. (C)S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT UNDER RULES 12(b)(2), 12(b)(1) AND 12(b)(5)* filed by GULF AIR B.S.C. (Johnston, Mark) Modified docket text on 7/8/2025 (zdp). (Entered: 07/02/2025) |
| 07/07/2025 | <u>67</u> | Memorandum in opposition to re <u>42</u> MOTION to Dismiss for Lack of Jurisdiction filed by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (zdp) (Entered: 07/14/2025) |
| 07/07/2025 | 68 | REPLY to opposition to motion re <u>56</u> Motion for Leave to File, <u>55</u> Motion for Discovery filed by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (See docket entry <u>67</u> to view documents) (zdp) (Entered: 07/14/2025) |

| 08/05/2025 | 69 | ORDER granting Defendants' Motions to Dismiss, Dkts. 7 , 42 , 43 , denying Plaintiffs' motions, Dkts. 46 , 47 , 49 , 54 , 55 , 56 , 60 , dismissing Plaintiffs' Complaints, Dkts. 1 , 2 , and this case without prejudice, and directing the Clerk of Court to close this case. See document for details. Signed by Judge Ana C. Reyes on 08/05/2025. (lcacr2) (Entered: 08/05/2025) |
| --- | --- | --- |
| 08/24/2025 | 70 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: PLAINTIFFS – Notice of Intent to Sue. Reason(s): Case is closed. (znmw) (Entered: 08/25/2025) |
| 08/24/2025 | 71 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 69 Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion for Protective Order, Order on Motion for Hearing, Order on Motion to Strike, Order on Motion to Stay, Order on Motion for Leave to File, Order on Motion for Discovery by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. Fee Status: No Fee Paid. Parties have been notified. (znmw) (Entered: 08/25/2025) |
| 08/24/2025 | 72 | MOTION for Relief from Judgment by SAMIHA AYYASH, FERAS HINDI, TALA JOSEPHANO. (znmw) (Entered: 08/25/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Civil Division**

| | | |
|---|---|---|
| **Samiha Ayysah, Feras Hindi,** | ) | |
| **Tala Josephano** | ) | **Case No.:  1:24-cv-03434-ACR** |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| _____ | ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Samiha Ayyash, Feras Hindi, and Tala Josephano, pro se,
appeal to the United States Court of Appeals for the District of Columbia Circuit from the final
order and judgment entered in this action on August 5, 2025, by Judge Ana C. Reyes, which
dismissed Plaintiffs' complaints without prejudice before recusing herself.

Plaintiffs further note an irregularity in the docket: Docket Entry No. 31 was removed from the
record without explanation, and it is unclear whether this action was taken by the Clerk's Office
or the Judge's chambers. Plaintiffs respectfully preserve this issue for review and for further
inquiry by the appellate court as appropriate.



RECEIVED
AUG 24 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Respectfully submitted

August 25  2025

**Pro Se Plaintiffs**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767

## CERTIFICATE OF SERVICE

I hereby certify that on August 25  2025, Plaintiff Feras Hindi, Plaintiff Tala & Plaintiff Samiha will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Notice of Appeal

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Email

2-Defendant Gulf Air B.S.C., Inc Darcy & Mark  **AT** Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Email , Mail

Submitted,

August 25 2025

**Pro Se Plaintiffs**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

Feras Hindi
7823 New London Dr.
Springfield VA 22153
703-980-6955

Samiha Ayyash
7823 New London Dr.
Springfield VA 22153
703-623-3767

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| SAMIHA AYYASH, *et al.*, |
| *Plaintiffs*, |
| v. |
| GULF AIR B.S.C., *et al.*, |
| *Defendants*. |

Case No. 1:24-cv-03434 (ACR)

**ORDER**

Plaintiffs Samiha Ayyash, Feras Hindi, and Tala Josephano, proceeding *pro se*, filed this suit after their relative, Captain Mohannad Alhindi, died of a heart attack at an airport in Dhaka, Bangladesh.  They allege that negligence and safety violations by Defendants Gulf Air B.S.C. and its codeshare partner, American Airlines Inc., caused Captain Alhindi's death.

The Court sympathizes with Plaintiffs' loss.  But it lacks personal jurisdiction over either Defendant.  And even if it had jurisdiction, Plaintiffs' sprawling and conclusory Complaint falls well short of the Federal Rule of Civil Procedure's pleading requirements.  The Court therefore **GRANTS** Defendants' motions to dismiss, Dkts. 7, 42, 43.

## I.    BACKGROUND[1]

Plaintiffs' claims arise from the death of Captain Alhindi, a 63-year-old pilot for Defendant Gulf Air B.S.C. (Gulf Air).  Dkt. 2 at 4, 10.  While on duty in Dhaka, Bangladesh,

---

[1] The Court takes the facts from Plaintiffs' Complaint and Amended Complaint, Dkts. 1, 2.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  The Court must construe a *pro se* complaint together with all the plaintiff's filings, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), and must read all *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

1

Captain Alhindi "became incapacitated. . . . shortly before he was scheduled to operate a codeshare flight with American Airlines," and later "died in a hospital due to a 99% blockage in his left coronary artery." *Id.*

Plaintiffs allege that Gulf Air's "systemic negligence, including failure to address crew health risks and concealment of [alleged past] incapacitation incidents," led to Captain Alhindi's death. *Id.* They cite incidents stretching back decades: a 1986 bombing, the 1997 suspension of Gulf Air's U.S. operations, a 2000 crash, and other crew incapacitations, including one involving Captain Alhindi in 2004 and a flight attendant in 2022. *Id.* at 12–13. Plaintiffs also claim that Gulf Air misrepresented its safety record to U.S. regulators. *Id.* at 13. All of this, they contend, reflects Gulf Air's failure to mitigate crew incapacitation risks, provide crew medical evaluations, implement an effective safety management system, and comply with regulatory requirements. *Id.* at 15–27. Plaintiffs also allege that Gulf Air negligently failed to provide Captain Alhindi with the necessary medical care in Bangladesh and fraudulently concealed facts about the Captain's medical treatment from his family. *Id.* at 28–84.

As for Defendant American Airlines Inc. (American), with whom Gulf Air has a codeshare agreement,[2] Plaintiffs allege that the airline violated its "regulatory duty under FAA/DOT guidelines to ensure that Gulf Air complied with safety standards, including crew fitness and operational safety." *Id.* at 85. They claim that American certified Gulf Air's compliance despite knowing of its safety issues and failed to conduct proper audits. *Id.* at 90–93.

Plaintiffs filed their original Complaint on December 10, 2024, Dkt. 1, and an Amended Complaint three weeks later, Dkt. 2. Both are long, repetitive, disorganized, and difficult to

---

[2] A codeshare agreement is an agreement between airlines "whereby a flight is listed under one airline's two-letter identification code but operated by the other airline." Dkt. 7 at 4.

follow.  Liberally construed, they appear to allege negligence, intentional and negligent infliction of emotional distress, fraud, and various regulatory violations.

Defendants filed separate motions to dismiss.  *See* Dkts. 7, 42, 43.  All argue that the Court lacks personal jurisdiction.  *Id.*  They also raise other grounds for dismissal: failure to state a plausible claim, *see* Dkt. 7, lack of subject-matter jurisdiction, *see* Dkt. 43, and insufficient service of process, *see id.*

In response to American's initial motion, Plaintiffs filed a flurry of motions, including an emergency motion for a hearing, *see* Dkt. 30, and several motions to strike, *see* Dkts. 34, 35, 40, 41.  After a pre-motion conference on March 28, 2025, the Court denied these (and several other) motions as moot.  Defendants then renewed their motions to dismiss.  *See* Dkts. 42, 43. Plaintiffs again responded with numerous motions, including a motion to strike Gulf Air's motion to dismiss, *see* Dkt. 47, an emergency motion to stay, *see* Dkt. 49, and multiple motions for leave to conduct jurisdictional discovery, *see* Dkts. 54, 55.

## II.    LEGAL STANDARDS

Dismissal is warranted on one ground alone: the Court lacks personal jurisdiction under Rule 12(b)(2).  Alternatively, dismissal is also proper under Rule 8(a)(2).

Under Rule 12(b)(2), the plaintiff bears the burden of "establishing a factual basis for the exercise of personal jurisdiction over the defendant."  *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  To carry this burden, the plaintiff "must allege specific acts connecting [each] defendant with the forum."  *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up).  In evaluating jurisdiction, courts may consider materials outside the pleadings, *see Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005), and any factual disputes must be resolved in the plaintiff's favor, *see Crane*, 894 F.2d at 456.

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff bears the burden of pleading "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels, conclusions, and naked assertions will not suffice. *See id.* While this plausibility standard is not a probability requirement, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Importantly, a court need not accept as true any "conclusory statements" or "legal conclusions" offered by the plaintiff. *Id.* Courts may also dismiss *pro se* complaints sua sponte under Rule 8(a)(2) "where the complaint sets forth a meandering, disorganized, prolix narrative . . . ." *Hamrick v. United States*, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (cleaned up).

## III.    LEGAL ANALYSIS

### A.  The Court Lacks Personal Jurisdiction

The Court lacks personal jurisdiction over both Defendants. Courts recognize two kinds of personal jurisdiction: general and specific. *Fuld v. Palestine Liberation Org.*, 145 S. Ct. 2090, 2102 (2025). A court may assert general jurisdiction where the defendant is domiciled or "fairly regarded as at home." *Id.* (cleaned up). For corporations, that typically means the place of incorporation or principal place of business. *See Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889 (D.C. Cir. 2021). Specific jurisdiction, by comparison, requires a connection between the forum and the conduct giving rise to the suit, usually an "activity or an occurrence that takes place in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To determine whether specific jurisdiction exists, a court "must first examine whether jurisdiction is applicable under the state's long-arm statute." *GTE New Media Servs., Inc. v.*

4

*BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  If so, the court must then assess whether exercising jurisdiction would satisfy due process.  *Id.*

### 1. Defendant Gulf Air

Plaintiffs acknowledge that Gulf Air is incorporated and headquartered in Bahrain.  Dkt. 55 at 10.  That rules out general jurisdiction.

Plaintiffs contend that the Court can exercise specific personal jurisdiction over Gulf Air because it "has purposefully and voluntarily transacted substantial business" in the District.  *Id.* at 16, D.C. Code § 13-423(a)(1).  But they satisfy none of the required elements under the transacting-business test.  "To establish personal jurisdiction under the transacting business clause of the long-arm statute . . . a plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District . . . ; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice."  *COMSAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 521 (D.D.C. 1995) (cleaned up).

Here, Gulf Air states, without contradiction, that it has no offices, assets, or employees in the District; does not fly its own aircraft here; and does not advertise or solicit business here. Dkt. 43-1 at 18.  While the airline sells codeshare tickets to District residents, *id.*, that action does not alone create sufficient contacts to make litigation here foreseeable—and thus, an exercise of jurisdiction in this case would be unreasonable and unfair.  *See COMSAT Corp.*, 900 F. Supp at 520–21.

"A related factor in determining whether the exercise of personal jurisdiction over [a] defendant is reasonable or fair is the District of Columbia's interest in adjudicating the dispute." *Formica v. Cascade Candle Co.*, 125 F. Supp. 2d 552, 556 (D.D.C. 2001) (cleaned up).  When a

5

plaintiff is not a resident of the forum state, the forum state's "legitimate interests in the dispute [] considerably diminish[]." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987). Here, Plaintiffs reside in Virginia and California, not in the District. The events giving rise to the claims occurred abroad. By dismissing this case, then, the Court does not fail to redress a harm inflicted on District residents or general wrongdoing directed at the District.

Because the Court lacks personal jurisdiction over Gulf Air, it dismisses Plaintiffs' claims against the airline.

### 2. Defendant American

Plaintiffs concede that American is incorporated in Delaware and headquartered in Texas. Dkt. 2 at 7. That rules out general jurisdiction.

The Court thus turns to specific personal jurisdiction and the District's long-arm statute. D.C. Code § 13-423(a). That is an equally easy call. Plaintiffs fail to allege *any* acts committed by American in or relating to the District. American's alleged audit failures would have occurred in Bahrain, where Gulf Air is based. Dkt. 42 at 6. And any negligence stemming from the airline's audit failures would have occurred in Bangladesh, where Captain Alhindi died.

Likewise, Plaintiffs' allegations that American committed constructive fraud lack a D.C. connection. To the extent that American falsely certified Gulf Air's compliance with federal safety standards, it did so in Fort Worth, not in the District. That the FAA received those certifications in D.C. is irrelevant; jurisdiction cannot rest on a defendant's contact with a federal agency located in the forum. The government contacts doctrine excludes such incidental federal-agency contact from the jurisdictional analysis. *E.g.*, *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006).

Plaintiffs seek jurisdictional discovery, but their request rests on speculation that American's contacts with "D.C.-based regulators" might establish jurisdiction.  Dkt. 54-1 at 9. To be sure, "[a] plaintiff need only have a good faith belief that reasonable discovery could supplement jurisdictional allegations."  *Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023) (cleaned up).  But here, Defendants' alleged contacts do not and cannot establish such jurisdiction.  "A district court acts well within its discretion to deny discovery when no facts additional discovery could produce would affect the jurisdictional analysis."  *Id.* at 595 (cleaned up).  The Court therefore denies discovery.

Because the Court lacks personal jurisdiction over American, it dismisses Plaintiffs' claims against the airline.

### B.  Plaintiffs Fail to State a Claim

Even assuming the Court had personal jurisdiction, Plaintiffs' pleadings do not satisfy Rule 8.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft*, 556 U.S. at 679.  Here, Plaintiffs fail to supply *any* meaningful factual allegations.

For example, they cite a decades-old bombing and hijacking incident as evidence of Gulf Air's "systemic safety negligence."  Dkt. 2 at 12.  They also assert that "Gulf Air launched nonstop flights to JFK despite safety concerns" without explaining what those concerns were or pointing to any supporting facts.  *Id.*  They claim that "Gulf Air's breaches and negligence directly caused Captain [Alhindi]'s incapacitation and  . . . death" in Bangladesh, *id.* at 17, but it is impossible to see how.  Safety issues from decades-old incidents have zero bearing on whether an airline pilot suffers a heart attack.  As for American, Plaintiffs allege that it "breached its duty

by failing to conduct meaningful audits." *Id.* at 86.  Yet, again, they offer no facts showing how the absence of audits could plausibly cause a pilot to experience a heart attack.

The only link between Captain Alhindi's heart attack and Defendants is that it occurred while he was on duty.  That is not enough.  Rule 8 does not permit Plaintiffs to replace well-pleaded facts with speculation and heated rhetoric.  The Complaints' disorganized structure, conclusory assertions, and lack of any logical connection between the alleged acts and the claimed injury warrant dismissal.

## IV.    CONCLUSION

The Court lacks personal jurisdiction over both Defendants, and Plaintiffs failed to state a claim under Rule 8.

For these reasons, the Court hereby

**GRANTS** Defendants' Motions to Dismiss, Dkts. 7, 42, 43;

**DENIES** Plaintiffs' Motions for a Protective Order and Hearing, Dkts. 46, 56, Motion to Strike Motion to Dismiss, Dkt. 47, Emergency Motions to Stay, Dkts. 49, 56, Motions for Leave to Conduct Discovery, Dkts. 54, 55, and Motion for Leave to File Amended Motion to Stay, Dkt. 60;

**DISMISSES** Plaintiffs' Complaints, Dkts. 1, 2, and this case without prejudice; and

**DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).  This Order is not intended for publication.


Date: August 5, 2025                                    _____

                                                        ANA C. REYES
                                                        United States District Judge

8